JOHN C. CRUDEN
Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al.,<br>      Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, et al.,<br>      Federal Defendants. | Case No. 6:15-cv-01517-TC<br><br>**FEDERAL DEFENDANTS'  MOTION TO STRIKE AND MEMORANDUM IN SUPPORT** |

## MOTION TO STRIKE

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, Federal Defendants hereby move this Court to strike the following declarations (or portions thereof) submitted by Plaintiffs in support of their Opposition to Defendants' Motion to Dismiss (ECF No. 41):

- Exhibits 1 and 5 of the Declaration of Julia A. Olson (ECF No. 43, pp. 4-22, 71-108)

MOTION TO STRIKE                              - 1 -

- Supplemental Declaration of Dr. James E. Hansen (ECF Nos. 42 and 47)
- Declaration of Michael C. MacCracken (ECF No. 44)
- Declaration of John E. Davidson (ECF No. 46)

The basis for this motion is that the foregoing declarations present material that is outside the pleadings and must be excluded by the Court in ruling on Federal Defendants' Motion to Dismiss the Complaint (ECF No. 27).[1]

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

## I. INTRODUCTION

In conjunction with their Memorandum in Opposition to Federal Defendants' Motion to Dismiss, Plaintiffs submitted declarations and accompanying exhibits that seek to establish additional facts or provide additional evidentiary support for facts alleged in the First Amended Complaint, ECF No. 7 ("Complaint"). These additional materials go beyond the scope of the Complaint and are not relevant to the Federal Defendants' Motion to Dismiss, which "tests the legal sufficiency of [the] claim[s]." *Navarro v. Block*, 250 F.3d 729, 632 (9th Cir. 2001). Federal Defendants therefore move to strike exhibits 1 and 5 of the Declaration of Julia A. Olson, (ECF No. 43, pp. 4-22, 71-108), the Supplemental Declaration of Dr. James E. Hansen (ECF Nos. 42 and 47), the Declaration of Michael C. MacCracken (ECF No. 44), and the Declaration of John E. Davidson (ECF No. 46).

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss, a court accepts the plaintiffs' well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Skilstaf, Inc. v. CVS Caremark*

---

[1] In compliance with Local Rule 7.1, the parties conferred in an effort to resolve the dispute without resort to motion practice but were unable to do so.

*Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  However, "a district court generally may not consider any material beyond the pleadings.'" *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997) (citation and internal quotations omitted).

There are three narrow and limited exceptions to this rule, none of which apply here. *First*, material that is "properly submitted *as part of the complaint* may be considered on a motion to dismiss." *Id.*  A document is part of the complaint "if the complaint specifically refers to the document and its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  *Second*, a court may consider "documents incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The incorporation by reference exception is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations, internal alterations, and quotation marks omitted). *Third*, a court may consider "matters of judicial notice." *Ritchie*, 342 F.3d. at 908.  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "a fact that is not subject to reasonable dispute" because it "is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

**III.    ARGUMENT**

The documents that must be stricken are summarized as follows.  Exhibit 1 to the Olson declaration (ECF No. 43, pp. 4 -22) consists of slides from an October 29, 2015 presentation titled "Climate Science and Public Policy" and dated more than one month after Plaintiffs filed their Complaint on September 10, 2015.  *See* ECF No. 7.  Exhibit 5 to the Olson declaration (ECF No. 43, pp. 71-108) consists of a declaration and accompanying exhibits that were

submitted in support of a motion for summary judgment in separate proceedings before the Oregon Circuit Court for Lane County.  The declarant therein purports to set forth "facts and expert opinions" that "address, in part, the potential consequences of climate change on Oregon's natural resources."  *Id.* at 73 ¶ 2.  The declaration of Michael C. MacCracken (ECF No. 44), a scientist who has, since 2002, "prepared expert declarations for a number of legal cases relating to climate change," ECF No. 44 at 12 ¶ 7, presents testimony on climate change.  The declaration of John E. Davidson (ECF No. 46), a professor and instructor in the University of Oregon Department of Political Science, whose primary area of study involves "questions as to whether and how principles of intergenerational obligation are expressly and implicitly imbedded in the United States Constitution, and whether and how those principles should affect constitutional interpretation, government action, and the exercise of judicial review," ECF No. 46 ¶¶ 2-3, presents testimony on the historical and philosophical underpinnings of intergenerational obligations.  In his supplemental declaration (ECF No. 47), Dr. James E. Hansen offers additional testimony that he believes is relevant to Plaintiffs' claims, *see* ECF No. 47 at 1, and provides additional materials from the 21st Conference of the Parties to the United Nations Framework Convention on Climate Change ("COP-21"), which were published after the Complaint was filed, (ECF No. 47-1 and 47-2), as well as additional graphics that illustrate anticipated impacts of sea level rise.  ECF No. 47-3.

      Each of the declarations and accompanying documents described above seeks to establish additional facts that are not included in the Complaint or to provide additional evidentiary support for allegations that are in the Complaint.  None of the declarations or accompanying documents described above is part of the Complaint, incorporated by reference in the Complaint, or a proper subject for judicial notice.  Exhibit 1 of the Olson Declaration (ECF No. 43, pp. 4-22)

is a document that was created after the Complaint was filed. Plaintiffs did not rely on its contents in the Complaint and cannot do so now on a motion to dismiss. The same is true of the COP-21 documents and illustrations that are exhibits to the supplemental Hansen declaration. ECF Nos. 47-1, 47-2, 47-3. Each of these documents was created after the Complaint was filed and is therefore not part of the Complaint, incorporated by reference in the Complaint, or subject to judicial notice. Moreover, the factual assertions within these four exhibits are in addition to the factual allegations in the Complaint and are therefore not relevant to the question of whether the Complaint should be dismissed for lack of jurisdiction and failure to state a claim. That is because a court accepts the well-pleaded factual allegations in a complaint as true and decides whether to grant a motion to dismiss on that basis. *See Ashcroft*, 556 U.S. at 679; *Skilstaf*, 669 F.3d at 1014.

The same is true of the declarations. ECF Nos. 42, 43 (pp. 71-108), 44, 46, 47. Each of the declarations presents testimony in the nature of an expert opinion and seeks to introduce additional facts and opinions or to provide additional evidentiary support for facts that were previously alleged, which the Court accepts as true for purposes of the Motion to Dismiss. None of the declarations provides information that is relevant to whether the Complaint should be dismissed for lack of jurisdiction and failure to state a claim. This is in contrast to the eleven standing declarations, which present information relevant to the issue of whether the Complaint should be dismissed for lack of jurisdiction. *See* ECF No. 41-1 through 41-11. Judicial notice of the challenged declarations is not appropriate, as Rule 702 rather than Rule 201, "provides the proper avenue for the admission of such declarations." *Antoninetti v. Chipotle Mexican Grill, Inc.* 49 F. Supp. 3d 710, 716-17 (S.D. Cal. 2014).

The fact that exhibit 5 of the Olson declaration is a declaration that was filed in a separate litigation does not make it admissible.  A court cannot consider the substance of declarations as evidence by taking judicial notice of their filing in another case.  *Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 132 (9th Cir. 2012).  While the Court can take judicial notice of the fact that a declaration was submitted in those proceedings, "[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201."  *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008); *see also Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp.2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi-public documents listed.  To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice").

Finally, insofar as the Davidson declaration addresses legal issues, such as how a court should interpret the Due Process Clause, *see* ECF No. 46 ¶¶ 64-77, these are issues that Plaintiffs have addressed in their 45-page opposition brief.  ECF No. 41.  Plaintiffs should not be permitted to avoid court-ordered page limits (*see* ECF No. 40) by submitting additional legal arguments in a declaration.  *See King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (finding that the district court acted properly in granting a motion to strike declarations "used to make an end-run around the page limitations [] by including legal arguments outside of the briefs").

## Conclusion

For the foregoing reasons, the Court should strike exhibits 1 and 5 of the declaration of Julia A. Olson (ECF No. 43, pp. 4-22, 71-108), the supplemental declaration of Dr. James E. Hansen (ECF Nos. 42 and 47), the declaration of Michael C. MacCracken (ECF No. 44), and the declaration of John E. Davidson (ECF No. 46).

Dated:  February 10, 2016                    Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

*s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

### Certificate of Service

I hereby certify that on February 10, 2016, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

*s/ Sean C. Duffy*
Sean C. Duffy
*Attorney for Federal Defendants*