**C. Marie Eckert, OSB No. 883490**
marie.eckert@millernash
**Suzanne C. Lacampagne**, OSB No. 951705
suzanne.lacampagne@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

**Roger R. Martella, Jr.**
rmartella@sidley.com
**Quin M. Sorenson**
qsorenson@sidley.com
**Benjamin E. Tannen**
btannen@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Attorneys for Intervenor-Defendants
National Association of Manufacturers
American Fuel & Petrochemical Manufacturers
American Petroleum Institute

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

**KELSEY CASCADIA ROSE JULIANA,** et al.,

       Plaintiffs,

    **v.**

**UNITED STATES OF AMERICA**, et al.,

       Defendants.

_____

Case No. 6:15-cv-01517-TC

**INTERVENOR-DEFENDANTS'
ANSWER TO FIRST AMENDED
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

Intervenor-Defendants the National Association of Manufacturers, American Fuel & Petrochemical Manufacturers, and the American Petroleum Institute ("Intervenor-Defendants") hereby answers the Plaintiffs' First Amended Complaint as follows.

## <u>INTRODUCTION</u>

1.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 1 of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 1 of the First Amended Complaint also state conclusions of law to which no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

2.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 2 of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 2 of the First Amended Complaint may be interpreted to state conclusions of law to the extent that the Plaintiffs claim that the statements in a 1965 White House Report have any legal significance. If so, no response is required, and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

3.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 3 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

4.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 4 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

5.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 5 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 5 of the First Amended Complaint also state conclusions of law regarding purported harm to the Plaintiffs, no

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

6.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 6 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

7.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 7 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 7 of the First Amended Complaint also state conclusions of law to the Plaintiffs, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

8.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 8 of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 8 of the First Amended Complaint also state conclusions of law to which no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

9.      Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 9 of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 9 of the First Amended Complaint also state conclusions of law to which no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

10.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 10 of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 10 of the First Amended Complaint also state conclusions of law to which no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

11.　　Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 11 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 11 of the First Amended Complaint state conclusions of law, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

12.　　The allegations in Paragraph 12 of the First Amended Complaint state conclusions of law to which no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

## JURISDICTION AND VENUE

13.　　The allegations in Paragraph 13 of the First Amended Complaint state conclusions of law to which no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

14.　　The allegations in Paragraph 14 of the First Amended Complaint state conclusions of law to which no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

15.　　The allegations in Paragraph 15 of the First Amended Complaint state conclusions of law to which no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

## PLAINTIFFS

16.　　Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 16 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 16 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Juliana or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

17.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 17 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 17 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Juliana or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

18.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 18 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 18 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Juliana, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

19.     The allegations in Paragraph 19 of the First Amended Complaint state conclusions of law to which no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

20.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 20 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

21.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 21 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 21 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Xiuhtezcatl Tonatiuh M. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

22.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 22 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 22 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Xiuhtezcatl Tonatiuh M. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

23.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 23 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 23 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

24.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 24 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 24 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

25.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 25 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 25 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

26.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 26 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 26 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

27.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 27 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 27 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

28.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 28 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 28 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

29.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 29 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 29 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Loznak or whether that purported harm was proximately caused by the Federal Defendants, no

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

30.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 30 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

31.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 31 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 31 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Lebel or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

32.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 32 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 32 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Lebel or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

33.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 33 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 33 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Lebel or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

34.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 34 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 34 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Lebel, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

35.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 35 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 35 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Zealand B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

36.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 36 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 36 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Zealand B., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

37.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 37 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 37 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Zealand B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

38.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 38 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 38 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Zealand B., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

39.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 39 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 39 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Zealand B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

40.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 40 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 40 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Avery M. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

41.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 41 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 41 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Avery M. or whether that purported harm was proximately caused by the Federal Defendants, no

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

42.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  42 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  42 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Avery M. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

43.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  43 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  43 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Avery M. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

44.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  44 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  44 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Sahara V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

45.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  45 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  45 of the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Sahara V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

46.	Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 46 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 46 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Sahara V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

47.	Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 47 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 47 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Oommen, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

48.	Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 48 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 48 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Oommen, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

49.	Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 49 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 49 of the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Oommen, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

50.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 50 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 50 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Hatton, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

51.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 51 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 51 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Hatton, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

52.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 52 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

53.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 53 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

54.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 54 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 54 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Isaac V. or whether that purported harm was proximately caused by the Federal Defendants, no

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

55.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 55 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 55 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Isaac V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

56.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 56 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 56 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Isaac V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

57.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 57 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

58.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 58 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 58 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Miko V., no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

59.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 59 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 59 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Miko V., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

60.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 60 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

61.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 61 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 61 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Hazel V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

62.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 62 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 62 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Hazel V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

63.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 63 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 63 of the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Sophie K. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

64.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 64 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 64 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Sophie K. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

65.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 65 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 65 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jaime B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

66.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 66 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 66 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jaime B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

67.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 67 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 63 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jaime B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

68.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 68 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 68 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Journey Z., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

69.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 69 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 69 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Journey Z. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

70.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 70 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 70 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Journey Z. or whether that purported harm was proximately caused by the Federal Defendants,

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

71. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 71 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

72. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 72 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 72 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Victoria B., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

73. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 73 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 73 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Nathaniel B., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

74. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 74 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 74 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Nathaniel B., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

75. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 75 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 75 of the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Nathaniel B. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

76. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 76 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

77. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 77 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 77 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Aji P. or whether that purported harm was proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

78. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 78 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 78 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Aji P., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

79. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 79 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 79 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Aji P., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

80. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 80 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 80 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Aji P., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

81. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 81 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

82. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 82 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 82 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Levi D., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

83. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 83 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 83 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Levi D., no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

84. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 84 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 84 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Levi D., no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

85.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  85 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

86.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  86 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  86 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jayden F. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

87.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  86 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  86 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jayden F. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

88.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  88 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph  88 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Jayden F. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

89.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 89 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 89 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Nicholas V. or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

90.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 90 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 90 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Nicholas V., no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

91.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 91 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  To the extent that the allegations in Paragraph 91 of the First Amended Complaint also state conclusions of law regarding purported harm to Plaintiff Earth Guardians and its members or whether that purported harm was proximately caused by the Federal Defendants, no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

92.     The allegations in Paragraph 92 of the First Amended Complaint state conclusions of law to which no response is required.  Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

93.     Intervenor-Defendants admit that Dr. James Hansen is the former Director of the NASA Goddard Institute for Space Studies and is presently an adjunct professor at Columbia University.  Intervenor-Defendants lack sufficient knowledge to admit or deny the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

remaining factual allegations in Paragraph 93 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

94.     Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 94 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

95.     Intervenor-Defendants admit the factual allegations in Paragraph 95 of the First Amended Complaint.

96.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 96 of the First Amended Complaint and on that basis deny each and every factual allegation therein. To the extent that the allegations in Paragraph 96 of the First Amended Complaint also state conclusions of law regarding the purported rights of the Youth Plaintiffs, the purported harms to the Youth Plaintiffs, or whether those purported harms were proximately caused by the Federal Defendants, no response is required. Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

97.     The allegations in Paragraph 97 of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiff's legal conclusions.

## DEFENDANTS

98.     The allegations in Paragraph 98 of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

99.     Intervenor-Defendants admit that Barack Obama, the President of the United States, in his official capacity, is vested with the executive power of the United States and must faithfully execute the office and preserve, protect, and defend the Constitution. Intervenor-Defendants deny the remaining allegations in Paragraph 99 of the First Amended Complaint.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

100.     Intervenor-Defendants admit that the Office of the President of the United States includes the Council on Environmental Quality ("CEQ"), the Office of Management and Budget ("OMB"), and the Office of Science and Technology Policy ("OSTP").

a.     Intervenor-Defendants deny the allegations in Paragraph 101.a. of the First Amended Complaint.

b.     Intervenor-Defendants admit that OMB serves as the implementation and enforcement arm of all Presidential policy, including budget development and execution, coordination and review of all significant federal regulations, and issuance of executive orders. Intervenor-Defendants deny the remaining allegations in Paragraph 101.b. of the First Amended Complaint.

c.     Intervenor-Defendants admit that OSTP leads interagency efforts to develop and implement sound science and technology policies and budgets, and to work with state and local governments, the scientific community, private sectors, and other nations toward this end. Intervenor-Defendants further admit that OSTP has been involved in the President's strategy for addressing climate change. Intervenor-Defendants deny the remaining factual allegations in Paragraph 100.c. of the First Amended Complaint. The allegations in Paragraph 100.c. of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

101.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 101 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

102.     Intervenor-Defendants admit the allegations in Paragraph 102 of the First Amended Complaint.

**Page 24 -**     Intervenor-Defendants' Answer to First Amended Complaint for Declaratory and Injunctive Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

103.     Intervenor-Defendants admit the allegations in Paragraph 103 of the First Amended Complaint.

104.     Intervenor-Defendants admit the allegations in Paragraph 104 of the First Amended Complaint.

105.     Intervenor-Defendants admit the factual allegations in Paragraph 105 of the First Amended Complaint. The allegations in Paragraph 105 of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

     a.     Intervenor-Defendants admit the allegations in Paragraph 105.a. of the First Amended Complaint.

106.     The allegations in Paragraph 106 of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

107.     Intervenor-Defendants admit the allegations in Paragraph 107 of the First Amended Complaint.

108.     Intervenor-Defendants admit the allegations in Paragraph 108 of the First Amended Complaint.

109.     Intervenor-Defendants admit that Defendant the United States Department of the Interior ("DOI") manages approximately one-fifth of our nation's land, including forests and grazing lands, thirty-five thousand miles of coastline, and 1.76 billion acres of the Outer Continental Shelf. Intervenor-Defendants further admit that DOI's mission includes protecting America's natural resources and heritage, honoring cultures and tribal communities, and supplying the energy to power the future of our country. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 109 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

110. Intervenor-Defendants admit that DOI, through the Bureau of Land Management ("BLM"), leases minerals and manages oil and gas development activities on federal lands, as well as on private lands where the federal government retained mineral rights. Intervenor-Defendants deny the remaining factual allegations in Paragraph 110 of the First Amended Complaint. The allegations in Paragraph 110 of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

111. Intervenor-Defendants admit the factual allegations in Paragraph 111 of the First Amended Complaint. The allegations in Paragraph 111 of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

112. The allegations in Paragraph 112 of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

113. Intervenor-Defendants admit the allegations in Paragraph 113 of the First Amended Complaint.

114. Intervenor-Defendants admit that Defendant the United States Department of Transportation ("DOT") is a federal agency overseeing this nation's aviation, road, highway, railway, truck, and marine transportation infrastructure. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 114 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

a. Intervenor-Defendants admit the factual allegations in Paragraph 114.a. of the First Amended Complaint.

b. Intervenor-Defendants admit the allegations in Paragraph 114.b. of the First Amended Complaint.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

115.     Intervenor-Defendants admit that DOT permits the transport of fossil fuels via truck and rail and admit to DOT's stated mission.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph  115 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

116.     Intervenor-Defendants admit the allegations in Paragraph  116 of the First Amended Complaint.

117.     Intervenor-Defendants admit that the United States Department of Agriculture is a federal agency.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph  117 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

a.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph  117.a. of the First Amended Complaint and on that basis deny each and every factual allegation therein.

b.     Intervenor-Defendants admit the allegations in Paragraph  117.b. of the First Amended Complaint.

c.     Intervenor-Defendants admit the allegations in Paragraph  117.c. of the First Amended Complaint.

d.     The allegations in Paragraph  117.d. of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

118.     Intervenor-Defendants admit the allegations in Paragraph  118 of the First Amended Complaint.

119.     Intervenor-Defendants admit that the United States Department of Commerce is a federal agency.  Intervenor-Defendants lack sufficient knowledge to admit or

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

deny the remaining factual allegations in Paragraph 119 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

a.　　Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 119.a. of the First Amended Complaint and on that basis deny each and every factual allegation therein.

b.　　Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 119.b. of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 119.b. of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

c.　　Intervenor-Defendants admit the factual allegations in Paragraph 119.c. of the First Amended Complaint. The allegations in Paragraph 119.c. of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

d.　　Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 119.d. of the First Amended Complaint and on that basis deny each and every factual allegation therein. The allegations in Paragraph 119.d. of the First Amended Complaint also include conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

e.　　The allegations in Paragraph 119.e. of the First Amended Complaint are conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

120.　Intervenor-Defendants admit the allegations in Paragraph 120 of the First Amended Complaint.

**Page 28 -** Intervenor-Defendants' Answer to First Amended Complaint for Declaratory and Injunctive Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

121. Intervenor-Defendants admit that the United States Department of Defense ("DOD") is a federal agency charged with ensuring the security of this nation. Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the factual allegations in Paragraph 121 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

a. Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the factual allegations in Paragraph 121.a. of the First Amended Complaint and on that basis deny each and every factual allegation therein.

b. Intervenor-Defendants admit that the U.S. Army Corps of Engineers maintains international navigation channels. Intervenor-Defendants deny the remaining factual allegations in Paragraph 121.b. of the First Amended Complaint. Paragraph 121.b. of the First Amended Complaint also contains conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

122. Intervenor-Defendants admit the allegations in Paragraph 122 of the First Amended Complaint.

123. Intervenor-Defendants admit that the United States Department of State is a federal agency whose stated mission is to "shape and sustain a peaceful, prosperous, just, and democratic world and foster conditions for stability and progress for the benefit of the American people and people everywhere." Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 123 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

a. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 123.a. of the First Amended Complaint and on that basis deny each and every factual allegation therein.

**Page 29 -** Intervenor-Defendants' Answer to First Amended Complaint for Declaratory and Injunctive Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

b.     Intervenor-Defendants admit that the State Department, through the Office of the Special Envoy for Climate Change, is the Administration's chief climate negotiator and admit the State Department's stated mission.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph  123.b. of the First Amended Complaint and on that basis deny each and every factual allegation therein.

c.     Intervenor-Defendants admit that the Secretary of State receives all applications for Presidential Permits for construction, connection, operation, or maintenance, at the borders of the United States, of facilities for the exportation or importation of petroleum, petroleum products, coal, or other fuels, including hazardous liquids to or from a foreign country. Intervenor-Defendants deny that the State Department has consistently approved Presidential Permits for oil pipelines.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph  123.c. of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph  123.c. of the First Amended Complaint also contains conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

124.     Intervenor-Defendants admit the allegations in Paragraph  124 of the First Amended Complaint.

125.     Intervenor-Defendants admit that the United States Environmental Protection Agency ("EPA") permits and regulates industrial activities.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph  125 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph  125 of the First Amended Complaint also contains conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

a. Paragraph 125.a. of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

126. Paragraph 126 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

127. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 127 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

128. Intervenor-Defendants admit the allegations in Paragraph 128 of the First Amended Complaint.

129. Intervenor-Defendants admit that the Defendants have permitted and authorized certain fossil fuel extraction, production, transportation, and utilization activities across the U.S. Intervenor-Defendants deny that the Defendants subsidize these activities. Intervenor-Defendants also deny that Defendants permit or authorize the extraction, production, transportation, and utilization of fossil fuels in countries other than the United States. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 129 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 129 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

130. Paragraph 130 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

## STATEMENT OF FACTS

131.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 131 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

132.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 132 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

133.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 133 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

134.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 134 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

135.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 135 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

136.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 136 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

137.     Paragraph 137 of the First Amended Complaint quotes statutory text. No response by the Intervenor-Defendants is required.

138.     Intervenor-Defendants admit the allegations in Paragraph 138 of the First Amended Complaint.

139.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 139 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

140. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 140 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

141. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 141 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

142. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 142 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

143. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 143 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

144. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 144 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

145. Intervenor-Defendants admit that the Senate ratified the United Nations Framework Convention on Climate Change on October 15, 1992. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 145 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

146. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 146 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

147. Intervenor-Defendants admit that the U.S. Environmental Protection Agency issued its Clean Air Act endangerment finding for greenhouse gases on December 7, 2009. Intervenor-Defendants deny that the Clean Air Act endangerment finding was applicable to any greenhouse gas emissions other than mobile source emissions regulated under Section 202

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

of the Clean Air Act. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 147 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

148.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 148 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

149.     Intervenor-Defendants admit that EPA published "Policy Options for Stabilizing Global Climate" in 1990 and the Congressional Office of Technology Assessment published "Changing by Degrees: Steps to Reduce Greenhouse Gases" in 1991. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 149 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

150.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 150 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

151.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 151 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

152.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 152 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

153.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 153 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 153 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

154.    Paragraph 154 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

155.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 155 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

156.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 156 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

157.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 157 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

158.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 158 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

159.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 159 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 159 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

160.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 160 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

161.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 161 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

162.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 162 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

163.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 163 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 163 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

164.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 164 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

165.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 165 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

166.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 166 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

167.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 167 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

168.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 168 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

169.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 169 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

170.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 170 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 170 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

171.     Intervenor-Defendants admit that some of the Federal Defendants lease federal public lands for fossil fuel exploitation but deny the remaining factual allegations in Paragraph 171 of the First Amended Complaint.

172.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 172 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

173.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 173 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

174.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 174 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

175.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 175 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 175 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

176.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 176 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

177.     Intervenor-Defendants deny that the Export-Import Bank of the United States is an "agency of the Office of the President."  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 177 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

178.     Intervenor-Defendants deny the allegations in Paragraph 178 of the First Amended Complaint.

179.     Paragraph 179 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

180.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 180 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 180 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve the right to contest Plaintiffs' legal conclusions.

181.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 181 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 181 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

182.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 182 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 182 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

183.     Intervenor-Defendants admit that coastal facilities through which coal may be exported are subject to federal approvals.  Intervenor-Defendants lack sufficient knowledge to

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

admit or deny the remaining factual allegations in Paragraph 183 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 183 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their right to contest Plaintiffs' legal conclusions.

184. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 184 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

185. Intervenor-Defendants deny that the Defendants authorize the combustion of all fossil fuels in the U.S. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 185 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

186. Intervenor-Defendants deny that all U.S. petroleum refineries are permitted and regulated by EPA. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 186 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

187. Intervenor-Defendants deny that all U.S. industrial processes are regulated by EPA. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 187 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

188. Intervenor-Defendants admit the allegations in Paragraph 188 of the First Amended Complaint.

189. Intervenor-Defendants admit that the United States established fuel economy standards through the Corporate Average Fuel Economy program. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 189 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

190.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 190 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

191.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 191 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

192.     Paragraph 192 states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

193.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 193 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

194.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 194 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

195.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 195 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

196.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 196 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

197.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 197 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

198.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 198 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

199.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 199 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

200.     Paragraph 200 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

201.     Paragraph 201 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

202.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 202 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 202 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

203.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 203 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

204.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 204 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

205.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 205 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

206.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 206 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

207. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 207 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

208. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 208 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

209. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 209 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

210. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 210 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

211. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 211 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 211 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

212. Paragraph 212 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

213. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 213 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

214. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 214 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

215.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 215 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

216.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 216 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

217.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 217 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

218.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 218 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

219.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 219 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

220.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 220 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

221.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 221 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

222.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 222 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

**Page 43 -**    Intervenor-Defendants' Answer to First Amended Complaint for Declaratory and Injunctive Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

223.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 223 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

224.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 224 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

225.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 225 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

226.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 226 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

227.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 227 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

228.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 228 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

229.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 229 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

230.    Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 230 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

231.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 231 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

232.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 232 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

233.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 233 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

234.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 234 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

235.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 235 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

236.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 236 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

237.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 237 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

238.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 238 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

239. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 239 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

240. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 240 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

241. Intervenor-Defendants lack sufficient knowledge to admit or deny he factual allegations in Paragraph 241 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

242. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 242 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

243. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 243 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

244. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 244 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

245. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 245 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

246. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 246 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

247.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 247 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

248.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 248 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

249.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 249 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

250.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 250 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

251.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 251 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

252.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 252 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

253.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 253 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

254.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 254 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

255.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 255 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

256.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 256 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 256 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

257.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 257 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

258.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 258 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

259.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 259 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

260.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 260 of the First Amended Complaint and on that basis deny each and every factual allegation therein.

261.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 261 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 261 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

262.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 262 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 262 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

263.     Paragraph 263 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

264.     Paragraph 264 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

265.     Paragraph 265 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

266.     Paragraph 266 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

267.     Paragraph 267 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

268.     Paragraph 268 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

269.     Paragraph 269 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

270.     Paragraph 270 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

271.     Paragraph 271 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

272.     Paragraph 272 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

273.     Paragraph 273 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

274.     Paragraph 274 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

275.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 275 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 275 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions

276.     Paragraph 276 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

## CLAIMS FOR RELIEF

### First Claim for Relief
### Violation of the Due Process Clause of the Fifth Amendment

277.     Intervenor-Defendants hereby incorporate by reference, as though fully set forth herein, their previous responses to the allegations in the preceding Paragraphs of the First Amended Complaint.

278.     Paragraph 278 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

279.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 279 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 279 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

280.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 280 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 280 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

281.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 281 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 281 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

282.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 282 of the First Amended Complaint and on that basis deny each and every factual allegation therein.  Paragraph 282 of the First Amended Complaint also

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

283.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 283 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 283 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

284.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 284 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 284 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

285.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 285 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 285 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

286.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 286 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 286 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

287.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 287 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 287 of the First Amended Complaint also

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

288.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 288 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 288 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

289.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 289 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 289 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

### Second Claim for Relief
### Violation of Equal Protection Principles
### Embedded in the Fifth Amendment

290.     Intervenor-Defendants hereby incorporate by reference, as though fully set forth herein, their previous responses to the allegations in the preceding Paragraphs of the First Amended Complaint.

291.     Paragraph 291 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

292.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 292 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 292 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

293. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 293 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 293 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

294. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 294 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 294 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

295. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 295 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 295 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

296. Intervenor-Defendants deny that Plaintiffs cannot challenge or alter the acts of Defendants concerning fossil fuels. Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 296 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 296 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

297. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 297 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 297 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

298.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 298 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 298 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

299.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 299 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 299 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

300.     Paragraph 300 of the First Amended Complaint states a conclusion of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusion.

301.     Paragraph 301 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

### Third Claim for Relief
### The Unenumerated Rights Preserved for the People
### by the Ninth Amendment

302.     Intervenor-Defendants hereby incorporate by reference, as though fully set forth herein, their previous responses to the allegations in the preceding Paragraphs of the First Amended Complaint.

303.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 303 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 303 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

304. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 304 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 304 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

305. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 305 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 305 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

306. Paragraph 306 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

### Fourth Claim for Relief
### Violation of the Public Trust Doctrine

307. Intervenor-Defendants hereby incorporate by reference, as though fully set forth herein, their previous responses to the allegations in the preceding Paragraphs of the First Amended Complaint.

308. Paragraph 308 of the First Amended Complaint states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

309. Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 309 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 309 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

310.     Intervenor-Defendants lack sufficient knowledge to admit or deny the factual allegations in Paragraph 310 of the First Amended Complaint and on that basis deny each and every factual allegation therein. Paragraph 310 of the First Amended Complaint also states conclusions of law to which no response is required and Intervenor-Defendants reserve their rights to contest Plaintiffs' legal conclusions.

## **AFFIRMATIVE DEFENSES**

Intervenor-Defendants state the following affirmative defenses without assuming any burden of proof or production that would otherwise rest on the Plaintiffs.

1.     The First Amended Complaint fails to state claims upon which relief can be granted.

2.     Plaintiffs' claims are barred due to lack of standing and do not present a case or controversy under Article III of the United States Constitution.

3.     Plaintiffs' claims are barred by the doctrines of estoppel, *res judicata, in pari delicto*, and unclean hands.

4.     Plaintiffs' claims are barred by assumption of the risk, contributory negligence, and waiver.

5.     Plaintiffs' claims are barred by the applicable statute of limitations and the doctrine of *laches*.

6.     Plaintiffs' requested relief constitutes a collateral attack, which is prohibited by the Administrative Procedure Act, on Department of Energy and Federal Energy Regulatory Commission authorizations, certificates, and other approvals pursuant to the Natural Gas Act, Energy Policy Act of 2005, and Energy Policy Act of 1992 for Jordan Cove Energy Project, L.P. to site, construct, and operate the Jordan Cove LNG Terminal and to export liquefied natural gas from the Jordan Cove LNG Terminal.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

7.      Plaintiffs' requested relief constitutes a collateral attack, which is prohibited by the Administrative Procedure Act, on Federal Energy Regulatory Commission authorizations, certificates, and other approvals for the siting, construction, and operation of the Pacific Connector Natural Gas Pipeline.

8.      Plaintiffs' requested relief constitutes a collateral attack, which is prohibited by the Administrative Procedure Act, the Clean Air Act, and State administrative law and procedures, on thousands of duly-issued federal and State law permits authorizing the construction and operation of manufacturing, oil and gas, pipeline, industrial, mining, coal exportation, liquefied natural gas exportation, and power generation facilities.

9.      Plaintiffs' requested relief seeks the effective repeal of numerous federal natural resources, grazing, and energy statutes, including but limited to, the Act of March 3, 1909, the Act of May 11, 1938, the Combined Hydrocarbon Leasing Act of 1981, the Department of Energy Organization Act of 1977, the Energy Policy Act of 1992, the Energy Policy Act of 2005, the Energy Policy and Conservation Act as amended, the Federal Coal Leasing Amendments Act of 1976, the Federal Land Policy and Management Act of 1976, Federal Oil and Gas Royalty Management Act of 1982, Federal Onshore Oil and Gas Leasing Reform Act of 1987, the Interior and Related Agencies Appropriations Act for 1981, the Mineral Leasing Act of 1920, the Mining Leasing Act for Acquired Lands of 1947, the Mining and Minerals Policy Act of 1970, the Natural Gas Act of 1938, the Outer Continental Shelf Lands Act of 1953 as amended, the Public Rangelands Improvement Act of 1978, Reorganization Plan No. 3 of 1946, and the Taylor Grazing Act of 1934 as amended by the Act of August 28, 1937, in violation of Article I of the United States Constitution.

10.     Plaintiffs' requested relief seeks the effective repeal of numerous appropriations and tax credit provisions intended to stimulate the economy through the production of affordable and reliable energy sources, in violation of Article I of the United States Constitution.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

11.     Plaintiffs' requested relief seeks the effective vacatur of numerous regulations and binding policy and guidance documents associated with the statutes named above in violation of the Administrative Procedure Act and Article II of the United States Constitution.

12.     Plaintiffs' requested relief seeks the effective repeal of Executive Order 13337.

13.     Plaintiffs' requested relief seeks the effective repeal of all State statutes and regulations authorizing or promoting the use of State and private lands for natural resource development and industrial activity in violation of Article I of the United States Constitution and State law.

14.     Plaintiffs' claims are barred by the National Climate Action Program Act, 15 U.S.C. § 2901, *et al.*, which delegates to the President of the United States responsibility for defining the roles of federal executive branch agencies and where Congress determined the responsibilities of the National Climate Program Office.

15.     Plaintiffs' claims are barred by the Political Question Doctrine.

16.     Plaintiffs' claims are barred by Articles I and II of the United States Constitution and the Separation of Powers Doctrine.

17.     Plaintiffs' claims cannot be recognized by the Court, and Plaintiffs' requested relief cannot be granted by the Court, as doing so would displace numerous federal statutes.

18.     Plaintiffs' requested relief is barred by Article I, § 1 of the United States Constitution which vests the legislative powers in the Congress, not the Judiciary.

19.     Plaintiffs requested relief is barred by Article I, § 8 of the United States Constitution which vests the power to spend (and subsidize activities) and tax (including the power to create tax credits) in the Congress, not the Judiciary.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

20.     Plaintiffs requested relief is barred by Article I, § 8 of the United States Constitution which vests the power to regulate interstate, international, and tribal commerce in the Congress, not the Judiciary.

21.     Plaintiffs requested relief is barred by Article II, § 1 of the United States Constitution which vests the executive power in the President of the United States, not the Judiciary.

22.     Plaintiffs requested relief is barred by Article II, § 2 of the United States Constitution which vests the power to make treaties in the President of the United States and the United States Senate, not the Judiciary.

23.     Plaintiffs' requested relief is barred by Article IV, § 4 of the United States Constitution guaranteeing a republican form of government.

24.     Plaintiffs' requested relief is barred by among other provisions, Chapter Six of the North American Free Trade Agreement.

25.     Plaintiffs' requested relief is barred by the terms of Free Trade Agreements between the United States and approximately twenty sovereign nations.

26.     Plaintiffs' requested relief is barred as inconsistent with international agreements entered into by the United States.

27.     Plaintiffs' requested relief is barred by the First Amendment as it would deny the rights of citizens to petition the government for a redress of grievances.

28.     Plaintiffs' requested relief is barred by the United States Constitution's implicit right of the people to self-government.

29.     Plaintiffs' requested relief is inconsistent with the balance of equities and with the public interest.

30.     Plaintiffs' requested relief is barred by the Fifth Amendment as it would deprive individuals of their liberty and property without Due Process of law.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

31.     Plaintiffs' requested relief is barred by the Equal Protection Clause as they provide special treatment to, and elevate the interests of, a small subset of the population.

32.     Intervenor-Defendants hereby adopt and incorporate by reference any other statement of defense asserted by the Defendants in this action.

33.     Intervenor-Defendants expressly reserve the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

DATED this 15th day of December 2016.

MILLER NASH GRAHAM & DUNN LLP

/s/ C. Marie Eckert_____
C. Marie Eckert, OSB No. 883490
marie.eckert@millernash.com
Suzanne C. Lacampagne, OSB No. 951705
suzanne.lacampagne@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 224-5858

SIDLEY AUSTIN LLP

/s/ Roger R. Martella, Jr._____
Roger R. Martella, Jr.
rmartella@sidley.com
Quin M. Sorenson
qsorenson@sidley.com
Benjamin E. Tannen
btannen@sidley.com
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000

*Attorneys for Intervenor-Defendants*
*National Association of Manufacturers,*
*American Fuel & Petrochemical Manufacturers,*
*and American Petroleum Institute*

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3

1               I hereby certify that I served the foregoing Intervenor-Defendants' Answer to

2   First Amended Complaint for Declaratory and Injunctive Relief on:

3   Julia A. Olson                        Daniel M. Galpern
    Wild Earth Advocates            Law Offices of Daniel M. Galpern
4   1216 Lincoln Street              1641 Oak Street
    Eugene, Oregon  97401          Eugene, Oregon  97401
5   E-mail:  juliaaolson@gmail.com     E-mail:  dan.galpern@gmail.com

6   *Attorney for Plaintiffs*               *Attorney for Plaintiffs*

7   Philip L. Gregory               Sean C. Duffy
    Cotchett, Pitre & McCarthy, LLP    United States Department of Justice
8   840 Malcolm Road             Environment & Natural Resources Division
    Burlingame, California  94010     Natural Resources Section
9   E-mail:  pgregory@cpmlegal.com   P.O. Box 7611
                                 Washington, D.C.  20044
10  *Attorney for Plaintiffs*              E-mail:  sean.c.duffy@usdoj.gov

11                                 *Attorney for Defendants*

12  Charles M. Tebbutt              Michelle A. Blackwell
    Law Offices of Charles M. Tebbutt, P.C.  Blackwell Law PC
13  941 Lawrence                 P.O. Box 10326
    Eugene, Oregon  97401          Eugene, Oregon  97440
14  E-mail:  charlie@tebbuttlaw.com    E-mail:  mblackwell@blackwell.law

15  *Attorney for Amici Curiae Global Catholic*  Attorney for Amicus Curiae John Davidson
    *Climate Movement and Leadership Council*
16  *of Women Religious*

17

18

19

20

21

22

23

24

25

26

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-6616-3518.3

1   Travis Stephen Eiva
    Zemper Eiva Law
2   101 E. Broadway, Suite 303
    Eugene, Oregon 97401
3   E-mail: travis@zempereiva.com

4   *Attorney for Amici League of Women*
    *Voters of the United States/League of*
5   *Women Voters of Oregon*

6   by the following indicated method or methods on the date set forth below:

7      ☒      **CM/ECF system transmission.**

8

9          DATED this 15th day of December, 2016.

10

11                                          /s/ C. Marie Eckert
                                            C. Marie Eckert, P.C.
12                                          Oregon State Bar No. 883490
                                            *Of Attorneys for Intervenor-Defendants*
13                                          *National Association of Manufacturers,*
                                            *American Fuel & Petrochemical*
14                                          *Manufacturers, and American Petroleum*
                                            *Institute*
15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-6616-3518.3