JOHN C. CRUDEN
Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al., <br>    Plaintiffs, <br><br>v. <br><br>**UNITED STATES OF AMERICA**, et al., <br>    Federal Defendants. | Case No. 6:15-cv-01517-TC <br><br>**FEDERAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF NO. 7)** |

Pursuant to Federal Rule of Civil Procedure 8(b), the United States of America, *et al.* ("Federal Defendants") by and through undersigned counsel, submits the following Answer to the claims and allegations in the "First Amended Complaint for Declaratory and Injunctive Relief" ("Complaint") (ECF No. 7) filed by Kelsey Cascadia Rose Juliana, *et al*. ("Plaintiffs").

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's Complaint.[1]

## "INTRODUCTION"

1.      With respect to the first sentence, Federal Defendants admit that for over fifty years some officials and persons employed by the federal government have been aware of a growing body of scientific research concerning the effects of fossil fuel emissions on atmospheric concentrations of $CO_2$—including that increased concentrations of atmospheric $CO_2$ could cause measurable long-lasting changes to the global climate, resulting in an array of severe deleterious effects to human beings, which will worsen over time.  The term "United States," as used in the Complaint is vague ambiguous and Federal Defendants cannot attribute knowledge to it.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this sentence, and on this basis deny them.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis deny them.  Federal Defendants deny the allegation, in the third sentence, that it has continued a policy or practice of allowing the exploitation of fossil fuels.  With respect to the fourth sentence, Federal Defendants admit the allegation and aver that

---

[1] The section headings and subheadings used in this Answer follow the headings and subheadings used in Plaintiffs' Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations in the Complaint.  The headings are not part of Federal Defendants' answer to the allegations.

the Department of Energy ("DOE") approval of export of liquefied natural gas ("LNG") from the

proposed Jordan Cove terminal in Coos Bay to nations with which there is in effect a free trade

agreement ("FTA") requiring national treatment for trade in natural gas ("FTA Nations") under

Section 3(c) of the Natural Gas Act, and therefore did not include any environmental review or

other public interest analysis by DOE.  Section 3(c) states, in relevant part:  "[T]he exportation of

natural gas to a nation with which there is in effect a free trade agreement requiring national

treatment for trade in natural gas, shall be deemed to be consistent with the public interest, and

applications for such … exportation shall be granted without modification or delay."  15 U.S.C.

§ 717b(c).  In issuing DOE/FE Order No. 3041 to Jordan Cove on December 7, 2011, DOE

complied with this statutory mandate:  "The instant Application falls within section 3(c), as

amended, and therefore, DOE/FE is charged with granting the Application without modification

or delay." (DOE/FE Order No. 3041 at 11).  Further, on March 11, 2016, the Federal Energy

Regulatory Commission ("FERC")—which has authority over the siting, construction, and

operation of LNG export facilities under NGA section 3—issued an order denying Jordan Cove

Energy Project, L.P.'s ("Jordan Cove") application to site, construct, and operate the Jordan

Cove LNG Export Terminal and associated facilities.  On December 9, 2016, FERC denied

Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).

Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed

export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.  Federal

Defendants lack sufficient knowledge or information to form a belief about the truth of the

allegations in the fifth, sixth, and seventh sentences, and on this basis deny them.

       2.      The allegations characterize a 1965 White House Report, "Restoring the Quality

of Our Environment," which speaks for itself and is the best evidence of its contents.

3.      The allegations in the first and second sentences characterize a 1990 report by EPA entitled "Policy Options for Stabilizing Global Climate" and a 1991 assessment by the Congressional Office of Technology Assessment entitled "Changing by Degrees: Steps to Reduce Greenhouse Gases," each of which speaks for itself and is the best evidence of its contents.  With respect to the third sentence, Federal Defendants deny the allegations and aver that neither document constituted a "plan" that was intended to be "implemented" by Federal Defendants.

4.      Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence, and on this basis deny them.  Federal Defendants deny the allegations in the second sentence and aver that there is no scientific consensus that 350 parts per million ("ppm") is the maximum safe level of atmospheric $CO_2$ concentration that is necessary to restore a stable climate system.

5.      Federal Defendants deny the allegations in the first and third sentences.  With respect to the second sentence, the allegations are too vague for Federal Defendants to admit or deny.  Federal Defendants aver that the Environmental Protection Agency ("EPA") has assessed the effects of greenhouse-gas pollution, and has concluded that this pollution endangers the public health and welfare of current and future generations and thus requires Clean Air Act regulation.  74 Fed. Reg. 66,496 (Dec. 15, 2009); 81 Fed. Reg. 54,422 (Aug. 15, 2016).  With respect to the allegations in the fourth sentence, Federal Defendants deny the allegations and aver that global atmospheric concentrations of $CO_2$, methane, and nitrous oxide are at unprecedentedly high levels compared to the past 800,000 years of historical data and pose risks to human health and welfare.

6.      Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and on this basis denies them. Federal Defendants aver that there has been a substantial body of scientific publications since 1965 regarding the harms caused by elevated atmospheric concentrations of greenhouse gases ("GHGs"), including from emissions related to fossil fuel combustion.

7.      Federal Defendants admit that they permit, authorize, and subsidize fossil fuel extraction, development, consumption, and exportation.  Federal Defendants admit that fossil fuel extraction, development, and consumption produce $CO_2$ emissions and that past emissions of $CO_2$ from such activities have increased the atmospheric concentration of $CO_2$.  The remaining allegations in the first sentence are too vague for Federal Defendants to admit or deny. Federal Defendants aver that EPA has concluded under specific provisions of the Clean Air Act that, combined, emissions of six well-mixed GHGs are the primary and best understood drivers of current and projected climate change. 74 FR 66496 (section 202); 81 FR 54422 (section 231). The allegations in the second sentence constitute legal conclusions to which no response is required.  Federal Defendants admit the allegations in the third sentence and aver that from 1850 to 2012, $CO_2$ emissions from the United States (including from land use) constituted more than one-quarter of cumulative global $CO_2$ emissions.

8.      The allegations in the first sentence, and in particular the phrase "zone of danger," are vague and ambiguous, and Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on those bases deny them.  Federal Defendants aver that current and projected concentrations of six well-mixed GHGs, which include $CO_2$, constitute a threat to public health and welfare. The remaining allegations in the second, third, and fourth sentences are conclusions of law to which no response is required.

9.    The allegations in the first and fourth sentences are conclusions of law to which no response is required.  Federal Defendants deny the allegations in the second sentence and aver that the Jordan Cove LNG Terminal has not been constructed.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence, and on this basis deny them.

10.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first, second, and third sentences, and on this basis deny them.  With respect to the fourth sentence, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation of "carbon overshoot" and on this basis deny it.  Federal Defendants deny the remainder of the fourth sentence and aver that the consequences of climate change are already occurring and, in general, those consequences will become more severe with more fossil fuel emissions.

11.    Federal Defendants deny the allegations in the first, second, and third sentences. With respect to the third sentence, Federal Defendants aver FERC denied Jordan Cove's application to construct and operate the Jordan Cove LNG Export Terminal and thus no approved exports of LNG have occurred.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence, and on this basis deny them.

12.    The allegations in the first sentence consist of Plaintiffs' prayers for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested.  The allegations in the second sentence constitute legal conclusions to which no response is required.

### "JURISDICTION AND VENUE"

13.     The allegations constitute legal conclusions to which no response is required.

14.     The allegations constitute legal conclusions to which no response is required.

15.     The allegations constitute legal conclusions to which no response is required.

## "PLAINTIFFS"

16.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and on this basis deny them.

17.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second and third sentences and on this basis deny them. Federal Defendants deny the allegation in the first sentence that projected drought and lack of snow are caused by Federal Defendants.

18.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

19.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

20.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

21.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

22.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first and third sentences, and on this basis deny them. Federal Defendants deny the allegations in the second sentence and aver that the Jordan Cove LNG Terminal has not been constructed and, at this time, Jordan Cove lacks authority from

FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

23.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

24.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and on this basis deny them.

25.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.  Federal Defendants aver that FERC has denied the application to site, construct, and operate the proposed Jordan Cove LNG Export Terminal and the proposed Pacific Connector Natural Gas Pipeline.  Therefore, at this time, Jordan Cove cannot export LNG pursuant to DOE/FE Order No. 3041.

26.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

27.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first and second sentences, and on this basis deny them. Federal Defendants deny the allegation in the third sentence that climate change is caused by Federal Defendants.  Federal Defendants deny the allegations in the fourth sentence that ocean acidification, warming, and sea level rise are caused by Federal Defendants.

28.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph and on this basis deny them.  Federal Defendants deny the allegation in the third sentence that climate change is caused by Defendants.

29.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph and on this basis deny them.  Federal

Defendants deny the allegation in the first sentence that climate change is caused by Federal Defendants.

30.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

31.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the seventh sentence that climate change is caused by Federal Defendants.

32.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.   Federal Defendants deny the allegation in the seventh sentence that climate destabilization is caused by Federal Defendants.

33.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegations in the eighth sentence that rising sea levels are caused by Federal Defendants, deny the allegation in the ninth sentence that ocean acidification is caused by Federal Defendants and the allegation in the tenth sentence that both rising sea level and ocean acidification are caused by Federal Defendants.

34.    Federal Defendants deny the allegations in the third sentence and aver that the Pacific Connector Natural Gas Pipeline has not been constructed and, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.  Federal Defendants lack sufficient

knowledge or information to form a belief about the truth of the allegations in the first, second, and fourth sentences, and on this basis deny them.

35.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.   Federal Defendants deny the allegation in the second and fourth sentence that climate change is caused by Federal Defendants.

36.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

37.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the third sentence that climate change is caused by Federal Defendants.

38.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

39.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the third sentence that warmer water temperatures, rising sea levels, and ocean acidification are caused by Federal Defendants.

40.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the second sentence that climate change is caused by Federal Defendants.

41.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis denies them. Federal Defendants deny the allegation in the first and sixth sentence that climate change is caused by Federal Defendants.

42.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal Defendants deny the allegation in the first sentence that climate change is caused by Federal Defendants.

43.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal Defendants deny the allegations in the third sentence that warmer water temperatures, sea level rise, and ocean acidification are caused by Federal Defendants.

44.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.

45.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal Defendants deny the allegation in the first sentence that climate impacts such as increased temperatures and drought conditions are caused by Federal Defendants.

46.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal Defendants deny the allegation in the third sentence that climate change is caused by Federal Defendants' actions.

47.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

48.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

49.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

50.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

51.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

52.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the first sentence that climate change is caused by Federal Defendants.

53.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

54.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal Defendants deny the allegation in the first sentence that climate change is caused by Federal Defendants.

55.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them. Federal

Defendants deny the allegation in the third sentence that climate change is caused by Federal Defendants.

56.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis denies them.  Federal Defendants deny the allegation in the fifth sentence that increasing temperatures are caused by Federal Defendants.

57.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

58.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

59.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

60.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the second sentence that increasing temperatures are caused by Federal Defendants.

61.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the second sentence that increased temperatures, low water levels in lakes, and abnormal seasonal variations are caused by Federal Defendants.  Federal defendants deny the allegation in the fourth sentence that increased surface and ocean temperatures, sea level rise, and ocean acidification are caused by Federal Defendants.  Federal Defendants deny the allegation in the fifth sentence increased water temperature, drought, and

62.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the fourth sentence that a July 2015 heat wave was caused by the acts of Federal Defendants.

63.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.

64.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the first sentence that climate changed is caused by the acts of Federal Defendants.

65.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the fourth sentence that climate changed is caused by the acts of Federal Defendants.

66.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the sixth sentence that climate changed is caused by the acts of Federal Defendants.

67.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the fourth sentence that climate changed is caused by the acts of Federal Defendants and deny the allegation in the eighth sentences that drought conditions and forest fires are caused by the acts of Federal Defendants.

68.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.

69.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the third sentence that climate changed and ocean acidification are caused by Federal Defendants.

70.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the first sentence that ocean acidification, sea-level rise, increased sea surface temperature, alteration in ocean circulation, and increased storm intensity are caused by the acts of Federal Defendants.

71.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

72.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.  Federal Defendants aver that White Plains New York, where Plaintiff resides, is at an elevation 213 feet above sea level.

73.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

74.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

75.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the fifth sentence that changing temperatures are caused by the

acts of Federal Defendants and deny the allegation in the seventh sentence that climate change is caused by Federal Defendants.

76.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

77.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the second sentence that climate change is caused by Federal Defendants.

78.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the sixth sentence that ocean acidification and climate change are caused by Federal Defendants.

79.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

80.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the first sentence that climate change are caused by Federal Defendants.

81.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

82.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

83.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

84.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

85.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

86.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the fourth sentence that climate change is caused by Federal Defendants.

87.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.

88.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the third sentence that climate change is caused by Federal Defendants.

89.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis deny them.  Federal Defendants deny the allegation in the second sentence that climate change is caused by Federal Defendants.

90.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

91.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the paragraph, and on this basis denies them.  The allegations in the fifth and sixth sentences also constitute legal conclusions to which no response is required.

92.     The allegations constitute legal conclusions to which no response is required.

93.     Federal Defendants admit that Dr. James Hansen is a former Director of the NASA Goddard Institute for Space Studies, and that he is presently an adjunct professor at Columbia University's Earth Institute, where he directs a program in Climate Science, Awareness, and Solutions.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in the paragraph, and on this basis deny them.

94.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

95.     Federal Defendants admit the allegations in this paragraph.

96.     With respect to the second and fourth sentences, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.  The allegations in the first, third, fifth, sixth, seventh and eighth sentences constitute legal conclusions to which no response is required.  With respect to the seventh and eighth sentences, Federal Defendants aver that DOE's approval of LNG exports from the proposed Jordan Cove LNG Terminal to FTA nations in DOE/FE Order No. 3041 was mandated by Section 3(c) of the Natural Gas Act, 15 U.S.C. § 717b(c).  Accordingly, DOE's approval did not include any environmental review or other public interest analysis by DOE, nor any opportunity for public participation in the decision-making process.  *See id.*  Further, on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate

the Jordan Cove LNG Export Terminal and associated facilities.  On December 9, 2016, FERC

denied Jordan Cove's request for rehearing of the denial.  157 FERC ¶ 61,194, P 33 (Dec. 9,

2016).  Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the

proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

97.     Federal Defendants lack sufficient knowledge or information to form a belief

about the truth of the allegations, and on this basis deny them.

## "DEFENDANTS"

98.     The first, second, third, fourth, and eight sentences consist of conclusions of law

to which no response is required.  The allegations in the fifth, sixth, and seventh sentences are

too vague for Federal Defendants to admit or deny, and are denied on that basis.

99.     Federal Defendants admit the allegation in the first sentence that Barack Obama is

the President of the United States.  The remaining allegations in the first sentence characterize

authorities set forth in the United States Constitution, which speaks for itself and is the best

evidence of its contents.  The allegations in the second sentence contain legal conclusion for

which no response is required.  The allegations in fourth sentence are too vague to respond to

and consist in part of legal conclusions to which no response is required.

100.     Federal Defendants deny the allegations in the first sentence that the Office of the

President of the United States includes the Council on Environmental Quality ("CEQ"), the

Office of Management and Budget ("OMB"), and the Office of Science and Technology Policy

("OSTP") and aver that each of these entities are part of the Executive Office of the President.

a.     The duties of the Council on Environmental Quality are contained in 42

U.S.C. § 4344.  Federal Defendants deny the allegations to the extent inconsistent with that

statutory provision.

b.    The first sentence consists of Plaintiffs' characterization of the OMB mission statement, which speaks for itself and is the best evidence of its contents. *See* https://www.whitehouse.gov/omb/organization_mission. Federal Defendants deny the allegations in the second sentence.

c. Federal Defendants deny the allegations in the first sentence and aver that OSTP's responsibilities are set forth in its organic statute at 42 U.S.C. § 6611 *et seq.* The allegations in the second sentence characterize authorities granted by Congress under the National Science and Technology Policy, Organization, and Priorities Act of 1976, and Executive Orders 13226 and 13539, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the third sentence.

101.    Federal Defendants deny the allegations in this paragraph.

102.    Federal Defendants admit that Christy Goldfuss is the current Managing Director of CEQ and deny the remaining allegations in this paragraph.

103.    Federal Defendants admit that Shaun Donovan is the current Director of OMB and deny the remaining allegations in this paragraph.

104.    Federal Defendants admit that Dr. John P. Holdren is the current Director of OSTP and deny the remaining allegations in this paragraph.

105.    Federal Defendants admit the allegations if the first three sentences. Federal Defendants deny the allegation in the fourth sentence and aver that there is no direct federal regulation of domestic energy production. Further, FERC (not DOE) regulates interstate transportation of oil and gas by pipeline. Federal Defendants admit the allegations in the fifth sentence and aver that the Energy Policy Act mandates that 75 percent of light-duty vehicle acquisitions by federal agencies be alternative fueled vehicles. 42 U.S.C. § 13212(b)(1)(D).

These requirements apply to agency fleets of 20 or more LDVs that are centrally fueled and operated in a metropolitan statistical area/consolidated metropolitan area (MSA/CMSA). 42 U.S.C. § 13212(b)(3). Federal Defendants admit the allegation in the sixth sentence as aver that under the Energy Policy and Conservation Act of 1975, as amended, "covered products and equipment" are subject to energy conservation standards set either by statute or DOE regulations. 42 U.S.C. §§ 6291-6317.

        a.     Federal Defendants deny that FERC is an agency of DOE and aver that FERC is an independent government agency, officially organized as part of DOE. Federal Defendants admit the remainder of the sentence.

106.    The allegations in the first sentence are legal conclusions for which no response is required. Federal Defendants deny the allegations in the second sentence.

107.    The allegations characterize DOE/FE Order No. 3041 which speaks for itself and is the best evidence of its contents. Federal Defendants aver that DOE's approval of LNG exports from the proposed Jordan Cove LNG Terminal to FTA nations was required under Section 3(c) of the Natural Gas Act, which states, in relevant part: "[T]he exportation of natural gas to a nation with which there is in effect a free trade agreement requiring national treatment for trade in natural gas, shall be deemed to be consistent with the public interest, and applications for such … exportation shall be granted without modification or delay." 15 U.S.C. § 717b(c). In issuing DOE/FE Order No. 3041 to Jordan Cove on December 7, 2011, DOE complied with this statutory mandate: "The instant Application falls within section 3(c), as amended, and therefore, DOE/FE is charged with granting the Application without modification or delay." (DOE/FE Order No. 3041 at 11). Further, on March 11, 2016, FERC—which has authority over the siting, construction, and operation of LNG export facilities under NGA section 3—issued an order

denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export

Terminal and associated facilities.  On December 9, 2016, FERC denied Jordan Cove's request

for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).  Thus, at this time, Jordan

Cove lacks authority from FERC to construct and operate the proposed export terminal—

meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

108.    Federal Defendants admit the allegations contained in this paragraph.

109.    Federal Defendants admit the allegations in the first sentence.  The second and

third sentences consist of Plaintiffs characterization of the mission of the Department of Interior

(DOI), which is stated in the DOI strategic plan, which speaks for itself and is the best evidence

of its contents.  *See* https://www.doi.gov/sites/doi.gov/files/migrated/pmb/ppp/upload/DOI-

Strategic-Plan-for-FY-2014-2018-POSTED-ON-WEBSITE-4.pdf.

110.    Federal Defendants admit the allegations in the first sentence, deny the allegations

in the second sentence, and aver that most of the land suitable for oil and gas development is

non-federal.

111.    Federal Defendants admit the allegations in the first sentence except to the extent

that it characterizes the Outer Continental Shelf Lands Act of 1953, 43 U.S.C. § 1333(a), which

speaks for itself and is the best evidence of its contents.  Federal Defendants admit the

allegations in the second sentence.  Federal Defendants deny the allegations in the third sentence

and aver that the provision for the advanced payment of coal royalties originated in the Mineral

Leasing Act of 1920, 41 Stat. 439, ch. 85, § 7 (1920) and further that Energy Policy Act included

incentives to drill for gas.

112.    Federal Defendants admit that many of the activities DOI permits on public lands result in emission of $CO_2$ into the atmosphere.  The remaining portions of the paragraph are denied.

113.    Federal Defendants admit the allegations in this paragraph.

114.    Federal Defendants admit the allegations in the first sentence.  The allegations in the second sentence constitute legal conclusions to which no response is required.

a.    The allegations characterize authorities granted under the Department of Transportation Act, 49 U.S.C. § 305, as amended which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Federal Defendants admit that the Federal Aviation Administration, the Federal Highway Administration, and the Pipeline and Hazardous Materials Safety Administration are operating administrations within the Department of Transportation ("DOT").  Federal Defendants admit that the Federal Aviation Administration and the Federal Highway Administration administer programs that provide financing for the construction and maintenance of a portion of the nation's transportation infrastructure but deny that the Pipeline and Hazardous Materials Safety Administration oversees and regulates spending programs that finance construction and maintenance of our nation's transportation infrastructure.

b.    The allegations characterize authorities granted under the Energy Policy and Conservation Act as amended by the Energy Independence and Security Act of 2007, 49 U.S.C. § 32902, which speaks for itself and is the best evidence of its contents.  Federal Defendants aver that DOT, through the National Highway Traffic Safety Administration, sets fuel economy standards for passenger cars and light trucks produced for sale in the United States.

115.    Federal Defendants deny the allegations in this paragraph.

116.    Federal Defendants admit the allegations in this paragraph.

117.    Federal Defendants admit that the United States Department of Agriculture ("USDA") is a federal agency.  The remaining allegations in the first sentence are Plaintiffs' characterization of the USDA vision statement, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence consist of Plaintiffs' characterization of the USDA mission statement, which speaks for itself and is the best evidence of its contents.  *See* http://www.usda.gov/wps/portal/usda/usdahome?navid=ABOUT_USDA. Federal Defendants avers that neither the vision statement nor the mission statement carry the force of law.  With respect to the third sentence, Federal Defendants admit that USDA plays a role with respect to our nation's food and agriculture, as well as certain natural resources including national forests, and denies the remaining allegations in this sentence.

a.    Federal Defendants deny that it authorizes coal production on National Forest System lands, and aver that about 25 percent of the coal production in the United States occurs on such lands.

b.    The allegations in first sentence characterize authorities granted under the Mineral Leasing Act of 1920, the Federal Onshore Oil and Gas Leasing Reform Act, and the Mineral Leasing Act for Acquired Lands, which speaks for themselves and are the best evidence of their contents.  The allegations in second sentence characterize authorities granted under the Mineral Leasing Act of 1920 and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1273, which speak for themselves and are the best evidence of their contents.

c.    Federal Defendants deny the allegations in this paragraph.

d.    Federal Defendants deny the allegations in the first sentence are denied. The allegations in the second sentence of subparagraph d are denied.    Federal defendants lack

sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis deny them.

118.    Federal Defendants admit the allegation in this paragraph.

119.    Federal Defendants admit that the United States Department of Commerce ("Commerce") is a federal agency.  The remaining allegations in the first sentence are Plaintiffs' characterization of Commerce's mission statement, which speaks for itself and is the best evidence of its contents.  *See https://www.commerce.gov/page/about-commerce*. Federal Defendants admit the allegation that Commerce has authority over equipment that monitors GHGs and aver that specifically the National Oceanic and Atmospheric Administration ("NOAA") operates the monitoring equipment.  The remaining allegations in the second sentence consist of Plaintiffs' characterizations authorities granted under Title 15 of the United States Code, which speaks for itself and is the best evidence of its contents.

a.    Federal Defendants admit that the National Institute of Standards and Technology ("NIST") is a Federal agency in the Department of Commerce that develops measurement science, predictive models, and performance metrics to improve the energy efficiency of building components and systems, and advances measurement science, standards, and technology related to energy utilization in buildings.

b.    Federal Defendants admit that the International Trade Administration ("ITA") is a Federal agency in the Department of Commerce but deny that ITA's Office of Energy and Environmental Industries promotes fossil fuel export opportunities.  The remaining allegations consist of Plaintiffs' characterization of authorities provided under Reorganization Plan No. 3 of 1979, which speaks for itself and is the best evidence of its contents.

c.      Federal Defendants admit that the Bureau of Industry and Security ("BIS") is a Federal agency in the Department of Commerce but deny that BIS currently issues permits to export crude oil to all destinations, including Canada.  Federal Defendants aver that as of December 18, 2015, pursuant to section 101 of Division O of the Consolidated Appropriations Act, 2016, United States Government officials are prohibited from implementing or enforcing export controls on crude oil and that BIS subsequently removed 15 C.F.R. § 754.2 in conformance with that prohibition.  Federal Government further avers that a license continues to be required for export of crude oil to sanctioned or embargoed countries or to certain prohibited end users.

d.      Federal Defendants admit that NOAA is a Federal agency in the Department of Commerce.  The remaining allegations consist of Plaintiffs' characterization of authorities provided under Reorganization Plan No. 4 of 1970, which speaks for itself and is the best evidence of its contents.

e.      The allegations in this paragraph constitute legal conclusions to which no response is required.

120.    Federal Defendants admit the allegation in this paragraph.

121.    Federal Defendants admit the allegation in the first sentence that United States Department of Defense is a federal agency.  The second and third sentences appear to characterize the 2014 Quadrennial Defense Review, which speaks for itself and is the best evidence of its contents.

a.      Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this sentence.

26

b.      The allegations in the first sentence consist of Plaintiff's characterization of authorities pursuant to the Clean Water Act and the Rivers & Harbors Act, which speak for themselves and are the best evidence of their contents.  The allegations in the second sentence consist of Plaintiffs' characterization of authorities pursuant to the Rivers & Harbors Act, which speaks for itself and is the best evidence of its contents.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence, and on this basis deny them.

122.    Federal Defendants admit the allegations in this paragraph.

123.    Federal Defendants admit that the United States Department of State ("State Department") is a federal agency.  The remaining allegations in the first sentence consist of Plaintiffs' characterization of the State Department's mission statement, which speaks for itself and is the best evidence of its contents.  *See* https://www.state.gov/s/d/rm/index.htm#mission. To the extent the second sentence refers to the State Department's role in international fora regarding climate change, Federal Defendants admit the allegation.  The third sentence consists of Plaintiffs' characterization of the 2014 Climate Action Report, which speaks for itself and is the best evidence of its contents. Federal Defendants aver that the quoted language, including the portions that Plaintiffs omit states that:  "The United States is committed to continuing enhanced action, *together with the global community*, to lead the global effort to achieve a low-emission, climate-resilient future."  (emphasis added).  This additional language underscores that climate change is a global challenge that the United States addresses together with international partners and stakeholders.

a.      Federal Defendants admit the allegation.

b.      Federal Defendants admit the allegations in this paragraph.  Federal

Defendants aver that the quoted language is from the United States intervention at the Ad Hoc

Working Group on Long-term Cooperative Action Under the Convention, March 29, 2009. It is

important to keep in mind that these remarks come in the context of negotiations in which the

United States was seeking to forge a global agreement to address climate change – and thus in

context the Special Envoy was referring to the need for the global community to act together.

c.      The allegations in the first two sentences consist in part of Plaintiffs'

characterization of requirements under Executive Order 13337 and pursuant to 3 U.S.C. § 301,

which speak for themselves and are the best evidence of their contents.  Federal Defendants deny

all other allegations in the second sentence.  While Federal Defendants admit that the State

Department considers pipeline applications pursuant to Executive Order 13337, Federal

Defendants deny the allegations in the third, fourth, and fifth sentences.  Federal Defendants aver

that the State Department is not charged with regulating petroleum products that enter or leave

the country.

124.    Federal Defendants admit the allegation in this paragraph.

125.    Federal Defendants admit the allegation in the first sentence that the

Environmental Protection Agency ("EPA") possesses regulatory authorities and issues permits

under the Clean Air Act, Clean Water Act, Safe Drinking Water Act, Resource Conservation and

Recovery Act, but aver that the while EPA possesses certain regulatory authorities under the

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA) those

authorities do not include issuing permits.  Federal Defendants deny the remainder of the first

sentence.  The second sentence consists of Plaintiffs' characterization of EPA's mission

statement, which speaks for itself and is the best evidence of its contents. With respect to the

third sentence, Federal Defendants admit that the electricity generation sector accounted for 36.7 percent of national $CO_2$ emissions in 2014, which was the economic sector accounting for the greatest portion of annual $CO_2$ emissions in the United States, and that EPA has established $CO_2$ emission standards for certain types of power plants. The fourth sentence consists in part of Plaintiffs' vague characterizations of EPA's regulatory activity and in part constitutes legal conclusions to which no response is required.

a.    This paragraph consists of Plaintiffs' characterization of authority granted under the Energy Policy Act of 2005, which speaks for itself and are the best evidence of its contents.

126.    The allegations in the first sentence characterize a 1990 report by EPA entitled, "Policy Options for Stabilizing Global Climate," which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations this paragraph.

127.    The first sentence consists of Plaintiff's characterization of the EPA rule titled "Carbon Pollution Emission Guidelines for Existing Stationary Sources: Utility Generating Units," 80 Fed. Reg. 64,662 (Oct. 23, 2015) – also knowns as the "Clean Power Plan" – which speaks for itself and is the best evidence of its contents. Federal Defendants aver that the Clean Power Plan is not intended to "preserve a habitable climate system." The second, third, and fourth sentences consist of Plaintiff's characterization of the scope of the Clean Power Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegation in the fifth sentence that the Clean Power Plan is based on "biased math" and deny the remainder of that sentence. With respect to the sixth sentence, Federal Defendants admit that $CO_2$ emissions from the electric power sector in 2014, before the Clean Power Plan was

finalized, were approximately 18 percent below 2005 levels.  With respect to the seventh

sentence, Federal Defendants admit that the Clean Power Plan does not require closure of all

fossil fuel-fired electric generating units, admit that full implementation of the Clean Power Plan

will likely lead to an increase in the use of natural gas for electricity generation, and admit that

methane is both the principle constituent of natural gas and a potent greenhouse gas contributing

to climate change.  With respect to the eighth sentence Federal Defendants admit that the Clean

Power Plan does not directly address the extraction, production, and exportation of fossil fuels

and is not designed to return the United States' emissions to 1990 levels and denies the

remainder as stated.  With respect to the ninth sentence Federal Defendants admit that, although

the Clean Power Plan is an historic and important step to reduce carbon pollution that takes real

action on climate change, the Clean Power Plan is not designed to provide a complete response

to all climate change. The remainder of the ninth sentence constitutes legal conclusions to which

no response is required.  With respect to the tenth sentence, the allegations are too vague to

respond to.  To the extent a response is required, Federal Defendants deny the allegations as

stated.

128.    Federal Defendants admit the allegation in this paragraph.

129.    Federal Defendants deny the allegations in the first and second sentence as overly

broad and insufficiently specific.  The third, fourth, fifth, and sixth sentences consist of legal

conclusions to which no response is required.

130.    Federal Defendants admit that $CO_2$ concentrations have increased to greater than

400 ppm but otherwise deny the allegations in the first sentence as overly broad and

insufficiently specific.  The second and third sentences consist of legal conclusions to which no

response is required.

## "STATEMENT OF FACTS"

## "I.    THE FEDERAL GOVERNMENT HAS KNOWN FOR DECADES THAT CARBON DIOXIDE POLLUTION WAS CAUSING CATASTROPHIC CLIMATE CHANGE AND THAT MASSIVE EMISSION REDUCTIONS AND A NATION-WIDE TRANSITION AWAY FROM FOSSIL FUELS WAS NEEDED TO PROTECT PLAINTIFFS' CONSTITUTIONAL RIGHTS."

131.    With respect to the first sentence, Federal Defendants admit that prior to 1899 some scientists published estimates of the impact that elevated $CO_2$ concentrations could have on global temperature.  Federal Defendants aver that the important details of the carbon cycle and other aspects of climate change were not widely understood until many decades later.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this sentence, and on this basis deny them.   With respect to the second sentence, Federal Defendants admit that some scientists understood that $CO_2$ was an important factor in determining global temperatures, and deny the remaining allegations in the sentence. With respect to the third sentence, Federal Defendants admit that by the early 1900s some scientists had studied the potential impacts of increasing atmospheric concentrations of $CO_2$ on global climate change, and deny the remaining allegations in the sentence.

132.    The assertions in this paragraph characterize and quote from a 1965 Report of President Lyndon Johnson's Scientific Advisors entitled "Restoring the Quality of Our Environment," which speaks for itself and is the best evidence of its content.

133.    The assertions in this paragraph characterize and quote from the 1965 Report of President Lyndon Johnson's Scientific Advisors entitled "Restoring the Quality of Our Environment," ("1965 Report"), which speaks for itself and is the best evidence of its content.

134.    The assertions in this paragraph appear to characterize the 1965 Report, which speaks for itself and is the best evidence of its content.  With respect to the first sentence, Federal Defendants aver that while the 1965 Report concludes that increased $CO_2$ emissions lead to

melting of the Antarctic icecap, rising sea levels, warming oceans, and acidifying waters, the report does not conclude that increased $CO_2$ emissions lead to "additional releasing of $CO_2$ and methane due to these events." Further, the 1965 Report only mentions methane in two places, and neither is directly discussing it in relation to climate change, but rather it is discussed as a byproduct of biological processes resulting from pollution.

135. The assertions in this paragraph appear to characterize and quote from the 1965 Report, which speaks for itself and is the best evidence of its content.

136. The allegations characterize and quote from a September 17, 1969 memorandum from Daniel P. Moynihan to John Ehrlichman, White House Counsel, which speaks for itself and is the best evidence of its content.

137. The allegations characterize and quote from a provision of the National Climate Program Act, Pub. L. No. 95-367, 92 Stat. 601 (Sept. 17, 1978), which speaks for itself and is the best evidence of its content. Federal Defendants aver that the quoted language is codified at 15 U.S.C. § 2902.

138. The allegations characterize and congressional testimony by Dr. James Hansen, Director, NASA Goddard Institute for Space Studies, which speaks for itself and is the best evidence of its contents.

139. The allegation as to EPA appears to characterize a September 12, 1986, letter from eight members of the Senate Subcommittee on Environmental Pollution to EPA Administrator Lee Thomas, which speaks for itself and is the best evidence of its contents. Federal defendants lack sufficient knowledge or information to form a belief about the truth of the allegation as to Congress' direction to its own offices.

140.    Federal Defendants admit the allegations in the first sentence.  The second sentence characterizes and quotes from EPA's 1990 report to Congress, "Policy Options for Stabilizing Global Climate" ("1990 EPA Report"), which speaks for itself and is the best evidence of its content.

141.    The allegations characterize and quote from the 1990 EPA Report, which speaks for itself and is the best evidence of it content.

142.    The allegations characterize and quote from a 1991 report from Congress's Office of Technology Assessment, "Changing by Degrees: Steps to Reduce Greenhouse Gases" ("1991 OTA Report"), which speaks for itself and is the best evidence of its contents.

143.    The allegations characterize and quote from the 1991 OTA Report, which speaks for itself and is the best evidence of its contents.

144.    The allegations characterize the 1990 EPA Report and the 1991 OTA Report, which speak for themselves and are the best evidence of their contents.

145.    Federal Defendants deny the allegation in the first sentence and aver that the United States Senate passed a resolution, providing advice and consent for the ratification of the United Nations Framework Convention on Climate Change ("UNFCCC") on October 7, 1992, which the President ratified on October 15, 1992.  The assertions in the second, third, fourth, and fifth sentences characterize and quote from the UNFCCC, which speaks for itself and is the best evidence of its content.  With respect to the second sentence, Federal Defendants aver that the quoted language pertains to Article 3.1, a provision of the UNFCCC that is of a non-binding in nature and provides that the parties to the UNFCCC "*should* protect the climate system for the benefit of present and future generations of humankind." (emphasis added).  With respect to the third sentence, Federal Defendants aver that the quoted language – "overwhelming weight" – is

not included in the UNFCCC and further that norms and principles of intergenerational equity are not referenced in the document.  With respect to the fourth and fifth sentence, Federal Defendants aver that Plaintiffs' characterization of the quoted language of Article 2 of the UNFCCC as "[t]he minimal objective of the UNFCCC" is inconsistent with the text of the UNFCCC which states that the quoted language is "[t]he *ultimate objective* of this Convention. . ." (emphasis added).

146.    Federal Defendants deny the allegations in the first sentence.  Federal Defendants aver that some of those recommendations in 1990 EPA Report were in fact subsequently implemented.  To give one example, the 1990 EPA Report indicates that there could be "performance standards" for greenhouse gases.  EPA has promulgated performance standards for GHGs from certain new, modified, and reconstructed power plants.  80 Fed. Reg. 64510 (Oct. 23, 2015).  The allegations in the second sentence are too vague for Federal Defendants to admit or deny.

147.    With respect to the first sentence, Federal Defendants admit that on December 7, 2009, EPA Administrator Lisa Jackson signed, "Endangerment and Cause or Contribute Findings for Greenhouse Gases under the Section 202(a) of the Clean Air Act," 74 Fed. Reg. 66496 (Dec. 15, 2009).  The second sentence characterizes that finding, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in the third sentence.

148.    Federal Defendants admit that, on January 2, 2011, EPA Clean Air Act standards for GHG emissions from certain mobile sources became operative, and certain stationary source permitting requirements also became applicable to GHGs.  *See* "Reconsideration of Interpretation of Regulations that Determine Pollutants Covered by Clean Air Act Permitting

Programs." 75 Fed. Reg. 17004 (Apr. 2, 2010).  Federal Defendants otherwise deny the allegations.

149.    Federal Defendants admit the allegation in the first sentence and deny the allegations in the first clause of the second sentence.  The remaining allegations in the second sentence quote from and characterize a DOE strategic plan, which speaks for itself and is the best evidence of its contents.

150.    Federal Defendants admit the allegations in this paragraph.

**"II.    IN SPITE OF KNOWING OF THE SEVERE DANGER POSED BY CARBON POLLUTION, DEFENDANTS CREATED AND ENHANCED THE DANGERS THROUGH FOSSIL FUEL EXTRACTION, PRODUCTION, CONSUMPTION, TRANSPORTATION, AND EXPORTATION"**

**"A.    Despite the Known Danger, Defendants Caused Climate Instability and Allowed U.S. Fossil Fuel Extraction, Production, Consumption, Transportation, and Exportation and Associated Emissions, to Dangerously Increase"**

151.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence and deny them on that basis.  Federal Defendants aver that from 1850 to 2012, $CO_2$ emissions from sources within the United States (including from land use) comprised more than 25 percent of cumulative global $CO_2$ emissions.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis deny them.  The allegations in the third sentence are too vague and ambiguous for Federal Defendants to admit or deny.

152.    Federal Defendants admit that overall production and consumption of fossil fuels over the last fifty years has increased.  Federal Defendants otherwise deny the allegations.

153.    Federal Defendants deny the allegations in the first sentence and aver that the recommendations in the 1990 EPA Report were policy recommendations.  Further, some of those recommendations were subsequently implemented.  For example, the 1990 EPA Report

indicates that there could be "performance standards" for greenhouse gases.  EPA has promulgated performance standards for GHGs from certain new, modified, and reconstructed power plants.  80 Fed. Reg. 64510 (Oct. 23, 2015).  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis denies them.  Federal Defendants admit the allegation in the third sentence regarding the volume of  $CO_2$ emissions and aver that between 1991 and 2014, at least 127,600 million metric tons of $CO_2$ was emitted from fossil fuel combustion in the United States.  The remaining allegations in the third sentence are denied.

154.    This paragraph appears to characterize as "plans" the 1990 EPA Report and the 1991 OTA Report both of which speak for themselves and are the best evidence of their contents.  The remaining allegations contain conclusions of law to which no response is required.

155.    Federal Defendants deny the allegation that total fossil fuel production in the United States was 65.244 Quadrillion Btus in 2014 and aver that when natural gas plant liquids are included, total fossil fuel production in the United States was 69.653 Quadrillion Btus in 2014.  The remaining allegations in this paragraph are the Plaintiffs' opinion and require no answer.

156.    Federal Defendants admit that total fossil fuel energy consumption in the United States was close to the 80.366 Quadrillion Btus in 2014 that Plaintiffs allege and aver total fossil fuel energy consumption in the United States was 80.240 Quadrillion Btus in 2014.  The remaining allegations in this paragraph are the Plaintiffs' opinion and require no answer.

157.    Federal Defendants admit the allegation that $CO_2$ emissions from energy consumption in the United States in 2014 was close to the 5.4 metric tons Plaintiffs allege and

aver that $CO_2$ emissions from energy consumption in the United States in 2014 was 5.406.  The remaining allegations in this paragraph are the Plaintiffs' opinion and require no answer.

158.    Federal Defendants admit the allegations.

159.    Federal Defendants admit the allegation in the first sentence that the emissions figures above are from United States government sources, but deny the remaining allegations in the sentence.  With respect to the second sentence, Federal Defendants admit that the EPA develops the United States Greenhouse Gas Emissions Inventory ("GHG Inventory") which is based on Intergovernmental Panel on Climate Change ("IPCC") guidelines that provide methods for countries to estimate GHG emissions and removals where and when they happen.  With respect to the third and fourth sentences, Federal Defendants admit that the GHG Inventory does not include emissions embedded in imported goods consumed in the United States.

160.    Federal Defendants admit the allegations in this paragraph and aver that the data presented has changed slightly due to revisions to the data published after the Complaint was filed.

161.    Federal Defendants admit the allegations in this paragraph and aver that the data presented has changed slightly due to revisions to the data published after the Complaint was filed.

162.    Federal Defendants admit the allegations in the first sentence.  With respect to the second sentence, Federal Defendants admit that the United States produces commercial volumes of natural gas or crude oil from shale formations.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this sentence and on this basis deny them.

163.    Federal Defendants deny the allegations in this paragraph.

**"B.     Defendants Have Allowed Excessive Fossil Fuel Production on Federal Public Lands."**

164.     Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on this basis deny them.

165.     Federal Defendants admit the allegation in this paragraph.

166.     Federal Defendants admit the allegation in this paragraph.

167.     Federal Defendants admit the allegation in this paragraph.

168.     Federal Defendants admit the allegations in the first sentence and aver that the Bureau of Land Management ("BLM") had 46,183 oil and gas leases in effect in Fiscal Year 2014, containing a total of 94,778 producible and service well bores.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in the first sentence, and on this basis deny them.  Federal Defendants admit the allegation in the second sentence.  Federal Defendants deny the allegation in the third sentence and aver that as of October 1, 2015 there were 32,193,369 acres of federal land under lease in 32 states.

169.     Federal Defendants deny the allegation that BLM processed more application for permits to drill from 2009-2011 than it did from 2006-2008.  Federal Defendants admit that BLM received fewer new applications for permits to drill from 2009-2011 than it did from 2006-2008.

170.     Federal Defendants admit the allegations in the first sentence.  Federal Defendants and deny the allegations in the second sentence and aver that between 2003 and 2015, BLM has consistently approved between 77 and 91 percent of the applications for permits to drill that it has processed.

**"C.     Defendants Subsidize the Fossil Fuel Industry"**

171.     Federal Defendants deny the allegations in this paragraph.

172.    Federal Defendants deny the allegations first sentence.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second and third sentence, and on this basis deny them.

173.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on this basis deny them.

174.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on this basis deny them.

175.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on this basis deny them.

176.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on this basis deny them.

177.    Federal Defendants admit the allegations in this paragraph.

178.    The allegations in the first sentence are too vague for Federal Defendants to admit or deny.  The second sentence characterizes publicly available details of the social cost of carbon, developed by an interagency working group convened by the Council of Economic Advisors and OMB, which speaks for itself and is the best evidence of its contents.

**"D.    Defendants Recklessly Allow Interstate and International Transport of Fossil Fuels"**

179.    Federal Defendants deny the allegations in this paragraph.

180.    The allegations in the first sentence characterizes and quotes from Executive Order 11423, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations in the second sentence.

181.    With respect to the first sentence, Federal Defendants admit that, prior to December 18, 2015, a license was required to export crude oil from the United States to all

destinations, with licenses to Canada generally being approved and licenses to other countries generally being rejected.  Federal Defendants aver that as of December 18, 2015, pursuant to section 101 of Division O of the Consolidated Appropriations Act, 2016, United States Government officials are prohibited from implementing or enforcing export controls on crude oil and that BIS subsequently removed 15 C.F.R. § 754.2 in conformance with that prohibition. Federal Defendants further aver that a license continues to be required for export of crude oil to sanctioned or embargoed countries or to certain prohibited end users. Federal Defendants aver the allegation in the second sentence that the number of barrels of crude oil exported in 2014 pursuant to a BIS license was an increase from the number of barrels exported in 2013, deny that BIS authorized the exportation of 126,155 thousand barrels of crude oil in 2014 and aver that the correct figure is 127,864 thousand barrels. With respect to crude oil imports, Federal Defendants deny that DOE has oversight authority, deny the amount of imports in 2014 and aver that according to EIA – an independent statistical agency formally organized under DOE – the volume of crude oil imported in 2014 was 2,680,626 thousand barrels.

182.    Federal Defendants deny the allegation, in the first sentence, that FERC authorizes natural gas imports and exports and aver that jurisdiction over import and export authorization lies with DOE.  Federal Defendants deny the allegations in the second sentence and aver that under the Natural Gas Act section 3 and Parts 153 and 380 of FERC's regulations, FERC approves the construction of interstate natural gas pipelines, storage facilities, and LNG terminals.  However, FERC has issued a final order denying authorization for the siting, construction and operation of the Jordan Cove LNG terminal.  Federal Defendants admit the allegations in the third and fourth sentences.

183.    Federal Defendants admit the allegations in the first, third, and fourth sentences. Federal Defendants deny the allegations in the second sentence.

184.    Federal Defendants admit the allegations in this paragraph.

**"E.    Defendants Recklessly Allow $CO_2$ Pollution From Combustion of Fossil Fuels"**

185.    Federal Defendants deny the allegations in the first sentence and admit the allegations in the second sentence.

186.    Federal Defendants admit the allegations in the first sentence that in 2012 petroleum accounted for 36.5 percent of total energy consumption in the United States and was the single largest source of energy consumption. With respect to the second sentence, Federal Defendants aver that EPA has issued regulations that apply to petroleum refineries but deny that all United States petroleum refineries are permitted and regulated by EPA. Federal Defendants aver that under the Clean Air Act, EPA has issued standards for refineries that apply based on certain characteristics and refineries may be subject to permitting requirements under EPA permitting programs, but the permits under those programs are usually issued by state or local governments.

187.    Federal Defendants admit the allegation in the first sentence that in 2013 $CO_2$ emissions from the industrial sector were approximately 15 percent of total $CO_2$ emissions in the United States. With respect to the second sentence, Federal Defendants admit that EPA regulates various aspects of industrial sources but deny the remaining allegations as too vague to verify.

188.    With respect to the first sentence, Federal Defendants deny the allegations and aver that under the Energy Policy and Conservation Act of 1975 "covered products and equipment" are subject to energy conservation standards set either by statute or by DOE

41

regulations, 42 U.S.C. §§ 6291–6317, and that under the Energy Conservation and Production Act ("ECPA") DOE is required to establish building energy efficiency standards for all new Federal buildings. 42 U.S.C. § 6834(a)(1). Federal Defendants aver that ECPA requires States to certify that they have reviewed their residential building code regarding energy efficiency and made a determination as to whether it is appropriate for such State to revise such residential building code provisions to meet or exceed the revised model code that the Secretary of Energy has determined would improve the level of efficiency in buildings. 42 U.S.C. § 6833(a). ECPA also requires States to certify that they have reviewed and updated the provisions of their commercial building codes regarding energy efficiency provisions to meet or exceed the revised model code that the Secretary of Energy has determined would improve the level of efficiency in buildings. 42 U.S.C. § 6833(b). Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis deny them.

189.    Federal Defendants admit the allegation in the first sentence that Congress enacted the CAFE standards program in 1975, and that the National Highway Traffic Safety Administration within the DOT establishes fuel economy standards. The remainder of the first sentence is Plaintiffs' characterization of CAFE program requirements of the Energy Policy and Conservation Act, 49 U.S.C. § 32904, *et seq.*, which speak for themselves and are the best evidence of their contents. With respect to the second sentence, Federal Defendants admit that DOT has established fuel economy standards and fuel efficiency standards, and that EPA has established standards for emissions of greenhouse gases (including $CO_2$) from certain new motor vehicles and engines; and admit that both fuel economy standards and fuel efficiency standards

can reduce $CO_2$ emissions.  The remainder of the second sentence is a conclusion of law to which no response is required.

190.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence, and on this basis deny them.  Federal Defendants admit that SUVs are less fuel-efficient and emit greater quantities of $CO_2$ per mile than lighter-weight vehicles, if other factors are held equal.

191.    Federal Defendants deny the allegations in the first sentence and aver that in 2012, United States $CO_2$ equivalent emissions from transportation were approximately 1,780 million metric tons.  Federal Defendants admit the allegations in the second sentence.

## "III.    THE JORDAN COVE LNG EXPORTS"

192.    The allegations characterize Section 201 of the Energy Policy Act, 15 U.S.C. § 717b(c), which speaks for itself and is the best evidence of its contents.

193.    Federal Defendants admit the allegation in the first sentence and aver that DOE approval of export of LNG from the proposed Jordan Cove LNG Terminal in Coos Bay to FTA nations was required under Section 3(c) of the Natural Gas Act and therefore did not include any environmental review or other public interest analysis by DOE.  Section 3(c) states, in relevant part:  "[T]he exportation of natural gas to a nation with which there is in effect a free trade agreement requiring national treatment for trade in natural gas, shall be deemed to be consistent with the public interest, and applications for such … exportation shall be granted without modification or delay."  15 U.S.C. § 717b(c).  In issuing DOE/FE Order No. 3041 to Jordan Cove on December 7, 2011, DOE complied with this statutory mandate:  "The instant Application falls within section 3(c), as amended, and therefore, DOE/FE is charged with granting the Application without modification or delay." (DOE/FE Order No. 3041 at 11).

Federal Defendants admit the allegation in the second sentence but aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export Terminal and associated facilities, and on December 9, 2016, denied Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016). Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence, and on this basis deny them.

194.    Federal Defendants deny the allegations in this paragraph and aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export Terminal and associated facilities, and on December 9, 2016, denied Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).  Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

195.    Federal Defendants deny the allegations in this paragraph and aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export Terminal and associated facilities, and on December 9, 2016, denied Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).  Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

196.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this sentence, and on this basis deny them.  Federal

Defendants also aver that the allegations have been overcome by events that prevent operation of the facility proposed by Jordan Cove.

197.    The allegations in this paragraph characterize and quote from a letter from Governor John Hickenlooper to DOE and FERC which speaks for itself and is the best evidence of its contents.

198.    Federal Defendants deny the allegations in this paragraph and aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export Terminal and associated facilities, and on December 9, 2016, denied Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).  Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041.

199.    Federal Defendants admit the allegation in this paragraph to the extent it describes standard operating circumstances.

200.    Federal Defendants deny the allegations in this paragraph and aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the Jordan Cove LNG Export Terminal and associated facilities, and on December 9, 2016, denied Jordan Cove's request for rehearing of that denial.  157 FERC ¶ 61,194, P 33 (Dec. 9, 2016).  Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041. The allegations are also comprised of conclusions of law to which no response is required.

201.    Federal Defendants deny the allegations in this paragraph and aver that on March 11, 2016, FERC issued an order denying Jordan Cove's application to site, construct, and operate the proposed Jordan Cove LNG Terminal (and the related application for the proposed Pacific

Connector Natural Gas Pipeline). On December 9, 2016, FERC denied Jordan Cove's request for rehearing of that denial. 157 FERC ¶ 61,194, P 33 (Dec. 9, 2016). Thus, at this time, Jordan Cove lacks authority from FERC to construct and operate the proposed export terminal—meaning it cannot export LNG pursuant to DOE/FE Order No. 3041. The allegations are also comprised of conclusions of law to which no response is required.

202.    Federal Defendants admit the allegations in the first and second sentence that there is a scientific consensus that the buildup of GHGs (including $CO_2$) due to human activities (including the combustion of fossil fuels) is changing the global climate at a pace and in a way that threatens human health and the natural environment. With respect to the third sentence, Federal Defendants admit that GHG emissions (including $CO_2$) from fossil fuel combustion have contributed to increasing atmospheric GHG concentrations and therefore, the global energy imbalance in the climate system. Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in the third sentence.

203.    Federal Defendants deny the allegations in the first sentence and aver that atmospheric $CO_2$ concentrations over 280 ppm have led to an energy imbalance compared to the pre-industrial era. Federal Defendants deny the allegation in the second sentence that the energy imbalance is now approximately 0.6 Watts/m$^2$. Federal Defendants aver that the best estimate of radiative forcing change since 1750 is 2.29 Watts/m2 averaged over the entire planet and that the current energy imbalance is on the order of 0.5 to 1.0 Watts/m2. Federal Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this sentence, and on this basis deny them.

204.    The allegations characterize and quote from the 2014 National Climate Assessment, which speaks for itself and is the best evidence of its content.

205.    Federal Defendants admit the allegations in the first sentence.  With respect to the second sentence, Federal Defendants admit that GHGs in the atmosphere slow the release of heat into space, keeping the Earth warmer than it would be otherwise, and that increasing GHG *concentrations* in the atmosphere will therefore lead to further warming. The remaining allegations in the second sentence are too vague for Federal Defendants to admit or deny.

206.    Federal Defendants admit the allegations in the first sentence and aver that for a given amount of $CO_2$ emissions reaching the atmosphere, atmospheric concentrations will remain elevated by 15 to 40 percent of that given amount for a millennium or more.  Federal Defendants admit the allegations in the second and third sentences that $CO_2$ emissions are currently altering the atmosphere's composition and will continue to alter Earth's climate for thousands of years.  Federal Defendants deny the remaining allegations as stated.

207.    The allegations in this paragraph, and in particular Plaintiffs' use of the term "danger zone," are too vague for Federal Defendants to admit or deny.  Federal Defendants aver that current and projected concentrations of six well-mixed greenhouse gases in the atmosphere, including $CO_2$, threaten the public health and welfare of current and future generations.

208.    Federal Defendants admit the allegation in the first sentence, that in 2013, daily average atmospheric $CO_2$ concentrations (measured at the Mauna Loa Observatory) exceeded 400 ppm for the first time in millions of years. With respect to the second sentence, Federal Defendants admit that average atmospheric $CO_2$ concentrations were approximately 280 ppm in the late 1700s.  The remaining allegations in this sentence are too vague to admit or deny. With respect to the third sentence, Federal Defendants admit that stabilizing atmospheric $CO_2$ concentrations will require deep reductions in $CO_2$ emissions.  Federal Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in this sentence.

209.    Federal Defendants admit the allegation in the first sentence that monthly global average $CO_2$ concentrations exceeded 400 ppm for the first time in March, 2015, reaching levels unprecedented for at least 2.6 million years and deny the remainder as stated. With respect to the second sentence, Federal Defendants admit that atmospheric $CO_2$ concentrations have risen approximately 120 ppm since the late 1700s, and about half of that increase occurred after 1980.

210.    With respect to the allegations in the first and third sentences, Federal Defendants admit that the Earth has now warmed about 0.9°C above pre-industrial temperatures.  Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the second sentence and on this basis deny them.

211.    With respect to the first and second sentences, Federal Defendants admit that the more rapid the rate of climate change, the more challenging it is for humans and natural systems to adapt to it.  The remaining allegations in the first sentence are too vague for Federal Defendants to admit or deny.  Defendants lacks sufficient knowledge or information to determine the truth of the allegations in the second and third sentences and on this basis deny them.

212.    The allegations are too vague for Federal Defendants to admit or deny.  To the extent a response is required, Federal Defendants lack sufficient information to determine the truth of the allegations in this paragraph and on this basis deny them.

**"V.    EXISTING IMPACTS OF CLIMATE CHANGE ACROSS THE NATION"**

213.    With respect to the first sentence, Federal Defendants admit that climate change is damaging human and natural systems, increasing the risk of loss of life, and requiring adaptation on larger and faster scales than current species have successfully achieved in the past, potentially increasing the risk of extinction or severe disruption for many species.  The allegations in the second sentence are too vague and speculative for Federal Defendants to admit or deny.  Federal

Defendants aver that current and projected atmospheric concentrations of six well-mixed GHGs, including $CO_2$, threaten the public health and welfare of current and future generations, and this threat will mount over time as GHGs continue to accumulate in the atmosphere and result in ever greater rates of climate change.

214.    The allegations in the paragraph are too vague and speculative for Federal Defendants to admit or deny.  Further, the assertions characterize and reference "[r]ecent scientific reports," which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Federal Defendants acknowledge that scientific assessments of the IPCC and the National Academies have projected sea level rise by the end of the next century of 0.26 meters to 2 meters (depending on the assessment, the emissions scenario, and the response of the Greenland and Antarctic ice sheets), and that sea level rise will lead to increases in flooding and other damages in coastal and island communities.  Federal Defendants deny the remaining allegations in this paragraph as stated.

215.    The allegations in this paragraph 215 are too vague for Federal Defendants to admit or deny.  To the extent a response is required, Federal Defendants aver that scientific assessments of the IPCC and the National Academies have projected sea level rise by the end of the next century of 0.26 meters to 2 meters (depending on the assessment, the emissions scenario, and the response of the Greenland and Antarctic ice sheets), and that the sea level will continue to rise for several centuries even after atmospheric greenhouse gas concentrations are stabilized.

216.    The allegations in the first sentence, and in particular Plaintiffs' use of the term "danger zone," are too vague to admit or deny.  With respect to the second sentence, Federal Defendants admit that current and projected atmospheric concentrations of six well-mixed

GHGs, including $CO_2$, threaten the public health and welfare of current and future generations, including through warming of land surfaces and oceans, and changes in the hydrologic cycle (including changes to atmospheric moisture levels and rainfall patterns) and circulation of the atmosphere.  Federal Defendants otherwise deny the allegations in this paragraph as stated.

217.    With respect to the first sentence, Federal Defendants admit that since 1901 the average surface temperature across the contiguous 48 states has risen at an average rate of 0.14°F per decade, and global average surface temperature has risen at an average rate of 0.15°F per decade. With respect to the second sentence, Federal Defendants admit that human activity (in particular, elevated concentrations of GHGs) is likely to have been the dominant cause of observed warming since the mid-1900s.  Plaintiffs' characterize the 1965 White House Report, which speaks for itself and is the best evidence of its contents.   With respect to the third and fifth sentences, Federal Defendants admit that global surface temperatures on earth in 2014 were warmer than all the preceding years and 2015 was warmer still, with global surface temperatures having exceeded temperatures of the mid-to-late 19th century by more than 1°C.  With respect to the fourth sentence, Federal Defendants admit that the average rate of warming over the past 30 years has been higher than over the past 100 years.

218.    Federal Defendants deny that sea levels have been rising at an average rate of 3.2 millimeters per year, admit the remaining allegations in the first and second sentence, and aver that sea levels have been rising at a rate of about 3.4 millimeters per year since 1993.  Federal Defendants admit the allegation in the third sentence that this rate is faster than the rate over the past century.  Federal Defendants admit the allegation in the fourth sentence that rising relative sea levels (which are a function of global sea level and local factors such as land subsidence or uplift) have caused increased flooding in many communities.  Federal Defendants lack sufficient

knowledge or information to form a belief about the truth of the remaining allegations in the fourth and fifth sentences, and on this basis denies them.

219.    Federal Defendants admit the allegation in the first sentence that rising sea levels along coastal states lead to the inundation of low-lying lands and beaches, loss of wetlands, and increased salinity of near-coastal estuaries and aquifers and the allegation in the second sentence that approximately 20 square miles of land along the Atlantic Coast were converted to open water between 1966 and 2011.  Federal Defendants admit the allegation in the third sentence. Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence.  The remaining allegations in the paragraph are too vague for Federal Defendants to admit or deny.

220.    Federal Defendants admit that climate change is associated with increases in hurricane intensity, increased frequency of intense storms and heavy precipitation, and that the number of very heavy precipitation events has been significantly above average since 1991. Federal Defendants admit that across the United States, nine of the top ten years for extreme one-day precipitation events have occurred since 1990. Defendants deny the remaining allegations in the paragraph as stated.

221.    Federal Defendants admit that there have been and will continue to be changes in the nation's water cycle as a result of climate change, including more winter and spring precipitation in the northern United States and less precipitation in the Southwest (and more intense droughts projected for the Southwest).  Federal Defendants admit that because of increasing temperatures, as well as changes in variability in some regions, drought is expected to increase across most of the central and southern United States—even in regions with increasing precipitation.  Federal Defendants admit that prolonged heat events in recent years have been the

most extreme on record and that climate change has contributed to these events, but aver that some regions had more intense short-duration heat waves in the 1930s.  Federal Defendants deny the remaining allegations in this paragraph as stated.

222.    Federal Defendants admit that the average extent of North American snow cover decreased at a rate of about 3,300 square miles per year between 1972 and 2015, with the largest decreases occurring in spring and summer and aver that the United States snow cover season has become shorter by nearly two weeks.  Federal Defendants admit that reduced snowpack impacts fresh water management and supply. The remaining allegations in the paragraph are too vague for Federal Defendants to admit or deny.  To the extent a response is required, Federal Defendants deny the remaining allegations as stated.

223.    Federal Defendants admit the allegation that Arctic sea ice is declining.  The remainder of the first sentence is too vague to admit or deny.  Federal Defendants deny the allegation in the second sentence that Arctic sea ice in September 2013 was 700,000 square miles below the 1981-2010 average for the same period and aver that the Arctic sea ice extent in September 2013 was 452,000 square miles below the September average for 1981–2010.  With respect to the third sentence, Federal Defendants admit that the Artic sea ice extent in September 2014 was 479,000 square miles below the September average for 1981–2010.  The allegations in the fourth and fifth sentences are too vague to admit or deny.

224.    With respect to the first, second, and third sentence, Federal Defendants admit that there has been an increase in permafrost thaw in Alaska, that as organic matter frozen in the permafrost thaws (including from peat bogs) it will decay, creating emissions of methane and $CO_2$ that can lead to more warming, and that methane releases from Arctic permafrost have been observed. With respect to the fourth sentence, Federal Defendants deny the allegations and aver

that $CO_2$ and methane released from permafrost under a high-emissions scenario has been projected to lead to additional warming of 0.07°F to 1.2°F by 2100.  Federal Defendants deny the remaining allegations in the paragraph as stated.

225.    With respect to the first sentence, Federal Defendants admit that glaciers have been receding on average within the United States.  With respect to the second sentence, Federal Defendants admit that in 1850 there were an estimated 150 glaciers in Glacier National Park, Montana, and that there are currently only twenty-five glaciers larger than twenty-five acres in Glacier National Park.  With respect to the third sentence, Federal Defendants admit that every glacier in the Brooks Range of northern Alaska studied by the United States Geological Survey ("USGS") in a 2010 report was in retreat. Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on this basis deny them.

226.    With respect to the first sentence, Federal Defendants admit that melting of mountain glaciers due to climate change can impact the timing of water flow downstream, which can have adverse impacts on water systems and flooding, including for areas that rely on snow melt for irrigation and water supply.  The remainder of the first sentence is too vague to admit or deny.  Federal Defendants admit the allegations in the second sentence. With respect to the third and fourth sentences, Federal Defendants admit that as temperatures warm, areas reliant on snow melt for irrigation and drinking water supplies will be impacted, and in the western United States increasing snow melt will increase flooding in some mountain watersheds.  Defendants deny the remaining allegations in the paragraph as stated.

227.    Federal Defendants admit the allegations in the first sentence.  With respect to the second sentence, Federal Defendants admit that climate change may increase the prevalence of

parasites and diseases that affect livestock, increase the range and distribution of weeds and pests, cause changes in precipitation patterns and extreme weather events, and reductions in water availability may all result in reduced agricultural productivity.  Federal Defendants admit that anthropogenic climate change in the United States has produced warmer summers, but lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this sentence.  Federal Defendants admit the allegations in the fourth sentence to the extent that, under warming conditions, in Alaska there are spruce beetles that mature in one year rather than two years.  Federal Defendants admit the allegations in the fifth sentence that various beetles have killed millions of hectares of trees across the United States but denies the remaining allegations.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this sentence.

228.    Federal Defendants admit the allegation in the first sentence that climate change effects on agriculture will have consequences for food scarcity.  The remainder of the first sentence of is too vague for Federal Defendants to admit or deny.  Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the second sentence and so on that basis deny them.  With respect to the third sentence, Federal Defendants admit that climate change is predicted to decrease crop yield, increase crop prices, and decrease the concentrations of protein and essential minerals in crops such as wheat and rice, which lowers these crops' nutritional value.  Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the third sentence and so on that basis deny them.

229.    The allegations in the first sentence that increased wildfires threaten forest property is admitted.  The remaining allegations in the first sentence are too vague for Federal Defendants to admit or deny.  The allegations in the second and third sentences are admitted.

230.    Federal Defendants deny the allegation in the first sentence and aver that an increase in surface ocean acidity (and a decrease in aragonite saturation levels), has adverse impacts on ocean organisms that use carbonate in their shells and skeletons, placing a number of such organisms at risk and impacting larger ecosystems as well.  Federal Defendants admit the allegations in the second sentence and aver that the oceans have absorbed about 28 percent of the $CO_2$ produced by human activities over the past 250 years, leading to an increase in surface ocean acidity of about 30 percent.  Defendants otherwise deny the remaining allegations in Paragraph 230.

231.    Federal Defendants deny the allegations in the second sentence and aver that ocean acidity is increasing at a rate 50 times faster than observed in at least the past 100,000 years.  With respect to the third sentence, Federal Defendants admit that increased acidity makes it more difficult for certain organisms to build and maintain their skeletons and shells (including corals, oysters, clams, scallops, mussels, abalone, crabs, geoducks, barnacles, sea urchins, sand dollars, sea stars, sea cucumbers, some single-celled organisms and protists), putting a number of such organisms and certain forms of seaweed at risk, and thereby impacting larger ecosystems. The allegations in the first and fourth sentences are too vague and speculative for Federal Defendants to admit or deny; to the extent a response is required, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.

232.    Federal Defendants admit that under some high-emission scenarios the allegation in the first sentence, that surface ocean waters could be nearly 150 percent more acidic and admit that the oceans have probably not experienced this rate of change in pH for 100 million years. Defendants deny the remainder of the first sentence as stated.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence, and on this basis denies them.  Federal Defendants admit the allegations in the third sentence.

233.    Federal Defendants admit that coral reefs are threatened by increasing acidity. The remainder of the first sentence is too vague for Federal Defendants to admit or deny. Federal Defendants deny the allegations in the second sentence.  Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence, and on this basis deny them.

234.    Federal Defendants admit the allegations in the first sentence and aver that under a business-as-usual scenario major United States coral reefs will experience extensive bleaching and dramatic loss of shallow coral cover by 2050, and near complete loss by 2100. With respect to the second sentence Federal Defendants admit that, under a business-as-usual scenario coral cover in Hawaii is projected to decline from 38 percent (current coral cover) to approximately 5 percent by 2050, with further declines thereafter.  With respect to the third sentence Federal Defendants admit that, under a business-as-usual scenario, in Florida and Puerto Rico—where present-day temperatures are already close to bleaching thresholds and where reefs have historically been affected by non-climate stressors—coral is projected to disappear even faster than in Hawaii.  With respect to the fourth sentence, Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and

on this basis deny them.

235.    With respect to the first sentence, Federal Defendants admit that climate change and ocean acidification threatens the survival of plants, fish, and wildlife, and also threatens biodiversity.  With respect to the second and third sentences, Federal Defendants admit that there is an increase in the risk of species extinctions due to the rate of climate change and ocean acidification, that many species will face changes in abundance, distribution, and species interactions, and that some of these changes will have adverse impacts for ecosystems and humans.  Federal Defendants otherwise deny the allegations.

236.    The allegations in the first sentence are too vague for Federal Defendants to admit or deny; to the extent a response is required, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them.  With respect to the second, third, and fifth sentences, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and on this basis deny them.  The fourth sentence characterizes NOAA Fisheries Endangered and Threatened Marine Species list which speaks for itself and is the best evidence of its contents.

237.    With respect to the first sentence, Federal Defendants admit that climate change is likely to be associated with an increase in allergies, asthma, cancer, cardiovascular disease, stroke, heat-related morbidity and mortality, food-borne diseases, injuries, toxic exposures, mental health and stress disorders, and neurological diseases and disorders.  With respect to the allegations in the second sentence, Federal Defendants admit that climate change impacts endanger human health by affecting the air humans breathe, food and water sources, and human interactions with built and natural environments. With respect to the allegations in third sentence, Federal Defendants admit that climate change increases the prevalence and

geographic distribution of occurrences of some infectious diseases. Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on this basis denies them.

238.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and aver that at least 9,000 Americans have died from heat-related illnesses since 1979. Federal Defendants admit the allegations in the second and third sentences. With respect to the fourth sentence, Federal Defendants admit that longer growing seasons resulting from increased temperatures have allowed ragweed to produce pollen for a longer period, exacerbating the effects of ragweed allergies. Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on this basis denies them.

239.    The allegations in the first sentence are too vague for Federal Defendants to admit or deny; to the extent a response is required, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, and on this basis deny them. The remaining allegations, characterize and quote from a Quadrennial Defense Review, which speaks for itself and is the best evidence of its contents.

240.    The allegations in this paragraph relating to drought, famine, and climate-related migrations appear to characterize a Quadrennial Defense Review, which speaks for itself and is the best evidence of its contents. As to the remaining allegations, Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and on this basis deny them.

241.    Federal Defendants admit the allegation that significant climate impacts have already occurred in the United States. *See* 80 Fed. Reg. 64686-88. The remaining allegations

in the first sentence are too vague for Federal Defendants to admit or deny.  The allegations in

the second sentence are too vague for Federal Defendants to admit or deny.  With respect to the

third and fourth sentences, Federal Defendants admit that positive feedbacks and potential

tipping points for some biological or physical systems exist, and that some changes may be

irreversible.  Federal Defendants lack sufficient knowledge or information to form a belief

about the truth of the allegations concerning impacts on Plaintiffs; the remaining allegations in

this paragraph are too vague for Defendants to admit or deny.

**"VI.    FUTURE NATIONAL CLIMATE IMPACTS EXPECTED BY 2050 AND 2100"**

242.    Federal Defendants admit the allegations in this paragraph.

243.    With respect to the allegations in the first, second, and third sentences, Federal

Defendants admit that relative sea-level rise may be higher than the global average in areas

with land subsidence or changes in ocean currents such as the land around the Gulf of Mexico

and the East Coast, lack sufficient knowledge or information to determine the truth of the

remaining allegations and aver that scientific assessments of the IPCC and the National

Academies have projected global mean sea-level rise by the end of the next century of 0.26

meters to 2 meters (approximately 10 to 79 inches) depending on the assessment, the emissions

scenario, and the response of the Greenland and Antarctic ice sheets.  Federal Defendants admit

the allegations in the fourth and fifth sentences.  Federal Defendants lacks sufficient knowledge

or information to determine the truth of the allegations in the sixth sentence.  Federal

Defendants deny the remaining allegations in the paragraph.

244.    The allegations in this paragraph are too vague for Federal Defendants to admit

or deny.  To the extent a response is required, Federal Defendants admit that non-linear

changes in the Greenland and Antarctic ice sheets could contribute to additional sea level rise.

245.    With respect to the first sentence, Federal Defendants admit that global temperatures are projected to increase by 2.5 to more than 11° Fahrenheit by 2100, depending on future emissions and the responsiveness of the climate system, and that more warming is expected on land and at higher latitudes; Federal Defendants deny the remainder of the first sentence as stated. With respect to the second sentence, Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations and deny them on that basis.

246.    The allegations in the first, second, third, fourth, and fifth sentences appear to characterize an EPA-funded study, "Ensemble Projections of Wildfire Activity and Carbonaceous Aerosol Concentrations over the Western United States in the Mid-21st Century," which speaks for itself and is the best evidence of its contents. With respect to the allegations in the sixth sentence Federal Defendants deny the allegations and aver that polar bears are listed as "threatened" under the Endangered Species Act.   With respect to the allegations in the seventh sentence, Federal Defendants admit that polar bears are sensitive to climate change because of sea ice retreat, and that polar bear populations are projected to decline in the Beaufort Sea region.  The allegations in the eighth and ninth sentences are too vague for Federal Defendants to admit or deny.  With respect to the ninth sentence, Federal Defendants admit that with global average temperature changes above 2°C, many terrestrial, freshwater, and marine species (particularly endemic species) are at a far greater risk of extinction than in the geological past.  Federal Defendants otherwise deny the allegations in this paragraph.

247.    With respect to the first sentence, Federal Defendants admit that global temperatures are projected to increase by 2.5° to more than 11° Fahrenheit by 2100, depending on future emissions and the responsiveness of the climate system.  Federal Defendants deny the

remainder of the first sentence as stated.  Federal Defendants admit the allegations in the second sentence.  With respect to the third sentence, Federal Defendants admit that projections under a higher-emissions scenario suggest that the number of heat-wave days in Los Angeles is projected to double, and the number of heat-wave days in Chicago to quadruple, resulting in more deaths.  The remainder of the third sentence is too vague to admit or deny; to the extent a response is required, Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations.

248.    Defendants admit that potential climate change impacts on water resources vary between regions; admit that there have been and will continue to be changes in the nation's water cycle as a result of climate change, including more winter and spring precipitation in the northern United States (except for the Northwest in the spring) and less precipitation in the Southwest (particularly in the spring); and admit that, because of increasing temperatures and changes in variability in some regions, drought is expected to increase across most of the central and southern United States, even in regions with increasing precipitation.  The remaining allegations in this paragraph are too vague for Federal Defendants to admit or deny; to the extent a response is required, Federal Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations.

249.    With respect to the first sentence, Federal Defendants admit that much of the Northwest's water is stored naturally in winter snowpack in the mountains and that climate change threatens this natural storage by changing the timing of snowmelt and the amount of water available in streams and rivers (streamflow) throughout the year, reducing water supplies for competing demands.  Federal Defendants admit the allegations in the second sentence. With respect to the third sentence, Federal Defendants admit that in the Northwest, summer

temperature increases (and in certain basins, increased river flooding and winter flows, and decreased summer flows), will threaten many freshwater species, particularly salmon, steelhead, and trout; and further admit that rising temperatures will increase disease and mortality in several iconic salmon species.  Federal Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in the third sentence.

250.    Federal Defendants admit that a single study determined that faster decomposition of salmon corpses in warmer climates would lead to 11 – 14 percent less carcass biomass available to bald eagles near Puget Sound, not taking into account changes in stream flow.  Defendants otherwise deny the allegations in this paragraph as stated.

251.    The allegations characterize a Department of Homeland Security mass migration plan, which speaks for itself and is the best evidence of its contents.

252.    Federal Defendants admit the allegation in the first sentence that some climate change projections estimate an increase in monetary damages associated with inland flooding across most of the contiguous United States.  With respect to the second sentence, Federal Defendants admit that an EPA study projects that without reductions in GHGs, an estimated 190,000 inland bridges would be structurally vulnerable because of climate change by the end of the century, with an adaptation cost of about $170 billion between 2010 and 2050. With respect to the third sentence, Federal Defendants admit that the same EPA study projects that in the Northwest, a region including Washington and parts of Oregon and Idaho, 56 percent of inland bridges are identified as vulnerable in the second half of the 21st Century.  Defendants otherwise deny the allegations in this paragraph as stated.

253.    Federal Defendants admit that an EPA study projects that, without reductions in greenhouse gas emissions, adaptation costs in 2100 associated with updating urban drainage to

handle the 50-year 24-hour storm in 50 United States cities are projected to range from $1.1 to $12 billion and that, without adaptation, unmitigated climate change is projected to result in $5 trillion in damages for coastal property due to sea level rise.  Federal Defendants otherwise deny the allegations in this paragraph as stated.

254.    Federal Defendants admit that an EPA study has projected that without reductions in GHG emissions, the resulting increases in extreme heat would lead to unsuitable working conditions and a large negative impact on United States labor hours—specifically, a decrease of 1.8 billion labor hours, with about $170 billion in lost wages in 2100.  The remaining allegations in Paragraph 254 are too vague for Federal Defendants to admit or deny; to the extent a response is required, Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations.

255.    With respect to the first sentence, Federal Defendants admit that estimates made assuming no change in regulatory controls or population assessments have ranged from 1,000 to 4,300 additional premature deaths national per year by 2050 from combined ozone and particle health effects, although there is less certainty in the responses of airborne particles to climate change than there is about the response of ozone. With respect to the allegations in the second sentence, Federal Defendants admit that climate change is expected to increase ground-level ozone pollution over broad areas of the country due to surface temperature and other impacts, including large metropolitan population centers, and admit that ground-level ozone can affect the respiratory system, including through irritation of the airways, reductions in lung function, aggravation of asthma, and airway inflammation.  Federal Defendants lacks sufficient knowledge or information to determine the truth of the allegations in the third sentence. Federal Defendants deny the remaining allegations in this paragraph as stated.

**"VII.    RESTORING THE ENERGY BALANCE AND PROTECTING AGAINST A DANGEROUS DESTABILIZED CLIMATE SYSTEM IS POSSIBLE BASED ON BEST AVAILABLE SCIENCE"**

256.    The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

257.    Federal Defendants deny the allegations, and aver that there is no scientific consensus that 350 ppm is the maximum safe level of atmospheric $CO_2$ concentration that is necessary to restore a stable climate system.

258.    Federal Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  Federal Defendants aver that there is no scientific consensus that 350 ppm is the maximum safe level of atmospheric $CO_2$ concentration that is necessary to restore a stable climate system.

259.    Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the first sentence.  With respect to the second sentence Federal Defendants admit that the oceans have absorbed about 28 percent of the $CO_2$ produced by human activities over the past 250 years, leading to an increase in surface ocean acidity of about 30 percent, with impacts on those ocean organisms that use carbonate in their shells and skeletons, putting a number of such organisms at risk and thereby impacting larger ecosystems as well.  Federal Defendants deny the remainder of the second sentence as stated.  Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the third sentence.

260.    With respect to the first sentence, Federal Defendants admit that scientific evidence shows that elevated $CO_2$ concentrations have caused ocean acidification and ocean warming.  Federal Defendants aver that the important details of the effects of elevated $CO_2$ on

the ocean and the marine environment are not widely understood until many decades

later.  Federal Defendants lack sufficient knowledge or information to form a belief about the

truth of the remaining allegations in this sentence, and on this basis deny them.  With respect to

the second and third sentences, Federal Defendants admit that scientific evidence shows that

elevated $CO_2$ levels have caused adverse effects to coral reefs and associated wildlife.  Federal

Defendants aver that there is uncertainty on the long-term effects of elevated $CO_2$ on coral

reefs and associated wildlife.  Federal Defendants lack sufficient knowledge or information to

form a belief about the truth of the remaining allegations in the second and third sentences, and

on this basis deny them.

261.    Federal Defendants admit that current action by the United States will not

achieve global atmospheric $CO_2$ levels of 350 ppm by the end of the century.  Federal

Defendants deny the allegation that current actions by Federal Defendants are not based on any

scientific standard.  Federal Defendants lack sufficient knowledge or information to determine

the truth of the remaining allegations.

262.    Federal Defendants deny the allegations in this paragraph.

**"VIII.  THE FEDERAL GOVERNMENT'S ADMISSIONS OF ITS PUBLIC TRUSTEE OBLIGATIONS"**

263.    The allegations consist of legal conclusions to which no response is required.

264.    The allegations quote from and characterize the National Environmental Policy

Act, 42 U.S.C. § 4331(b)(1) which speaks for itself and is the best evidence of its contents.

265.    The allegations quote from and characterize federal statutes, 42 U.S.C. § 9607

and 33 U.S.C. § 2706, which speak for themselves and are the best evidence of their contents.

266.    The allegations quote from and characterize a federal statute, 42 U.S.C. § 9607,

and a federal regulation, 42 C.F.R. § 300.600, which speak for themselves and are the best

evidence of their contents.

267.    The allegations consist of legal conclusions to which no response is required.

268.    The allegations consist of legal conclusions to which no response is required.

269.    The allegations consist of legal conclusions to which no response is required.

270.    The allegations consist of legal conclusions to which no response is required.

271.    The allegations consist of legal conclusions to which no response is required.

272.    The allegations consist of legal conclusions to which no response is required.

273.    The allegations consist of legal conclusions to which no response is required. The allegations are also too vague for Federal Defendants to admit or deny.

274.    The allegations quotes from and characterizing a complaint filed against British Petroleum, which speaks for itself and is the best evidence of its contents.

275.    The allegations appear to characterize a 1965 White House Report, "Restoring the Quality of Our Environment," which speaks for itself and is the best evidence of its contents.

276.    The allegations in the first sentence are too vague for Federal Defendants to admit or deny.  To the extent a response is required, Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations in the first sentence and deny them on that basis.  The allegations in the second and third sentences constitute legal conclusions to which no response is required.

## "CLAIMS FOR RELIEF"

### "First Claim for Relief
### Violation of the Due Process Clause of the Fifth Amendment

277.    Federal Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

278.     The allegations constitute legal conclusions to which no response is required.

279.     The allegations constitute legal conclusions to which no response is required.

280.     The allegations in the first sentence are too vague for Federal Defendants to admit or deny.  To the extent a response is required, Federal Defendants lack sufficient knowledge or information to determine the truth of the allegations and deny them on that basis. The allegations in the second, third, and fourth sentences constitute legal conclusions to which no response is required.

281.     The allegations constitute legal conclusions to which no response is required.

282.     The allegations constitute legal conclusions to which no response is required.

283.     The allegations constitute legal conclusions to which no response is required.

284.     The allegations constitute legal conclusions to which no response is required.

285.     The allegations constitute legal conclusions to which no response is required.

286.     The allegations constitute legal conclusions to which no response is required.

287.     The allegations constitute legal conclusions to which no response is required.

288.     The allegations constitute legal conclusions to which no response is required.

289.     The allegations constitute legal conclusions to which no response is required.

**"Second Claim for Relief**
**Violation of Equal Protection Principles**
**Embedded in the Fifth Amendment"**

290.     Federal Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

291.     The allegations constitute legal conclusions to which no response is required.

292.     The allegations constitute legal conclusions to which no response is required.

293     The allegations constitute legal conclusions to which no response is required.

294.    The allegations constitute legal conclusions to which no response is required.

295.    The allegations constitute legal conclusions to which no response is required.

296.    The allegations constitute legal conclusions to which no response is required.

297.    The allegations constitute legal conclusions to which no response is required.

298.    The allegations constitute legal conclusions to which no response is required.

299.    The allegations constitute legal conclusions to which no response is required.

300.    The allegations constitute legal conclusions to which no response is required.

301.    The allegations constitute legal conclusions to which no response is required.

**"Third Claim for Relief**
**The Unenumerated Rights Preserved for the People**
**by the Fifth Amendment"**

302.    Federal Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

303.    The allegations constitute legal conclusions to which no response is required.

304.    The allegations constitute legal conclusions to which no response is required.

305.    The allegations constitute legal conclusions to which no response is required.

306.    The allegations constitute legal conclusions to which no response is required.

**"Fourth Claim for Relief**
**Violation of the Public Trust Doctrine"**

307.    Federal Defendants incorporate all preceding paragraphs set forth in this Answer as if set forth in full here.

308.    The allegations constitute legal conclusions to which no response is required.

309.    The allegations constitute legal conclusions to which no response is required.

310.    The allegations constitute legal conclusions to which no response is required.

## "PRAYER FOR RELIEF"

The remaining allegations set forth in the Complaint consist of Plaintiffs' prayers for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in the Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Federal Defendants state the following affirmative defenses:

1. Plaintiffs' claims do not present an Article III case or controversy

2. Plaintiffs' claims are barred by a lack of standing.

3. Plaintiffs fail to state a claim upon which relief may be granted for some or all of the claims in the Complaint.

4. Plaintiffs' requested relief contains an improper collateral attack on agency actions by the DOI, DOE, and FERC, which is prohibited by the Administrative Procedure Act.

5. Plaintiffs failed to exhaust their administrative remedies.

6. Plaintiffs' claims are preempted by the Clean Air Act.

7. Plaintiffs' requested relief seeks effective repeal of numerous duly enacted federal statutes.

8. Plaintiffs' requested relief seeks effective vacatur of numerous duly issued federal regulations in violation of the separation of powers principles implicit in the Constitution.

9. Plaintiffs' requested relief is barred by Article I of the Constitution, which vests legislative powers in the Congress.

10.    Plaintiffs' requested relief is barred by Article II, which vests executive powers in the President.

11.    Plaintiffs' requested relief is barred by international agreements entered into by the United States.

12.    Plaintiffs' requested relief is barred by of separation of powers principles implicit in the Constitution.

Dated:  January 13, 2017                Respectfully submitted,

                                        JOHN C. CRUDEN
                                        Assistant Attorney General
                                        Environment & Natural Resources Division


                                        */s/ Sean C. Duffy*
                                        SEAN C. DUFFY (NY Bar. No. 4103131)
                                        U.S. Department of Justice
                                        Environment & Natural Resources Division
                                        Natural Resources Section
                                        601 D Street NW
                                        Washington, DC 20004
                                        Telephone: (202) 305-0445
                                        Facsimile:  (202) 305-0506
                                        sean.c.duffy@usdoj.gov

                                        *Attorneys for Federal Defendants*


## Certificate of Service

I hereby certify that on January 13, 2017, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

                                        */s/ Sean C. Duffy*
                                        Sean C. Duffy
                                        *Attorney for Federal Defendants*