JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
WILD EARTH ADVOCATES
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

DANIEL M. GALPERN (OR Bar 061950)
dan.galpern@gmail.com
LAW OFFICES OF DANIEL M. GALPERN
1641 Oak Street
Eugene, OR 97401
Tel: (541) 968-7164

JOSEPH W. COTCHETT
jcotchett@cpmlegal.com
PHILIP L. GREGORY (*pro hac vice*)
pgregory@cpmlegal.com
PAUL N. MCCLOSKEY
pmccloskey@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.<br><br>Plaintiffs,<br><br>v.<br><br>The **UNITED STATES OF AMERICA**; **BARACK OBAMA**, in his official capacity as President of the United States; et al.,<br><br>Federal Defendants. | Case No.: 6:15-cv-01517-TC<br><br>PLAINTIFFS' INITIAL MEMORANDUM TO ATTEMPT INFORMAL RESOLUTION OF DISCOVERY DISPUTE REGARDING DEPOSITION OF REX TILLERSON |

**PLAINTIFFS' INITIAL MEMO FOR INFORMAL RESOLUTION OF DISCOVERY DISPUTE REGARDING DEPOSITION OF R. TILLERSON**

At the Court's request, Plaintiffs hereby submit their short summary of the discovery dispute and their arguments as follows:

I. **SUMMARY OF THE DISPUTE**

On December 28, 2016, Plaintiffs served a Notice of Deposition for Rex Tillerson. At the time, Mr. Tillerson was a member of the Executive Committee of the Board of Directors and a former Chairman of Intervenor Defendant American Petroleum Institute, as well as Chairman and CEO of API member ExxonMobil. The deposition was noticed for January 19, 2017, in the offices of counsel for Intervenor Defendant in Dallas, TX. When the Notice was served, Mr. Tillerson resided and worked in Irving, TX. A copy of the Notice of Deposition is attached as **Exhibit 1**.

On January 3, 2017, counsel for the Intervenor Defendants wrote, objecting both to the timing of Mr. Tillerson's deposition, as well as asserting "Mr. Tillerson has no relationship with the Intervenor-Defendants at this time."

On January 6, counsel for Plaintiffs responded. On the issue of time and place, Plaintiffs requested that counsel meet and confer "to establish a mutually convenient date, time, and place" for Mr. Tillerson's deposition. "Plaintiffs are prepared to accommodate any reasonable request." ***Counsel for Intervenor Defendants never agreed to meet and confer on time or place.*** In terms of Mr. Tillerson's affiliation with one or more of the Intervenor Defendants, in order to evaluate the appropriateness of this objection, Plaintiffs requested additional information as to "the positions Mr. Tillerson held with each Intervenor Defendant and their members and the dates he held those positions." ***Counsel for Intervenor Defendants have never provided any of this information***.

The Parties exchanged letters on January 12, January 13, and January 17. In their letters, counsel for Intervenor Defendants took the position that "no discovery is presently authorized by either the Federal Rules of Civil Procedure or the Court." Those

letters also took the position, without supporting evidence, that Mr. Tillerson was "no longer affiliated with any of the Intervenor-Defendants."

The Notice of Deposition requested Mr. Tillerson to produce various categories of documents in his possession, custody, and control. At no point in their correspondence did counsel for the Intervenor Defendants object to this document request. Thus, there has been a waiver of all objections to the request for production in Mr. Tillerson's Notice of Deposition.

In terms of the timing of discovery, Plaintiffs' position is the Parties initially conferred on discovery in a conference call on November 21. During that initial conference of counsel for discovery planning referenced in Local Rule 26-1, Plaintiffs' counsel led a discussion of every topic pursuant to Local Rule 26-1 and the Court's scheduling order. Thus, the Parties have held their initial meeting under Rule 26(f) to confer on discovery and, upon receiving the Intervenor Defendants' Answer to the First Amended Complaint, Plaintiffs properly noticed the deposition of Mr. Tillerson.

In terms of Mr. Tillerson's affiliation with the Intervenor Defendants, Plaintiffs' position is that Intervenor Defendants failed to provide *any* information as to the positions Mr. Tillerson held with each Intervenor Defendant and their members and the dates he held those positions. To reiterate their willingness to consider whether to proceed with the Notice of Deposition, in each letter, Plaintiffs offered to reconsider their position after receiving the positions Mr. Tillerson held with each Intervenor Defendant and their members and the dates he held those positions. ***Counsel for Intervenor Defendants have never provided any of this information***.

II. **LEGAL ARGUMENTS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002); *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998). "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," that party may, after notice to "other parties and all affected persons… move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a).

The pending discovery dispute centers on Plaintiffs' ability to depose Rex Tillerson. At the time Plaintiffs served their Notice of Deposition, Mr. Tillerson was a member of the Executive Committee of the Board of Directors and a former Chairman of Intervenor Defendant American Petroleum Institute, as well as API member ExxonMobil's Chairman and CEO. For over 40 years, Mr. Tillerson worked for ExxonMobil Corporation; thus, his career spans most of the relevant timeframe of this litigation.[1] Counsel for Intervenor Defendants have yet to provide *any* information to contradict that Mr. Tillerson held these positions *at the time* API moved to intervene as a Defendant in this case, *at the time* API filed its Motion to Dismiss this case, *at the time* API filed its Answer to Plaintiffs' First Amended Complaint, and, as of December 28, 2016, *at the time* the Notice was served. Finally, Intervenor Defendants have *not* asserted that Mr. Tillerson's testimony is irrelevant to the claims and defenses raised in this case.

---

[1] *See* Exxon Mobil Corporation, January 3, 2017 FORM 8-K, U.S. Securities and Exchange Commission, p.2. Attached hereto as **Exhibit 2**. Mr. Tillerson was CEO of Exxon and on the Executive Committee of API's Board of Directors for the past ten years, January 2006 through the end of 2016. *See* Rex Wayne Tillerson's Executive Branch Personnel-Public Financial Disclosure Report (OGE Form 278e). attached hereto as **Exhibit 3**.

To depose a person, a party "must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). If the deponent is a party, "a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). When a party is a corporation, a natural person who is "the party's officer, director, or managing agent" and is named in the deposition notice is also a party that can be compelled to attend a properly noticed deposition under Rule 30(b)(1) without a subpoena. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 332 (D. Nev. 2016)*; Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n. 1 (C.D. Cal. 2005); *see also* 8A Wright, Miller, & Marcus, Federal Practice & Procedure § 2107, at p. 507–08 (2016) ("Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party.").

As the examining parties, Plaintiffs have the burden to demonstrate that the deponent is an officer, director, or managing agent; however, any doubts about the status of the deponent "are resolved in favor of the examining party." *Nationstar*, 316 F.R.D. at 333. "The question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case." *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 632 (D. Id. 2012).

When the Notice of Deposition was served in December 2016, Mr. Tillerson was a member of the Executive Committee of the Board of Directors and a former Chairman of Intervenor Defendant American Petroleum Institute. Defendants have provided no information to contradict this position. Because the American Petroleum Institute is a corporate party who agreed to be subject to the full scope of discovery, a natural person is deemed a party for Rule 30(b)(1) notice purposes if that person is the party's officer, director, or managing agent. As of December 2016, Mr. Tillerson was, at a minimum, a director of API. He was required to sit for deposition.

Because Intervenor Defendants *failed* to properly meet and confer, *failed* to produce Mr. Tillerson for his deposition, *failed* to provide any admissible evidence that Mr. Tillerson was not a member of the Executive Committee of the Board of Directors and a former Chairman of Intervenor Defendant American Petroleum Institute, and *failed* to produce any responsive documents or any written objections to that portion of the Notice of Deposition, this Court should issue an order:

1. Requiring the Intervenor Defendants to produce Mr. Tillerson for deposition within thirty (30) days, at a mutually convenient date, time, and place; and

2. Requiring Mr. Tillerson to produce all documents in his possession, custody, and control as there has been a waiver of all objections to the request for production in the Notice of Deposition.

Respectfully submitted this 25th day of January, 2016,

*s/ Philip L. Gregory*
PHILIP L. GREGORY (*pro hac vice*)
pgregory@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

JULIA OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
**WILD EARTH ADVOCATES**
1216 Lincoln St.
Eugene, OR 97401
Tel: (415) 786-4825

DANIEL M. GALPERN (OR Bar 061950)
dan.galpern@gmail.com
**LAW OFFICES OF DANIEL M. GALPERN**
1641 Oak Street
Eugene, OR 97401 Tel: (541) 968-7164

*Attorneys for Plaintiffs*