C. Marie Eckert, OSB No. 883490
marie.eckert@millernash.com
**Suzanne C. Lacampagne**, OSB No. 951705
suzanne.lacampagne@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

**Roger R. Martella, Jr.**
rmartella@sidley.com
**Frank R. Volpe**
fvolpe@sidley.com
**Benjamin E. Tannen**
btannen@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Attorneys for Intervenor-Defendants
National Association of Manufacturers
American Fuel & Petrochemical Manufacturers
American Petroleum Institute

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, et al., <br><br> Defendants. | Case No. 6:15-cv-01517-TC <br><br> INTERVENOR-DEFENDANTS' BRIEF REGARDING NOTICE OF DEPOSITION |

Intervenor-Defendants submit this brief in connection with the discovery hearing scheduled for January 27, 2017 (Dkt. 99) to address Plaintiffs' Notice of Deposition of Rex

Page 1 -    Intervenor-Defendants' Brief Regarding Notice of Deposition

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

Tillerson. As requested by Paul Bruch, Courtroom Deputy, in his January 18, 2017, e-mail to counsel, Intervenor-Defendants are submitting a short summary of the dispute.

## ISSUE

Whether Plaintiffs' Notice of Deposition of Rex Tillerson is improperly issued under Fed. R. Civ. P. 30 and 34 because Mr. Tillerson is not currently affiliated with any of the Intervenor-Defendants and because discovery is not presently authorized in the matter.

## FACTS

On Wednesday, December 28, 2016, Plaintiffs served on Intervenor-Defendants' counsel a Notice of Deposition seeking the testimony of Rex Tillerson on January 19, 2017. Ex. 1, Plaintiffs' Notice of Deposition of Rex Tillerson, at 2 (Dec. 28, 2016). The Notice of Deposition included a demand for the production of 42 separate categories of documents unlimited by any date. *Id.* at 6-13. Those requests sought information as far-ranging as Mr. Tillerson's "communications with any representatives of the administration of former President George W. Bush pertaining to the UN Framework Convention on Climate Change" to "communications regarding the McCain-Lieberman 2003 Climate Stewardship Act."

On Tuesday, January 3, 2017, counsel for Intervenor-Defendants sent a letter to Plaintiffs' counsel, notifying them that the deposition notice under Fed. R. Civ. P. 30 and 34 was improper because Mr. Tillerson had no affiliation with any of the Intervenor-Defendants and the Notice violated the conferral requirements of District of Oregon L.R. 30-2. *See* Ex. 2, Letter from C. Marie Eckert to Julia A. Olson, Philip L. Gregory, and Daniel M. Galpern (Jan. 3, 2017).

On Friday, January 6, 2017, Plaintiffs' counsel responded by offering to "evaluate the appropriateness" of Intervenor-Defendants' objection to the Notice of Deposition if Intervenor-Defendants would provide a list of all positions Mr. Tillerson may have held in the

Page 2 -    Intervenor-Defendants' Brief Regarding Notice of Deposition

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

past with Intervenor-Defendants and their members. *See* Ex. 3, Letter from Philip L. Gregory to C. Marie Eckert et al. (Jan. 6, 2017).

On Thursday, January 12, 2017, counsel for Intervenor-Defendants responded to the January 6, 2017 letter by reiterating that Mr. Tillerson holds no position with any of the Intervenor-Defendants, and that the Notice of Deposition was also inappropriate since formal discovery had yet to begin. As such, the Intervenor-Defendants noted they could not require Mr. Tillerson to attend a deposition and requested that Plaintiffs withdraw the Notice. See Ex. 4, Letter from C. Marie Eckert to Julia A. Olson, Philip L. Gregory, and Daniel M. Galpern (Jan. 12, 2017).

On Friday, January 13, 2017, counsel for Plaintiffs sent a letter to counsel for Intervenor-Defendants, asserting that discovery was proper at this time and that the Notice was valid "based on the information we have concerning Mr. Tillerson's affiliation with the Intervenor Defendants." See Ex. 5, Letter from Philip L. Gregory to C. Marie Eckert et al. (Jan. 13, 2017).

On Tuesday, January 17, 2017, Plaintiffs' counsel sent another letter stating that they intended to proceed with Mr. Tillerson's deposition on January 19, 2017. See Ex. 6, Letter from Philip L. Gregory to C. Marie Eckert et al. (Jan. 17, 2017). That same day, counsel for Intervenor-Defendants sent a letter reiterating that the Notice was improper and that Plaintiffs "should not travel to Dallas with the goal of taking Mr. Tillerson's deposition." See Ex. 7, Letter from C. Marie Eckert to Julia A. Olson, Philip L. Gregory, and Daniel M. Galpern (Jan. 17, 2017).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

On Wednesday, January 18, 2017, Plaintiffs' counsel contacted the Court to set up an informal discovery conference regarding the Notice (Dkt. 99), which has been set for January 27, 2017.

**ARGUMENT**

Plaintiffs' Notice of Deposition is improper because (1) Mr. Tillerson is not currently affiliated with any of the Intervenor-Defendants, (2) the Notice's requests for documents are not relevant to any party's claim or defense in this case, and (3) formal discovery has not commenced in this case.

**I. Plaintiffs' Notice of Deposition Is Improper Because Mr. Tillerson Is Not Affiliated With Any of the Intervenor-Defendants.**

Plaintiffs' Notice of Deposition asserts that Mr. Tillerson "is a representative and a board member of one or more parties to this action." Ex. 1 at 2. It is well known that Mr. Tillerson has left the private sector to pursue a position as President Donald Trump's Secretary of State, which requires Senate confirmation. Part of the confirmation process includes the public disclosure of Mr. Tillerson's affiliations and the dates of those affiliations. As listed in Mr. Tillerson's Public Financial Disclosure Report, Mr. Tillerson was an Executive Committee Member of Intervenor-Defendant American Petroleum Institute from January 2006 until December 2016. *See* Ex. 8, Public Financial Disclosure Report for Rex Wayne Tillerson, at 2 (Dec. 31, 2016). Mr. Tillerson has held no position with the other Intervenor-Defendants. As noted above, Intervenor-Defendants have repeatedly advised Plaintiffs that their assertion is incorrect and that Mr. Tillerson presently has no relationship with the Intervenor-Defendants.

Under Fed. R. Civ. P. 30(a)(1), a party may seek the deposition of "any person, including a party…." It is well established, however, that there are different procedures for

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

taking depositions from party witnesses and nonparty witnesses. "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a nonparty's attendance can be compelled only by subpoena." Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) (citation omitted). The same distinction is true for compelling nonparties to produce documents. Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents ….").

Because Mr. Tillerson has no affiliation with any of the Intervenor-Defendants and is not a party to this litigation himself, Plaintiffs cannot require his appearance at a deposition or require him to produce documents through a Notice of Deposition issued pursuant to Rules 30 and 34. *See, e.g.*, *Kelsey v. Donley*, No. 09-21125-CIV, 2009 WL 2365717, at *1-2 (S.D. Fla. July 30, 2009) (holding that notice of deposition to former employee of United States Air Force was improper); Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment ("Subpoenas are essential to obtain discovery from nonparties."); *cf. Seiter v. Yokohama Tire Corp.*, No. C08-5578, 2009 WL 3663399, at *1 (W.D. Wash. Nov. 3, 2009) (treating a former employee as a nonparty for purposes of a Fed. R. Civ. P. 45 trial testimony subpoena).

**II. Plaintiffs' Document Requests Are Not Relevant to any Party's Claims or Defenses.**

Moreover, the broad-ranging requests for documents in the Notice are not relevant to any party's claims or defenses in this case. The core of Plaintiffs' Amended Complaint is that federal executive agency inaction has "violate[d] their substantive due process rights to life, liberty, and property, and that defendants have violated their obligation to hold certain natural resources in trust for the people and for future generations." Dkt. 83 at 2. There are no allegations or claims against Mr. Tillerson. There are no allegations or claims against the Intervenor-Defendants. As the Court noted, the Amended Complaint essentially "challenge[s]

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

defendants' climate change policy in court." *Id* at 4. Whether Plaintiffs can craft and issue discovery against the government that reasonably leads to admissible evidence remains to be seen, and will likely be the subject of the upcoming Rule 16 conference with the Court, scheduled for February 7, 2017. *See* Dkt. 91. For now, the Notice of Deposition and its request for documents served on the Intervenor-Defendants appears to be nothing more than a mechanism to create media headlines and to harass Mr. Tillerson, who remains in the middle of confirmation proceedings for Secretary of State.[1]

### III. Plaintiffs' Notice of Deposition Is Improper Because Formal Discovery Has Not Yet Commenced.

Finally, even if the Notice of Deposition was otherwise appropriate—and it is not—it is presently improper because formal discovery in this case has not yet begun. Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiffs may not seek discovery until the parties have satisfied their obligations to confer in accordance with Fed. R. Civ. P. 26(f). The Parties have not completed the conferral process. In addition, by court order, the parties are required to confer after both the federal Defendants and Intervenor-Defendants filed their answers in advance of the Fed. R. Civ. P. 16 conference scheduled to be held on February 7, 2017. *See* Dkt. 91. Furthermore, as the Court stated in the Order granting the motion to intervene, "[t]he contours of discovery are difficult to determine in a novel case such as this that sits somewhere between a civil rights action and NEPA/Clean Air Act/Clean Water Act suit. Should the

---

[1] Plaintiffs' tactics are made clear by even a cursory review of the media coverage they have generated. Upon serving the Notice of Deposition, Plaintiff, Our Children's Trust, issued a media statement, titled "Youth Seek to Obtain Testimony from Rex Tillerson in Constitutional Climate Lawsuit," which quotes Phillip Gregory and Julia Olson, both of whom represent Plaintiffs. The media statement was quoted in several news stories with headlines such as "Tillerson Climate Deposition Looms as Confirmation Hearing Begins." Ms. Olson also spoke with the media as reported in a Business Insider article titled "Trump's Secretary of State Nominee May Have to Testify in a Landmark Climate Change Lawsuit the Day Before Inauguration." *See, e.g.*, Benjamin Hulac, *Tillerson Climate Deposition Looms as Confirmation Hearing Begins*, CLIMATEWIRE (Jan. 11, 2017), http://www.eenews.net/climatewire/2017/01/11/stories/1060048186.

Page 6 - Intervenor-Defendants' Brief Regarding Notice of Deposition

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

complaint survive the motions to dismiss, the court will hold a Rule 16 conference to address how discovery will be conducted and other case management issues." Dkt. 50 at 9. As noted, that Rule 16 conference has not been completed and there is no case management order in place governing discovery. Accordingly, discovery regarding Mr. Tillerson, or any other subject, is improper. *See* Fed. R. Civ. P. 30(a)(2)(iii) (stating that a party cannot "take [a] deposition before the time specified in Rule 26(d)" without "obtain[ing] leave of court").

DATED this 25th day of January 2017.

        MILLER NASH GRAHAM & DUNN LLP

        /s/ C. Marie Eckert
        C. Marie Eckert, OSB No. 883490
        marie.eckert@millernash.com
        Suzanne C. Lacampagne, OSB No. 951705
        suzanne.lacampagne@millernash.com
        3400 U.S. Bancorp Tower
        111 S.W. Fifth Avenue
        Portland, Oregon 97204
        Telephone: (503) 224-5858

        SIDLEY AUSTIN LLP

        /s/ Roger R. Martella, Jr.
        Roger R. Martella, Jr.
        rmartella@sidley.com
        Frank R. Volpe
        fvolpe@sidley.com
        Benjamin E. Tannen
        btannen@sidley.com
        1501 K Street, N.W.
        Washington, D.C. 20005
        Telephone: (202) 736-8000

        *Attorneys for Intervenor-Defendants*
        *National Association of Manufacturers,*
        *American Fuel & Petrochemical Manufacturers,*
        *and American Petroleum Institute*

Page 7 -    Intervenor-Defendants' Brief Regarding Notice of Deposition

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1

I hereby certify that I served the foregoing Intervenor-Defendants' Brief Regarding Notice of Deposition on:

| | |
|---|---|
| Julia A. Olson<br>Wild Earth Advocates<br>1216 Lincoln Street<br>Eugene, Oregon  97401<br>E-mail:  juliaaolson@gmail.com<br><br>*Attorney for Plaintiffs* | Daniel M. Galpern<br>Law Offices of Daniel M. Galpern<br>1641 Oak Street<br>Eugene, Oregon  97401<br>E-mail:  dan.galpern@gmail.com<br><br>*Attorney for Plaintiffs* |
| Philip L. Gregory<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road<br>Burlingame, California  94010<br>E-mail:  pgregory@cpmlegal.com<br><br>*Attorney for Plaintiffs* | Sean C. Duffy<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, D.C.  20044<br>E-mail:  sean.c.duffy@usdoj.gov<br><br>*Attorney for Defendants* |
| Charles M. Tebbutt<br>Law Offices of Charles M. Tebbutt, P.C.<br>941 Lawrence<br>Eugene, Oregon  97401<br>E-mail:  charlie@tebbuttlaw.com<br><br>*Attorney for Amici Curiae Global Catholic Climate Movement and Leadership Council of Women Religious* | Michelle A. Blackwell<br>Blackwell Law PC<br>P.O. Box 10326<br>Eugene, Oregon  97440<br>E-mail:  mblackwell@blackwell.law<br><br>*Attorney for Amicus Curiae John Davidson* |

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4816-5748-1280.1

Travis Stephen Eiva
Zemper Eiva Law
101 E. Broadway, Suite 303
Eugene, Oregon 97401
E-mail: travis@zempereiva.com

*Attorney for Amici League of Women
Voters of the United States/League of
Women Voters of Oregon*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

DATED this 25th day of January, 2017.

/s/ C. Marie Eckert
C. Marie Eckert, P.C.
Oregon State Bar No. 883490
*Of Attorneys for Intervenor-Defendants
National Association of Manufacturers,
American Fuel & Petrochemical
Manufacturers, and American Petroleum
Institute*

Page 2 - Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4816-5748-1280.1