JEFFREY H. WOOD
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al.,<br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, et al.,<br>    Federal Defendants. | Case No. 6:15-cv-01517-TC<br><br>**FEDERAL DEFENDANTS' POSITION ON DISCOVERY DISPUTE** |

## Background

On November 21, 2016, the parties held a telephonic pretrial status call.  One week later, on November 28, 2016, the Court held a pretrial conference pursuant to Fed. R. Civ. P. 16.  After hearing from the parties, the Court continued the pretrial conference until February 7, 2017 and ordered the parties to meet and confer after answers were filed and to submit proposed pre-trial schedules by January 31, 2017.

On December 28, 2016, Plaintiffs, without providing notice to any of the parties, served a notice of deposition seeking to depose Rex Tillerson on January 19, 2017 at the Dallas law offices of Sidley Austin, LLP, the firm that represents Intervenor-Defendants, American Petroleum Institute, American Fuel & Petrochemical Manufacturers, and National Association of Manufacturers. The notice also seeks production of documents from Mr. Tillerson.

Next, on January 20, 2017, also without providing notice to any of the parties, Plaintiffs served Requests for Admission on the United States.

## Summary of the Dispute

While Plaintiffs state in the deposition notice that Mr. Tillerson "is a representative and a board member of one or more parties to this action," Intervenor-Defendants dispute that assertion and aver that Mr. Tillerson has no relationship with them at this time, and that he is not affiliated with any party to this case. Intervenor-Defendants claim that the notice of deposition is improper: (1) Because Mr. Tillerson is not affiliated with any of the Intervenor-Defendants, they cannot compel his attendance for a deposition; and (2) Pursuant to Fed. R. Civ. P. 26(d), Plaintiffs may not seek discovery until the parties have satisfied their obligations to confer pursuant to Rule 26(f).

In response, Plaintiffs have asked Intervenor Defendants to inform them of the positions Mr. Tillerson held with each Intervenor Defendant and the dates he held those position. As to the contention that the deposition notice is premature, Plaintiffs assert that the parties satisfied their obligations under Rule 26(d) & (f) by conferring telephonically on November 21, 2016.

**Federal Defendants' Position**

The notice of Mr. Tillerson's deposition is improper because he is not a party or a representative of any of the parties in this dispute. Further, the deposition notice was not properly served because none of the parties that received the notice represent Mr. Tillerson. Finally, Federal Defendants are not aware of any obligation on behalf of Intervenor-Defendants to provide the additional information that Plaintiffs request and the request is not appropriate.

Plaintiffs' notice also improperly seeks to initiate discovery before the parties have completed their conferral under Federal Rule of Civil Procedure 26(f) and followed the steps outlined in the Court's November 28, 2016 minute order. The November 28 Order memorializes that parties' agreement that Plaintiffs would first review the answers filed by Intervenor Defendants (on December 15, 2016) and Federal Defendants (on January 13, 2017), and then the parties would confer. Once conferral is complete – and as of now it is not – the November 28 Order provides that parties will file status reports with a proposed schedule. Next, the parties and the Court would resume the pretrial conference on February 7, 2017. And only then, with the scope of the disputed issues narrowed by the answers, and with a workable schedule in place, is discovery to commence.

Rather than following these procedures, Plaintiffs instead filed two improper discovery requests. In addition to noticing Mr. Tillerson's deposition, on January 20, 2017, Plaintiffs issued requests for admissions on the Executive Office of the President and the EPA. In serving improper discovery requests prior to conferring, Plaintiffs are not only bypassing the Court's November 28, 2016 order, they are needlessly causing the parties to litigate discovery disputes of their own creation.

Federal Defendants respectfully request that the Court order the Plaintiffs to withdraw their premature discovery requests and to cease from propounding discovery requests until the conferral process is complete and a schedule and discovery plan are in place.

Dated: January 25, 2017

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

**Certificate of Service**

I hereby certify that on January 25, 2017, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

*/s/ Sean C. Duffy*
Sean C. Duffy
*Attorney for Federal Defendants*