JEFFREY H. WOOD
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al.,<br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, et al.,<br>    Federal Defendants. | Case No. 6:15-cv-01517-TC<br><br>**FEDERAL DEFENDANTS' RESPONSE TO THE PARTIES' POSITIONS ON DISCOVERY DISPUTE** |

## Background

Plaintiffs' notice seeking to compel the testimony of Rex Tillerson pursuant to Fed. R. Civ. P. 30. fails on two grounds. First, there is no dispute in this case that Mr. Tillerson is no longer a member of any of Intervenor-Defendants' organizations or any party to this suit. Mr. Tillerson's past association with one of the Intervenor-Defendants, American Petroleum Institute ("API"), regardless of how longstanding, does not render him a contemporaneous "officer,

director, or managing agent" of API as contemplated by Rule 30 (b)(1).  Second, Plaintiffs improperly seek to initiate discovery before the parties have completed the requisite conferral under Rule 26(f) and followed the steps outlined in the Court's November 28, 2016 minute order.  Plaintiffs' attempt to circumvent Rule 26(f) and this Court's order should not be permitted.

I.  **Because Mr. Tillerson is no Longer an Officer, Director, or Managing Agent of Any Intervenor-Defendant, He Cannot be Deposed Under Rule 30(b)(1) Without a Subpoena.**

Federal Rule of Civil Procedure 30(b)(1) provides for the deposition by notice of a corporation through a particular officer, director, or managing agent of that corporation.  *See Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 627–28 (C.D. Cal. 2005).  There is no dispute that Mr. Tillerson is no longer an "officer, director, or managing agent" of API.  *See* ECF Nos. 101 at 2-4; 102 at 4.  This should render Plaintiffs' deposition notice a nullity because Mr. Tillerson cannot serve as a present corporate representative under Rule 30(b)(1).  Plaintiffs suggest that Mr. Tillerson's position with API at the time the deposition notice was served on December 28, 2016 as well as his longstanding association with an Intervenor-Defendant render him an appropriate corporate designee under Rule 30(b)(1).  This is incorrect.  Under Rule 30(b)(1), a deponent designated as a corporate representative must actually be a representative of the corporation at the time the deposition is held.  *See, e.g., Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada AFL-CIO v. Benjamin,* 144 F.R.D. 87, 90 (N.D. Ind. 1992) (retired union officer "would no longer have the authority to testify on behalf of the [union] and certainly the [union] would have no control over him or obligation to produce him for a deposition on its behalf, whether under Rule 30(b)(1) or Rule 30(b)(6)"); *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 69 (D. Mass. 1987) ("What is not permissible [under Rule 30(b)(1)] is to

notice the deposition of a corporation by a particular person who is *not* an officer, director or managing agent.").[1]  Plaintiffs have not cited any authority mandating a different result here.

## II.    Factual Discovery in this Case is Premature.

Second, Plaintiffs' notice is improper because it seeks discovery before the parties have completed their conferral under Rule 26(f) and followed the steps outlined in the Court's November 28, 2016 minute order.  To that end, under Fed. R. Civ. P. 26(d), Plaintiffs may not seek discovery until the parties have satisfied their conferral obligations.  The parties have not done so here.

Plaintiffs suggest that a single conference call that the parties held on November 21, 2016 satisfies their obligations under Fed. R. Civ. P. 26(f).  *See* ECF No. 101 at 2.  As the Court is aware, the parties' discussion on the scope of discovery during that call produced few tangible results along the lines of a discovery plan.  Both Rule 26(f) and the Court's minute order contemplate that the parties will confer in this highly complex case, streamline the scope of discovery, and submit a proposed discovery plan to the Court.  Fed. R. Civ. P. 26(f).   The parties are currently in the process of conferring on the scope of discovery.  Plaintiffs' notice of deposition improperly short-circuits these important conferral efforts.[2]  On this ground as well, Plaintiffs' notice should be withdrawn.

---

[1] There are good reasons for this limitation under Rule 30(b)(1): when an employee named in a deposition notice "is a director, officer, or managing agent of [a corporate party], such employee will be regarded as a representative of the corporation." *Moore v. Pyrotech Corp.,* 137 F.R.D. 356, 357 (D. Kan. 1991).  And under Rule 32(a), depositions of corporate officers under Rule 30(b)(1) may be used at trial against the corporate party. *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 773 (10th Cir. 1999).

[2] As indicated in Federal Defendants' opening position brief, in addition to noticing Mr. Tillerson's deposition, on January 20, 2017, Plaintiffs issued requests for admissions on the

For the reasons discussed above, Federal Defendants respectfully request that the Court order the Plaintiffs to withdraw their premature discovery requests and to cease from propounding discovery requests until the conferral process is complete and a schedule and discovery plan are in place.

Dated:  January 26, 2017

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

**Certificate of Service**

I hereby certify that on January 26, 2017, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

*/s/ Sean C. Duffy*
Sean C. Duffy
*Attorney for Federal Defendants*

---

Executive Office of the President and the EPA.  These requests are also improper.  ECF No. 103 at 3.

FED. DEFS.' RESP. ON
DISCOVERY DISPUTE                              4