JEFFREY H. WOOD
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al., Plaintiffs, | Case No. 6:15-cv-01517-TC |
| v. | **FEDERAL DEFENDANTS' STATUS REPORT** |
| **UNITED STATES OF AMERICA**, et al., Federal Defendants. | |

Federal Defendants provide this Status Report to describe their efforts to confer with Plaintiffs' counsel and place reasonable and practical limits on the potential scope of discovery in this matter. Plaintiffs represented to the United States that they would review Federal Defendants' Answer and tailor their discovery requests after determining whether the Answer resolved any previously disputed areas of material fact. *See* Exhibit 2. Despite receiving that Answer on January 13, however, Plaintiffs have yet to provide any indication of how they intend

to tailor the scope of discovery. Plaintiffs instead have propounded improper discovery requests and a document hold request on Federal Defendants that is sweeping in its breadth. At the same time, Plaintiffs suggest that discovery targeting documents created over seven decades by twelve federal agencies and executive offices can occur in the span of a few months. Plaintiffs' proposal is unreasonable on its face. As discussed below, Federal Defendants propose that the Court take an active role in case management to facilitate discovery of relevant evidence that is proportional to the needs of the case and to avoid discovery requests that are overly broad, unduly burdensome, or seek materials that are duplicative or otherwise already publicly available.

I. **Since November 21, 2016, Plaintiffs have been Aware of the Need to Narrow the Scope of Discovery.**

On November 21, 2016, the parties conducted a pre-trial teleconference call. Among the topics discussed during the call was the status of discovery and potential discovery-related conflicts. During the call, Plaintiffs indicated that they intend to seek interrogatories and extensive document production concerning the positions that Federal Defendants have taken on climate change, going back as far as 1950. Plaintiffs also indicated that they intend to offer between 15 and 20 expert witnesses. Federal Defendants stated that responding to discovery as broad in scope as that proposed by Plaintiffs would involve a massive undertaking and would take years to complete. Federal Defendants suggested possible reasonable limitations to discovery, such as identifying agency reports and eliminating email searches. Federal Defendants also suggested that its Answer, which contained numerous substantive responses, could narrow the number of issues in dispute and provide a basis for more streamlined discovery.

On November 28, 2016, the Court held a hearing, during which Federal Defendants reiterated that the Answer could narrow the number of issues in dispute and provide a basis for

more streamlined discovery. ECF No. 100 at 5. At that hearing, Plaintiffs acknowledged that they would need to review the Answer "before we can really set a firm date for the close of discovery." *Id.* at 10.

Plaintiffs then claimed that "defendants have indicated to us that they believe that we can't get to trial for approximately five years." *Id.* Plaintiffs also stated that "there are indications that the defendants are going to attempt to delay our getting to trial in this case." *Id.* at 10-11. The first statement is misleading and the second statement is false. In fact, during the November 21 call, Federal Defendants explained to Plaintiffs that the scope of discovery Plaintiffs envisioned was so broad that unless they significantly narrowed it, responding to the discovery requests would take several years. This statement is consistent with the experience of Department of Justice attorneys who have participated in complex litigation involving similarly extensive discovery obligations spanning multiple agencies.

Federal Defendants then described the requests that Plaintiffs made during the November 21, 2016 call and explained that the parties need to discuss the scope of discovery that Plaintiffs are seeking before committing to a trial date. *Id.* at 12-14. Federal Defendants suggested that the parties confer and the Court agreed. *Id.* at 14.

## II. **Plaintiffs Did Not Follow Through with Conferral.**

On November 30, 2016, in an effort to work with Plaintiffs to craft document requests targeted to yield relevant documents within a reasonable timeframe, Federal Defendants contacted Plaintiffs to clarify whether Plaintiffs were primarily interested in the documents they reference in the Complaint. Plaintiffs responded on January 6, 2017, indicating that they believed the best way to proceed is to first review Federal Defendants' Answer. Exhibit 2. In the interim, Plaintiffs noticed a deposition of Rex Tillerson. But they did not respond to the

November 30 email or engage in an effort to reinitiate the conferral process or otherwise narrow the scope of discovery.

Intervenor-Defendants and Federal Defendants filed answers on December 15, 2016 and January 13, 2017 respectively. ECF Nos. 93, 98. On January 20, before a case management or discovery order had been entered the by the Court—something the Court had made clear it would do—Plaintiffs sent requests for admission to the Executive Office of the President and the EPA. Exhibit 3. And on January 24, 2017, Plaintiffs sent a "Notice of Litigation Hold and Request for Preservation" to Federal Defendants. Exhibit 4. The January 24 letter identifies an enormously broad scope of documents as records "of particular importance to the instant litigation." These include, *inter alia*, "[a]ll Documents related to climate change since the Federal Defendants . . . became aware of the possible existence of climate change" and "[a]ll Documents related to federal public lands, navigable waters, territorial waters, navigable air space or atmosphere, or other public trust resources." *Id.* at 5-6.

The scope of the documents that Plaintiffs identified as records that are "of particular importance" to the case on January 24, 2017 is no narrower than the scope of documents Plaintiffs indicated they will be seeking on November 21, 2017. To respond to document production requests as broad as those described in the January 24 letter would be a multi-year endeavor, requiring the review of electronic and physical documents produced, archived, or otherwise under the control of any of the defendant agencies or their countless sub-agencies, regional offices, and field offices throughout the United States.

Also on January 24, Plaintiffs circulated a proposed case management schedule by email. Exhibit 5. The proposed schedule indicates that non-expert discovery would be completed by May 19, 2017 and expert discovery would be completed by June 23, 2017. Plaintiffs made no

efforts to confer as to the scope of discovery prior to sending the January 24 letter or prior to proposing a schedule. Instead, Plaintiffs proposed that the parties confer just one day before the January 31 deadline for filing a Court-ordered status reports with a proposed pretrial schedule.

### III. The Dates that Plaintiffs Propose are Unrealistic.

The dates that Plaintiffs proposed in their schedule are entirely unrealistic given the nature of this case and Plaintiffs apparent unwillingness to narrow the scope and breadth of what they seek. The Court has noted that this is a complex case. ECF No. 100 at 12. Federal Defendants aver that discovery in this case will be enormously time consuming and largely unmanageable if Plaintiffs insist on pursuing discovery of "all Documents related to climate change since the Federal Defendants . . . became aware of the possible existence of climate change" and "[a]ll Documents related to federal public lands, navigable waters, territorial waters, navigable air space or atmosphere, or other public trust resources." Even putting aside Plaintiffs' intended document discovery, if Federal Defendants' only discovery obligations were to depose the twenty-two named Plaintiffs to determine the facts concerning the harms they allege and their standing to bring these claims, it would still be challenging to complete those depositions by May 19, 2017. But the allegations in this case involve highly complex scientific issues. Accordingly, highly complex expert reports will be filed, will need to be reviewed, and the experts will need to be deposed.

In response, Federal Defendants proposed conferring well in advance of the January 31 deadline for filing a status report. Federal Defendants pointed out that Plaintiffs' respective positions on the scope of the discovery and proposed dates for conducting discovery are completely incompatible. Exhibit 5. In response, Plaintiffs indicated that, because one of the three counsel working on this case was out of cell phone and internet range, Plaintiffs could

confer no earlier than January 30.  *Id.*  Notwithstanding Plaintiffs' previous acknowledgement that they intended to review the Answer and confer with Federal Defendants on the scope of discovery, and notwithstanding Federal Defendants' repeated efforts to confer on this issue, Plaintiffs continue to maintain an untenable position on the scope of discovery while proposing a schedule that in not commensurate with their demands.

On January 30, 2016, the parties participated in a case management conference.  During that call, Plaintiffs represented that they were in the process of reviewing Federal Defendants' Answer and what impact it might have on the discovery sought.  Federal Defendants responded that they could not meaningfully discuss a discovery schedule until Plaintiffs provided them with a description of the universe of documents they intend on seeking through document production requests.  Although Plaintiffs promised to cooperate, Federal Defendants remain concerned because Plaintiffs have previously made similar representations but there has been no apparent progress to tailor discovery.

## IV. Case Management Going Forward.

Federal Defendants await Plaintiffs' full engagement in the case management process for this case.  Because Plaintiffs have failed to meaningfully confer as to the scope of the discovery they will be seeking, or the number of expert reports they will be submitting, it is impossible for Federal Defendants to propose dates by which it could satisfy its as-yet unknown discovery obligations.  Nonetheless, Federal Defends submit the attached proposed schedule, as it provides a more detailed framework – including limitations on the amount of discovery – for proceeding with the case.

Federal Defendants have begun the process of conferring individually with custodians at each of the twelve Federal Defendant entities to determine, at minimum, which kind of electronic

paper document retention system they have for the collection of documents; how far back each system goes; when electronic records first began to be recorded; what document retention policies are in place; and when and under what conditions documents are transferred to the National Archives. Only then will the parties be capable of providing a realistic estimate of the scope of the endeavour of responding to Plaintiffs' document requests. This would be the beginning of what appears to be a mammoth discovery undertaking.

As noted above, Plaintiffs have initiated the discovery process in a piece-meal fashion without first reviewing the Federal Defendants' Answer or conferring with Federal Defendants as to the scope of discovery. As a consequence, neither Federal Defendants nor the Court has a clear sense of where this litigation will lead. More than two months have passed since the November 28 hearing, and the parties are in no better a position to provide the Court with some idea as to how the discovery portion of this case will proceed. Instead, the only actions that Plaintiffs have taken are to issue – without conferring with either party – a deposition notice on a person not presently affiliated with any defendant and requests for admission.

Federal Defendants believe that this case could benefit from direct judicial involvement in case management to ensure that the parties are proceeding in an orderly way toward obtaining relevant evidence that is proportional to the needs of the case and to avoid discovery requests that are overly broad, unduly burdensome, or seek materials that are duplicative or otherwise already publicly available. To that end, Federal Defendants propose that the Court order the parties to partake in periodic status conferences to keep the Court apprised of any developments that merit its attention.

Dated:  January 31, 2017

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division


*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar. No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

**Certificate of Service**

I hereby certify that on January 31, 2017, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

*/s/ Sean C. Duffy*
Sean C. Duffy
*Attorney for Federal Defendants*