# EXHIBIT 1

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

LOS ANGELES

SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
www.cpmlegal.com

NEW YORK

January 24, 2017

*VIA EMAIL & MAIL*
C. Marie Eckert
**MILLER NASH GRAHAM & DUNN LLP**
111 S.W. Fifth Avenue
Portland, OR 97204
marie.eckert@millernash.com

Peter Dykema
Sean C. Duffy
**U.S. DEPARTMENT OF JUSTICE**
**ENVIRONMENT & NAT. RESOURCES DIV.**
601 D Street NW
Washington, DC 20004
peter.dykema@usdoj.gov
sean.c.duffy@usdoj.gov

Roger R. Martella, Jr.
Frank R. Volpe
Benjamin E. Tannen
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, D.C. 20005
rmartella@sidley.com
fvolpe@sidley.com
btannen@sidley.com

Re:  *Juliana v. United States of America*, Case No. *15-cv-01517-TC*
     **NOTICE OF LITIGATION HOLD AND REQUEST FOR PRESERVATION**

Dear Counsel,

Both the Federal Defendants[1] and the Intervenor Defendants[2] are hereby requested by counsel for Plaintiffs to preserve and retain all documents, records, and tangible things relating to the claims in Plaintiffs' First Amended Complaint, as follows:

---

[1] For purposes of this letter, the Federal Defendants are: the United States of America; Donald Trump, in his official capacity as President of the United States; The Office of the President of the United States; Christy Goldfuss and any Successor, in her official capacity as Director of Council on Environmental Quality; Shaun Donovan and any successor, in his official capacity as Director of the Office of Management and Budget; Dr. John Holdren and any successor, in his official capacity as Director of the Office of Science and Technology Policy; The United States Department of Energy; Dr. Ernest Moniz and any successor, in his official capacity as Secretary of Energy; The United States Department of the Interior; Kevin Haugrud, in his official capacity as acting Secretary of Interior; The United States Department of Transportation; Anthony Foxx, in his official capacity as Secretary of Transportation and any successor; The United States Department of Agriculture; Thomas J. Vilsack and any successor, in his official capacity as Secretary of Agriculture; The United States Department of Commerce; Penny Pritzker and any successor, in her official capacity as Secretary of Commerce; The United States Department of Defense; James Mattis, in his official capacity as Secretary of Defense; The United States Department of State; John Kerry and any successor, in his official capacity as Secretary of State; The United States Environmental Protection Agency; Catherine McCabe, in her official capacity as acting Administrator of the EPA, and any successor.

[2] For purposes of this letter, the Intervenor Defendants are: American Petroleum Institute, National Association of Manufacturers, and American Fuel & Petrochemical Manufacturers.

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

January 24, 2017
Page 2 of 7

I. **Preservation of Documents**

During the pendency of this litigation, and until informed otherwise, each of the Federal Defendants, including their predecessors, successors, and employees, and each of the Intervenor Defendants and their members, including any of their predecessors, successors, parents, subsidiaries, divisions, or affiliates, as well as their officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, must retain all responsive and potentially responsive "Documents" (as hereinafter defined) and "Electronically Stored Information" ("ESI"). It is essential that, in addition to preserving hard copy Documents, the Federal Defendants and the Intervenor Defendants also continue to take all steps necessary to prevent the destruction, loss, or alteration of any ESI, and other data or information generated by and/or stored on computers and storage media (*e.g.*, servers, hard drives, flash drives, etc.) in the possession, custody, or control of the Federal Defendants and the Intervenor Defendants.

The term "Documents," which also includes ESI, should be afforded the broadest possible definition. "Documents" refers to originals, copies, drafts, as well as any written, graphic, or otherwise-recorded matter, whether handwritten or machine-generated (such as by a typewriter, computer, facsimile, microfilm, photograph, audio recording, or visual recording, including voice mail messages), and all attachments to Documents.

The terms "Electronically Stored Information" or "ESI" also should be afforded the broadest possible definition, and include, by way of example and not as an exclusive list, potentially relevant information stored electronically, optically, or magnetically as:

- Digital communications, including but not limited to **electronic mail**, voicemail, and instant messaging (e.g., Google chat);
- Word processing documents, whether stored on shared drives, individual custodian's computers, or network drives;
- Spreadsheets and tables (e.g., Excel worksheets);
- Software Applications and Data (e.g., the Energy Information Administration's searchable database software);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP, JIRA);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Google Calendar, blog tools);

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

January 24, 2017
Page 3 of 7

- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint);
- Network Access and Server Activity Logs;
- Data Management Applications;
- Utilities for creating charts, graphs, images, etc.;
- Evernote Files;
- Computer Aided Design/Drawing Files;
- Back Up and Archival Files (e.g., Zip, .GHO); and
- Any data, software applications and programs, websites, web browsers, search tools, or records in the custody of any department, agency, or office of the federal government, including but not limited to the named Federal Defendants, related to climate change, energy policy, fossil fuels, or communications between Federal Defendants and Intervenor Defendants or their members.

## II.    Suspension of Destruction of Documents and Other Records

**Effective immediately** and until further notice, any personnel (paid or volunteer) of the Federal Defendants and the Intervenor Defendants (and their member companies) with access to any Documents, including ESI, or other records related to the scope of the claims in Plaintiffs' First Amended Complaint should **cease destruction of any such Documents, including ESI, that might otherwise occur in the normal course of business or due to a change in presidential administration**. Departments, Offices, and all Employees must be clearly and promptly instructed not to dispose of, remove, or destroy any and all types of potentially relevant documents, including (but not limited to) all ESI.

The Federal Defendants and the Intervenor Defendants (and their member companies) are directed to immediately initiate a litigation hold for all potentially relevant Documents, including ESI, or other records, and to act diligently and in good faith to secure and audit compliance with such a litigation hold. The Federal Defendants and the Intervenor Defendants (and their member companies) are further directed to immediately identify and modify or suspend features of their respective information systems and devices that, in routine operation or because of change in presidential administration, cause the loss of potentially relevant ESI. Examples of such features and operations include, but are not limited to: purging the contents of e-mail repositories by age, capacity, or other criteria; electronic data shredding; disk defragmentation; backup tape rotation; and maintenance routines. Moreover, this retention obligation must also be effectively communicated to all of those individuals with hands-on access to any of these systems. Finally, the Federal Defendants and the Intervenor Defendants (and their member companies) are obliged to

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

January 24, 2017
Page 4 of 7

take affirmative steps to prevent anyone with access to their respective data, systems, and archives from seeking to modify, destroy, or hide Documents, including ESI, or other records on network or local hard drives (such as deleting or overwriting files, using data shredding and overwriting applications, re-imaging or replacing drives, encryption, compression, steganography, or the like).

This request that all personnel at the Federal Defendants and the Intervenor Defendants (and their member companies) not destroy any potentially relevant Documents, including ESI, or other records should be interpreted as broadly as possible. Each employee of the Federal Defendants and the Intervenor Defendants (and their member companies) should be instructed to consider and take steps to ensure preservation of any and all covered Documents, including ESI, or other records. By way of illustration and without limitation, such Documents, including ESI, or other records may be stored in the following locations:

- At each employee's workstation(s), including in electronic mail;
- At co-workers' workstations, stored for other employees;
- On employee's personal laptop or personal desktop computer;
- Elsewhere in the workplace, such as in a file room or work room;
- In an off-site storage facility, including but not limited to physical storage facilities, archival libraries, and web-based data sites;
- In ESI format, on all electronic media, website host servers, other servers, smart phones or PDAs, land-line phones, cellular phones, hard drives, back-up drives or tapes, shared drives, and/or personal drives.

On January 17, 2017, it was reported that the new presidential administration's Environmental Protection Agency transition team "intends to remove non-regulatory climate data from the agency's website, including references to President Barack Obama's June 2013 Climate Action Plan, the strategies for 2014 and 2015 to cut methane and other data, according to a source familiar with the transition team."[3] Further, several websites of the Federal Defendants with publicly available and accessible information on climate change and national energy systems and emissions have been removed or altered from the federal government's worldwide web domain, limiting Plaintiffs' access to relevant and discoverable Documents, including ESI, and other records in their case. During the November 28, 2016 status conference in the instant litigation, counsel for the Federal Defendants stated to the Court: "If the plaintiffs are willing to streamline their requests in a way that we could have discovery that's not unduly burdensome, we have no intention to delay this. Delay is not what we are trying to do in this case." Transcript at 14. One important method that Plaintiffs have anticipated using to streamline their discovery

---

3  https://insideepa.com/daily-news/trump-transition-preparing-scrub-some-climate-data-epa-website (last visited, January 23, 2017).

requests is by accessing publicly available Documents, including ESI, and other records available outside of the discovery process. The Federal Defendants have just made that task harder, causing unnecessary delay, by removing such Documents, including ESI, or other records from the worldwide web and forcing Plaintiffs to make formal discovery requests to access those Documents, including ESI, and other records. Plaintiffs hereby request that those Documents, including ESI, and other records be returned to the public domain and the federal government's worldwide web domain.

### III. Relevant Categories of Documents and Other Records

If an employee of the Federal Defendants or the Intervenor Defendants (and their member companies) has any question or concern about whether or not any Document, including ESI, or other record should be retained pursuant to this Notice, the employee should be instructed to include Document, including ESI, or other record for later evaluation of relevancy by Plaintiffs' counsel. As described above, "Document" encompasses "ESI" and any form of record, **including, as relevant, metadata associated with any electronic record**.

As used herein, the term "climate change" shall mean any change in the state of the climate lasting for an extended period of time. In other words, the term "climate change" includes changes in surface and ocean temperature, precipitation, or wind patterns, among other effects, that occur over several decades or longer, attributable directly or indirectly to human activity. The term "climate change" also includes ocean acidification, sea level rise, and other impacts resulting from the increased concentration of greenhouse gases and carbon dioxide in the atmosphere and oceans. "Climate change" also has been called climatic changes, global warming, global change, global heating, weather modification, atmospheric pollution by carbon dioxide or other greenhouse gases, and dilution of carbon 14 by fossil carbon.

The following categories of Documents, including ESI, and other records are of particular importance to the instant litigation, but are not a complete list of potentially relevant Documents, including ESI, and other records:

1. All Documents related to climate change since the Federal Defendants or the Intervenor Defendants (and their member companies) became aware of the possible existence of climate change;

2. All Documents related to national energy policies or systems, including fossil fuels and alternative energy sources and transportation;

3. All Documents related to communications between the Federal Defendants

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

January 24, 2017
Page 6 of 7

and the Intervenor Defendants (including their member companies) regarding climate change;

4. All Documents related to communications between the Federal Defendants and the Intervenor Defendants (including their member companies) regarding national energy policies or systems, including fossil fuels, alternative energy sources and transportation;

5. All Documents related to federal public lands, navigable waters, territorial waters, navigable air space or atmosphere, or other public trust resources;

6. All Documents related to greenhouse gas emissions or carbon sequestration as those terms apply to agriculture, forestry, or oceans;

7. All documents related to the storage or destruction of ESI by any Federal Defendant, which storage or destruction of ESI occurred at any point during the time frame of November 7, 2016 through the present;

8. All documents related to the storage or destruction of ESI by any Intervenor Defendant, which storage or destruction of ESI occurred at any point during the time frame of November 12, 2015 through the present;

9. All documents related to the storage or destruction of ESI by any member of any Intervenor Defendant, which storage or destruction of ESI occurred at any point during the time frame of November 12, 2015 through the present;

10. All documents related to tracking preservation and legal holds for each of the Federal Defendants, from 2015 through the present;

11. All documents related to tracking preservation and legal holds for each of the Intervenor Defendants, from 2015 through the present;

12. All documents related to tracking preservation and legal holds for each member of the Intervenor Defendants, from 2015 through the present;

13. All documents related to policies and procedures in place at each Federal Defendant from 2015 to the present, which policies and procedures concern or relate to preservation and holds of documents; document retention; e-mail policy; or any policy related to the collection, preservation, or dissemination of documents pursuant to a notice to preserve documents; and

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

January 24, 2017
Page 7 of 7

14. All documents related to policies and procedures in place at each Intervenor Defendant from 2015 to the present, which policies and procedures concern or relate to preservation and holds of documents; document retention; e-mail policy; or any policy related to the collection, preservation, or dissemination of documents pursuant to a notice to preserve documents.

Please promptly confirm in writing that you have received this letter and will comply with the requests made herein, including reinstating public access to the relevant Documents, including ESI, or other records that the Federal Defendants have removed from the public domain.

If you have any questions or concerns, please contact counsel for Plaintiffs immediately as we will want to address any issues with the Court at the Discovery Conference on February 7, 2017.

Sincerely,

PHILIP L. GREGORY

cc: Julia Olson
    Daniel Galpern

# EXHIBIT 2

**PLAINTIFFS' PROPOSED STIPULATION AND ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

1. **PURPOSE**

    This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2. **COOPERATION**

    The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

    The parties shall identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

    The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a) On or before February 16, 2017, the parties shall exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "agency head," "scientist," and "website manager." The parties shall add or remove custodians as reasonably necessary;

    b) Data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, native, and/or paper or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____

Counsel for Plaintiff

Dated: _____

Counsel for Defendant

2

**IT IS ORDERED** that the forgoing Stipulation is approved and shall become the Order of this Court.

Dated: _____

                        UNITED STATES MAGISTRATE JUDGE