IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KELSEY CASCADIA ROSE JULIANA, *et al.*,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

No. 6:15-cv-01517-TC
ORDER

---

AIKEN, Judge:

    On November 10, 2016, this Court issued an opinion and order denying federal defendants' and intervenor defendants' motions to dismiss (doc. 83). On March 7, 2017, federal defendants filed a motion to certify the November 10 opinion and order for immediate appeal, pursuant to 28 U.S.C. § 1292(b) (doc. 120). That same day, federal defendants filed a motion to stay proceedings in this case pending consideration of the motion to certify and, should the Court grant certification, pending resolution of the appeal (doc. 121). On March 10, 2017, intervenor defendants joined federal defendants' motions and filed a separate motion seeking certification (doc. 122).

    In an April 7, 2017 status conference, Magistrate Judge Coffin denied the request for a stay pending consideration of the motions to certify. Doc. 137. On May 1, 2017, Judge Coffin

filed Findings and Recommendation ("F&R") recommending this Court deny the motions for certification (doc. 146). Judge Coffin also reiterated his denial of the request for a stay. Defendants filed objections to both the denial of certification for interlocutory appeal and the denial of a stay (docs. 149, 151, 152).[1] Plaintiffs filed responses (docs. 159, 165, 168). Judge Coffin's F&R is now before me pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72.

As a threshold matter, I note that on June 6, 2017, defendants filed a "notice regarding pending motions" (doc. 171). The "notice" documents the government's request for expedited review of its motions for a stay and for certification for interlocutory review. It then "respectfully requests resolution of [defendants'] two pending motions by Friday, June 9, 2017." The notice then states that, "[i]n the absence of such resolution by this Court, the United States will seek the aforementioned review and relief in the Court of Appeals." Doc. 171 at 2.

Defendants have received expedited consideration. This Court generally endeavors to provide litigants with a ruling on their dispute within sixty days of the close of briefing on the subject. In issuing a thorough and thoughtful F&R just twenty-one days after the close of briefing on the motions, Judge Coffin appropriately balanced defendants' desire for an expedited decision against the need to reach a careful, correct result in a complex case. Similarly, this order is issuing only fourteen days after plaintiffs filed their final response to defendants' objections. Even though this Court has plainly been proceeding on an expedited schedule, the government reasonably reiterated its request for an expedited final decision, particularly because

---

[1] All three intervenor defendants have now moved to withdraw from this case. *See* Docs. 163, 166, 167. Because Judge Coffin has not yet ruled on those motions, I issue this decision having fully considered the arguments raised by all defendants.

the parties' in-person status conference, scheduled next week, doubtless will be made more productive by the resolution of the pending motions.

Defendants' threat to run directly to the Ninth Circuit if this Court does not abide by a unilaterally imposed "deadline" is another matter. First, whether to grant expedited hearing at all is a trial management decision committed to the discretion of the district court. *Johnson v. Reilly*, 349 F.3d 1149, 1156 (9th Cir. 2003). Defendants cited "the significance of the issues raised and the burden that discovery is likely to impose" in support of their request for expedited consideration. Fed. Defs.' Mot. Certify Order Interlocutory Appeal at 2 (doc. 120). Those reasons are insufficient to give defendants any right to expedited consideration at all, much less a right to more expedited consideration than the Court already has provided. Second, the government's belief that it is legally entitled to an immediate ruling on a motion it submitted three months ago is rather ironic given that it waited four months to file the request for interlocutory certification in the first place.[2]

Turning to the F&R, I first consider the appropriate standard of review. Although the parties agree that Judge Coffin's denial of the request for a stay is reviewed for clear error, they disagree over the standard of review applicable to the recommendation to deny certification of the November 10 opinion and order for interlocutory review. Plaintiffs argue that resolution of a motion for certification under 28 U.S.C. § 1292(b) is a pretrial matter that should be reviewed for

---

[2] Courts generally reject motions for certification as untimely when they are filed after a delay longer than three months. *See Abbey v. United States*, 89 F.3d Cl. 425, 430–31 (Fed. Cl. 2009) (surveying cases and noting that "[d]elays longer than three months have generally been found to be untimely and motions to certify interlocutory appeals have been denied"). The government attempts to excuse its delay by noting that a new president took office between November 10 and March 7 and by citing the complex internal procedures the Department of Justice uses to decide whether to file a motion for interlocutory appeal. In reliance on those representations, the Court resolves the motion on its merits rather than dismissing it as untimely.

clear error. Defendants respond that *de novo* is the appropriate standard of review for any portion of an F&R to which a party has filed an objection.

Defendants are incorrect that *de novo* applies as a blanket standard to any matter resolved in an F&R.[3] The question of which standard to apply to a district judge's review of a magistrate judge's recommendation regarding 1292(b) certification presents a difficult and novel question of statutory interpretation. *Compare* 28 U.S.C. § 636(b)(1)(A) (authorizing magistrate judges to "hear and determine any pretrial matter pending before the court" subject to certain statutory exceptions not applicable here, and specifying that a district judge may "reconsider any pretrial matter under this subparagraph . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law") *with id.* § 1292(b) (making certification for interlocutory appeal dependent on the "opinion" of the "district judge").

I do not find it necessary to resolve the question today, because I would reach the same result under either the clear error or *de novo* standard. I agree with Judge Coffin that certification for interlocutory appeal is not warranted in this case. I ADOPT Judge Coffin's F&R (doc. 146). Defendants' motions to certify the November 10 order and opinion for interlocutory appeal (docs. 120 & 122) are DENIED. Defendants' request for a stay (doc. 121) is DENIED as moot.

IT IS SO ORDERED.

Dated this __8__ day of June 20__.

_____
Ann Aiken
United States District Judge

---

[3] Indeed, defendants concede as much by stating that Judge Coffin's denial of their request for a stay, also issued through the F&R, is reviewed for clear error.