JULIA A. OLSON (OR Bar 062230)
juliaaolson@gmail.com
WILD EARTH ADVOCATES
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

DANIEL M. GALPERN (OR Bar 061950)
dan.galpern@gmail.com
LAW OFFICES OF DANIEL M. GALPERN
2495 Hilyard Street, Suite A Eugene, OR 97405
Tel: (541) 968-7164

JOSEPH W. COTCHETT
jcotchett@cpmlegal.com
PHILIP L. GREGORY (*pro hac vice*)
pgregory@cpmlegal.com
PAUL N. MCCLOSKEY
pmccloskey@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center 840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
*Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
(202) 305-0445 (Duffy)
(202) 305-0470 (Piropato)
sean.c.duffy@usdoj.gov
marissa.piropato@usdoj.gov
*Attorneys for Federal Defendants*

FRANK R. VOLPE (Fvolpe@sidley.com)
MARK D. HOPSON  (Mhopson@sidley.com)
BENJAMIN E. TANNEN (Btannen@sidley.com)
SIDLEY AUSTIN  LLP
1501 K Street NW
Washington, DC  20005

C. MARIE ECKERT (OR Bar 883490)
marie.eckert@millernash.com
SUZANNE C. LACAMPAGNE (OR Bar 951705)
suzanne.lacampagne@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower 111 S.W. Fifth Avenue
Tel: (503) 224-5858
Fax: (503) 224-0155
*Attorneys for Intervenor Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, et al.,<br>    Plaintiffs, | Case No. 6:15-cv-01517-TC |
| v.<br>**UNITED STATES OF AMERICA**, et al.,<br>    Federal Defendants. | **JOINT STATUS REPORT AS OF JUNE 12, 2017** |

The parties have met and conferred and hereby respectfully provide this joint status report to inform the court of the status of discovery and other pending or upcoming motions.

I. **Intervenors' Motions to Withdraw**

All three Intervenor Defendants have filed motions to withdraw from the case. Plaintiffs have filed their response briefs to the three motions to withdraw.

**Plaintiffs' Position**

Plaintiffs do not oppose the motions to withdraw but are requesting that such withdrawal only be granted with conditions. Plaintiffs have requested this Court order that: (1) Intervenor Defendants' withdrawal be with prejudice, finding that Intervenor Defendants no longer meet the requirements of FRCP 24; (2) Intervenor Defendants pay attorneys' fees and costs attributed to Intervenor Defendants' participation in the case; (3) the legal determinations in the case have a *stare decisis* effect on Intervenor Defendants' interest or available remedies in other litigation; (4) Intervenor Defendants and each of their members are precluded from participating in this case as a party and any future participation is limited to *amicus curiae* participation, if at all; and (5) all of Intervenor Defendants' pending motions and objections in the case are dismissed. If the Court decides not to grant the Intervenor Defendants' motions to withdraw, Plaintiffs request that Intervenor Defendants be required to provide full and complete responses to all outstanding discovery requests within 5 days of the Court's order denying the motions to withdraw.

**Intervenor Defendants' Position**

Plaintiffs have clearly indicated, in pleadings and in the media that they do not oppose Intervenors' motions to withdraw. The conditions Plaintiffs seek to impose on withdrawal

**JOINT STATUS REPORT AS OF JUNE 12, 2017** 2

have no legal or factual bases. Intervenors will respond more fully in their Reply briefs in support of the motions to withdraw. With regard to the discussions about discovery, in light of the pending motions to withdraw, Intervenors do not currently have a view regarding the issues raised herein.

**Federal Defendants' Position**

Federal Defendants do not oppose the intervenors' motion to withdraw.

## II. Plaintiffs' Requests for Admission to Federal Defendants

**Plaintiffs' Position**

Four months after they were served with Plaintiffs' Requests for Admissions, Federal Defendants have only objected to Plaintiffs' ten Requests for Admission to Defendants the Executive Office of the President and the Environmental Protection Agency. Federal Defendants did not answer any of the ten requests, and instead served joint objections that do not distinguish the different grounds for objections between the Executive Office of the President and the Environmental Protection Agency, including assertions of executive privilege. Plaintiffs met and conferred with Federal Defendants on June 9 requesting that they distinguish the grounds for objections for each defendant in order to inform Plaintiffs' decision to move to compel responses. Despite this Court's statements at the Status Conferences and this Court's denials of the various motions to stay, Federal Defendants have yet to provide a substantive response to any discovery, have yet to schedule a single witness for deposition, and have yet to produce a single document. Their "game" is clearly to delay the discovery process for as long as possible. Plaintiffs' position is that, absent an order of this Court, Federal Defendants will continue to take the position that they do not have to provide substantive responses or produce any documents. Rather than burden this Court with numerous motions to compel and for

sanctions, Plaintiffs request that the parties and this Court use the June 14 Status Conference to review the outstanding discovery and the discovery responses to date and develop a firm schedule for substantive discovery responses, depositions, and production of documents.

**Federal Defendants' Position**

Federal Defendants continue to oppose discovery at this stage of the litigation for the reasons set forth in the objections to the Findings and Recommendation (ECF No. 149) and motion to stay the litigation (ECF No. 151). Nonetheless, Federal Defendants filed responses to Plaintiffs' First Set of Requests for Admission on May 31. Those responses address the only RFAs that have been propounded on Federal Defendants. The responses object to the Requests for Admission on a number of bases and on these bases deny each request. If Plaintiffs dispute the objections, the next step is for the parties to meet and confer.

### III. Plaintiffs' Requests for Production of Documents on Federal Defendants

**Plaintiffs' Position**

Federal Defendants have not formally served objections to any of Plaintiffs' requests for production of documents, but have conferred with Plaintiffs regarding their concerns about the scope of the requests and possible claims of deliberative process and/or executive privilege. In the interest of moving our discovery disputes forward to a quick resolution, Plaintiffs have in good faith substantially narrowed their request for production of documents to The Executive Office of the President and President Donald Trump, The United States Department of State, The United States Department of Agriculture, and The United States Department of Defense. Plaintiffs believe the revised requests for production of documents are sufficiently narrow and will lead to important evidence relevant to Plaintiffs' claims.

Plaintiffs have not received any updates from Federal Defendants since the May 4, 2017

in person meet and confer regarding the status of the two outstanding Request for Production of Documents seeking documents located at National Archives and Records Administration ("NARA"). Since March, Federal Defendants have represented to Plaintiffs that said records are undergoing a declassification process, but may be subject to executive privilege. In the April 3, 2017 Joint Status Report, Federal Defendants committed to "update Plaintiffs on a rolling basis as the status of the documents are determined and, where applicable, the production timeline is available." ECF 131, p. 10. However, Plaintiffs have received no updates on the status of the processing of the documents, their production timeline, or whether a determination has been made on whether the President intends to attempt to exercise executive privilege for all or any specific documents since the May 4 meet and confer. In an attempt to speed up the process, Plaintiffs have even offered to go to the libraries to review the records. If Federal Defendants do not provide Plaintiffs with an update on the NARA RFPs and a reasonable timeframe by which they will either produce the documents or file written objections Plaintiffs will move to compel the production of the documents before the end of June.

Further, Federal Defendants have ignored Plaintiffs' Third Set of Requests for Production of Documents to Federal Defendants and have not served written objections, sought further extension, or produced any documents. As a result of their failure to timely respond, Federal Defendants have waived all objections, including any objections as to privilege. Plaintiffs will move to compel production of those documents before the end of June.

Despite this Court's statements at the Status Conferences and this Court's denials of the various motions to stay, Federal Defendants have yet to provide a substantive response to any discovery, have yet to schedule a single witness for deposition, and have yet to produce a

single document. Rather than burden this Court with numerous motions to compel and for sanctions, Plaintiffs request that the parties and this Court use the June 14 Status Conference to review the outstanding discovery and the discovery responses to date and develop a firm schedule for substantive discovery responses, depositions, and production of documents.

**Federal Defendants' Position**

　A. *Requests for Production on the Executive Office of the President*

On May 19, Plaintiffs filed revised requests for production of documents on the Executive Office of the President that supplant the previously propounded request for production on the Executive Office. The revised requests do not narrow the overbroad definitions, nor do they "substantially narrow" the requests. The requests are objectionable because they seek information that is subject to the executive privilege. In addition, the revised requests, like the initial requests that they supplant, are burdensome, overbroad, and are not proportional to the needs of the case. The time in which to respond to the requests has not yet lapsed.

　B. *Requests for Production on the Departments of State, Defense, and Agriculture*

On May 19, Plaintiff filed revised requests for production separately on the Departments of State, Defense, and Agriculture that supplant the previously propounded request for production on each of these agencies. The time in which to respond to these revised requests has not yet lapsed. The revised requests that were propounded do not narrow the overbroad definitions, nor do they "substantially narrow" the requests. Instead, the revised requests, like the initial requests they supplant, are objectionable because they are burdensome, overbroad, and are not proportional to the needs of the case. Nonetheless, with respect to each agency, Federal Defendants are exploring the extent which they can commence production of certain non-privileged, responsive material on a rolling basis.

C. *Requests Seeking Emails from Rex Tillerson while he was an employee of Exxon Mobil*.

On March 17, Plaintiffs propounded their Third Set of Requests for Production. These requests seek any communications any Federal Defendant had with Secretary of State Rex Tillerson through a pseudonym or alias "Wayne Tracker" on the subject of climate change or energy policy. This request was discussed during the parties' in-person meet and confer on May 4 and again during a telephonic meet and confer on June 9. Federal Defendants informed Plaintiffs that they will object to this request on the grounds, among others, that it is not designed to produce any admissible evidence on any claim or defense in this case, is overbroad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is more readily available from other sources. During the June 9 meet and confer, Plaintiffs indicated that they disagree, but committed to provide a letter explaining the probative value of these requests. Federal Defendants await that letter.

D. *Document Requests Pertaining to Documents Held in Presidential Libraries and the National Archives and Records Administration*.

On February 21 and March 7, Plaintiffs propounded discovery requests on Federal Defendants seeking presidential records housed in presidential libraries and EPA records housed in facilities operated by the National Archives and Records Administration ("NARA"). Through discussions with NARA, Federal Defendants have learned that the records sought, insofar as they pertain to the George W. Bush administration, cannot be obtained because the Presidential Records Act exempts such records from disclosure until 12 years after the conclusion of an administration. 44 U.S.C. § 2204.

In addition, with respect to records sought by Plaintiffs of administrations that preceded the George W. Bush administration (*i.e.* records of the Kennedy, Johnson, Reagan, George

H.W. Bush, and Clinton administrations), Federal Defendants have conferred with NARA, which has confirmed that some of the documents sought are designated as classified and will be withheld on that basis. With respect to non-classified documents, Plaintiffs may visit the relevant records facilities and review non-classified records after an appropriate protective order that accounts for, among other things, the non-disclosure of the personally identifiable information of individuals is in place. Federal Defendants are preparing a proposed draft protective order for the Plaintiffs to review.

IV. **Depositions**

**Plaintiffs' Position**

Plaintiffs noticed the depositions of two federal government employees: C. Mark Eakin, Coordinator of National Ocean and Atmospheric Administration's Coral Reef Watch program, Satellite Oceanography & Climatology Division; and Michael Kuperberg, Executive Director, United States Global Change Research Program. Those depositions are noticed for June 14 and 15, respectively. To date, Federal Defendants have not formally responded to these notices. During the course of the June 9 meet and confer, Federal Defendants stated the witnesses would not be produced on the dates noticed and they are attempting to provide available dates in July for the depositions.

After multiple meet and confers, on June 12, 2017, Plaintiffs noticed the FRCP 30(b)(6) depositions to the following defendant agencies: United States Department of Agriculture, Department of State, Department of Defense, Department of Commerce, Department of Energy, Department of Interior, Department of Transportation, and the Environmental Protection Agency.

**Federal Defendants' Position**

Plaintiffs noticed the depositions of two federal government employees: C. Mark Eakin,

Coordinator of National Ocean and Atmospheric Administration's Coral Reef Watch program, Satellite Oceanography & Climatology Division; and Michael Kuperberg, Executive Director, United States Global Change Research Program. Plaintiffs noticed the depositions for June 14 and June 15 respectively, both to be held in Washington, D.C., where these witnesses are located. Neither of the two deponents is available on those dates. These dates also conflict with the in-person status conference in Eugene, Oregon. The parties are exploring mutually-agreeable dates for these depositions.

Federal Defendants have yet to receive any deposition notices pursuant to Fed. R. Civ. P. 30(b)(6).

V.  **Stipulation Regarding Discovery Procedure**

   **Plaintiffs' Position**

In their Status Reports of January 31, 2017 (ECF 110), March 7, 2017 (ECF 119), and April 3, 2017 (ECF 131), Plaintiffs proposed a Stipulation concerning Electronically Stored Information ("ESI"). To date, Federal Defendants have not responded with any comments. On June 8, 2017, Federal Defendants circulated a draft order and stipulation on discovery as well as an appendix that accompanies that document. At the June 14 Joint Status Conference, Plaintiffs are prepared to negotiate and enter into both their Stipulation concerning ESI and Federal Defendants' order and stipulation on discovery.

   **Federal Defendants' Position**

Federal Defendants provided Plaintiffs with a proposed order and stipulation governing discovery in this case, with provisions pertaining to the handling of electronically stored information, and taking account of unique laws that apply to federal government. The parties need to negotiate the relevant terms of a proposed order and stipulation. Federal Defendants await Plaintiffs response to the proposed order and stipulation that has been provided.

## VI. Experts

### Plaintiffs' Position

Plaintiffs are actively working with experts to prepare their expert reports and the reports are currently being drafted by the experts. While Plaintiffs anticipate being able to serve the majority of their expert reports by July 1, as directed by the Court, due to the travel schedules and other issues of certain experts, it is likely that all of Plaintiffs' expert reports will not be finalized by July 1. Plaintiffs will disclose expert reports that are completed on July 1 and will propose a new deadline for certain expert reports during the June 14 Joint Status Conference.

Plaintiffs will be substituting previously disclosed sequestration expert Keith Paustian with Phil Robertson, University Distinguished Professor of Ecosystem Science at Michigan State University. While Keith Paustian agreed to be an expert for Plaintiffs, he also serves on a National Academy of Sciences ("NAS") committee, and NAS lawyers would not allow him to be an expert in this case while he serves on the committee, despite his efforts to obtain their permission. Plaintiffs also intend to disclose up to three additional experts.

### Federal Defendants' Position

At the Court's May 18 status conference, the Court asked Plaintiffs to provide expert reports for their 11 anticipated experts by July 1 and for Federal Defendants to provide expert disclosures 45 days after the reports are filed. Both parties indicated they would endeavor to do so. Federal Defendants have continued to meet with potential candidates and will endeavor to meet the Court's suggested 45-day timeframe, but remain cognizant that identification of specific experts are difficult until Federal Defendants can fully digest the opinions offered by Plaintiffs' experts, share those opinions with potential expert candidates, and determine which

potential experts are appropriate to support Federal Defendants' defense.

The identity and subject matter of the testimony of any additional expert witness whom Plaintiffs intend to call should be promptly identified.

## VII. Trial Schedule

### Plaintiffs' Position

Given Plaintiffs' concerns about the urgency of addressing climate change and redressing their injuries, Plaintiffs continue to prepare for a late 2017 trial date.

### Federal Defendants' Position

Federal Defendants believe that this matter should be stayed and, if no stay is granted, that a trial schedule should not be set until this Court resolves some of the present discovery disputes and the scope of the issues to be decided at trial. Federal Defendants believe that a late 2017 trial date is entirely unrealistic given the extraordinary scope of the case and the discovery that Plaintiffs have propounded, which will assuredly take much longer to respond to.

## VIII. Plaintiffs' Protective Order

### Plaintiffs' Position

Plaintiffs are drafting a proposed protective order and will circulate to Federal Defendants before the June 14 meet and confer.

### Federal Defendants' Position

Federal Defendants have yet to receive a proposed protective order.

## IX. Status of Discovery Propounded to Date

To date, Plaintiffs have propounded the following discovery:

| DATE PROPOUNDED | PLAINTIFFS' POSITION ON RESPONSES DUE DATE | FEDERAL DEFENDANTS POSITION ON RESPONSES DUE DATE | PARTY OR PARTIES | TITLE | STATUS |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 12/28/2017 | | | API | Plaintiffs' Notice of Deposition of Rex Tillerson | To be re-noticed |
| 1/20/2017 | Responses served on May 31 | Responses served on May 31 | EOP, EPA | First Set of Requests for Admission to Defendants Executive Office of the President and the Environmental Protection Agency | Responses filed |
| 2/17/2017 | 3/23/2017 | 3/23/2017 | API | Request for Production of Documents to American Petroleum Institute | Objections filed. Narrowed and re-served |
| 2/21/2017 | 6/5/2017 | Deadlines tolled pending meet and confer | All Federal Defendants | Requests for Production of Documents to Federal Defendants (documents from Presidential Libraries) | Parties negotiating protective order |
| 3/7/2017 | 6/5/2017 | Deadlines tolled pending meet and confer | All Federal Defendants | Second Set of Requests for Production of Documents to Federal Defendants (documents from Presidential Libraries) | Parties negotiating protective order |
| 3/17/2017 | 4/16/2017 | 4/16/2017 | API | Third Set of Requests for Production of Documents to American Petroleum Institute (re: "Wayne Tracker" emails) | Not answered; motions to withdraw pending |
| 3/17/2017 | 6/5/2017 | Deadlines tolled pending meet and confer | All Federal Defendants | Third Set of Requests for Production of Documents to Federal Defendants (re: "Wayne Tracker" emails) | Meet and confer. Plaintiffs to provide letter response to Federal Defs. |
| 3/24/2017 | 5/25/17 | 5/25/17 | All Intervenor Defendants | Request for Admission to Intervenor Defendants | Objections filed. Narrowed and re-served |
| 5/11/2017 | 6/14/2017 | 6/14/2017 | Federal Defendants | Plaintiffs' Notice of Deposition to C. Mark Eakin | Parties met and conferred June 9 |
| 5/11/2017 | 6/15/2017 | 6/15/2017 | Federal Defendants | Plaintiffs' Notice of Deposition to Mark Kuperberg | Parties met and conferred June 9 |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | API | Revised Request for Production of Documents to American Petroleum Institute | |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | All Intervenor Defendants | Revised Request for Production of Documents | |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | USDA | Revised Request for Production of Documents to Defendant United States Department of Agriculture | |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | DOD | Revised Request for Production of Documents to Defendant United States Department of Defense | |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | State | Revised Request for Production of Documents to Defendant United States Department of State | |
| 5/19/2017 | 6/19/2017 | 6/19/2017 | EOP, DT | Revised Request for Production of Documents to Defendants the Executive Office of the President and President Donald | |

|           |   |   |          |                                                                                                      |   |
|-----------|---|---|----------|------------------------------------------------------------------------------------------------------|---|
|           |   |   |          | Trump                                                                                                |   |
| 6/12/2017 |   |   | EPA      | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Environmental Protection Agency |   |
| 6/12/2017 |   |   | DOI      | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Interior          |   |
| 6/12/2017 |   |   | State    | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of State             |   |
| 6/12/2017 |   |   | Commerce | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Commerce          |   |
| 6/12/2017 |   |   | DOT      | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Transportation    |   |
| 6/12/2017 |   |   | DOD      | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Defense           |   |
| 6/12/2017 |   |   | DOE      | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Energy            |   |
| 6/12/2017 |   |   | USDA     | Plaintiffs' 30(b)(6) Notice of Deposition to Defendant United States Department of Agriculture       |   |

Dated: June 12, 2017         By:   /s/*Julia A. Olson*
                                   JULIA A. OLSON

                                   JULIA A. OLSON (OR Bar 062230)
                                   1216 Lincoln Street
                                   Eugene, OR 97401
                                   Tel: (415) 786-4825

                                   DANIEL M. GALPERN (OR Bar 061950)
                                   2495 Hilyard Street, Suite A
                                   Eugene, OR 97405
                                   Tel: (541) 968-7164

                                   PHILIP L. GREGORY (*pro hac vice*)
                                   840 Malcolm Road
                                   Burlingame, CA 94010
                                   Tel: (650) 697-6000
                                   Fax: (650) 697-0577

                                   *Attorneys for Plaintiffs*

**JOINT STATUS REPORT AS OF JUNE 12, 2017**                                                13

Dated: June 12, 2017              By: */s/ Sean C. Duffy*
                                  SEAN C. DUFFY (NY Bar 4103131)
                                  MARISSA A. PIROPATO
                                  601 D Street NW
                                  Washington, DC 20004
                                  Tel: (202) 305-0445
                                  Fax: (202) 305-0506

                                  *Attorneys for Federal Defendants*

Dated: June 12, 2017         By: /s/*C. Marie Eckert*
                                      C. MARIE ECKERT

                             C. MARIE ECKERT (OR Bar 883490)
                             SUZANNE C. LACAMPAGNE (OR Bar
                             951705) 3400 U.S. Bancorp Tower
                             111 S.W. Fifth Avenue
                             Tel: (503) 224-5858
                             Fax: (503) 224-0155

                             MARK D. HOPSON (*pro hac vice*)
                             FRANK R. VOLPE (*pro hac vice*)
                             BENJAMIN E. TANNEN (*pro hac vice*)
                             1501 K Street, N.W.
                             Washington, D.C. 20005
                             Tel: (202) 736-8000
                             Fax: (202) 736-8711

                             *Attorneys for Intervenor-Defendants*

## ATTESTATION OF FILING

I, Julia A. Olson, hereby attest, pursuant to District of Oregon, Local Rule 11(d), that consent to the filing of this document has been obtained from each signatory hereto.

                             /s/ *Julia A. Olson*
                             **JULIA A. OLSON**