UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KELSEY CASCADE ROSE JULIANA; et al.,

Plaintiffs,

v.

The UNITED STATES OF AMERICA; et al.,

Defendants.

6:15-cv-1517-TC

ORDER

COFFIN, Magistrate Judge:

Before the court are Intervenors the National Association of Manufacturers (NAM), the American Fuel & Petrochemical Manufacturers (AFPM), and the American Petroleum Institute (API)[1] separate motions to withdraw from this case.

This court initially granted Intervenors' motion to join as Defendants in this action on January 14, 2016, finding that each trade association satisfied the standards for intervention as a matter of

---

[1] NAM represents manufacturers in every industrial sector across the country. Its members include leaders of the coal industry, oil industry, natural gas industry, petroleum producers, and petrochemical refiners. AFPM includes refiners and petrochemical manufacturers as members. API's members are leaders of the oil and gas industries. The motion to intervene filed on November 12, 2015, asserted that NAM had more than 14,000 members, AFPM included over 400 refiners and petrochemical manufacturers as members, and API had more than 625 members who collectively supported 9.8 million U.S. jobs and 8 percent of the U.S. economy.

Page 1 - ORDER

right as their member corporate and business entities had economic interests that could potentially be directly impacted by the outcome of the litigation. Following their entry as parties, Intervenors filed a motion to dismiss the First Amended Complaint (FAC), filed an answer to Plaintiffs' FAC, participated in regular status conferences with the court, and engaged in some limited discovery efforts which have not progressed beyond the "meet and confer" stage with counsel.[2]

The Intervenors' motions to dismiss, along with the Defendant United States' motion to dismiss was fully briefed and heard by this court, and was the subject of a Findings and Recommendation (F&R) that the motions be denied, which was adopted by the District Court in its order on November 10, 2016.

Thereafter, the United States filed its answer to the FAC, which contained a number of admissions to many of the allegations in the FAC, which have been summarized previously by this court. See F&R dated May 1, 2017 (#146) and need not be repeated herein, other than to note that the Government's admissions have undoubtedly served to narrow the issues for trial.

At the last status conference (held after Intervenors' motions to withdraw had been filed) this court indicated its intention to allow Intervenors to withdraw, leaving only Plaintiffs' requests for conditions to be attached to their withdrawal to be briefed by Intervenors and addressed by the court in its order on the motions. The court then set a schedule for the disclosure of experts and expert reports, and further ordered that trial memoranda by the Plaintiffs and the United States be filed on December 4, 2017. The court further informed the parties that it anticipated a trial date to be set in

---

[2]The parties have yet to submit any motions to compel or motions for protective orders and the court has not had any occasion to rule on any discovery disputes.

Page 2 - ORDER

early 2018.³ Currently, a writ of mandamus and a motion to stay all proceedings in this case has been filed by the United States and is pending before the Court of Appeals.

With this as a backdrop on the case, the court adds a few observations before addressing the motions to withdraw.

The granting of Intervenors' motion to participate as Defendant parties in this case was based upon their showing that their members had important economic and other interests at stake that merited them to fully participate in addressing not only the legal issues presented in this lawsuit, but also the factual issues and science which lies at the heart of Plaintiffs' claims – including: is human-induced climate change occurring, if so, is it occurring at the rate alleged by Plaintiffs, will it have the deleterious impact on habitability and cause the harm alleged, are the actions and policies of Defendant United States promoting, encouraging, and facilitating greenhouse gas emissions and thus a material cause of the degree and pace of climate change, are the actions and policies being taken with knowledge of or deliberate indifference to the harms caused Plaintiffs and all those similarly situated, and do such actions/policies violate the Constitution and the public trust obligations of the government?

Prior to the District Court's order denying the collective Defendants' motions to dismiss, there had been no filings which reflected their position regarding the FAC's allegations. Subsequently, the United States filed an answer which contained numerous admissions as referenced above. Intervenors' answer, however, contained virtually no admissions, but rather repeated averments of "lack of sufficient information to admit or deny and on that basis deny" almost the entirety of the

---

³The trial will be before District Judge Ann Aiken, as full consents to a magistrate judge have not been filed.

FAC's allegations.

Plaintiffs subsequently filed "Requests for Admissions" (RFA) to ascertain which of the Government's admissions they agreed with, if any. The Intervenors requested extensions of the deadline to respond to the RFAs, and before the clock on the extended deadlines had expired, filed the instant motions to withdraw.

I set this chronology forth in detail to emphasize that the court has endeavored to ensure that all parties to this obviously novel and unprecedented lawsuit have a full and fair opportunity to address both the legal questions presented and the factual basis underlying those legal issues. If the science on which Plaintiffs rely in support of their claims regarding climate change, its causes, and its effects is disputed by Intervenors, a trial is the most reliable forum to put the Plaintiffs to their proof, contest their evidence, and submit any reliable and admissible scientific evidence to the contrary. A trial is conducted in a public forum, evidence must be presented under oath, and it is subject to cross-examination. Given that Intervenors are comprised of more than 15,000 members who are leaders of the coal, oil, and natural gas industries, as well as petroleum refiners and petrochemical manufacturers, and that their economic interests are impacted by this litigation,[4] the court has no doubt that they have thoroughly studied the issue at the core of this case and are in a position to tender their own scientific evidence regarding climate change if they desire to challenge Plaintiffs' evidence or the admissions of the United States. At any rate, Intervenors have been given that opportunity, they choose to withdraw rather than engage in further discovery and trial, and the court grants their motion.

I do not find any basis for attaching conditions to Intervenors withdrawal. No claims have

---

[4] Memorandum in Support of Motion to Intervene (#15) at p. 2.

Page 4 - ORDER

been filed against them, nor have Intervenors filed any counterclaims or cross-claims. Thus, there is nothing to dismiss "with prejudice." No judgment has been entered in the case, and the court has no authority to bind a non-party to a potential future judgment against a different party. As for preemptively barring Intervenors or any of their 15,000 members from seeking to intervene in the case at some point in the future, the court declines to address such hypothetical event other than to observe that any such effort would undoubtedly be objectionable on the basis of untimeliness.

Further the court finds no basis to award fees and costs to Plaintiffs as a result of Intervenors' participation in this case or withdrawal prior to trial. I do not find that Intervenors' participation in this case was in bad faith, or solely for the purpose of harassment and delay. Nor do I find any other grounds that their conduct was sanctionable. In sum, Intervenors presented a motion to dismiss before the District Court that was unsuccessful, and now have reconsidered their desire to participate further with the attendant burdens of discovery and trial. Although the adage "look before leaping" comes to mind, I find nothing sanctionable in any of their conduct.

Finally, after consultation with the District Court regarding its calendar, the court sets the trial of this matter beginning February 5, 2018 before the Honorable Ann Aiken, United States District Judge.

## CONCLUSION

For the reasons stated above, the Intervenors' motions to withdraw (#s 163, 166, 167) are granted.

DATED this 28TH day of June 2017.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - ORDER