JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
WILD EARTH ADVOCATES
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.<br><br>    Plaintiffs,<br><br>v.<br><br>The **UNITED STATES OF AMERICA**; **DONALD TRUMP**, in his official capacity as President of the United States; et al.,<br><br>    Defendants. | Case No.: 6:15-cv-01517-TC<br><br>MOTION OF PLAINTIFFS REQUESTING STATUS CONFERENCE EXPEDITED HEARING REQUESTED |

**MOTION REQUESTING STATUS CONFERENCE**                 1

**TO THE COURT AND ALL ATTORNEYS OF RECORD:**

Plaintiffs hereby move this Court to set a prompt telephonic status conference for Friday, March 23, 2018.  On March 7, 2018, Defendants' petition for writ of mandamus was denied by the Ninth Circuit.  As the petition was denied, there never was a mandate granted or issued and this Court never was deprived of jurisdiction over this case.  Thus, this Court should conduct an immediate status conference to move this case promptly to trial in 2018. Plaintiffs request an expedited hearing on this motion.

**Compliance with Local Rule 7-1(a)(1)**:    In compliance with Local Rule 7-1(a)(1)(a), counsel for Plaintiffs made a good faith effort through letters, emails, and voicemails to resolve the dispute and have been unable to do so. On March 8, 2018, counsel for Plaintiffs wrote a letter to counsel for Defendants. A true and correct copy of that letter is attached as Exhibit 1 to the Supporting Declaration of Philip L. Gregory, filed herewith ("Gregory Decl."). The March 8 Letter stated, in part, as follows:

> Case Management Conference: Now that the stay has been lifted, we will contact the Court to set up an immediate telephone case management conference. At this case management conference, we will ask the Court to set a trial date in October 2018, as well as a fact and expert discovery schedule. Plaintiffs also will request that the Court return to the practice of setting monthly status conferences, with counsel meeting and conferring before the conference and providing written status reports.

On March 8, Sean Duffy, co-counsel for Defendants, responded via email that counsel for Defendants would respond "shortly with proposed dates and times for a call to discuss next steps." On March 13, counsel for Plaintiffs sent an email that both: (a) informed counsel for Defendants that Plaintiffs would be attempting to set up a "telephonic CMC"; and (b) requested

an update on the timing of a conference call among counsel. Later that day, Mr. Duffy wrote that on March 14 he would propose times for a call; on March 14, Mr. Duffy wrote again, stating that he would propose times on March 15.

On March 14, counsel for Plaintiffs both left a voicemail and emailed counsel for Defendants stating that, on March 15, Plaintiffs would be filing this Motion for a status conference. A true and correct copy of that email is attached as Exhibit 2 to the Gregory Decl. The email requested "to confer with you before filing the motion to get the position of the Department of Justice both on the motion and as to a date for the status conference." The email requested a response by 2:00 p.m. on March 15.

At 2 p.m. on March 15, counsel for Defendants responded as follows:

"Our position is that no status conference should proceed until the parties meet and confer first. Doing so will conserve judicial resources by allowing the parties to clearly define the issues for the court's consideration and in the process hopefully narrow the issues requiring court consideration. We are available to meet and confer by telephone on Thursday or Friday of next week (i.e. March 22 or 23). Following the meet and confer, we could then ask the Court to schedule an in-person status conference. We propose that the parties also meet in person the day before the status conference to discuss progress they have been able to make on the issues and, hopefully, further narrow the issues for the Court."

Counsel for Plaintiffs are prepared to meet and confer with counsel for Defendants by telephone on Thursday, March 22. Plaintiffs would request a telephonic status conference on Friday, March 23. Part of the agenda for that status conference would be to: (a) set a date for an in-person status conference; (b) develop a discovery schedule; and (c) set a trial date in 2018.

**Procedural Basis for Motion for Status Conference**:   Given the urgency of the climate crisis, and the delay resulting from Defendant's petition for writ of mandamus, Plaintiffs Kelsey Cascadia Rose Juliana, et al., request a prompt telephonic status conference for Friday, March 23, for case planning and scheduling in order to re-commence moving this case to trial.

In June 2017, Judge Coffin issued an order releasing the fossil fuel industry defendants from the case and setting a trial date for February 5, 2018 before Judge Aiken at the U.S. District Court of Oregon in Eugene. (Doc. 182.)

On June 9, 2017, Defendants filed a petition with the Ninth Circuit Court of Appeals, requesting a writ of mandamus and a stay of "proceedings in the district court until the merits of this petition for mandamus are resolved." (Petition, p. 2.)  On July 25, 2017, the Ninth Circuit panel stayed "district court proceedings, temporarily, pending further order from this court. See Ninth Circuit Gen. Ord. 6.8(a)."

On March 7, 2018, the Ninth Circuit panel denied without prejudice the petition for a writ of mandamus, concluding the issues that the defendants raised on mandamus were better addressed through the ordinary course of litigation. The panel specifically found "defendants do not satisfy the *Bauman* [*v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977)] factors at this stage of the litigation. The issues that the defendants raise on mandamus are better addressed through the ordinary course of litigation. We therefore decline to exercise our discretion to grant mandamus relief." (Opinion, 8-9.)

Because the petition was denied, the stay is no longer in place and this Court should conduct a prompt status conference and not wait weeks, as Defendants' email seems to suggest.

**Legal Basis for Motion for Status Conference**:    Due to the nature of mandamus proceedings, the Ninth Circuit never issued a "mandate."  When the Ninth Circuit denies

**MOTION REQUESTING STATUS CONFERENCE**                                                                 4

mandamus relief, the court does not issue a separate mandate. The order is effective immediately. "[T]here is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case." *Ellis v. United States Dist. Ct. for Western Dist. of Wash. (Tacoma)*, 360 F3d 1022, 1023 (9th Cir. 2004) (en banc).

As this case now stands, there is no mandate to recall. The mandate is a document issued by the Court of Appeals that transfers jurisdiction over a case back to the district court. *Id*. As the Ninth Circuit stated in *Ellis*: "A writ of mandate is "an order from an appellate court directing a lower court to take a specified action." Black's Law Dictionary 973 (7th ed.1999). Because a writ of mandate functions as an order, we do not issue along with it a 'mandate' in the sense of a secondary decree relinquishing jurisdiction over the case to the district court. *See Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir.1990) (defining the 'issuance of the mandate' as 'return[ing] [the case] to the district court's jurisdiction'); Nelson, Goelz & Watts, Federal Ninth Circuit Civil Appellate Practice (The Rutter Group 2003) § 13:323 ('The court does not issue a separate mandate after it grants or denies mandamus relief. The order is effective immediately.')."

This Court did not lose jurisdiction over this case merely because Defendants filed an interlocutory petition for an extraordinary writ. In their email of March 15, counsel for Defendants did not contest this Court's jurisdiction to proceed. As a consequence, there is no "mandate," i.e., return of jurisdiction, for the Ninth Circuit panel to stay or recall.

**Conclusion**: A temporary stay was issued until the merits of Defendants' petition for mandamus could be resolved.  On March 7, 2018, Defendants' petition was denied.  As the petition was denied, there never was a mandate granted or issued. This Court was never deprived of jurisdiction over this case.  Thus, given the urgency in addressing climate change and

**MOTION REQUESTING STATUS CONFERENCE**  5

Plaintiffs injuries, this Court should conduct an immediate status conference to move this case promptly to trial in 2018.

    Counsel for Plaintiffs are prepared to meet and confer with counsel for Defendants by telephone on Thursday, March 22.  Plaintiffs would request a telephonic status conference on Friday, March 23.  Part of the agenda for that status conference would be to: (a) set a date for an in-person status conference; (b) develop a discovery schedule; and (c) set a trial date in 2018.

Dated: March 15, 2018                              **GREGORY LAW GROUP**

                                                        By:   */s/ Philip L. Gregory*
                                                                  PHILIP L. GREGORY
                                                                  *Attorney for Plaintiffs*