JULIA A. OLSON (OR Bar 062230)
juliaaolson@gmail.com
WILD EARTH ADVOCATES
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (pro hac vice)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
Andrearodgers42@gmail.com
LAW OFFICES OF ANDREA K. RODGERS
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

*Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
FRANK J. SINGER (Cal. Bar No. 227459)
CLARE BORONOW (Admitted to MD bar)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
(202) 305-0445 (Duffy)
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

**KELSEY CASCADIA ROSE JULIANA**; et al.

  Plaintiffs,

v.

**The UNITED STATES OF AMERICA**; et al.,

  Defendants.

Case No.: 6:15-cv-01517-TC

STIPULATED PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER  1

WHEREAS, this action concerns allegations against defendants the United States, the President of the United States, and numerous executive agencies brought by twenty-one (21) youth Plaintiffs, several of whom are minors, Earth Guardians, a nonprofit organization, and Dr. James Hansen, acting as guardian for future generations;

WHEREAS, Defendants may provide Plaintiffs' attorneys, as well as Plaintiffs' officers, employees, representatives, contractors, consultants or experts ("Plaintiffs' Designees") with copies of, or access to documents, data, and/or other materials within the possession, custody, or control of Defendants and of the United States Department of Justice in a mutually acceptable manner;

WHEREAS, Plaintiffs may provide Defendants attorneys, as well as Defendants' officers, employees, representatives, contractors, consultants or experts ("Defendants' Designees") with copies of, or access to documents, data, and/or other materials within the possession, custody, or control of Plaintiffs in a mutually acceptable manner;

WHEREAS, such documents, data, and/or other materials may contain confidential, private, or personal information such as addresses, medical records, other personally identifying information, or information that could reasonably cause annoyance or embarrassment, about Plaintiffs, employees or contractors of Defendants, or of individuals who are not parties to this case;

WHEREAS, such documents, data, and/or other materials may contain information that Defendants assert and designate as being subject to protection from disclosure: (1) in accordance with—but not limited—to the Privacy Act, 5 U.S.C. § 552a; the Trade Secrets Act (or Act of 1948), 18 U.S.C. § 1905; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; the National Historic Preservation Act, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C.

STIPULATED PROTECTIVE ORDER         2

§ 181 et seq.; (2) as confidential commercial and/or proprietary information under federal law and/or regulations; or (3) because it relates to individuals not parties to this case; and

WHEREAS, Plaintiffs and Defendants (collectively "the Parties") have conferred, negotiated, and agreed upon this Joint Stipulation and Proposed Order to protect, in a manner consistent with applicable laws and regulations, the confidentiality of certain documents, data, and/or other materials that are relevant or potentially relevant to the claims in this case and that are to be provided or otherwise made available in the course of the case,

THE PARTIES HEREBY JOINTLY STIPULATE AND AGREE TO THE FOLLOWING:

1. Documents, data, and/or other materials, as well as copies or images of such documents, data, and/or other materials that are designated as protected from disclosure under the categories set forth above, shall be deemed "Confidential Materials" for purposes of this Joint Stipulation and the associated Order.

2. This Joint Stipulation and the associated Order govern the use of Confidential Materials for all purposes related to this case, including but not limited to litigation, Alternative Dispute Resolution or other formal dispute resolution process, and informal settlement discussions.

3. With the exception of oral testimony, the portions of all documents, testimony, written responses, and other materials and information produced by the parties that contain Confidential Material shall be labeled "CONFIDENTIAL MATERIALS—GOVERNED BY PROTECTIVE ORDER." and shall specify, as far as reasonably practicable, the portion of the document that shall be treated as confidential. The party claiming confidentiality shall designate each page or reasonably segregable portion of the document, testimony, written responses, or other materials or information with a stamp identifying it as Confidential, if practical to do so.

4.      Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement "CONFIDENTIAL MATERIALS—GOVERNED BY PROTECTIVE ORDER" and shall be subject to the same provisions as copies or images of the Confidential Materials.

5.      Within thirty (30) days after receipt of the final transcript, video recording, or audio recording of any hearing, pre-trial or trial proceeding, or deposition of any party or witness in this case, a party or the witness may designate as Confidential any portion of the transcript, video recording, or audio recording that that discloses Confidential information. Unless otherwise agreed, all transcripts, video recordings, and audio recordings of depositions of Plaintiffs shall be treated as Confidential until the expiration of the thirty-day period.

6.      Confidential Materials, or any of their contents, may not be used for any purpose other than solely for the litigation in this case and shall not be used by any party for any other purpose, including, without limitation, any media, business, commercial, or competitive purpose. Any information designated as Confidential Materials shall be kept strictly confidential by Plaintiffs' attorneys and Defendants' attorneys ("Parties' Attorneys," as hereinafter defined) and Plaintiffs' Designees and Defendants' Designees ("Parties' Designees," as hereinafter defined). Such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Joint Stipulation and the associated Order or in any further Order that a Court having jurisdiction over this case may enter.

7.      Any documents, data, and/or other materials made available to the Parties' Attorneys or the Parties' Designees for inspection in this case shall be deemed confidential for purposes of the inspection. Any images or copies of Confidential Materials that are provided to

STIPULATED PROTECTIVE ORDER          4

the Parties' Attorneys or the Parties' Designees shall include the endorsement "CONFIDENTIAL MATERIALS—GOVERNED BY PROTECTIVE ORDER." The Parties may agree to forego review to determine the confidentiality of certain documents, data, and/or other materials to be provided to the Parties' Attorneys or the Parties' Designees, in which case the party in possession of the materials shall include on those documents, data, and/or other materials the endorsement "CONFIDENTIAL MATERIALS—GOVERNED BY PROTECTIVE ORDER," before providing the documents, data, and other materials to inspecting party. All documents, data, and/or other materials so endorsed shall be deemed Confidential Materials and protected as such under this Joint Stipulation and the associated Order. If either party intends to file documents, data, and/or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, the party shall follow the procedures set forth in this Joint Stipulation and the associated Order.

8.  Either Party may request that the Party claiming that documents, data, and/or other materials endorsed as "Confidential" review certain endorsed documents, data, and/or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, and/or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement set forth in this Joint Stipulation and the associated Order. After the documents, data, and/or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, and/or other materials shall no longer be considered confidential and subject to this Joint Stipulation and the associated Order.

9.  Confidential Materials may be disclosed without Court approval only to the following persons: (a) the Court or any settlement judge or mediator appointed, designated, or

STIPULATED PROTECTIVE ORDER          5

selected to work with the Parties in this case, as well as their respective attorney(s), paralegal(s), and support staff; (b) the attorney(s) in this case, as well as the attorney(s), paralegal(s), and support staff who are involved or may be necessary in the ordinary course to represent Plaintiffs or Defendants ("the Parties Attorneys") herein; (c) the Parties' Designees; (d) the authors and the original recipients of the Confidential Material; and (e) the Parties' expert witnesses and consultants in this case (including partners, associates, and employees of the firm which employs such consultant or expert), as well as their support staff who are involved or may be necessary in the ordinary course to work on this case. Such persons may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached hereto as **Exhibit 1**. Such persons must provide an executed Affidavit to Plaintiffs' attorneys or Defendants' attorneys, depending on who provides the person with the Confidential Materials. Office support or administrative staffers who handle or file the Confidential Materials but do not review their contents or retain copies thereof in any form need not execute an Affidavit of Confidentiality. Plaintiffs' attorneys shall maintain the executed Affidavits of Confidentiality in his or her files for seven years and in accordance with the requirements of this Joint Stipulation and the associated Order. Defendants' attorneys shall maintain the executed Affidavits of Confidentiality in his or her files for a period time that is consistent with the requirements of the Federal Records Act, 44 U.S.C. §§ 3101-3107, regulations promulgated thereunder, and all other pertinent federal record-keeping statutes and regulations.

10. The inadvertent failure to designate a document, testimony, written response, or other material or information as Confidential prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, written response, or other material or

information as Confidential. Promptly after receiving notice from the producing party of a claim of materials or information as Confidential, the receiving party or its counsel shall make reasonable efforts to retrieve such materials and information and to prevent further disclosure. Likewise, any Party that receives materials that contain Confidential Materials for which the Confidential Materials endorsement was inadvertently excluded should treat such materials as Confidential upon learning of such mis-designation, and promptly contact opposing counsel to allow opposing counsel to review the materials and provide the Confidential endorsement.

11. Any party filing Confidential Materials with the Court shall request that the Clerk of Court file such materials under seal. No party shall file with the Court at any time any motion, application, memorandum or brief, or any other pleading or document that quotes from or paraphrases Confidential Materials or that contains information obtained solely from Confidential Materials, unless the confidential portion of any such motion, application, memorandum or brief, pleading, or other document has been filed under seal with the Clerk of the Court. All filings under seal shall be made in accordance with all applicable court rules, policies, procedures, and orders.

12. Whenever any documents, testimony, written responses, or other materials or information designated as Confidential pursuant to this Protective Order are to be discussed by a party or disclosed in a deposition, hearing, pre-trial or trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 9, as appropriate, for that portion of the deposition, hearing, pre-trial or trial proceeding.

13. All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Joint Stipulation of Confidentiality and the associated Order shall be (i) returned to the attorneys for the designating party; (ii) destroyed; or (iii) deleted from,

STIPULATED PROTECTIVE ORDER          7

degaussed, or overwritten on any computer, hard drive, server, or other electronic storage media, through the use of reasonable measures, consistent with this Joint Stipulation of Confidentiality and the associated Order, immediately upon the final termination of this case (including the resolution of any appeals). At that time, all individuals who have executed an Affidavit of Confidentiality and who still have access to such Confidential Materials shall certify in writing that they have returned to opposing counsel; destroyed; or employed reasonable measures, consistent with this Joint Stipulation of Confidentiality and the associated Order, to delete from, degauss, or overwrite on any computer, hard drive, server, or other electronic storage media, all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials. Plaintiffs' attorneys shall maintain the written certifications in his or her files for seven years and in accordance with the requirements of this Joint Stipulation and the associated Order. Defendants' attorneys shall maintain the written certifications in his or her files for a period time that is consistent with the requirements of the Federal Records Act, 44 U.S.C. §§ 3101-3107, regulations promulgated thereunder, and all other pertinent federal record-keeping statutes and regulations. Further, all individuals who execute an Affidavit of Confidentiality pursuant to Paragraph 8 of this Joint Stipulation of Confidentiality and the associated Order and who terminate their involvement in this case before the final termination of the case (including the resolution of any appeals) shall certify in writing that they have returned to opposing counsel; destroyed; or employed reasonable measures, consistent with this Joint Stipulation of Confidentiality and the associated Order, to delete from, degauss, or overwrite on any computer, hard drive, server, or other electronic storage media, all Confidential Materials to which they have received access or of which they have received copies. This paragraph shall not apply to pleadings or other Confidential Materials submitted to and maintained by the Court.

14. If a Party disputes the other Party's assertion and designation that a document, data, and/or other materials constitutes Confidential Material, the party that disputes the assertion of confidentiality shall notify opposing counsel in writing and state therein the grounds for disputing the assertion and designation of confidentiality. Within 30 days of receiving such written notification (or a longer period of time, if the Parties agree), the Parties shall discuss and attempt to resolve the dispute. If the Parties do not resolve the dispute within 30 days or an extension thereof, the disputing party may file a motion to seek a ruling from the Court regarding the assertion and designation of confidentiality. The party asserting the designation of confidentiality shall have the burden of establishing the designation of confidentiality.

15. This Protective Order, however, does not restrict the disclosure or use of any materials or information lawfully obtained by the receiving party through means or sources outside of this litigation, nor the disclosure or use of any materials or information designated by a party as Confidential that the parties or the Court determine not to be Confidential.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential materials or information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of Confidential Materials or information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Respectfully submitted this 6th day of June, 2018.

*/s/ Julia A. Olson*
JULIA A. OLSON (OR Bar 062230)
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

*/s/ Sean Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW

STIPULATED PROTECTIVE ORDER            9

*Attorney for Plaintiffs*

Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorney for Defendants*

## Attestation of Filing

I hereby attest, pursuant to District of Oregon, Local Rule 11(d), that consent to the filing of this document has been obtained from each signatory hereto.

*/s/ Julia A. Olson*
Julia A. Olson

*Attorney for Plaintiffs*

STIPULATED PROTECTIVE ORDER          10

EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

**KELSEY CASCADIA ROSE JULIANA**; et al.    Case No.: 6:15-cv-01517-TC

    Plaintiffs,

v.    **AFFIDAVIT OF CONFIDENTIALITY**

The **UNITED STATES OF AMERICA**; et al.,

    Defendants.

STATE OF _____,

    1.    My name is _____. My home or office address is _____. I am serving in the following role, _____, on behalf of _____ in the above-captioned case: _____.

    2.    I certify that I have read and understood the entire Joint Stipulation of Confidentiality and the associated Order, both of which are attached hereto and incorporated herewith as **Exhibit A**. I agree to undertake and abide fully and completely by the terms of the Joint Stipulation of Confidentiality and the associated Order.

    3.    In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged proprietary information; I shall keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as authorized

STIPULATED PROTECTIVE ORDER    11

by the attached Joint Stipulation of Confidentiality and the associated Order; and I shall not use the Confidential Materials, or the facts and information contained therein, for any purpose, except as authorized by the Joint Stipulation of Confidentiality and the associated Order.

4. I agree that, upon (a) the final termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned, destroyed, or employed reasonable measures, consistent with the attached Joint Stipulation and the associated Order, to delete, degauss, or overwrite all such Confidential Materials, as set forth in the Joint Stipulation of Confidentiality and the associated Order.

5. I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the attached Joint Stipulation of Confidentiality and the associated Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

_____<br>[NAME OF AFFIANT]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

**KELSEY CASCADIA ROSE JULIANA**; et al.

    Plaintiffs,

v.

**The UNITED STATES OF AMERICA**; et al.,

    Defendants.

6:15-cv-01517-TC

**ORDER**

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

DATED this ___7___ day of June, 2018.

_____
THOMAS M. COFFIN
United States Magistrate Judge