JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-01517-TC |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT** |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## I. Introduction

A court may defer consideration of a motion for summary judgment under Rule 56(d) where the party seeking continuance identifies specific facts that additional discovery will reveal and explains why those facts preclude summary judgment. Plaintiffs identify no facts that will preclude the Court from granting the United States' Motion for Summary Judgment and, indeed, there are no material facts in dispute that could affect the outcome. In this instance, deferred consideration would serve no purpose and would significantly prejudice the United States. With briefing on the Motion for Summary Judgment now set to be completed with the filing of Defendants' reply on July 12, 2018, the motion can be heard by the Court in conjunction with Defendants' Motion for Judgment on the Pleadings on July 18, 2018. Indeed, holding coordinated argument on the motions will preserve resources of the Court and the parties. In any event, because there is no basis under Rule 56(d), or otherwise, to defer consideration of the motion, the Court should deny the request to defer consideration.

## II. Legal Standard

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Although Plaintiffs present the authority to defer consideration of a summary judgment motion as arising under two separate standards (inherent discretion and Rule 56(d)), the two inquiries are effectively the same. The Court's decision must be guided by Rule 56(d).

"A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). A

deferral should not be granted if "the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Eklund v. City of Seattle*, No. C06–1815Z, 2008 WL 112040, at *4 (W.D. Wash. Jan. 9, 2008) (citations omitted). The party seeking deferral of a summary judgment motion "must demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Rice v. Comtek Mfg. of Or., Inc.*, 766 F. Supp. 1544, 1549 (D. Or. 1990) (quoting *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986)). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts . . . ." *5,644,540.00 in U.S. Currency*, 799 F.2d at 1363 (quoting *Secs. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).

### III. Argument

There is no basis under Rule 56(d), or otherwise, to defer consideration of the Defendants' Motion for Summary Judgment once it is briefed and argued. Plaintiffs have failed, contrary to the requirements of Rule 56(d), to identify specific facts that further discovery will reveal that are pertinent to the motion and have not explained why the vague facts to which they allude would preclude summary judgment. Plaintiffs having thus failed to make the showing required by the rule, the Court should deny the request to defer consideration of the Motion for Summary Judgment. On the other hand, the United States would be irreparably prejudiced were the Court to grant the motion to defer or fail to rule promptly on the Motion for Summary Judgment. Deferring ruling would also be contrary to the direction from the Ninth Circuit that this Court should utilize summary judgment as a timely means to narrow the issues, if any, for trial.

### A. The Court should not defer consideration of the Motion for Summary Judgment.

Deferring a ruling on the United States' Motion for Summary Judgment is not appropriate because there are no material facts in dispute that could affect the outcome of the motion. Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2725.1 (4th ed. 2016). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

*1. The Motion for Summary Judgment raises exclusively legal issues that can and should be decided by this Court, or on appeal, well in advance of any trial.*

There are no material facts in dispute that could affect the outcome of Defendants' Motion for Summary Judgment. Even if the Court accepts all of the competent factual assertions that Plaintiffs offer by way of affidavit and/or in their expert reports, the Court should grant summary judgment for the United States on all claims. As a matter of law, Plaintiffs have not (and cannot) make a competent evidentiary proffer of Article III standing, they have not identified a statutory right of action to bring their claims, and their attempt to formulate national energy and environmental policy through district court litigation is beyond the jurisdiction and authority afforded this Court under Article III. Defs.' Mot. for Summ. J. 6-24, ECF No. 207 ("MSJ"). Moreover, even if the Plaintiffs could somehow overcome the insuperable barriers of standing, lack of a right of action, and lack of a case or controversy within the judicial power,

their claims of an enforceable right to a climate system capable of sustaining human life and of an atmospheric public trust right enforceable against the United States cannot, as a matter of law, be found in the Due Process clause or elsewhere. *Id.* at 25-30. Whether summary judgment should be granted turns entirely on these legal issues, not on the discovery of additional facts.

Under the schedule the Court established when it granted only part of Plaintiffs' requested extension, Plaintiffs' response to the Motion for Summary Judgment is due June 28, 2018. The United States' reply is due July 12, 2018. *See* June 14, 2018 Order on Pls.' Mot. to Ext. of Time to Resp. to Defs.' Mot. for Summ. J., ECF No. 239. This schedule allows for oral argument on the motion to be scheduled to take place on July 18, 2018, which the United States believes is the proper and efficient course. Given the October 29, 2018 trial date and the Court's denial of the United States' request that it continue the trial date, the Court should promptly rule on the dispositive motions well before trial. And as the Ninth Circuit advised, while mandamus remains available, so too does certification for appeal pursuant to 28 U.S.C. § 1292(b). *See United States v. U.S. Dist. Court for Dist. of Or.*, 884 F.3d 830, 838 (2018). If the Court were to deny the Motion for Summary Judgment (as well as the Motion for Judgment on the Pleadings), this Court should promptly certify the ruling for appeal.

> 2. *The Motion for Summary Judgment presents issues that have not yet been considered by this Court or the Ninth Circuit.*

Plaintiffs claim that the Motion for Summary Judgment "present[s] arguments previously advanced by Defendants, and rejected by this Court and the Ninth Circuit." Pls.' Mot. to Defer Consideration of Defs' Mot. for Summ. J. 2, ECF No. 226 ("Mot. to Defer"). This is incorrect. As an initial matter, the Ninth Circuit did not substantively address *any* of the arguments made in the summary judgment motion. The Ninth Circuit did not conclude that Plaintiffs have standing, and it did not conclude that Plaintiffs had claims under either the Due Process Clause or the

asserted public trust doctrine. To the contrary, the Ninth Circuit observed that Plaintiffs' claims may well be "too broad to be legally sustainable." *U.S. Dist. Court for Dist. of Or.*, 884 F.3d at 836. It specifically suggested that Defendants would not be "precluded from reasserting a challenge to standing, particularly as to redressability, once the record is more fully developed." *Id.* at 838. It stressed that this Court needed to reconsider whether Plaintiffs' claims are too broad or whether "some of the remedies the plaintiffs seek may not be available as redress." *Id.* at 837; *see also id.* at 838 ("[T]he district court needs to consider those issues further in the first instance."). And it made clear that it expected that the "[c]laims and remedies" in this case would be "vastly narrowed as litigation proceeds[,]" *id.* at 838, for example, by "focus[ing] the litigation on specific governmental decisions and orders," *id.* at 837, and specifically flagged the possibility that Defendants would do so through summary judgment, *see id*. at 836. This Court should not accept Plaintiffs' invitation to ignore the Ninth Circuit's instructions.

As to Plaintiffs' statement that this Court has already rejected Defendants' arguments, that overlooks that Plaintiffs face a higher burden at the summary-judgment phase. While the Court considered Plaintiffs' standing at the motion to dismiss stage, now, at the summary judgment phase, Plaintiffs must establish that their standing survives closer scrutiny. They cannot rely on inferences from their unproven allegations to do so; while "general factual allegations" can be sufficient at the pleadings stage, Plaintiffs "must 'set forth' by affidavit or other evidence 'specific facts' to survive a motion for summary judgment, Fed. [R.] Civ. [P.] 56(e)." *Bennett v. Spear*, 520 U.S. 154, 167–68 (1997) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

As to the merits of Plaintiffs' Due Process and public trust theories, Plaintiffs again face a higher standard than at the pleading stage, and the Ninth Circuit said that this Court should

consider the merits again. In addition, the Motion for Summary Judgment raises issues that the Court has never reached. Specifically, the United States contends that Plaintiffs may not, as a matter of law, bring claims in the absence of a statutory right of action, MSJ 14-19, and even if they could, the very nature of this suit and the relief that Plaintiffs seek is beyond the judicial power afforded this Court by Article III. *Id.* at 20-24.

### 3. *Deferral or delay in ruling on the Motion for Summary Judgment will prejudice the United States.*

Deferral of the Motion for Summary Judgment under Rule 56(d) is unwarranted. Deferring ruling would prejudice United States in at least two ways. First, it would effectively deprive the United States of a meaningful opportunity to challenge Plaintiffs' failure to "vastly narrow[]" the issues for trial and obtain a ruling in advance of trial, as contemplated by the Ninth Circuit. *U.S. Dist. Court for Dist. of Or.,* 884 F.3d at 838. Second, it would hamper the United States' efforts in preparing for trial, if that remains necessary, because the Court would not have provided the guidance as to the scope of any trial that such a ruling would contain until the eve of trial. During the May 23, 2018 conference call, the Court suggested that it may delay a *hearing* on the Motion for Summary Judgment. *See* May 23, 2018 Hrg. Tr. 17:13-15, ECF No. 243 ("Even just filing it last night puts the case way—you know, in terms of argument, way into the fall regardless."). Either action would delay resolution of the motion and significantly prejudice the United States.

**B. Plaintiffs fail to identify specific facts material to summary judgment to be revealed in discovery and fail to explain how those facts would preclude summary judgment.**

Pursuant to Rule 56(d), deferral of the Motion for Summary Judgment is only warranted if Plaintiffs identify (1) specific material facts that will be revealed through further discovery and (2) explain why those specific facts preclude summary judgment. *Tatum*, 441 F.3d at 1100-01.

Plaintiffs discuss neither topic in their brief. Because Plaintiffs have made neither required showing, the Motion to Defer should be denied.

> *1. Plaintiffs do not describe what facts they need to discover.*

On a motion to defer ruling on summary judgment, the focus is on what facts the non-moving party needs in order to respond and how those facts will preclude summary judgment. Plaintiffs discuss neither topic and instead broadly claim that they have a general need for discovery. They offer no examples in their brief of the specific facts they hope to discover and why those facts matter for purposes of the Motion for Summary Judgment. Nor do Plaintiffs offer any explanation as to how these unidentified facts might preclude summary judgment. Plaintiffs characterize this case as "fact intensive." Mot. to Defer 7. Setting aside the question of whether this is true,[1] the relevant issue on the motion to defer is whether there are specific facts that Plaintiffs will need in order to respond to the issues raised in the Motion for Summary Judgment. Plaintiffs have had several months to propound discovery requests since the Ninth Circuit stay was lifted, yet Plaintiffs fail to point to a single discovery request they have propounded that would result in the production of facts they would need to respond to Defendants' instant motion for summary judgment.

In place of the required showing, Plaintiffs generally assert that discovery of additional facts is necessary for the Court to address whether: (1) Plaintiffs assert sufficiently particularized harm to support standing, Mot. to Defer 17; (2) Plaintiffs' alleged harms are traceable to the

---

[1] As Defendants have consistently argued, to the extent Plaintiffs could state a viable claim it must be under the Administrative Procedure Act; it must challenge specifically identified agency action or inaction and cannot be dependent on extraneous facts outside of a duly certified administrative record. Defs.' Mot. for Judgment on the Pleadings 11-16, ECF No. 195. And even if that were not true, the magistrate has observed, during the parties' status conferences, that the issues in this case are largely, if not entirely, encompassed by expert testimony, not factual discovery. *See e.g.* June 14, 2017 Hrg. Tr. 7:23-24, ECF No. 179 ("the most important evidence in this case would seem to be the presentation of expert testimony.").

challenged government conduct, *id.* at 15, 17; (3) Plaintiffs' alleged injuries can be redressed by the Court, *id.* at 17; and (4) a remedy in this case will exceed this Court's authority and violate the separation of powers, *id.* at 18. These, however, are merely broad concepts, not specific facts. And the fact that Plaintiffs bear the burden of proof on standing, and that they completed seventeen of their eighteen expert reports, undermines the supposition that additional facts are needed for them to make their evidentiary proffer of standing.[2]

### 2. *Plaintiffs do not claim to need additional facts to respond to the statutory right of action, Due Process, and public trust arguments.*

As a threshold matter, Plaintiffs only claim to need additional facts to respond with respect to standing and the scope of the Court's remedial powers in a constitutional system with separated powers, but not on the additional arguments that the United States raises in its Motion for Summary Judgment.

Plaintiffs do not claim to need additional facts to respond to the United States' argument that Plaintiffs cannot bring their claims in the absence of a statutory right of action. *See* MSJ 14-19. The absence of an asserted need for additional discovery on this issue is logical given that whether a party is required to proceed under a statutory right of action is a pure legal question.

---

[2] Rather than discuss the facts that they hope to discover, Plaintiffs' spend much of their brief mischaracterizing the discovery process and the meet and confer process to date. Specifically, Plaintiffs complain of the responses to previous discovery requests they have propounded. *See e.g.* Mot. to Defer 3-4 (complaining of a lack of responses to requested discovery); *id.* at 12-15 (same). Those requests are the subject of a Motion for Protective Order that is currently being briefed, Defendants' Motion for Protective Order, ECF No. 217, and are improperly raised here. As are the *ad hominem* attacks that accompany Plaintiffs' complaints. Even if these complaints were accurate, they are not relevant to this Court's adjudication of Plaintiffs' effort to defer adjudication of purely legal issues. While the United States will not burden the Court by addressing the many immaterial allegations that Plaintiffs make in their brief, it notes that Plaintiffs' characterizations of the parties' conduct and the representations it attributes to the United States are inaccurate.

Likewise, Plaintiffs do not claim to need additional facts to challenge the United States' arguments on summary judgment that the Due Process Clause does not create a right to a climate system capable of sustaining human life, and that there is no atmospheric public trust right enforceable against the federal government. Determining whether these alleged rights exist, or are enforceable, are likewise pure questions of law that should not turn on the existence of any additional facts that Plaintiffs might discover.

Thus, at minimum, the Court should not defer consideration of the motion for summary judgment on the United States' argument that Plaintiffs cannot bring their claims in the absence of a statutory right of action, or on the argument that the substantive Due Process and public trust rights do not exist.

### 3. *Plaintiffs do not need additional facts to respond to the standing and related Article III arguments.*

With respect to the standing and related Article III arguments, Plaintiffs do not need any further factual development in order to respond to the Motion for Summary Judgment. As an initial matter, Plaintiffs cannot contend that they need discovery to respond to the argument that their harms are insufficiently particularized. Plaintiffs' harms are their own and no additional information that Plaintiffs hope to discover from the United States can buttress Plaintiffs' claims that they are suffering the injuries that they allege. The United States moved for summary judgment on standing on the basis that Plaintiffs "cannot assert a judicially cognizable injury caused by the undifferentiated actions of the United States as a whole." MSJ 8-9. Additional factual development will not better enable Plaintiffs to respond to that argument.

Nor do Plaintiffs need discovery to respond to the argument that their alleged injuries are not traceable to specific government action. Plaintiffs have elected to challenge undifferentiated "aggregate actions" rather than specific agency actions. In the Motion for Summary Judgment,

the United States contends that, as a matter of law, a plaintiff may not trace their injuries to broad and undefined policies. In their brief, Plaintiffs point to various denials in the Answer that Defendants "caused climate change" and allow "exploitation" of fossil fuels, Mot. to Defer 17, suggesting that additional discovery into these matters may be relevant to their response to the Motion for Summary Judgment. But no additional factual details regarding the federal government's role in energy production will enable Plaintiffs to show that the injuries they claim can be traced to discrete government actions. It is not possible to show a legal chain of causation between Plaintiffs' specific injuries and something as amorphous as "the federal government's subsidization of fossil fuels." Such an argument relies on speculation that the actions of private persons and countries other than the United States are not causing Plaintiffs' harm and that absent federal subsidization, the fossil fuel industry would have behaved differently. *See Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1144 (9th Cir. 2013). Additional fact discovery cannot cure this legal deficiency.

Plus, any relevant federal agency actions are matters of public record. The federal government acts by enacting laws, promulgating rules, and issuing permits, among other public official acts. Plaintiffs do not need discovery to determine what actions a federal agency has or has not taken; they need to review the Code of Federal Regulations and the Federal Register. *See also* MSJ at 16-20 (arguing that Plaintiffs' claims must be brought pursuant to the APA to challenge specific agency action or inaction).

Nor will additional discovery enable Plaintiffs to respond to the United States' argument that the Court lacks authority to provide the remedies that Plaintiffs' seek. As a matter of law, a court cannot compel an agency to take discretionary action in a particular way. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004). Thus, the remedies sought by Plaintiffs—a

request that the Court order the government to create a "national remedial plan" to combat climate change, Am. Compl. 99, ECF No. 7—are beyond this Court's legal authority. Plaintiffs' request for declaratory relief is also legally insufficient to support standing. A mere declaration that the government has violated Plaintiffs' constitutional rights will not redress Plaintiffs' alleged injuries.

Additional fact discovery will not assist Plaintiffs in responding to the United States' argument that this Court may not adjudicate Plaintiffs' claims consistent with Article III principles. *See* MSJ 20-23. Plaintiffs claim to seek discovery to determine whether "there exists a remedy that can be implemented that will not violate separation of powers principles." Mot. to Defer 18. But what Plaintiffs characterize as discovery into remedies and the separation of powers is actually legal research. The scope of this Court's judicial and equitable authority under Article III is a pure legal question that Plaintiffs will need to meet solely on legal grounds. No additional facts obtained via discovery will enable Plaintiffs to respond to this argument.

In sum, discovery would not assist Plaintiffs in responding to any of the bases on which the United States has moved for summary judgment. And Plaintiffs point to no specific discovery they hope to obtain that would assist them in responding to the pending motion, nor do they show how the discovery of any specific additional facts will preclude the Motion for Summary Judgment.

### IV. Conclusion

For Plaintiffs to respond to the Motion for Summary Judgment, they need to discover no additional facts. The issues raised in the Motion for Summary Judgment are purely legal and will be fully briefed by July 12 and ripe for a prompt decision by the Court. Any deferment of a ruling on the Motion for Summary Judgment will only serve to prejudice the United States. For

all of the foregoing reasons, the Court should exercise its discretion and deny the Motion to

Defer Consideration of Defendants' Motion for Summary Judgment.

Dated: June 22, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
LISA LYNNE RUSSELL
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*