JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-CV-01517-TC |
| Plaintiffs, | |
| v. | |
| | **Expedited Hearing Requested** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## DEFENDANTS' MOTION TO STAY DISCOVERY AND TRIAL
## PENDING SUPREME COURT REVIEW

Defendants hereby move this Court to stay any further discovery and the trial pending

consideration of the government's forthcoming petition for a writ of mandamus, or in the

alternative for a writ of certiorari, to be filed in the United States Supreme Court.[1]  As set forth fully in the accompanying memorandum of law, a stay is warranted because Defendants are likely to succeed on their petition to the Supreme Court, Defendants will be irreparably harmed absent a stay, Plaintiffs will not be harmed by a stay, and the public interest would be well-served by a stay.  To ensure that the Ninth Circuit and Supreme Court have adequate time to consider, if necessary, the government's requests for relief before trial is set to begin on October 29, 2018, the United States seeks expedited consideration of this motion.  Absent a stay from this Court, the government plans to seek a stay from the Ninth Circuit next week.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

### Procedural History

This Court is familiar with the background and procedural history of this case.  As relevant here, Plaintiffs brought this action in August 2015 against President Obama (for whom President Trump was later substituted), the Executive Office of the President, three sub-components within that office, and eight departments and federal agencies, for allegedly violating their rights under the Constitution and a purported federal public trust.  Am. Compl., ECF No. 7.  Plaintiffs ask this Court to, *inter alia*, order Defendants to "prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$." *Id.*, Prayer for Relief ¶ 7.  Defendants moved to dismiss Plaintiffs' claims on several grounds, including lack of standing, failure to state a cognizable constitutional claim, and failure to state a claim on a public trust theory.  ECF No. 27.  In November 2016, this Court

---

[1] Pursuant to Local Rule 7-1(a), the parties conferred on this motion and the request for expedition.  Plaintiffs oppose this motion and the request for expedited consideration.

denied that motion, and later declined to certify its order for interlocutory appeal.  Nov. 10, 2016

Opinion and Order, ECF No. 83; June 8, 2017 Order, ECF No. 172.

Defendants petitioned the Ninth Circuit for a writ of mandamus.  Petition for Writ of

Mandamus, ECF No. 177.  The court of appeals stayed the litigation for seven-and-a-half

months, but ultimately denied the petition without prejudice.  *United States v. U.S. Dist. Court*

*for Dist. of Or.*, 884 F.3d 830, 838 (9th Cir. 2018).  Specifically, that court "decline[d] to

exercise [its] discretion to grant mandamus relief at [that] stage of the litigation," in part because

no discovery orders had yet been filed.  *Id.* at 835.  That court explained, however, that "[c]laims

and remedies often are vastly narrowed as litigation proceeds," and that it had "no reason to

assume this case will be any different."  *Id.* at 838.  The Ninth Circuit also reiterated that

Defendants could continue to "raise and litigate any legal objections they have," including by

"seek[ing] protective orders," moving to "dismiss the President as a party," and seeking

"summary judgment on the claims."  *Id.* at 835-38.  That court added that Defendants remain

free to "seek[] mandamus in the future."  *Id.* at 838.

Following the Ninth Circuit's decision on the petition for a writ of mandamus, the

United States filed a Motion for Judgment on the Pleadings with this Court, ECF No. 195,

wherein it asserted that Plaintiffs' claims should be dismissed in their entirety, both for the

reasons set forth in that motion and for the reasons previously set forth in the Motion to

Dismiss.  *Id.* at 1.  The United States also filed a Motion for Summary Judgment, ECF No.

207, wherein it asserted that the Court should enter judgment in favor of the United States on

all of Plaintiffs' claims.  *Id.* at 30.  The United States also moved for a protective order

precluding all discovery.  Defs.' Mot. for a Protective Order and for a Stay of All Discovery,

ECF No. 196.  In June 2018, the Court denied the United States' motion for a protective

order.  June 29, 2018 Order, ECF No. 300.

In July 2018, following the denial of the motion for a protective order, and while the two dispositive motions were pending, the United States sought relief from both the court of appeals and the Supreme Court.  Petition for a Writ of Mandamus and Emergency Mot. for a Stay, ECF No. 308-1; Application for a Stay Pending Disposition by the U.S. Ct. of Appeals for the Ninth Cir., ECF No. 321-1.  Both courts denied the requested relief without prejudice. The Ninth Circuit determined that "[a]bsent a specific discovery order, mandamus relief remains premature."  July 20, 2018 Op. at 9, ECF No. 326-1.  The Supreme Court denied the United States' application "without prejudice" because it was "premature."  July 30, 2018 Order in Pending Case, ECF 330-1.  The Supreme Court also stated that "[t]he breadth of respondents' claims is striking, however, and the justiciability of those claims presents substantial grounds for difference of opinion."  *Id*.  It instructed this Court to "take these concerns into account in assessing the burdens of discovery and trial, as well as the desirability of a prompt ruling on the Government's pending dispositive motions."  *Id.*

The Supreme Court clearly referenced the standard for certification in 28 U.S.C. § 1292(b), which provides:  "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  (emphasis added).

It has been 79 days since the hearing on the government's dispositive motions and 67 days since the Supreme Court noted the need for a "prompt ruling" on those motions.  *See* July 18, 2018 Min. of Proceedings, ECF No. 323; July 30, 2018 Order in Pending Case, ECF 330-1.

Trial is scheduled to begin on October 29, 2018, and given the number of witnesses and claims, is expected to last approximately 50 days.  April 24, 2018 Minute Order, ECF No. 192; April 2, 2018 Hrg. Tr. 7:22-8:7, ECF No. 191.  Nevertheless, the Court has not yet resolved the government's dispositive motions, and has suggested that it has no intention of delaying trial absent an order from a higher court.  May 10, 2018 Hrg. Tr. 27:22-25, ECF No. 244 ("Here's – here's the big picture.  October 29, 2018, trial starts unless some higher court says no.  So from this perspective, October 29, 2018, the trial starts.").  Absent reconsideration by this Court, the government cannot wait any longer to seek such relief.

Because the United States will ask the Supreme Court to issue a stay pending its resolution of the government's forthcoming petition, we are asking this Court for a stay as well. *See* Supreme Court Rule 23.3 ("Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof.").

## Argument

Whether to issue a stay turns on four factors:  (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest.  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  The first two factors are "the most critical."  *Id.* at 434.  The balance of equities and consideration of the public interest merge when the government is a party.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).  Here, all factors counsel strongly in favor of a stay of further discovery and trial pending the Supreme Court's consideration of the government's forthcoming petition.

I.      **The United States is likely to succeed on its petition to the Supreme Court.**

The Supreme Court is likely to direct this Court to dismiss this case.  Plaintiffs' claims
are fundamentally flawed for three independent reasons.  First, this litigation is not remotely a
"Case" or "Controversy" within the meaning of Article III because:  (1) Plaintiffs do not have
standing to assert generalized grievances against the diffuse effects of climate change not tied to
any specific action by Defendants and not redressable by any authority of a federal court; and in
any event, (2) Plaintiffs may not redirect federal environmental and energy policies through the
courts rather than the political process by asserting a manifestly wrong fundamental substantive
due process right to certain climate conditions.

Second, even if Plaintiffs could bring justiciable claims, they would be required to do so
under the Administrative Procedure Act (APA), which requires that Plaintiffs identify and target
specific actions or failures to act by the federal agency defendants.  The APA authorizes a
reviewing court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an
abuse of discretion, or otherwise not in accordance of law" or "contrary to constitutional right,
power, privilege, or immunity," 5 U.S.C. § 706(2)(A)-(B), and to "compel agency action
unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  The APA thus provides a
"comprehensive remedial scheme" for a "person 'adversely affected . . . by agency action" or
alleged failure to act with respect to regulatory requirements and standards, permitting, and other
administrative measures.  *Western Radio Servs. Co. v. United States Forest Serv.*, 578 F.3d 1116,
1122-23 (9th Cir. 2009) (citation omitted), *cert. denied*, 559 U.S. 1106 (2010); *see Wilkie v.
Robbins*, 551 U.S. 537, 552-554 (2007) (describing the APA as the remedial scheme for
vindicating complaints against "unfavorable agency actions"); *Webster v. Doe*, 486 U.S. 592,
607 n* (1988) (Scalia, J., dissenting) (explaining that the APA "is an umbrella statute governing

judicial review of all federal agency action" and that "if review is not available under the APA it is not available at all"). As currently formulated, Plaintiffs' claims cannot proceed because the APA allows only for challenges to "circumscribed, discrete" final agency action, and not the sort of "broad programmatic attack" on agency policies that Plaintiffs assert here. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62, 64 (2004) ("*SUWA*"); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990). And a suit challenging an agency action must seek review based on the administrative record of that particular agency action, not a record developed in the court and a trial *de novo* in court. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

Third, Plaintiffs' claims of a fundamental right to a particular climate system and a never-before-recognized public trust obligation on the federal government plainly fail. The Supreme Court has instructed courts considering novel due process claims to "exercise the utmost care whenever . . . asked to break new ground in this field lest the liberty protected by the Due Process Clause be subtly transformed" into judicial policy preferences, and important issues placed "outside the arena of public debate and legislative action." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (quotation marks and citation omitted).

Plaintiffs ask this Court to do precisely what the Supreme Court instructed courts not to do, *i.e.* to transfer a subject from the arena of public debate and legislative action into the arena of judicial policy preferences via the Due Process Clause. The Due Process Clause protects fundamental individual rights and liberties, which are "deeply rooted in this Nation's history and tradition." *Id.* at 720-21 (citation omitted). This Court's recognition of an "unenumerated fundamental right" to a "climate system capable of sustaining human life"—an asserted right not personal or distinct to the handful of plaintiffs in this case but seemingly running to every person in the United States—lacks any pedigree in the nation's history or tradition. *cf. Obergefell v.*

*Hodges*, 135 S. Ct. 2584, 2602 (2015) (recognizing a fundamental right to same-sex marriage as "fundamental as a matter of history and tradition").

Plaintiffs' public trust claim is similarly unfounded. The roots of a public trust concept "trace to Roman civil law" and "can be found in the English common law on public navigation and fishing rights over tidal lands and in the state laws. . ." *PPL Montana, LLC v. Montana*, 565 U.S. 576, 603 (2012). In has been relied upon under state law in holding that the sovereign "owns all of its navigable waterways and the lands lying beneath them as trustee of a public trust for the benefit of the people." *Nat'l Audubon Soc'y v. Superior Court*, 658 P.2d 709, 718 (Cal.) *cert. denied*, 464 U.S. 977 (1983) (citation and internal quotation marks omitted). Because the proposition of a public trust is purely a matter of *state* law that pertains only to *state* functions, *PPL Montana*, 565 U.S. at 603, Plaintiffs' efforts to invoke such a common-law concept to support a cause of action against the federal government's regulation of the fossil fuel industry and its alleged effects on the atmosphere, where no other court has done so, clearly fails.

Permitting these fatally defective claims to proceed to a 50-day trial in a case brought by a handful of individuals would impermissibly intrude on the Executive branch's authority to consider and formulate federal policy through agency procedures such as notice and comment that allow all interested parties to participate. And such a trial would violate statutory limitations on judicial review of agency decisionmaking imposed by the APA. For all of these reasons, the Supreme Court is likely to direct this Court to dismiss the case.

## II.    The balance of equities counsels in favor of a stay.

The remaining stay factors also weigh strongly in favor of staying discovery and trial pending the government's forthcoming petition.

**A.    Without a stay, the United States will be irreparably harmed.**

The United States' harm is ongoing.  Absent a stay, the government will be forced to proceed with a 50-day trial that is fundamentally inconsistent with Article III and the separation of powers under the Constitution, as well as the procedures Congress has prescribed in agencies' organic statutes and the APA for agencies to consider factual and legal issues concerning major policies and for the courts to review their determinations.  Trial would force the government to address climate policy not through APA procedures and other agency actions authorized by statutes such as the Clean Air Act, but instead through a judicially-supervised and as-yet unknown process imposed by this Court.

That is improper.  Plaintiffs' efforts to require the defendant agencies to develop and implement a comprehensive, government-wide energy policy outside of the congressionally-prescribed statutory framework runs roughshod over fundamental separation of powers principles.  It violates the vesting of "legislative Power" in the Congress, U.S. CONST. art. I, § 1, and to the extent it seeks to require the President and Executive agencies to develop and implement such policies, it violates the Constitution's vesting of "executive Power . . . in a President of the United States of America."  *Id.*, art. II, § 1, cl. 1.  The APA limits judicial review to the administrative record of action taken within the scope of an agency's authority.  5 U.S.C. § 706.  And as the Supreme Court recognized, even before enactment of the APA, permitting an agency's "finding to be attacked or supported in court by new evidence" as Plaintiffs seek to do here, improperly "substitute[s] the court for an administrative tribunal."  *Tagg Bros. & Moorhead v. United States*, 280 U.S. 420, 444 (1930).  That would allow this Court to "usurp[] the agency's function."  *Unemployment Comp. Comm'n v. Aragon*, 329 U.S. 143, 155 (1946).  Yet no part of Plaintiffs' claims purports to challenge governmental action under the APA.

Absent a stay, the United States will be forced to proceed with a 50-day trial concerning Plaintiffs' efforts to obtain a decree that a court has no authority to enter—all the while violating its obligations under the APA and transgressing the separation of powers under the Constitution.

**B.    Plaintiffs will not be harmed by a stay.**

Plaintiffs can make no credible claim that a relatively brief stay to allow the Supreme Court to consider the United States' petition will cause them irreparable harm.  Plaintiffs' alleged injuries stem from the cumulative effects of $CO_2$ emissions, hundreds of years in the making. *See* Expert Report of James E. Hansen at 8, ECF No. 274-1.  As one of Plaintiffs' own experts recognizes, climate change "is not something that can be stopped in the near term."  Decl. of Harold R. Wanless ¶ 18, ECF No. 275; *see also* Expert Report of Eric Rignot, ECF No. 262-1 at 2 ("It is not clear how much of this sea level rise can be avoided by slowing down climate warming or even cooling the planet again.").  A brief stay to allow the Supreme Court to consider whether a lawsuit is the appropriate means to address climate change will not appreciably harm Plaintiffs.

<u>Conclusion</u>

For the foregoing reasons, this Court should stay proceedings pending the resolution of the United States' forthcoming petition for a writ of mandamus, or in the alternative for a writ of certiorari, to be filed in the United States Supreme Court.

Dated: October 5, 2018                                Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
LISA LYNNE RUSSELL

GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*