No. 18-_____

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re UNITED STATES OF AMERICA, et al.

UNITED STATES OF AMERICA, et al., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON,
Respondent,

and

KELSEY CASCADIA ROSE JULIANA, et al., Real Parties in Interest.

On Petition for a Writ of Mandamus to the United States District Court
for the District of Oregon (No. 6:15-cv-1517-TC)

**PETITION FOR A WRIT OF MANDAMUS REQUESTING A STAY OF
DISTRICT COURT PROCEEDINGS PENDING SUPREME COURT REVIEW**

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

JEFFREY H. WOOD
*Acting Assistant Attorney General*
ERIC GRANT
*Deputy Assistant Attorney General*
ANDREW C. MERGEN
SOMMER H. ENGELS
ROBERT J. LUNDMAN
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-0943
eric.grant@usdoj.gov

Counsel for Petitioners

## CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3(a), I hereby certify that to avoid irreparable harm to Petitioners United States of America, et al. (the government), relief is needed in less than 21 days' time.

1.    Regarding Circuit Rule 27-3(a)(1), the government notified both the Clerk and counsel for Real Parties in Interest (Plaintiffs) on Thursday, October 11, 2018 of its intention to file this mandamus petition and emergency motion.  The just-finalized petition and motion are being served simultaneously with filing both via the district court's CM/ECF system and via e-mail to the below-stated addresses.

2.    Regarding Circuit Rule 27-3(a)(3)(i), counsel are as follows:

**Counsel for the Government:**

Eric Grant
(202) 514-0943
eric.grant@usdoj.gov

Andrew C. Mergen
(202) 514-2813
andy.mergen@usdoj.gov

Sommer H. Engels
(202) 353-7712
sommer.engels@usdoj.gov

Robert J. Lundman
(202) 514-2946
robert.lundman@usdoj.gov
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044

i

**Counsel for Plaintiffs:**

Julia A. Olson
(415) 786-4825
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln Street
Eugene, Oregon 97401

Philip L. Gregory
(650) 278-2957
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, California 94062

Andrea K. Rodgers
(206) 696-2851
Andrearodgers42@gmail.com
Law Offices of Andrea K. Rodgers
3026 NW Esplanade
Seattle, Washington 98117

3.      Regarding Circuit Rule 27-3(a)(3)(ii), the facts showing the existence

and nature of the claimed emergency are set forth in detail below in the Statement

of the Case (pp. 3-8) and in Part II of the Argument (pp. 21-23).   In brief, the

government respectfully requests emergency relief in this matter because it faces an

impending trial that is scheduled to begin on October 29, 2018 and is estimated to

last approximately 50 trial days.

4.      Regarding Circuit Rule 27-3(a)(3)(iii), Plaintiffs' counsel were notified

of this mandamus petition and emergency motion via an e-mail sent on Thursday,

October 11. The government's stay motion in the district, filed in that court on

Friday, October 5th and simultaneously served on Plaintiffs by that court's CM/ECF system, also stated that the government "plans to seek a stay from the Ninth Circuit next week," i.e., this week.  ECF No. 361 at 2.  Plaintiffs' counsel are being served with the just-finalized petition and motion simultaneously with filing both via the district court's CM/ECF system and via e-mail to the above-stated addresses.

     5.     Regarding Circuit Rule 27-3(a)(3)(4), as noted above, the government sought relief from the district court in a stay motion filed on Friday, October 5.

s/ Eric Grant          

Eric Grant

Counsel for Petitioners

# TABLE OF CONTENTS

**Page**

CIRCUIT RULE 27-3 CERTIFICATE ...................................................... i

TABLE OF AUTHORITIES ......................................................... vi

INTRODUCTION ............................................................... 1

STATEMENT OF JURISDICTION ........................................... 3

STATEMENT OF THE ISSUE ............................................... 3

STATEMENT OF THE CASE ............................................... 3

ARGUMENT ..................................................................... 8

I.   The government's petition is likely to succeed in the
     Supreme Court ......................................................... 9

     A.   Plaintiffs lack standing, and this is not a case or
          controversy within the meaning of Article III .................... 10

     B.   Plaintiffs must challenge specified agency actions or
          inaction under the APA based on the administrative
          record ........................................................... 15

     C.   Plaintiffs' claims are manifestly without merit ................. 18

II.  The balance of the equities counsels in favor of a stay ............ 21

     A.   Without a stay, the government will be irreparably
          harmed ........................................................... 21

     B.   Plaintiffs will not be harmed by a stay ......................... 23

III. The Court should stay discovery and trial pending resolution of
     this petition ........................................................... 24

CONCLUSION ................................................................... 24

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Page**

### Cases

*Alec L. ex rel. Loorz v. McCarthy*,
    561 Fed. Appx. 7 (D.C. Cir.),
    *cert. denied*, 135 S. Ct. 774 (2014)..............................................................21

*American Electric Power v. Connecticut*,
    564 U.S. 410 (2011)....................................................................................20

*Bauman v. U.S. District Court*,
    557 F.2d 650 (9th Cir. 1977) .........................................................................9

*Cheney v. U.S. District Court*,
    542 U.S. 367 (2004)....................................................................................15

*DeShaney v. Winnebago County Department of Social Services*,
    489 U.S. 189 (1989)....................................................................................19

*Drakes Bay Oyster Co. v. Jewell*,
    747 F.3d 1073 (9th Cir. 2014) .......................................................................8

*Florida Power & Light Co. v. Lorion*,
    470 U.S. 729 (1985)....................................................................................16

*In re United States*,
    875 F.3d 1177 (9th Cir. 2017) .......................................................................2

*In re United States*,
    884 F.3d 830 (9th Cir. 2018) .....................................................................5-6

*In re United States*,
    895 F.3d 1101 (9th Cir. 2018) ....................................................................6, 9

*Juliana v. United States*,
    217 F. Supp. 3d 1224 (D. Or. 2016),
    *motion to certify appeal denied*,
    2017 WL 2483705 (D. Or. June 8, 2017)............................................4, 5, 18

**Page**

*Lexmark International, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014)...................................................................................10

*Louisiana Public Service Commission v. FCC*,
  476 U.S. 355 (1986)......................................................................................13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).................................................................................. 10-11

*Lujan v. National Wildlife Federation*,
  497 U.S. 871 (1990)......................................................................................17

*Missouri v. Jenkins*,
  515 U.S. 70 (1995).........................................................................................14

*Moore v. City of East Cleveland*,
  431 U.S. 494 (1977).......................................................................................18

*Ninilchik Traditional Council v. United States*,
  227 F.3d 1186 (9th Cir. 2000) ................................................................. 21-22

*Nken v. Holder*,
  556 U.S. 418 (2009)........................................................................................8

*Norton v. Southern Utah Wilderness Alliance*,
  542 U.S. 55 (2004)...................................................................................12, 17

*Obergefell v. Hodges*,
  135 S. Ct. 2584 (2015)..................................................................................19

*Penilla v. City of Huntington Park*,
  115 F.3d 707 (9th Cir. 1997) ........................................................................20

*Plaut v. Spendthrift Farm, Inc.*,
  514 U.S. 211 (1995).......................................................................................13

*PPL Montana, LLC v. Montana*,
  565 U.S. 576 (2012).......................................................................................20

**Page**

*Tagg Bros. & Moorhead v. United States,*
   280 U.S. 420 (1930)........................................................................22

*Unemployment Compensation Commission v. Aragon,*
   329 U.S. 143 (1946)........................................................................22

*United States v. 32.42 Acres of Land,*
   683 F.3d 1030 (9th Cir. 2012) ....................................................20

*Vermont Agency of Natural Resources v. United States*
   *ex rel. Stevens,* 529 U.S. 765 (2000) .................................... 13-14

*Warth v. Seldin,*
   422 U.S. 490 (1975)........................................................................11

*Washington Environmental Council v. Bellon,*
   732 F.3d 1131 (9th Cir. 2013) ................................................. 12-13

*Washington v. Glucksberg,*
   521 U.S. 702 (1997)................................................................ 18-19

*Webster v. Doe,*
   486 U.S. 592 (1988)........................................................................17

*Western Radio Services Co. v. U.S. Forest Service,*
   578 F.3d 1116 (9th Cir. 2009) ....................................................15

*Wood v. Ostrander,*
   879 F.2d 583 (9th Cir. 1989) ......................................................20

Page

**Constitution, Statutes, and Court Rules**

United States Constitution

    art. I, § 1 ..........................................................................................22

    art. II, § 1, cl. 1 ..............................................................................22

    art. II, § 2, cl. 1 ..............................................................................14

    art. II, § 3 .......................................................................................15

    art. III ........................................................................................ 14-15

    amend. V .........................................................................................4

Administrative Procedure Act

    5 U.S.C. § 551 ................................................................................16

    5 U.S.C. § 701 ................................................................................16

    5 U.S.C. § 702 ............................................................................ 15-16

    5 U.S.C. § 704 ............................................................................ 15-16

    5 U.S.C. § 706 ..................................................................... 15-17, 22

28 U.S.C. § 1292 ................................................................................7, 9

All Writs Act, 28 U.S.C. § 1651 .........................................................3

Supreme Court Rule 23.2 ...............................................................2, 9

Fed. R. App. P. 8 ...............................................................................24

Fed. R. App. P. 21 ...........................................................................3, 24

## INTRODUCTION

This suit is an attempt to redirect federal environmental and energy policies through the courts rather than through the political process. Plaintiffs assert a new and unsupported fundamental due process right to certain climate conditions, and they seek relief far beyond the authority of the defendant agencies to implement or of Article III courts to award. The Supreme Court has stated that the "breadth of [Plaintiffs'] claims is striking," and that "the justiciability of those claims presents substantial grounds for difference of opinion." ECF No. 330-1. The Supreme Court directed the district court to "take these concerns into account in assessing the burdens of discovery and trial, as well as the desirability of a prompt ruling on the Government's pending dispositive motions." *Id*.

The Supreme Court's directive to issue a "prompt" ruling came more than 70 days ago. The hearing on the government's dispositive motions came more than 80 days ago. And the trial scheduled by the district court is now less than three weeks away. Yet the district court has not ruled on the government's dispositive motions, and the court has refused to postpone the trial date.

In light of the district court's failure to act despite the Supreme Court's admonition, and in light of the district court's failure to halt these proceedings despite the Supreme Court's identification of the serious justiciability concerns with the suit, the government will file a petition for writ of mandamus or, in the

alternative, certiorari in the Supreme Court.  Because we will ask the Supreme Court to issue a stay pending its resolution of that forthcoming petition, we asked the district court for a stay one week ago (ECF No. 321) — a request now under advisement — and we now ask this Court for a stay as well.  *See* Supreme Court Rule 23.2 ("Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof.").

We seek a stay in this Court through a mandamus petition, because this Court has indicated that it lacks jurisdiction to consider a motion for a stay pending Supreme Court review after this Court has denied a mandamus petition — as the Court did earlier in this case.  *See In re United States*, 875 F.3d 1177, 1178 (9th Cir. 2017).[1]  To ensure that the Supreme Court has adequate time to consider the government's requests for relief before the scheduled trial begins on October 29, the government respectfully seeks expedited consideration of this petition.  We also ask that the Court enter a temporary stay while considering this petition.

---

[1] The government does not believe that the Court's decision on this issue was correct. A court of appeals has authority to issue a stay pending Supreme Court review of a decision denying a mandamus petition.  But the cited opinion is binding in present circumstances.

## STATEMENT OF JURISDICTION

This Court has authority to issue the requested relief pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUE

Whether this Court should exercise its authority under the All Writs Act, 28 U.S.C. § 1651, to stay district court proceedings pending Supreme Court review.

## STATEMENT OF THE CASE

Plaintiffs are a group of minor children and an organization representing them. They brought this action in August 2015 against President Obama (for whom President Trump was later substituted), the Executive Office of the President, three sub-components within that office, and eight departments and federal agencies for allegedly violating their rights under the Constitution and a purported federal public trust which, they asserted, conferred on them a substantive right to certain climate conditions. *See generally* ECF No. 7 (amended complaint). Among other relief, Plaintiffs ask the district court to order the President and other officials and agencies named as defendants to "prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$." *Id.* at 94.

The government moved to dismiss Plaintiffs' claims on several grounds, including lack of standing, failure to state a cognizable constitutional claim, and

failure to state a claim on a public trust theory.  ECF No. 27.  In November 2016, the district court denied that motion, and later declined to certify its order for interlocutory appeal.  *Juliana v. United States*, 217 F. Supp. 3d 1224 (D. Or. 2016), *motion to certify appeal denied*, 2017 WL 2483705 (D. Or. June 8, 2017).  The court ruled that Plaintiffs had established Article III standing by alleging that they had been harmed by the effects of climate change through increased droughts, wildfires, and flooding; and that the government's regulation of (and failure to further regulate) fossil fuels had caused Plaintiffs' injuries.  The court determined that it could redress those injuries by "order[ing] [the government] to cease [its] permitting, authorizing, and subsidizing of fossil fuels and, instead, move to swiftly phase out $CO_2$ emissions, as well as take such other action necessary to ensure that atmospheric $CO_2$ is no more concentrated than 350 ppm by 2100, including to develop a national plan to restore Earth's energy balance, and implement that national plan so as to stabilize the climate system."  217 F. Supp. 3d at 1247-48 (quoting complaint); *see also id.* at 1242-48.

On the merits, the district court concluded that Plaintiffs had stated a claim under the Fifth Amendment's Due Process Clause and a federal public trust doctrine. *Id.* at 1248-61.  The court found in the Fifth Amendment's protection against the deprivation of "life, liberty, or property, without due process of law," U.S. Const. amend. V, a previously unrecognized fundamental right to a "climate system capable

of sustaining human life," and the court determined that Plaintiffs had adequately alleged infringement of that fundamental right. 217 F. Supp. 3d at 1250. The court further determined that Plaintiffs had adequately stated a claim under a federal public trust doctrine, which it held imposes a judicially enforceable prohibition on the federal government against "depriving a future legislature of the natural resources necessary to provide for the well-being and survival of its citizens." *Id*. at 1253 (quoting amicus brief in support of Plaintiffs). Plaintiffs' claims under this public trust rationale, the court concluded, are also "properly categorized as substantive due process claims." *Id*. at 1261.

The government petitioned this Court for a writ of mandamus to halt these deeply flawed proceedings. This Court stayed the litigation for seven-and-a-half months but ultimately denied the petition without prejudice. *In re United States*, 884 F.3d 830, 838 (9th Cir. 2018). Specifically, the Court "decline[d] to exercise [its] discretion to grant mandamus relief at [that] stage of the litigation," in part because no discovery orders had yet been filed. *Id.* at 835. The Court explained, however, that "[c]laims and remedies often are vastly narrowed as litigation proceeds," and that it had "no reason to assume this case will be any different." *Id*. at 838. The Court also reiterated that the government could continue to "raise and litigate any legal objections they have," including by "seek[ing] protective orders"; moving to "dismiss the President as a party"; and seeking "summary judgment on the claims."

*Id*. at 835-38.   The Court added that the government remains free to "seek[]" mandamus in the future."  *Id*. at 838.

Consistent with this Court's opinion, the government moved for judgment on the pleadings, ECF No. 195, arguing that Plaintiffs' claims should be dismissed in their entirety, and for summary judgment, ECF No. 207, arguing that the district court should enter judgment in favor of the government on all of Plaintiffs' claims. The government also moved for a protective order precluding all discovery.  ECF No. 196.  On June 29, 2018, the district court denied the government's motion for a protective order.  ECF No. 300.  On July 18, 2018, the district court held argument on the dispositive motions and took them under advisement.

While the two dispositive motions were still pending and after the district court had denied the government's motion for a protective order barring discovery, the government sought relief from both this Court and the Supreme Court.  ECF No. 308-1; ECF No. 321-1.   Both courts denied the requested relief without prejudice.   This Court determined that "[a]bsent a specific discovery order, mandamus relief remains premature." *In re United States*, 895 F.3d 1101, 1105 (9th Cir. 2018).   The Supreme Court denied the government's application "without prejudice" because it was "premature."  ECF 330-1.  The Court also stated that the "breadth of [Plaintiffs'] claims is striking, however, and the justiciability of those claims presents substantial grounds for difference of opinion." *Id*.  It instructed the

district court to "take these concerns into account in assessing the burdens of discovery and trial, as well as the desirability of a prompt ruling on the Government's pending dispositive motions." *Id*. The Supreme Court clearly referenced the standard for certification in 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id*. (emphasis added).

It has been more than 80 days since the hearing on the government's dispositive motions and more than 70 days since the Supreme Court indicated the need for a "prompt ruling" on those motions. As noted above, trial is scheduled to begin on October 29th, in less than three weeks' time. Given the number of claims and witnesses, the trial is expected to last approximately 50 days. ECF No. 192; ECF No. 191 at 7:22-8:7 (transcript of Apr. 2, 2018 hearing); ECF No. 352 (setting first two weeks of trial for October 29-November 2 and November 5-9, 2018). Nevertheless, the district has not yet resolved the government's dispositive motions, and has suggested that it has no intention of delaying trial absent an order from a higher court. ECF No. 244 at 27:22-25 (transcript of May 10, 2018 hearing) ("Here's — here's the big picture. October 29, 2018, trial starts unless some higher court says no. So from this perspective, October 29, 2018, the trial starts.").

7

Given the impending trial date, the government cannot wait any longer to seek relief from a higher court.  On October 5, 2018, the government asked the district court for a stay of any further discovery and of trial pending consideration of the government's forthcoming petition for a writ of mandamus, or in the alternative for a writ of certiorari, to be filed in the United States Supreme Court.  ECF No. 361 at 1-2.  The district court ordered Plaintiffs to respond by October 11, 2018.  ECF No. 362.  Plaintiffs have responded, ECF No. 364, and so the government's request is now "under advisement" by the district court, ECF No. 362.

## ARGUMENT

While this Court's precedent requires the government to file a new mandamus petition rather than a motion for a stay pending the disposition of a certiorari petition seeking review of its July 20, 2018, decision denying mandamus, *see supra* p. 2 & n.1, the relief sought by the government is in the nature of a stay pending Supreme Court review.  Whether to issue a stay turns on four factors:  (1) the applicant's likely success on the merits;  (2) irreparable injury to the applicant absent a stay;  (3) substantial injury to the other parties; and (4) the public interest.  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  The first two factors are "the most critical."  *Id.* at 434.  The balance of equities and consideration of the public interest merge when the government is a party.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

While this Court's mandamus standard differs from the stay standard articulated in *Nken*, *see, e.g.*, *Bauman v. U.S. District Court*, 557 F.2d 650 (9th Cir. 1977); *In re United States*, 895 F.3d at 1104, the government here is seeking a stay pending Supreme Court review, as required by Supreme Court Rule 23.2. The stay factors set forth in *Nken* should therefore govern. In any event, even if the mandamus standard applies, the government meets it here. As explained below, this entire suit is fundamentally inconsistent with Article III, a trial on Plaintiffs' claims would contravene the APA and separation of powers, the claims are manifestly without merit, and the relief sought is beyond the authority of the defendants to implement and of any court to order.

Now that trial is imminent and the district court has failed to rule on the government's dispositive motions, this Court should enter a stay pending the Supreme Court's review of the government's mandamus petition. At a minimum, the Court should enter a temporary stay pending consideration of this petition.

## I.     The government's petition is likely to succeed in the Supreme Court.

The Supreme Court is likely to direct the district court to dismiss this case — or at least to stay the impending trial and resolve the government's dispositive motions, with a renewed admonition to certify any denial of those motions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The government's success is likely because Plaintiffs' case is deeply flawed for at least three independent reasons:

(1) Plaintiffs lack standing, and this is not a case or controversy under Article III;

(2) Plaintiffs have not identified particular agency action or inaction as required by

the APA; and (3) Plaintiffs' claims of a fundamental substantive due process right

to a particular climate system and a never-before-recognized public trust obligation

on the federal government are manifestly wrong.

### A.    Plaintiffs lack standing, and this is not a case or controversy within the meaning of Article III.

This litigation is not remotely a "Case" or "Controversy" within the meaning

of Article III because (1) Plaintiffs lack standing to assert generalized grievances

against the diffuse effects of climate change that could be asserted by any person in

the United States, that are not tied to any particular action or inaction by the

government, and that are not redressable by any order within the authority of a

federal court; and (2) in any event, Plaintiffs' attempt to redirect federal

environmental and energy policies by the Executive Branch and Congress through

litigation such as this is not the sort of dispute that is within a federal court's

constitutional and statutory authority to entertain.

As to standing, *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

61 (1992), Plaintiffs assert generalized grievances, not particularized harms.   A

"generalized grievance" is not a "concrete and particularized" injury sufficient to

satisfy the first prong of the standing analysis.  *See, e.g.*, *Lexmark International, Inc.*

*v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.3 (2014).  The injuries

claimed by Plaintiffs are not particular to them or cognizable for purposes of Article III. Rather, they involve the diffuse effects of a generalized phenomenon on a global scale. To the extent that climate-related injuries affect Plaintiffs, the effects are the same as those felt by any other person in their communities, in the United States, or throughout the world at large.

Plaintiffs also cannot show that the government policies they challenge — expressed in broad and undifferentiated terms, rather than directed to discrete agency actions — caused their asserted injuries. *See Defenders of Wildlife*, 504 U.S. at 560. Plaintiffs principally complain of the government's regulation (or lack thereof) of private parties not before the district court. When a plaintiff's alleged harms may have been caused directly by the conduct of parties other than the defendants (and only indirectly by the defendants), however, it is "substantially more difficult to meet the minimum requirement of Art[icle] III: to establish that, in fact, the asserted injury was the consequence of the defendants' actions, or that prospective relief will remove the harm." *Warth v. Seldin*, 422 U.S. 490, 504-05 (1975).

Plaintiffs cannot make that heightened showing. Among their widely scattered objections, for example, Plaintiffs claim that the United States subsidizes the fossil fuel industry. ECF No. 7, ¶¶ 171-178. But Plaintiffs cannot establish a causal link between the amorphously described policy decisions and the specific harms that they allege, as opposed to the independent actions by private persons both

within and outside the United States (nor any proof that their harms would be redressed by an order against such subsidization).   Rather, Plaintiffs offer only speculation that, in the absence of such subsidization, third parties in the fossil fuel industry would alter their behavior in a manner that would affect Plaintiffs in a particularized and concrete way. *See Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1142-43 (9th Cir. 2013) ("[S]imply saying that the Agencies have failed to curb emission of greenhouse gases, which contribute (in some undefined way and to some undefined degree) to their injuries, relies on an attenuated chain of conjecture insufficient to support standing." (internal quotation marks omitted)).

Plaintiffs also cannot establish that it is likely that their asserted injuries could be redressed by an order from a federal court.  To the extent that Plaintiffs seek to compel a defendant agency to exercise the authority and discretion it possesses under its organic statute, Plaintiffs have failed to identify any such specific actions or inaction, as required to challenge actions or inaction of the Executive Branch, and the district court in any event lacks authority to direct an agency to exercise that authority and discretion in any particular way.   *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004) (*SUWA*) (discussing historical limitations of mandamus remedy).  That is all the more so where Plaintiffs seek relief without regard to the procedures in the agencies' organic statutes and the APA that afford procedural rights and an opportunity for public participation.

To the extent that Plaintiffs seek action beyond the defendant agencies' existing authority under their organic statutes, the district court lacks authority to require agencies to take such actions or to require Congress to enact new laws. *See Louisiana Public Service Commission v. FCC*, 476 U.S. 355, 374 (1986) ("[A]n agency literally has no power to act . . . unless and until Congress confers power upon it."). Plaintiffs have not even begun to articulate a remedy that could be awarded by a federal court consistent with these limitations on its authority and that could move the needle on the complex phenomenon of global climate change, much less likely redress their alleged injuries. *See Bellon*, 732 F.3d at 1147 (finding no redressability where plaintiffs failed to establish that the remedies within the district court's authority "would likely reduce the pollution causing Plaintiffs' injuries").

Even if Plaintiffs could somehow establish standing, this suit is not one that can be entertained by a federal court consistent with the Constitution. Article III vests federal courts created by Congress with the "judicial Power of the United States." The judicial power is "one to render dispositive judgments" in "Cases or Controversies" as defined by Article III. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218-19 (1995) (internal quotation marks omitted). It can "come into play only in matters that were the traditional concern of the courts at Westminster" and only when those matters arise "in ways that to the expert feel of lawyers constituted 'Cases' or 'Controversies.'" *Vermont Agency of Natural Resources v. United States*

13

*ex rel. Stevens*, 529 U.S. 765, 774 (2000) (internal quotation marks omitted).  As such, the "necessary restrictions on [a court's] jurisdiction and authority contained in Article III of the Constitution limit the judiciary's institutional capacity to prescribe palliatives for societal ills." *Missouri v. Jenkins*, 515 U.S. 70, 112 (1995) (O'Connor, J., concurring).

Plaintiffs' suit is not remotely such a case or controversy cognizable under Article III. Plaintiffs ask the district court to review and assess the entirety of the Executive Branch's programs and policies relating to climate change — including actions that the Executive Branch has not taken, and even ones that are beyond the authority of Executive Branch agencies to take — and then to pass upon the comprehensive constitutionality of all of those policies, programs, and inaction in the aggregate. *See, e.g.*, ECF No. 7, ¶¶ 277-310.  And Plaintiffs ask the district court to do so under the Due Process Clause, a provision designed to protect discrete and personal individual rights, not to furnish a vehicle to require an affirmative judicial restructuring of the operations of the Executive Branch and the United States Government at large with respect to broad policies affecting all persons throughout the country.  No federal court has ever purported to use the "judicial power" to perform such a review — and for good reason:  the Constitution commits the power to oversee the Executive Branch, draw on its expertise, and formulate policy programs to the President, not to Article III courts.  *See* U.S. Const. art. II, § 2, cl. 1;

*id*. art. II, § 3; *cf. Cheney v. U.S. District Court*, 542 U.S. 367, 385 (2004). And it commits to Congress the power to alter the authority conferred by the organic statutes under which Executive Branch agencies operate.

**B.    Plaintiffs must challenge specified agency actions or inaction under the APA based on the administrative record.**

Even if this suit could proceed within the boundaries of Article III, it would have to be targeted at specifically identified agency actions or alleged failures to act, and review would have to be based on the administrative record for those actions. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Review is presumptively limited to "final agency action," *id*. § 704, and the statute authorizes a reviewing court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "contrary to constitutional right, power, privilege, or immunity," *id*. § 706(2), and to "compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1). In so authorizing, the APA provides a "comprehensive remedial scheme" for "persons adversely affected by agency action" or alleged failure to act with respect to regulatory requirements and standards, permitting, and other administrative measures. *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1122-23 (9th Cir. 2009).

Plaintiffs allege that a large number of (mostly unspecified) "agency action[s]" and inaction are "contrary to constitutional right." 5 U.S.C. §§ 702, 706. They allege, in various forms, that the government has "knowingly endangered plaintiffs' health and welfare by approving and promoting fossil fuel development, including exploration, extraction, production, transportation, importation, exportation, and combustion, and by subsidizing and promoting this fossil fuel exploitation." ECF No. 7, ¶ 280. Plaintiffs allege that the government has done so through a series of broad and unspecified agency actions: the leasing of lands for mineral development; the permitting of oil and gas wells, coal mines, pipelines, and power plants; the development of management plans for federal lands; and the implementation of rulemakings that govern mineral development, to name a few. *See, e.g.*, *id.* ¶¶ 5, 7, 12, 163, 292, 298, 305. Each of the individual agency decisions encompassed by Plaintiffs' challenge — each lease, each permit, each rulemaking, each management plan — is a separate "agency action." 5 U.S.C. §§ 551(13), 701, 702, 704, 706. Plaintiffs' claims are therefore reviewable, if at all, only under the APA and on the basis of the administrative record for each of those specific actions. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court.").

16

Plaintiffs' claims cannot proceed under the APA, however, because the Act allows only for challenges to "circumscribed, discrete" final agency action, not the sort of "broad programmatic attack" on agency policies that Plaintiffs assert here. *SUWA*, 542 U.S. at 62, 64; *accord Lujan v. National Wildlife Federation*, 497 U.S. 871, 891 (1990). Plaintiffs expressly cast their claims as a challenge to "affirmative aggregate actions" by the numerous defendant agencies that "permitted, encouraged, and otherwise enabled continued exploitation, production, and combustion of fossil fuels." ECF No. 7, ¶¶ 1, 5. But the Supreme Court has explained that only "discrete agency action" may be challenged under the APA, *SUWA*, 542 U.S. at 64, and "aggregate actions" are the antithesis of "discrete" ones.

There is nothing talismanic about Plaintiffs' assertion of *constitutional* claims. Section 706 of the APA expressly states that judicial review extends to alleged constitutional violations: "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to *constitutional* right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B) (emphasis added); *see also Webster v. Doe*, 486 U.S. 592, 603-04 (1988) (holding that Due Process Clause and Equal Protection Clause claims may proceed under the APA's provisions for judicial review).

**C.    Plaintiffs' claims are manifestly without merit.**

Finally, even if a court could reach the merits of Plaintiffs' constitutional theories, they plainly fail.  In denying the government's motion to dismiss, the district court concluded that Plaintiffs stated two related claims based on substantive due process:  (1) a previously unidentified judicially enforceable fundamental right to "a climate system capable of sustaining human life"; and (2) a federal public trust doctrine to the same effect.  *See supra* pp. 4-5.  Both of these claims are manifestly wrong.

The Supreme Court has instructed courts considering novel due process claims to "exercise the utmost care whenever we are asked to break new ground in this field, lest the liberty protected by the Due Process Clause be subtly transformed" into judicial policy preferences, and lest important issues be placed "outside the arena of public debate and legislative action."  *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).  The Court has "regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition.' "  *Id*. at 720-21 (quoting *Moore v. City of East Cleveland*, 431 U.S. 494, 503 (1977) (plurality opinion)).  The district court's recognition of "an unenumerated fundamental right" to "a climate system capable of sustaining human life," 217 F. Supp. 3d at 1249-50, bears no resemblance to the sort of distinctly personal rights and liberties protected by the Due Process

18

Clause, has no basis in this Nation's history or tradition, and threatens to wrest fundamental policy issues of energy development and environmental regulation from "the arena of public debate and legislative action," *Glucksberg*, 521 U.S. at 720 — and from the agency processes that Congress has prescribed for considering and implementing regulatory policies by the Executive — into the supervision of the federal courts — indeed, here, into a single district court, in a suit brought by a few individuals with one perspective.

In no other case has a court found a fundamental right remotely comparable to a right to a particular "climate system" or to other aspects of the physical environment.  Although the district court relied on the recognition of a fundamental right to same-sex marriage in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), it is obvious that there is no relationship between a personal and circumscribed right to same-sex marriage and the alleged right to a climate system capable of sustaining human life that apparently would run to every individual in the United States.

Plaintiffs' state-created danger theory, ECF No. 7, ¶¶ 280-289, is equally flawed.  As a general matter, the Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989).  The Due Process Clause thus imposes no affirmative duty to protect a person who is not in state custody, and the limited exception recognized by

19

this Court (involving circumstances in which a governmental body has control over a particular individual's person and places him in imminent peril) has no application here. *See, e.g.*, *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989).

Plaintiffs' public trust claim fares no better. Plaintiffs attempt to invoke that rationale to impose judicially enforceable, extra-statutory obligations on the federal government's regulation of the fossil fuel industry and its alleged effects on the atmosphere. But Plaintiffs fail to identify a single decision applying a public trust doctrine in this novel manner. Even if such a non-constitutional doctrine could ever limit a sovereign's regulation of private parties, Plaintiffs' claim is unavailing because, as the Supreme Court and this Court have "repeatedly recognized," any such doctrine is purely a matter of state law and pertains only to a state's sovereign duties and power. *United States v. 32.42 Acres of Land*, 683 F.3d 1030, 1038 (9th Cir. 2012); *see also, e.g.*, *PPL Montana, LLC v. Montana*, 565 U.S. 576, 603 (2012) ("[T]he public trust doctrine remains a matter of state law."). Moreover, even if a common law public trust doctrine could ever constrain the federal government's protection of the atmosphere, it has been displaced by the Clean Air Act. That Act defines the scope of EPA's duties to regulate greenhouse gas emissions and the extent to which federal courts may enforce those duties. *See American Electric Power v. Connecticut*, 564 U.S. 410, 424 (2011). Indeed, the D.C. Circuit rejected

a nearly identical public trust claim as "insubstantial, implausible, [and] completely devoid of merit" in a recent suit brought by Plaintiffs' counsel. *Alec L. ex rel. Loorz v. McCarthy*, 561 Fed. Appx. 7 (D.C. Cir.), *cert. denied*, 135 S. Ct. 774 (2014).

The Supreme Court is likely to accept at least one of these arguments and ultimately grant the government relief that would obviate the impending trial. Therefore, the government is likely to succeed on its petition to the Supreme Court.

## II.    The balance of the equities counsels in favor of a stay.

The remaining stay factors also weigh strongly in favor of staying further discovery and trial pending the government's forthcoming petition to the Supreme Court.

### A.    Without a stay, the government will be irreparably harmed.

Absent a stay, the government will be forced to proceed with a 50-day trial that is fundamentally inconsistent with Article III and the separation of powers under the Constitution, as well as with procedures Congress has prescribed in agencies' organic statutes and the APA for agencies to consider factual and legal issues concerning major policy and for the courts to review their determinations. Trial would force the government to address climate-change policy not in APA rulemakings and other agency actions authorized by statutes such as the Clean Air Act, but in a single trial court in Oregon. These injuries would be caused by the trial itself, and so they could not be remedied on appeal. *See Ninilchik Traditional*

*Council v. United States*, 227 F.3d 1186, 1194 (9th Cir. 2000) (explaining that APA judicial review provisions "function[] as a default judicial review standard").

That is improper. Plaintiffs' efforts to require the defendant agencies to develop and implement a comprehensive, government-wide energy policy outside of the congressionally-prescribed statutory framework runs roughshod over fundamental separation of powers principles. It violates the vesting of "legislative Power" in the Congress, U.S. Const. art. I, § 1, and to the extent it seeks to require the President and executive agencies to develop and implement such policies, it violates the Constitution's vesting of "executive Power . . . in a President of the United States," *id.*, art. II, § 1, cl. 1.

The APA limits judicial review to the administrative record of action taken within the scope of an agency's authority. 5 U.S.C. § 706. As the Supreme Court recognized, even before enactment of the APA, permitting an agency's "finding to be attacked or supported in court by new evidence" as Plaintiffs seek to do here, improperly "substitute[s] the court for an administrative tribunal." *Tagg Bros. & Moorhead v. United States*, 280 U.S. 420, 444 (1930). That would allow this Court to "usurp[] the agency's function." *Unemployment Compensation Commission v. Aragon*, 329 U.S. 143, 155 (1946). Yet no part of Plaintiffs' claims purports to challenge governmental action under the APA. Absent a stay, the government will be forced to prepare for and endure a 50-day trial concerning Plaintiffs' efforts to

obtain a decree by a federal court concerning various factual and predictive matters and conceivable regulatory measures in a suit against the President and numerous Executive officials and agencies without regard to the substantive and procedural measures that Congress has provided for agencies to participate in such matters. No court has authority to enter such a decree or to conduct proceedings directed to such a decree — all the while violating its obligations under the APA and transgressing the separation of powers under the Constitution.

### B.    Plaintiffs will not be harmed by a stay.

On the other side of the balance, Plaintiffs can make no credible claim that a relatively brief stay to decide the government's mandamus petition will cause them irreparable harm. Plaintiffs' alleged injuries stem from the cumulative effects of $CO_2$ emissions, hundreds of years in the making. *See* ECF No. 274-1 at 8 (expert report of James E. Hansen). As one of Plaintiffs' own experts recognizes, climate change "is not something that can be stopped in the near term." ECF No. 275, ¶ 18 (declaration of Harold R. Wanless); *see also* ECF No. 262-1 at 2 (expert report of Eric Rignot) ("It is not clear how much of this sea level rise can be avoided by slowing down climate warming or even cooling the planet again."). A brief stay to allow the Supreme Court to consider whether this suit is a permissible and appropriate means to address climate change will not appreciably harm Plaintiffs.

### III.    The Court should stay discovery and trial pending resolution of this petition.

At a minimum, given the impending trial date, the government asks this Court to stay all discovery and trial while it considers this mandamus petition. *See* 9th Cir. General Order 6.8a (providing that the motions panel "may also issue a stay or injunction pending further consideration of the application").[2]  The government will file its petition for a writ of mandamus or, in the alternative for a writ of certiorari, in the Supreme Court by Wednesday, October 17.  Such a filing is necessary to give the Supreme Court ample time to consider the petition before the October 29 trial date, and also to comply with the deadline to file a petition for a writ of certiorari seeking review of this Court's July 2018 decision denying the government's prior mandamus petition.

### CONCLUSION

For the foregoing reasons, this Court should issue a writ of mandamus to stay district court proceedings, specifically including the trial scheduled for Monday, October 29, pending the resolution of the government's forthcoming petition in the Supreme Court.

---

[2] Although Federal Rule of Appellate Procedure 8(a)(1) does not expressly refer to a stay pending review of a petition for a writ of mandamus under Rule 21, the government has nevertheless asked the district court for a stay pending resolution of this petition for mandamus.  *See supra* p. 8.

Dated:  October 12, 2018.

Respectfully submitted,

s/ Eric Grant
JEFFREY H. WOOD
*Acting Assistant Attorney General*
ERIC GRANT
*Deputy Assistant Attorney General*
ANDREW C. MERGEN
SOMMER H. ENGELS
ROBERT J. LUNDMAN
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

Counsel for Petitioners

## STATEMENT OF RELATED CASES

There are two related cases within the meaning of Circuit Rule 28-2.6, namely, the government's prior petitions for a writ of mandamus: *In re United States*, 884 F.3d 830 (9th Cir. 2018) (No. 17-71692); and *In re United States*, 895 F.3d 1102, 1105 (9th Cir. 2018) (No. 18-71928).

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the length limits permitted by Circuit Rules 21-2(c) and 32-3(2), i.e., 8,400 words.  The petition is 5,921 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).  The petition's type size and type face comply with Federal Rule of Appellate Procedure 32(a)(5) and (6).

s/ Eric Grant_____
Eric Grant

Counsel for Petitioners

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, I electronically filed the foregoing petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

On this date, a notice of filing of this petition, including the petition itself, will be lodged in the district court in the underlying matter, and service in compliance with Federal Rule of Appellate Procedure 21(a)(1) will be accomplished through the district court's CM/ECF system. All counsel in this case are participants in the district court's CM/ECF system. In addition, a courtesy copy of the foregoing brief has been provided via e-mail to the following counsel:

Julia A. Olson
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln Street
Eugene, Oregon 97401

Philip L. Gregory
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, California 94062

Daniel M. Galpern
Dan.Galpern@gmail.com
Law Offices of Daniel M. Galpern
1641 Oak Street
Eugene, Oregon 97401

Andrea K. Rodgers
Andrearodgers42@gmail.com
Law Offices of Andrea K. Rodgers
3026 NW Esplanade
Seattle, Washington 98117

s/ Eric Grant
Eric Grant

Counsel for Petitioners