IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KELSEY CASCADIA ROSE JULIANA, *et al.*,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 6:15-cv-01517-AA
**OPINION AND ORDER**

AIKEN, Judge:

    Plaintiffs move this Court to take judicial notice of some 386 purported federal government documents. [1] [2] (doc. 254)  Federal defendants do not object to the Court taking notice of the existence and authenticity of 286 of those documents.  They offer specific objections to 42 of documents, while taking no position on the remaining 58.  Federal defendants

---

[1] Plaintiffs' have also filed a second motion *in limine* (doc. 340) seeking judicial notice of other various documents.  Given the later date at which it was filed, a separate order will issue disposing of the motion.

[2] The documents in question have been filed as exhibits and can be found at docs. 270 and 299.  An appendix of all the documents can be found on the docket at doc. 254-1.

contend that the Court should only take judicial notice of the 286 documents to which they specifically do not object.

Under the Federal Rules of Evidence, judicial notice may be taken at any stage in the proceedings. Fed. R. Evid. 201(f). The "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Judicial notice may be taken of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Callister v. Owen*, 2017 WL 1499224, at *2 (D. Idaho 2017) (citing to *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp.3d 1362, 3181 (C.D. Cal. 2014)); *also Daniels–Hall v. Nat'l Educ. Assoc.*, 629 F.3d 992, 999 (9th Cir.2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute.... This includes public records and government documents available from reliable sources on the Internet.") (Internal citations omitted)). When the court takes notice of a public record, including websites, it does so "not for the truth of the facts recited therein, but for the existence of the [record] which is not subject to reasonable dispute over its authenticity." *Vesta Corp. v. Amdocs Management Ltd.*, 129 F.Supp. 3d 1012, 1021 (D. Or. 2015) (internal citations omitted).

Courts may take notice of website content and press releases, for example, when they are "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2009). The Ninth Circuit defines "public records" under Fed. R. Evid. 201 to include "records and reports of

administrative bodies." *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). But, when the court takes notice of a public record, including websites, it does so "not for the truth of the facts recited therein, but for the existence of the [record] which is not subject to reasonable dispute over its authenticity." *Vesta Corp. v*, 129 F. Supp.3d at 1021. (internal citations omitted). Generally, "courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015).

Initially, the Court notes that plaintiffs have elected withdraw the following documents: Exs. 51, 55, 65, 66, 67, 68, 69, 128, 278, 282, 283, 284, 286, 293, 301, 322, 323, 324, 325, 327, 360, 384. Decl. of Rodgers at ¶ 4, Ex. 2. Federal defendants offer specific objections to the following documents provided by plaintiffs: Exs. 4, 6, 7, 13, 17, 18, 19, 20, 24, 29, 100, 102, 107, 110, 129, 130, 249, 250, 251, 299, 305, 306, 307, 308, 309, 310, 311, 316, 326, 334, 338, 343, 350, and 354. Federal defendants also take no position regarding the following documents: Exs. 1, 2, 3, 5, 9, 11, 21, 22, 28, 32, 33, 34, 37, 39, 43, 72, 74, 76, 80, 94, 108, 114, 116, 160, 162, 164, 167, 182, 184, 191, 193, 209, 211, 252, 268, 269, 287, 295, 298, 314, 319, 363, 377, and 378.

The Court takes judicial notice of the 286 documents to which federal defendants do not specifically object. In their briefing, plaintiffs provide uniform record location ("URL") addresses from government run websites for some of the documents to which federal defendants do not stipulate. See Exs. 2, 5, 6, 7, 18, 21, 33, 37, 74, 76, 160, 162, 164, 167, 184, 250, 251

252, 268, 287, 295, 310, 319, 363, 377, 378.  Accordingly, the Court finds those documents to be from reliable sources and takes judicial notice of them.

After examining the contested documents and URL addresses provided by plaintiffs, the Court finds that the following documents are from sources whose accuracy cannot reasonably be questioned and thus are proper subjects for judicial notice.  Ex. 1, 17, 28 are government documents digitized by the HathiTrust and hosted on its public website. HathiTrust is a partnership of major research institutions and libraries, including some of the most well respected universities in the country, which hosts a repository of digital content from research libraries.  https://www.hathitrust.org/about.  The Court finds this source reasonably reliable. Accordingly, the Court takes notice of these documents.

Exs. 43, 114, 116, 191, 193, 209, 211 are various Congressional Research Service ("CRS") reports hosted on the Federation of American Scientists public website. Ex. 298 is also a CRS report, but is hosted on a separate website.  Other courts in and out of this circuit have taken judicial notice of CRS reports. *See Johnson v. Ashley Furniture Indus., Inc.*, 2014 WL 6892173, at *1 (S.D. Cal. 2014); *United States ex rel. RBC Four Co., LLC v. Walt Disney Co.*, 2013 WL 12131741, at *4 n.4 (C.D. Cal. 2013); *See also Dine Citizens Against Ruining Our Env't v. Jewell*, 2015 WL 4997207, at *5 (D.N.M. 2015), *aff'd*, 839 F.3d 1276 (10th Cir. 2016) (citing directly to CRS reports hosted on the Federation of American Scientists' public website). Following that persuasive authority, the Court takes judicial of the CRS reports offered here.

Ex. 4 is a government report available from the Jimmy Carter Presidential Library at https://www.jimmycarterlibrary.gov/digital_library/sso/148878/31/SSO_148878_031_07.pdf. Ex. 13 is a government document available on the public website of the National Academy of the Sciences, Engineering, and Medicine which was created by an act of Congress to provide

scientific expertise to the United States Government. Exs. 19 and 129 are the same government document which is available from the National Security Archive hosted George Washington University and which was obtained pursuant to a Freedom of Information Act request from the United States State Department. Ex. 22 is a government document made available through DigitalGeorgetown, a repository service offered and administered by the Georgetown University Library. Ex. 32 is the text of a speech given by President George W. Bush and is available at https://georgewbush-whitehouse.archives.gov/news/releases/2002/02/20020214-5.html. Ex. 34 is a government document available from a government website located at https://pe rmanent.access.gpo.gov/lps94771/20071210101633.pdf. Ex. 39 is a government document available online at the Homeland Security Digital Library ("HSDL"). HDSL is sponsored by the United States Department of Homeland Security's National Preparedness Directorate, Federal Emergence Management Agency, and the Naval Postgraduate School Center for Homeland Defense and Security. Ex. 72 is a CRS report available from the National Agricultural Law Center, which a federally funded nonpartisan research center hosted at the University of Arkansas. Ex. 94 is a report from National Resource Council made available from the publishing arm of National Academies of Sciences, Engineering and Medicine. Ex. 102 is a CNBC news interview with current Secretary of Energy Rick Perry,\ and it is an acceptable news report for judicial notice. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'").

The Court was unable to access Exs. 305, 306, 308, 309, and 311 through the url addresses provided by plaintiffs. However, these are government reports available through the

U.S. Army Corps of Engineers public website and can be viewed at https://usace.contentdm.oclc.org/utils/getfile/collection/p16021coll2/id/2668%20, https://usace.contentdm.oclc.org/utils/getfile/collection/p16021coll2/id/1829, http://cwbi-ndc-nav.s3-website-us-east-1.amazonaws.com/ports.html. Ex. 307 is a government report and can found on a government website at https://www.bts.gov/sites/bts.dot.gov/files/docs/browse-statistical-products-and-data/port-performance/216906/port-performance-2017-revised-2-12-18.pdf). Ex. 314 is also a government report which the Court found available on a government website at https://obamawhitehouse.archives.gov/sites/default/files/docs/2015_national_security_strategy_2.pdf.

After review, the Court does not take notice of Exs. 9, 11, 20, 24, 29, 80, 100, 107, 108, 110, 130, 299, 316, 326, 334, 338, 343, 350. Plaintiffs have either not yet provided an adequate foundation as to the authenticity of these remaining documents, or they are not available on the internet at a reliable source. As such, they are not appropriate for judicial notice at this time.

## CONCLUSION

Plaintiffs' Motion *in Limine* (doc. 254) is GRANTED IN PART and DENIED in part as outlined in this opinion. Plaintiffs remain free to seek to introduce these exhibits at trial consistent with the Federal Rules of Evidence.

IT IS SO ORDERED.

Dated this 15th day of October 2018.

Ann Aiken
United States District Judge