JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
(202) 305-0445 (Duffy)
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No.: 6:15-cv-01517-TC |
| Plaintiffs, | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF SIX EXPERTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| The United States of America, *et al.*, | |
| Defendants. | |

1

DEFS.' MOTION IN LIMINE
CONCERNING UNDISPUTED FACTS

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
## CERTAIN TESTIMONY OF SIX EXPERTS

Plaintiffs have estimated that the trial set to commence on October 29 could take up to eight weeks, a figure which no doubt reflects Plaintiffs' intent to consume numerous days presenting expert testimony on issues not in dispute in this case – in particular, the effects of greenhouse gas (GHG) emissions and climate change. The parties explored these details in excruciating detail in the lengthy complaint and answer filed in this case. Further exploration at trial would be unhelpful to the Court as trier of fact and an inefficient use of judicial and party resources. These concerns may be avoided under either Rule 403 or Rule 702(a) of the Federal Rules of Evidence, either of which authorizes the Court to exclude such evidence at trial.

Defendants seek exclusion of this evidence because it pertains to contentions that are admitted and thus not in dispute. The Court should exclude the evidence because it cannot be expected to "help the trier of fact to understand the evidence or to determine a fact *in issue*," Fed. R. Evid. 702(a) (emphasis added), and because the probative value of such evidence is "substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, Defendants respectfully request an order excluding such testimony from trial, as more fully described below.

## MEMORANDUM OF LAW

### I.  LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence sets forth the standard for admissibility of expert opinion testimony. It provides that a witness who is qualified by "knowledge, skill, experience, training, or education" may testify in the form of an opinion if, among other things, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  The trial court acts as the "gatekeeper" in admitting or excluding proposed expert testimony.  In this role, the Court is charged with

> assuring that expert testimony "rests on a reliable foundation and is relevant to the task at hand." The gatekeeper role "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue."

*United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (citation omitted) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993)).  In addition, under Rule 403, the Court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.    ARGUMENT

The amended complaint in this case, ECF No. 7, consists of ninety-five pages and a host of allegations, set forth in more than 300 numbered paragraphs.  Defendants assessed these allegations and responded in a seventy-page answer.  Their responses include numerous admissions, many of which demonstrate that the parties, for purposes of this litigation, do not dispute a great number of the effects of GHG emissions and climate change.  *See, e.g.*, Fed. Defs.' Answer to First Am. Compl. ¶¶ 202-255, ECF No. 98 (admissions concerning climate change science and projected impacts).  The resolution of complex questions of climate science at trial is not necessary to dispose of the claims in this lawsuit, nor would opining on such matters be appropriate in this forum where, for purposes of this litigation, the government's answer does not dispute those matters.

Nonetheless, it appears Plaintiffs intend to present lengthy testimony on fact, opinion and law from six witnesses, specifically, Dr. James E. Hansen, Ph.D., Dr. Ove Hoegh-Guldberg, Ph.D., Dr. Eric Rignot Ph.D., Dr. Steven W. Running, Ph.D., Dr. Kevin E. Trenberth, Sc.D., and Dr. Harold R. Wanless.  Defendants base this expectation on the nearly 200 pages of fact testimony, opinion testimony, maps and other graphics, and legal conclusions contained in the expert reports of these six witnesses.  All six witnesses discuss in considerable detail the causes of climate change and its effects on earth's natural and biological systems.  All six note that combustion of fossil fuels produces carbon dioxide ($CO_2$) and other GHGs, which cause global warming.  All six discuss the effects of global warming, variously including polar ice melt, earlier annual snow melt, reduced snow pack, sea-level rise, sea temperature increases, threats to coastal cities, adverse impacts to coral reefs and the life forms they support, more powerful storms and hurricanes, wildfires, drought, floods, and a variety of other impacts.  The answer acknowledges all of these effects for purpose of this litigation.

The trial judge has discretion to determine whether expert testimony is admitted, *see United States v. Rincon*, 28 F.3d 921, 925 (9th Cir. 1994), and "may exclude testimony even if it satisfies the test set forth in" *Daubert*, 509 U.S. at 592–93.  *United States v. Strode*, No. 99-30074, 2000 WL 890740, at *2 (9th Cir. 2000).  Further, "even if otherwise admissible under Rule 702, expert testimony 'may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"  *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHX), 2014 WL 10894452, at *3 (C.D. Cal. Oct. 31, 2014) (quoting Fed. R. Evid. 403).

The Court should exercise its discretion here by excluding any testimony reflected in the six reports that is cumulative or that relates to matters not in dispute.  As to the former, Rule 403

4

DEFS.' MOTION IN LIMINE
CONCERNING UNDISPUTED FACTS

permits the Court to exclude needlessly cumulative testimony that has little incremental value. *United States v. Miguel*, 87 Fed.Appx. 67, 68-69 (9th Cir. 2004). "Cumulative evidence replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979). A witness's testimony may be needlessly cumulative if a party presents evidence bearing on the same point through other witnesses. *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1430 (9th Cir. 1991) (affirming district court's decision to exclude witness testimony that had little probative value and was cumulative). As to the latter, courts have also excluded evidence relating to matters not in dispute. *See Thames v. Miller*, No. CV04-00644 DAE/LEK, 2007 WL 1303014, at *3 (D. Haw. May 2, 2007), *aff'd*, 334 F. App'x 136 (9th Cir. 2009) (granting defendant's motion in limine to preclude plaintiff from producing any testimony or evidence pertaining to a property that was not in dispute); *see also Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (affirming district court decision to exclude evidence that would not assist the trier of fact); " *Little Oil Co., Inc. v. Atlantic Richfield Co.*, 852 F.2d 441, 446 (9th Cir. 1988) (noting that to be admissible, the trier of fact must "receive 'appreciable help'") (citations omitted). Here, the presentation of expert testimony at trial concerning the effects of GHG emissions and climate change cannot be expected to help the trier of fact to understand the evidence or determine a fact in issue.

In light of Defendants' admissions, numerous assertions by Plaintiffs concerning effects of GHG emissions and climate change are not in dispute for purposes of this litigation. Testimony concerning these matters will not help the Court determine any facts in issue and would needlessly expend the Court's and the parties' resources, while defeating the goal of judicial economy. For that reason, Plaintiffs' proposed expert testimony on those issues is not necessary to help this Court "understand the evidence or to determine a fact in issue," Fed. R.

5

Evid. 702, and its probative value "is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The testimony should be precluded.

### III.  CONCLUSION

The interests of justice and judicial economy will be served by avoiding the wasteful, time-consuming presentation of cumulative evidence concerning facts not in issue. Accordingly, this Court should enter an order *in limine* excluding at trial any testimony concerning the facts that Defendants have admitted in their Answer for purposes of this litigation.

Dated: October 15, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Erika Norman*
LISA LYNNE RUSSELL
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0475
Facsimile:  (202) 305-0506
Erika.Norman@usdoj.gov

*Attorneys for Defendants*