JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
Andrearodgers42@gmail.com
Law Offices of Andrea K. Rodgers
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al., <br><br> Plaintiffs, <br><br> v. <br><br> The **UNITED STATES OF AMERICA**; **DONALD TRUMP**, in his official capacity as President of the United States; et al., <br><br> Defendants. | Case No.: 6:15-cv-01517-AA <br><br> **PLAINTIFFS' THIRD MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE OF PUBLICLY AVAILABLE DOCUMENTS** |

**PLAINTIFFS' THIRD MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE OF PUBLICLY AVAILABLE DOCUMENTS**

**INTRODUCTION**

Plaintiffs respectfully request that the Court take judicial notice of publicly available documents that Plaintiffs intend to use in their case in chief at trial and identified in **Appendix A**. This third Motion for Judicial Notice is supported by the attached Declaration of Andrea K. Rodgers ("Rodgers Decl."). These documents include official government reports and data that were obtained from the government or other verifiable sources, including but not limited to the Defendants in this case. Therefore, these documents contain information the accuracy of which cannot reasonably be questioned and are appropriate subjects for judicial notice. Fed. R. Evid. 201(b). The parties have conferred about this motion and have exchanged the documents in advance of this filing in an attempt to resolve any objections the Defendants may raise prior to the filing of this motion. Rodgers Decl. ¶ 9. *See* LR 7-1(a). After that conferral process, Defendants currently object to 352 documents, take no position on 74 documents and object to 9 documents. Rodgers Decl. ¶ 9; Appendix A. There are an additional 17 documents that Plaintiffs identified for inclusion after the conferral process that have not yet been reviewed by Defendants. Rodgers Decl. ¶ 10. For the reasons set forth below, Plaintiffs respectfully request that the Court take judicial notice of all documents listed in Appendix A because Defendants' remaining objections are unfounded.

**ARGUMENT**

The Federal Rules of Evidence provide that judicial notice may be taken of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is proper only when the matter is "beyond reasonable controversy." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting advisory committee's note to Fed. R.

Evid. 201). Attached hereto as **Appendix A** is a table containing publicly available documents for which the Plaintiffs seek judicial notice. The Plaintiffs seek judicial notice of the following categories of documents: (1) documents produced and maintained by the federal government; (2) congressional testimony and reports; (3) articles from newspapers of record; (4) documents produced by intergovernmental organizations; and (5) court filings from other cases.

## I. Documents Produced and Maintained by the Federal Government

Plaintiffs request that this Court take judicial notice of federal government documents hosted on official government websites, including many produced and maintained by Defendants themselves. Federal government documents appropriate for judicial notice include, but are not limited to, official executive and legislative acts, *see, e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942 (C.D. Cal. 2014), and "records and reports of administrative bodies," *Interstate Nat. Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). This Court can, and has, taken judicial notice of government documents that are hosted on official government websites. *See* Doc. 368 at 3–4 (taking judicial notice of documents from "government run websites" because they are "from reliable sources"); *see also, e.g.*, *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'y v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (taking judicial notice of government documents on government website); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (same). As this Court has already determined that federal government documents hosted on official government websites are "from reliable sources" within the meaning of Federal Rule of Evidence 201, this Court should take judicial notice of the federal government documents submitted in this third Motion *in Limine*.

Further, Plaintiffs have submitted public records of official actions, correspondence, and

remarks from prior administrations hosted on the official websites of each administrations' respective archival websites. *E.g.*, Ex. 322, 377, 380, 383, 398, 430. These documents are hosted on official government websites, and this Court has recognized archival documents from previous administrations as suitable for judicial notice. Doc. 368 at 5; *see also Steffan v. Cheney*, 780 F. Supp. 1, 15 (D.D.C. 1991) (taking judicial notice of report by a previous administration's Presidential Commission in a suit against federal agency defendants). Plaintiffs request this Court take judicial notice of these official government documents under Federal Rule of Evidence 201.

Plaintiffs also request that this Court take judicial notice of government documents hosted on non-governmental websites that this Court has already deemed reliable. Plaintiffs submit documents hosted on the website of the publishing branch of the National Academy of Sciences, Engineering and Medicine, an online source that this court has already found reasonably reliable for judicial notice. *See* Doc. 368 at 4–5; *see also United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *Greenberg v. Target Corp.*, No. 17-CV-01862-RS, 2017 WL 9853748, at *1 (N.D. Cal. Aug. 28, 2017). Additionally, Plaintiffs submit a number of government documents digitized by and hosted on the website of HathiTrust, "a partnership of major research institutions and libraries, including some of the most well respected universities in the country" that this Court previously found to be "reasonably reliable." Doc. 368 at 4. Plaintiffs also submit official presidential documents hosted on the website of The American Presidency Project, an online archive of digitized versions of official presidential documents hosted at the University of California, Santa Barbara, a major educational institution.[1] *Cf.* Doc. 368 at 5 (taking judicial notice of government documents hosted on a different archive service

---

[1] The American Presidency Project, http://www.presidency.ucsb.edu/index.php (last visited Oct. 15, 2018).

**PLAINTIFFS' THIRD MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE OF PUBLICLY AVAILABLE DOCUMENTS**     4

hosted at a major educational institution). These official government documents are all hosted on websites with reasonable reliability and should be judicially noticed.

Finally, Plaintiffs have submitted a number of official government documents for which there was no online access available. *E.g.*, Ex. 293, 370, 378, 385, 413, 414, 418, 419, 420, 426. Rule 201 does not require that sources submitted for judicial notice be available online, and in fact the practice of taking judicial notice existed long before the internet. See Fed. R. Evid. 201 (first enacted July 1975); *cf. Greeson v. Imperial Irr. Dist.*, 59 F2d 529, 531 (9th Cir. 1932) (taking judicial notice of facts in 1932). These documents were obtained by Plaintiffs from former government employees and from physical visits to the federal government's National Archives Records Administration (NARA) and Presidential Libraries. Rodgers Decl. ¶ 3. As Plaintiffs have obtained these government records directly from government archives and employees, these documents are reasonably reliable sources appropriate for judicial notice.

## II. Congressional Testimony and Reports

Taking judicial notice of congressional testimony and reports is a standard, long-held practice within the Ninth Circuit and beyond, and this Court should continue to recognize the trusted accuracy of these sources. *See, e.g.*, *United States v. Choate*, 576 F.2d 165, 207–08 (9th Cir. 1978); *Greeson*, 59 F.2d at 531 (courts should judicially notice "reports of Commissions made to Congress, and proceedings thereon") (citing *The Appollon*, 22 U.S. (9 Wheat.) 362, 6 L. Ed. 111 (1824)); *321 Studios v. Metro Goldwyn Mayer Studios, Inc.*, 307 F. Supp. 2d 1085, 1107 (N.D. Cal. 2004) (taking judicial notice of four hearings before U.S. House of Representatives); *cf.* Doc. 375 (motion *in limine* filed by Defendants seeking judicial notice of "446 Congressional hearing reports"). Plaintiffs request judicial notice of testimony of government officials before Congress. *E.g.*, Ex. 416, 428, 431. The testimony submitted was delivered to Congress under

oath and is transcribed by the Government Publishing Office[2] or hosted on official government websites. Plaintiffs request that this Court take judicial notice of the submitted congressional reports and hearings.

Plaintiffs additionally submit a number of reports produced by the Congressional Research Service (CRS), a "legislative branch agency",[3] and the Office of Technology Assessment (OTA) working on behalf of the United States Congress. *E.g.*, Ex. 386, 424, 425, 427, 429, 436. Courts, including this one, have taken judicial notice of CRS reports. Doc. 368 at 4–5 (taking judicial notice of CRS reports hosted on websites of Federation of American Scientists, the National Agricultural Law Center, and http://www.everycrsreport.com/); *see, e.g.*, *Johnson v. Ashley Furniture Indus., Inc.*, 13-CV-2445-BTM-DHB, 2014 WL 6892173, at *1 (S.D. Cal. Nov. 4, 2014). As sources hosted on websites that this Court and other courts have already determined reliable, this Court should take judicial notice of the reports produced on behalf of the United States Congress submitted for judicial notice with this Motion.

**III.  Articles from Newspapers of Record**

Federal Rule of Evidence 201(b)(1) provides that courts may take judicial notice of facts "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1). The Ninth Circuit has held that courts may take judicial notice that a fact is generally known to the public if it is widespread in that region's news media, including when featured as website content. *Lee v. City of Los* Angeles, 250 F.3d 668, 688–89 (9th Cir. 2009); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995). "Courts may take judicial notice of

---

[2] Some of this congressional testimony is hosted on HeinOnline, an academic database collection that contains, among other sources, the entire Congressional Record and Federal Register. HeinOnline, https://heinonline.org/ (last visited Oct. 15, 2018).

[3] *Congressional Research Service Careers*, Library of Congress, https://www.loc.gov/crsinfo/ (last visited Oct. 15, 2018).

publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted); *see, e.g.*, *United States v. Pickard*, 100 F. Supp. 3d 981, 989 (E.D. Cal. 2015) ("The court takes judicial notice of the fact that the U.S. Surgeon General, during a televised interview on 'CBS This Morning' on February 4, 2015, made a statement about marijuana's efficacy for some medical conditions and symptoms."). Courts have even taken judicial notice of the veracity of statements made in news reports beyond simply acknowledging that the statement was made. *Cty. of Santa Clara v. Trump*, 275 F. Supp. 3d 1196, 1209 (N.D. Cal. 2017) ("I take judicial notice of Attorney General [Jeff] Sessions' statements in his op-ed as the veracity of these statements 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. § 201 (b)(2).").

Plaintiffs submit a number of news reports from Oregon news outlets local to this Court and thus "generally known within the trial court's territorial jurisdiction." *E.g.*, Ex. 2, 3, 4, 6, 8, 10, 11, 13. Plaintiffs also submit nationally-recognized newspapers such as the New York Times that would be "generally known" within the jurisdiction of any trial court, including this one. *E.g.*, Ex. 317, 360. This Court should take judicial notice of the documents submitted as sources of news "generally known" within the Court's jurisdiction.

### IV. Documents Issued by Intergovernmental Organizations

Plaintiffs request judicial notice of documents created by subagencies of the United Nations. Ex. 435 (Intergovernmental Panel on Climate Change)[4]; Ex. 337 (World Health

---

[4] The Intergovernmental Panel on Climate Change (IPCC) "is the leading international body for the assessment of climate change" and was established by the World Meteorological Organization (WMO) and United Nations Environment Programme (UNEP) in 1988.

Organization). Documents published by intergovernmental organizations such as the United Nations are considered "published by a governmental entity and are not subject to reasonable dispute" and thus "are appropriate for judicial notice." *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 (C.D. Cal. 2015), *aff'd*, 730 F. App'x 464 (9th Cir. 2018). The documents published by intergovernmental organizations that Plaintiffs request this Court to judicially notice are "sources whose accuracy cannot reasonably be questioned." Fed. Rule of Evid. 201(b)(2). This Court should take judicial notice of these documents accordingly.

## V. Court Filings from Other Cases

The Ninth Circuit has recognized that "[w]e may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking judicial notice of court filings). Plaintiffs submit a complaint filed by the United States in federal court as Ex. 312. Plaintiffs request that this Court take judicial notice of this court filing as a "matter of public record" that is regularly accepted for judicial notice. *Reyn's Pasta Bella*, 442 F.3d at 741.

## **CONCLUSION**

Even if Defendants argued that the contents of these documents were "subject to . . . dispute," this Court may nevertheless take judicial notice of the existence of the documents. *Cf. Lee*, 250 F.3d at 690 (finding that a court may take judicial notice of the existence of another court's opinion); *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006) (finding that a court could take judicial notice of the existence of testimony even if the

---

*Organization*, IPCC, http://www.ipcc.ch/organization/organization.shtml (last visited Oct. 10, 2018). The IPCC "is open [for membership] to all member countries of the WMO and the United Nations," with 195 current member states. *Id.*

**PLAINTIFFS' THIRD MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE OF PUBLICLY AVAILABLE DOCUMENTS**    8

truthfulness of the testimony was disputed). To the extent that Defendants seek to call into question the substance of the documents, this does not change the fact that taking judicial notice of the documents themselves is appropriate here.

Each table on **Appendix A** has eight columns containing the following information: (1) Exhibit number; (2) Title of the referenced document; (3) Date of the referenced document; (4) Bates number(s) given by Plaintiffs to the referenced document; (5) Source/Author of the referenced document; (6) The website url/document location for the referenced document; (7) The date the referenced document was accessed by Plaintiffs; and (8) Defendants' position as to the document. True and correct copies of all documents listed in each of the tables that Plaintiffs seek to have judicially noticed are attached to the Rodgers Declaration as **Exhibits 1-452**.

For the aforementioned reasons, Plaintiffs respectfully request this Court take judicial notice of the documents described in **Appendix A** hereto and attached as **Exhibits 1-452** to the Rodgers Declaration filed herewith.

DATED this 15th day of October, 2018.

Respectfully submitted,

/s/ Andrea K. Rodgers

| | |
|---|---|
| Andrearodgers42@gmail.com | PHILIP L. GREGORY (*pro hac vice*) |
| Law Offices of Andrea K. Rodgers | pgregory@gregorylawgroup.com |
| 3026 NW Esplanade | Gregory Law Group |
| Seattle, WA 98117 | 1250 Godetia Drive |
| Tel: (206) 696-2851 | Redwood City, CA 94062 |
| | Tel: (650) 278-2957 |

JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825