JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 6:15-CV-01517-AA<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CORRECTED PROPOSED PRETRIAL ORDER** |

Defendants hereby move to strike the Corrected Proposed Pretrial Order filed unilaterally by Plaintiffs on October 18, 2018. ECF No. 394. The Corrected Proposed Pretrial Order is improper because it replaces one misrepresentation regarding the position of Defendants during the conferral process with another. Although Plaintiffs have clarified that Defendants have not agreed to any of the 728 "agreed facts" set forth by Plaintiffs, they now accuse Defendants of "refus[ing] to confer with the Plaintiffs on the Proposed Pretrial Order." ECF No. 394 at 3 n.2. In fact, the opposite is true. Defendants made multiple attempts to confer with Plaintiffs regarding the content of the pretrial order, including two specific suggestions of how the parties could reach a compromise. Plaintiffs rejected both proposals and unilaterally filed their proposed order on Monday, October 15 despite Defendants' offer to continue conferring on these issues during the week of October 15. The proposed pretrial order is also improper because it was submitted in violation of the Local Rules. Plaintiffs failed to provide their draft order to Defendants thirty days in advance of filing and to allow Defendants fourteen days to review their draft as required by Local Rule 16-5(c).

Defendants respectfully request that the Court strike Plaintiffs' Corrected Proposed Pretrial Order (ECF No. 394) as improper and prejudicial under the Local Rules. Defendants are prepared to stipulate that no pretrial order is necessary under Local Rule 16-5(a) because the parties' pleadings, briefing, and trial memoranda have adequately framed the issues for the Court. Should the Court desire a pretrial order, however, Defendants request that the Court order both parties to meaningfully confer on the contents of that order and submit a document that fairly represents the positions of both parties.

# BACKGROUND

At the August 27, 2018 conference with the Court, Plaintiffs proposed serving their draft of the proposed pretrial order on Defendants on September 24, having Defendants' response to Plaintiffs due October 5, and filing the final order on October 15. Tr. 8:14-24 (excerpts attached as Ex. A). Counsel for Defendants explained to the Court that Plaintiffs had not conferred with Defendants in advance about those dates and offered to meet and confer with Plaintiffs at a later date to discuss a mutually agreeable schedule. *Id.* at 9:1-6. For its part, the Court never formally set a deadline for the pretrial order and did not set a schedule for the parties' conferral on the order. *See* ECF No. 343 (setting a deadline for "trial memoranda" but not the pretrial order).

On October 5, 2018, nearly two weeks after their proposed date of September 24, Plaintiffs sent Defendants their draft of the pretrial order and requested that Defendants respond in five business days, by October 12, so that the parties could file the document on October 15. Ex. B (Oct. 5 email from Rodgers). Plaintiffs' draft proposed order was 175 pages long and included 716 "agreed facts." *See* Ex. C (Oct. 11 email from Boronow); Ex. E (Oct. 11 email from Boronow). On October 11, counsel for Defendants sent an email to Plaintiffs objecting to the proposed pretrial order as untimely because the Local Rules provided Defendants with fourteen days to review the draft provided by Plaintiffs. Ex. C; L.R. 16-5(c). Defendants explained that, although they were willing to begin the conferral process at that time, they could not meaningfully review the 175-page document and 716 alleged "facts" within five days and thus could not agree to an October 15 filing date. *Id.* Defendants proposed that the parties stipulate under Local Rule 16-5(a) that no pretrial order is necessary in this case given the extensive pleadings and briefing already filed. *Id.*

Plaintiffs responded by email that they were unwilling to stipulate to forgo the pretrial order and intended to file their version of the pretrial order unilaterally on October 15. Ex. D (Oct. 11 email from Olson). That same day, Defendants sent Plaintiffs a second email in response, explaining that "Plaintiffs' decision to provide Defendants a 175-page proposed pretrial order one week before the purported deadline is extremely prejudicial and in violation of the Local Rules." Ex. E. Defendants also noted that the over 700 alleged "agreed facts" in Plaintiffs' draft pretrial order consisted of Plaintiffs' characterizations of cherry-picked government documents, and instructed Plaintiffs that they "may not represent that those contentions are 'agreed facts.'" *Id.* Defendants pointed out that the effect of a pretrial order is to amend the pleadings, L.R. 16-5(d), and noted that Defendants did not intend to amend their pleadings. *Id.* Defendants suggested that if Plaintiffs wished to put these sorts of characterizations before the Court, they could do so in their trial memorandum. *Id.* Nevertheless, in an effort to reach agreement on the pretrial order, Defendants offered to include in the "agreed facts" section of the pretrial order complete and verbatim quotations from the Defendants' Answer. *Id.*

On October 12, the parties engaged in a telephonic conferral. On October 14, Defendants sent Plaintiffs an email memorializing their position, including another attempt at compromise. Ex. F (Oct. 14 email from Boronow). In that email, Defendants offered to send Plaintiffs their portions of the pretrial order, other than the "agreed facts" section, during the week of October 15, and to work with Plaintiffs to try to reach agreement on the pretrial order on a more reasonable timeline. *Id.* That email also stated that Defendants do not agree to the allegations in the "agreed facts" section of Plaintiffs' proposed order and instructed that Plaintiffs were "not authorized to submit those contentions as 'agreed facts.'" *Id.*

Plaintiffs did not respond to that email and, instead, on October 15, unilaterally filed their proposed pretrial order with the Court. The proposed pretrial order was 182 pages long and included 728 "agreed facts" to which Defendants never agreed. ECF No. 383. Moreover, it included new content that Plaintiffs had never before served on Defendants.

On October 17, Defendants sent Plaintiffs a letter asking that they withdraw the proposed pretrial order by 9:00 am Pacific Time on October 18 because it contained false statements and materially misrepresented Defendants' position. Ex. G. Specifically, Defendants explained that

> Prior to your filing of the proposed pretrial order, we expressly told you in two separate emails that Plaintiffs were not authorized to submit the over 700 contentions listed in your draft pretrial order as "agreed facts" because Defendants had not agreed to them. Plaintiffs nevertheless listed 728 allegations as "agreed facts" in the proposed order—including twelve that Defendants had never before seen—and stated, falsely, that "[t]he following facts are admitted by the parties."

*Id.*

In response to that letter, Plaintiffs did not withdraw the proposed order but instead, on October 18, filed a Notice of Errata to Plaintiffs' Proposed Pretrial Order and a Corrected Proposed Pretrial Order. ECF Nos. 393, 394. Although Plaintiffs clarified "that Defendants have not stipulated to any facts," ECF No. 393 at 2, they inserted a new footnote in the proposed order accusing Defendants of refusing to confer on the pretrial order:

> Based on their refusal to confer with the Plaintiffs on the Proposed Pretrial Order, the Defendants have not stipulated to the facts set forth in this section. This section constitutes Plaintiffs' position as to the agreed facts in this case.

ECF No. 394 at 3 n.2.

## ARGUMENT

Plaintiffs' proposed pretrial order should be struck by this Court because it improperly misrepresents Defendants' position during the conferral process, was submitted in violation of

the Local Rules, and does not serve the purpose for which a pretrial order is intended under the Local Rules: "to frame the issues for trial." L.R. 16-5(b).

**I.      Plaintiffs' Violation of the Local Rules and Failure to Meaningfully Confer on the Pretrial Order Have Prejudiced Defendants and Stymied Cooperation**

A pretrial order "amends the pleadings" and "will control the subsequent course of action or proceedings as provided in Fed. R. Civ. P. 16." L.R. 16-5(d). Because a pretrial order has such significant effects on the proceedings, it is intended to be a joint document that reflects the collaborative efforts of the parties. *See* L.R. 16-5. Plaintiffs' failure to confer and their unilateral submission of their own 182-page document containing 728 alleged "factual" contentions is extremely prejudicial to Defendants. It has also undermined what is supposed to be a cooperative process that streamlines both the pretrial conference and trial itself, and has instead generated yet another dispute that this Court must now address.

Local Rule 16-5(c) sets forth the conferral and filing requirements for pretrial orders:

> *Unless modified by the Court*, the time for service and filing of the proposed pretrial order will be as follows:
>
> (1) The plaintiff will, at least 30 days before the filing date, prepare and serve on all parties a proposed pretrial order.
>
> (2) Within 14 days after service of that proposed pretrial order, each other party will serve on all parties the objections, additions, and changes such party believes should be made to the plaintiff's proposed pretrial order.
>
> (3) All areas of disagreement must be shown in the proposed pretrial order, but the parties will make every effort to resolve such disagreements.
>
> (4) The proposed pretrial order must be signed by the parties, and the plaintiff must file it with the Court.

L.R. 16-5(c) (emphasis added).

Although Plaintiffs proposed an alternative schedule for service and filing of the pretrial order at the August 27 conference, the Court never modified the schedule. Nor did Plaintiffs at

any time after the August 27 conference approach Defendants about seeking a court order modifying the schedule.  Thus, the rules governing submission of the pretrial order that are in effect for this case have been, and continue to be, the default local rules that require Plaintiffs to serve their proposed pretrial order on Defendants "at least 30 days before the filing date."  L.R. 16-5(c)(1).

By serving their proposed order on Defendants on October 5, ten days—five business days—before their filing date of October 15, Plaintiffs violated the Local Rules.  As Defendants told Plaintiffs in their attempts to confer on this issue, that violation was extremely prejudicial given the extraordinary prolixity of Plaintiffs' proposed pretrial order and the number of alleged "agreed facts."  Exs. C, E.

In addition, prior to filing their initial proposed order on October 15, Plaintiffs made no attempt to meaningfully confer with Defendants regarding the contents of the pretrial order in violation of Local Rule 16-5.  Defendants made two specific offers to try to resolve the disagreement over the "agreed facts" section of the order.  First, they offered to stipulate that the order was not necessary, and, second, they offered to include complete verbatim quotations from their Answer in the "agreed facts" section.  Exs. C, E.  Plaintiffs rejected both of these offers but made no proposals of their own.  Defendants also requested additional time to complete their review of Plaintiffs' 175-page draft, which included 716 alleged "agreed facts" and hundreds of footnoted citations.  Ex. F.  Defendants offered to send Plaintiffs Defendants' portions of the pretrial order, and to continue to confer with Plaintiffs, during the week of October 15.  *Id.* Plaintiffs refused to allow Defendants a reasonable amount of time to review their 175-page draft document and instead filed their 182-page proposed pretrial order—which contained twelve

alleged "agreed facts" that Defendants had never before seen—on October 15, without ever attempting to negotiate the contents of that order.

What is more, despite two emails expressly instructing Plaintiffs that they were not authorized to submit their over 700 alleged "agreed facts" as "agreed facts" because Defendants did not agree to them, Exs. E, F, Plaintiffs nevertheless did just that in their October 15 filing. ECF No. 383 at 3. Only after Defendants sent a letter noting that the proposed pretrial order falsely stated that the 728 contentions were "admitted by the parties" and requesting that Plaintiffs withdraw the document did Plaintiffs amend their filing to correct that false statement. Ex. G; ECF No. 394 at 3.

But in correcting the one misrepresentation, Plaintiffs doubled down on another. In the introduction to the proposed order, they state that, during the conferral process, "Defendants refused to provide any input and refused to provide any sections." ECF No. 394 at 2. They also added a footnote accusing Defendants of "refus[ing] to confer with the Plaintiffs on the Proposed Pretrial Order." *Id.* at 3 n.2. Not only are these statements patently false in light of Defendants' multiple compromise proposals and requests of additional time to review Plaintiffs' lengthy draft and engage in conferral, Exs. C, E, F, they also ignore Plaintiffs' own violations of the Local Rules and failure to meaningfully confer. Indeed, at no point have Plaintiffs offered any compromise on their proposed order or their 728 alleged "agreed facts." Plaintiffs' actions speak for themselves: Plaintiffs have no interest in meaningfully conferring with Defendants to reach agreement on what is supposed to be a joint document, but instead are focused solely on using the pretrial order as a vehicle to improperly put their own allegations before the Court.

DEFS.' MOT. TO STRIKE PLS.' CORRECTED
PROPOSED PRETRIAL ORDER         - 8 -

## II. Plaintiffs' Proposed Pretrial Order Is Not a Pretrial Order

The purpose of a pretrial order is "to frame the issues for trial." L.R. 16-5(b). The order is intended to be a joint submission that contains "concise" statements and "agreed facts." L.R. 16-5(b). The 728 contentions submitted by Plaintiffs as "agreed facts"—which make up 176 pages, or 96.7% of the proposed order—are not "agreed" and are not "facts." They are Plaintiffs' characterizations of statements cherry-picked from a range of documents chosen by Plaintiffs with no input from Defendants. Plaintiffs have pulled statements from hundreds of different documents, without providing any context, and arranged them into a narrative of their choosing. And they have relied on numerous documents to which Defendants may ultimately have evidentiary objections.[1]

Plaintiffs' contentions do not frame the issues for trial and they certainly do not provide the Court with a list of facts that the parties agree upon. Rather, they represent Plaintiffs' attempt to put their own contentions and allegations based on their own evidence before the Court prior to trial and with no regard for evidentiary requirements. Plaintiffs' unilateral coopting of the pretrial order process to serve their own ends is improper and should not be allowed.

## CONCLUSION

Because Plaintiffs' Corrected Proposed Pretrial Order (ECF No. 394) is misleading, materially misrepresents Defendants' actions and position during the conferral process, was submitted in violation of the Local Rules, and fails to serve the purpose of a pretrial order,

---

[1] Many of the allegations contained in the "agreed facts" section of Plaintiffs' proposed pretrial order are allegedly derived from documents filed as exhibits to Plaintiffs' motions in limine seeking judicial notice (ECF Nos. 254, 340). Defendants reviewed those documents to determine authenticity only and have not conceded the admissibility of the documents or the truthfulness or accuracy of their contents. ECF No. 327 at 3-4; ECF No. 357 at 2-4.

Defendants respectfully ask this Court to strike it. As it is not this Court's job to adjudicate between two competing proposed pretrial orders, Defendants do not submit their own proposed order. Rather, Defendants are prepared to stipulate that no pretrial order is necessary under Local Rule 16-5(a) because the parties' pleadings and trial memoranda adequately frame the issues for the Court. Should the Court desire a pretrial order, however, Defendants request that the Court order both parties to meaningfully confer on the contents of that order and submit a joint document that fairly represents the positions of both parties and limits its submission of "agreed facts" to facts actually agreed to by both parties.

Dated: October 18, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Clare Boronow*
LISA LYNNE RUSSELL
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*