JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
Andrearodgers42@gmail.com
Law Offices of Andrea K. Rodgers
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**The UNITED STATES OF AMERICA**; et al.,<br><br>Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FIRST MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE, DOC. 368.** |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF OPINION AND ORDER DOC. 368**

**INTRODUCTION**

Plaintiffs hereby request the Court to reconsider, in part, its October 15, 2018 Opinion and Order Granting in Part and Denying in Part Plaintiffs' Motion *in Limine* Seeking Judicial Notice of Federal Government Documents, Doc. 368 ("October 15 Order").

Parties may seek reconsideration of interlocutory orders "which adjudicate fewer than all of the claims" under Federal Rule of Civil Procedure 54(b), which allows the Court to revise such orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (internal quotations and citation omitted). Motions for reconsideration under Rule 54(b) must be weighed against interests of finality but may be granted if "the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision." *Am. Rivers*, 2006 WL 1983178, at *2; *Clark v. Hyman*, No. 14-CV-04649-YGR(PR), 2015 WL 9258122, at *3 (N.D. Cal. Dec. 18, 2015) (court granting motion for reconsideration upon acknowledging that it failed to consider document because it was an attachment to a filing submitted separately from the complaint)

Plaintiffs believe reconsideration is warranted because it appears that the Court did not consider Plaintiffs' supplemental declarations describing Defendants' post-filing changes in position on certain documents or additional source information supplied in attachments to Plaintiffs' reply brief. The supplemental declarations were filed because Defendants changed

their positions on certain documents *after* Plaintiffs filed their reply brief. *See* Supplemental Declaration of Andrea K. Rodgers ("First Supplemental Rodgers Declaration"), Doc. 334 ¶ 3; Second Supplemental Declaration of Andrea K. Rodgers ("Second Supplemental Rodgers Declaration"), Doc. 351 ¶ 2.

Plaintiffs believe that the Court did not consider these additional filings because the Court cited the number of objections set forth in Plaintiffs' reply brief, rather than those set forth in Plaintiffs' supplemental declarations. More specifically, the Court reported that: "Federal defendants do not object to the Court taking notice of the existence and authenticity of 286 of those documents. They offer specific objections to 42 of documents, while taking no position on the remaining 58." October 15 Order at 1. These were the correct numbers as of Plaintiffs' reply brief, Doc. 331 at 2, but do not reflect the changes Defendants made to their position as reported in the First and Second Supplemental Rodgers Declarations.

Plaintiffs therefore wish to direct the Court's attention to certain additional information provided in appendices to the Reply and supplemental briefing that Plaintiffs believe warrant reconsideration of the Court's decision not to take judicial notice of the authenticity of these documents.

### I. Plaintiffs Believe this Court Should Reconsider Its Decision on the Following Documents as Appropriate for Judicial Notice

A. *National Energy Strategy: Powerful Ideas for America*, **U.S. Dep't of Energy (Feb. 1991)**, Motion *in Limine* Exh. 20, Doc. 299-209.

The following source information was provided by Plaintiffs in the Motion *in Limine* Seeking Judicial Notice:

| Exh. | Title of Document | Date | Bates Numbers | Source / Author of Document | Website URL for Document | Date Plaintiffs Accessed Document |
|------|-------------------|------|---------------|------------------------------|--------------------------|-----------------------------------|
|      |                   |      |               |                              |                          |                                   |

| 20 | National Energy Strategy: Powerful Ideas for America | Feb. 1991 | P00000033222-P00000033357 | U.S. DOE | | |

Doc. 254-1 at 4.

In their response brief, Defendants objected to the Court taking judicial notice of this document on grounds of inadequate foundation. Doc. 327-1 at 3. Defendants elaborated on these objections in correspondence to Plaintiffs received after Plaintiffs had filed their reply brief. Doc. 334 ¶ 3. After receiving this correspondence from Defendants, Plaintiffs then provided the following additional source information for this document to the Court in the First Supplemental Rodgers Declaration:

| June 28, 2018 MIL Exhibit Number | Title of Document | Notes from 8/9/18 Letter From Defendants | Plaintiffs' Response |
|---|---|---|---|
| 20 | National Energy Strategy: Powerful Ideas for America (1st ed.) | "Plaintiffs provide no information about the location of the hard copy document." | Plaintiffs submit this additional information about this source: hard copy scanned from Interlibrary Loan at Georgetown University Library, on Loan from University of Maryland. Link to document location: https://umaryland.on.worldcat.org/oclc/24871702; Government Printing Office record link: https://catalog.gpo.gov/F/?func=direct&doc_number=000352102&local_base=GPO01PUB |

Doc. 334-4 at 1.

As a result, Defendants changed their position from an objection to "no position." *See* Doc. 351-1. This Court refused to take judicial notice of this document, seemingly based only on the initial source description provided to the Court. Doc. 368 at 6. Plaintiffs reiterate that judicial notice of this document is appropriate under Federal Rule of Evidence 201 because it is a public record, an appropriate and frequent subject for judicial notice. *See, e.g.*, Doc. 331 at 1 (citing *Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'y v. California*, 547 F.3d 962, 968 n.4 (9th Cir. 2008) (taking judicial notice of "undisputed matters of public record.")); Doc. 254 at 3 (citing *Coppola v. Smith*, 935 F.Supp.2d 993, 1013 (E.D. Cal. 2013) (taking judicial notice of EPA documents containing test results of groundwater)). Plaintiffs request that this Court reconsider taking judicial notice of this document in light of the additional information

provided for this document in response to Defendants' communication detailing their objections after Plaintiffs filed their Reply.

> **B.** *Testimony of Timothy E. Wirth at Second Conference of the Parties Framework Convention on Climate Change* **(July 17, 1996), Motion** *in Limine* **Exh. 130, Doc. 270-92.**

The following source information was provided by Plaintiffs in the Motion *in Limine* Seeking Judicial Notice:

| Exh. | Title of Document | Date | Bates Numbers | Source / Author of Document | Website URL for Document | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 130 | Second Conference of the Parties Framework Convention on Climate Change, Geneva Switzerland | July 17, 1996 | P00000037883-P00000037887 | The Honorable Timoty E. Wirth, Under Secretary for Global Affairs on behalf of the United States of America | | June 28, 2018 |

*Doc. 254-1 at 31.*

Based on this source information, in their response brief, Defendants objected on grounds of inadequate foundation to this Court taking judicial notice of this document. Appendix 1 to Defendants' Response to Plaintiffs' first Motion *in Limine* Seeking Judicial Notice, Doc. 327-1 at 21. Plaintiffs provided additional source information for this document in the Reply:

| June 28, 2018 MIL Exhibit Number | Title of Document | Date | Bates numbers of doc | Agency Source and/or author of doc | Website URL for doc | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 130 | Testimony of Timothy E. Wirth at Second Conference of the Parties Framework Convention on Climate Change, Geneva Switzerland, Council of Economic Advisors, Michelle Jolin, Congressional Document Request, Climate Change, ID/OA:101888, Box 1, CEA 00188 (July 17, 1996) | July 17, 1996 | P00000037883-P00000037887 | The Honorable Timoty E. Wirth, Under Secretary for Global Affairs on behalf of the United States of America | N/A | 6/10/17 |

*Doc. 332-1 at 29.*

After Plaintiffs filed their reply brief, Defendants then changed their position on this document from an objection to "no position." Doc. 334-1. Plaintiffs reiterate that judicial notice of this document is appropriate under Federal Rule of Evidence 201 because it is a public record, an appropriate and frequent subject for judicial notice. *See, e.g.*, Doc. 331 at 1 (citing *Cachil*

*Dehe Band of Wintun Indians*, 547 F.3d at 968 n.4); Doc. 254 at 3 (citing *Coppola*, 935 F.Supp.2d at 1013). Plaintiffs request that this Court reconsider taking judicial notice of this document in light of the additional information that was provided for this document.

### C. *Address at the Future of Energy Global Summit*, Sec. of Energy Rick Perry, Motion *in Limine* Exh. 100, Doc. 270-62.

The following source information was provided by Plaintiffs in the Motion *in Limine* Seeking Judicial Notice for this document:

| Exh. | Title of Document | Date | Bates Numbers | Source / Author of Document | Website URL for Document | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 100 | Address at The Future of Energy Global Summit | N/D | P00000017948-P00000017949 | Rick Perry, USDOE | https://vimeo.com/264052877#t=1260s | Apr. 27, 2018 |

*Doc. 254-1 at 23.*

Defendants objected to this document on grounds of inadequate foundation in their Response. Doc. 327-1 at 3. Plaintiffs then provided the following additional source information for this document in the Second Supplemental Rodgers Declaration:

| June 28, 2018 MIL Exhibit Number | Title of Document | Notes from 8/9/18 Letter From Defendants | Plaintiffs' Response |
|---|---|---|---|
| 100 | Address at The Future of Energy Global Summit | "Because the URL provides no information about the source of the video or whether and how it has been edited, there is insufficient foundation for the videos." | Plaintiffs submit this alternative link to the same recording: https://about.bnef.com/future-energy-summit/new-york-videos/?vid=264052877. This is the version of the video hosted on the official website of Bloomberg New Energy Finance (BNEF), the host of the conference at which Rick Perry was speaking in the video. |

*Doc. 334-4 at 1.*

This Court declined to take judicial notice of this document, seemingly based only on the initial source description provided to the court. Doc. 368 at 6. Plaintiffs reiterate that judicial notice of this document is appropriate under Federal Rule of Evidence 201(b)(1) as a "publication[] introduced to indicate what was in the public realm at the time." Doc. 331 at 9 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.

2010)) (internal quotations omitted); *see also id.* (citing *Cty. of Santa Clara v. Trump*, 275 F. Supp. 3d 1196, 1209 (N.D. Cal. 2017) (taking judicial notice of statements made by Attorney General Jeff Sessions' statements in an op-ed)). Plaintiffs request that this Court reconsider taking judicial notice of this document in light of the additional information that was provided for this document to account for Defendants' post-reply briefing communication detailing their objections.

### D. Sources from the Internet Archive

Plaintiffs request reconsideration of judicial notice of two exhibits linked to the Internet Archive for disparate reasons. For one source, Exhibit 110, Plaintiffs submitted an alternate link to an archived version of the webpage in light of Defendants' post-Reply objections. The following source information was originally provided by Plaintiffs in the Motion *in Limine* Seeking Judicial Notice for this document:

| Exh. | Title of Document | Date | Bates Numbers | Source / Author of Document | Website URL for Document | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 110 | An America First Energy Plan | N/D | P00000011805 | The White House | https://www.documentcloud.org/documents/3387865-An-America-First-Energy-Plan-From-WhiteHouse-gov.html | June 13, 2018 |

*Doc. 254-1 at 25.*

Defendants objected to this document on grounds of inadequate foundation in their Response. Doc. 327-1 at 17. After receiving further information from Defendants on their objections after filing the Reply, Plaintiffs located an archived version of the webpage because this source was a webpage originally posted on whitehouse.gov but had since been removed. Plaintiffs provided the following additional source information for this document in the First Supplemental Rodgers Declaration:

| June 28, 2018 MIL Exhibit Number | Title of Document | Notes from 8/9/18 Letter From Defendants | Plaintiffs' Response |
|---|---|---|---|
| | | | |

| 110 | An America First Energy Plan | "The original URL provided by Plaintiffs for exhibit 110 is a questionable third party website and the new URL links to a different document." | Plaintiffs submit this alternative link to the same archived webpage: https://web.archive.org/web/20170509043316/https://www.donaldjtrump.com/press-releases/an-america-first-energy-plan. Both perma.cc and archive.org are webpage archiving services that preserve a webpage as it appeared on a certain date. Plaintiffs provide support for the use of such webpage archiving services in their Reply ISO Motion *in Limine* at pages 7–8. Because Defendants have removed the material from their official webpage, Plaintiffs are unable to provide a current link to this material. |

*Doc. 334-4 at 1*.

This Court refused to take judicial notice of this document, seemingly based only on the initial source description provided to the Court. Doc. 368 at 6. Plaintiffs request that this Court reconsider taking judicial notice of this document in light of the additional information that was provided for this document to account for Defendants' post-reply briefing communication detailing their objections.

A second source from the Internet Archive, Motion *in Limine* Exhibit 3, appears to have been overlooked by the Court in its decision. The Court does not address Exhibit 3 beyond listing it as a document to which Defendants took "no position." Doc. 368 at 3. This exhibit has consequently neither been granted nor denied judicial notice by this Court and Plaintiffs respectfully request that this Court reconsider its October 15 Order to address this.

Plaintiffs believe reconsideration is warranted for both of these documents sourced from the Internet Archive because, as noted in Plaintiffs' Reply:

> District courts have routinely taken judicial notice of content from The Internet Archive pursuant to [Fed. R. Evid. 201(b)]." *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 6:14-CV-01371-AA, 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015) (Aiken, J.); *Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.*, No. CV1401918JVSJCGX, 2014 WL 12597154, at *3 (C.D. Cal. Dec. 22, 2014) (taking judicial notice of exhibits from "the Internet Archive, which is a 'website that provides access to a digital library of Internet sites.'"); *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *1 (N.D. Cal. June 25, 2014), *aff'd*, 840 F.3d 1016 (9th Cir. 2016) (taking "judicial notice of the Internet Archive (http://archive.org) version of 23andMe's website as of November 20, 2013, the full version of the website archived right before the FDA warning letter of November 22, 2013.").

Doc. 331 at 7. Plaintiffs respectfully request that this Court reconsider taking judicial notice of Exhibit 110 and to render a decision on Exhibit 3.

### E. Sources from the American Presidency Project (Doc. 299-198 and 299-200)

The following source information was provided by Plaintiffs in the Motion *in Limine* Seeking Judicial Notice for these documents:

| Exh. | Title of Document | Date | Bates Numbers | Source / Author of Document | Website URL for Document | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 9 | Golden, Colorado Remarks at the Solar Energy Research Institute on South Table Mountain | May 3, 1978 | P00000030545-P00000030547 | Jimmy Carter | http://www.presidency.ucsb.edu/ws/print.php?pid=30746 | |
| 11 | National Energy Program Fact Sheet on the President's Program | April 20, 1977 | P00000029998-P00000030008 | Jimmy Carter | http://www.presidency.ucsb.edu/ws/print.php?pid=7373 | |

Doc. 254-1 at 3.

Defendants took "no position" as to both of these documents in their Response. Doc. 327-1 at 2. Plaintiffs provided this additional source information in their Reply:

| June 28, 2018 MIL Exhibit Number | Title of Document | Date | Bates numbers of doc | Agency Source and/or author of doc | Website URL for doc | Date Plaintiffs Accessed Document |
|---|---|---|---|---|---|---|
| 9 | Golden, Colorado Remarks at the Solar Energy Research Institute on South Table Mountain | May 3, 1978 | P00000030545-P00000030547 | Jimmy Carter | http://www.presidency.ucsb.edu/ws/print.php?pid=30746<br><br>The American Presidency Project, non-profit and non-partisan, is the leading source of presidential documents on the internet hosted at the University of California, Santa Barbara | 1/21/2018 |
| 11 | National Energy Program Fact Sheet on the President's Program | April 20, 1977 | P00000029998-P00000030008 | Jimmy Carter | http://www.presidency.ucsb.edu/ws/print.php?pid=7373<br><br>The American Presidency Project, non-profit and non-partisan, is the leading source of presidential documents on the internet hosted at the University of California, Santa Barbara | 1/21/2018 |

Doc. 332-1 at 24.

This additional source information explains that the link provided for these sources is to the American Presidency Project, "the leading source of presidential documents on the internet" and is hosted at the University of California, Santa Barbara. This Court took judicial notice of documents hosted on similar university-hosted databases, including the National Security

Archive hosted at George Washington University; the National Agricultural Law Center hosted at the University of Arkansas; and the Homeland Security Digital Library sponsored by the Naval Postgraduate School Center for Homeland Defense and Security. Further, official presidential documents are appropriate for judicial notice as "true and correct copies of documents reflecting official acts of the executive branch of the United States[.]" Doc. 331 at 4 (citing *Hague v. Wells Fargo Bank, N.A.*, No. C11-02366 TEH, 2011 WL 3360026, at *1 n.2 (N.D. Cal. Aug. 2, 2011)). Based on Plaintiffs' belief that the Court did not consider the additional source information provided in the Reply and the similarity of these sources to other sources recognized as suitable for judicial notice by this Court, Plaintiffs request the Court to reconsider taking judicial notice of these documents.

### F. Sources That Plaintiffs Have Located Online

Noting this Court's reluctance to take judicial notice of sources that "are not available on the internet at a reliable source," Doc. 368 at 6, Plaintiffs have identified online versions of sources that they previously could not locate online and that the Court did not locate online in its own search. *See* Doc. 368 at 5–6 (taking judicial notice of documents where URL provided by Plaintiffs no longer worked but the Court was able to locate online). Plaintiffs request that this Court reconsider taking judicial notice of these documents in light of the fact that Plaintiffs have now been able to locate them online. The source information and links for these documents are as follows:

| MIL Exh. # | Title | Docket # | Link |
| --- | --- | --- | --- |
| 107 | Statement of Donna R. Fitzpatrick, Hearing on the Energy Policy Implications of Global Warming, House Committee on Energy & | 270-69 | https://heinonline.org/HOL/P?h=hein.cbhear/enplcy0001&i=1. |

|  | Commerce, Subcommittee on Energy & Power (Sept. 22, 1988) |  |  |
|---|---|---|---|
| 326 | Report of the International Geophysical Year, Hearings Before the Subcommittee of the House Committee on Appropriations (Feb. 1959) | 299-130 | https://babel.hathitrust.org/cgi/pt?id=uc1.31822011993052;view=1up;seq=11 |

Both of these documents are records of congressional testimony, a category of documents that courts regularly judicially notice. *See, e.g.*, Doc. 331 at 8–9 (citing *Oregon State Bar Prof'l Liab. Fund v. U.S. Dep't of Health & Human Servs.*, No. 03:10-CV-1392-HZ, 2012 WL 1071127, at *3 (D. Or. Mar. 29, 2012) (taking judicial notice of testimony to Congress); *United States v. Choate*, 576 F.2d 165, 207–08 (9th Cir. 1978) (same)). The link provided for Exhibit 107 is to HeinOnline, a subscription-based online database of historical government documents that contains the entire Congressional Record and Federal Register.[1] The link provided for Exhibit 326 is to HathiTrust, a source for documents this Court has already found "reasonably reliable" and appropriate for judicial notice. Doc. 368 at 4. Plaintiffs request that this Court reconsider taking judicial notice of Exhibits 107 and 326 in light of the versions Plaintiffs have located online.

## CONCLUSION

For the reasons set forth above, Plaintiffs believe this Court "failed to consider material facts that were presented to the court before the court's decision," *Am. Rivers*, 2006 WL 1983178, at *2, and respectfully request that this Court reconsider taking judicial notice of the documents described above.

                                                Respectfully submitted this 2nd day of November, 2018,

---

[1] *See* HeinOnline, https://heinonline.org/ (last visited Oct. 30, 2018).

/s/ Julia A Olson
JULIA A. OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
Wild Earth Advocates
1216 Lincoln St.
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrearodgers42@gmail.com
Law Offices of Andrea K. Rodgers
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*