JEFFREY BOSSERT CLARK
Assistant Attorney General
JEFFREY H. WOOD
Principal Deputy Assistant Attorney General

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-CV-01517-TC |
| Plaintiffs, | |
| v. | |
| | **Expedited Hearing Requested** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION TO RECONSIDER DENIAL OF REQUESTS TO CERTIFY
ORDERS FOR INTERLOCUTORY REVIEW**

In light of the Supreme Court's November 2, 2018 Order in this case, Defendants hereby

move this Court to reconsider its denial of Defendants' requests to certify for interlocutory

review (1) its November 10, 2016 Opinion and Order denying Defendants' and Intervenors'

motions to dismiss, ECF No. 83, and (2) its October 15, 2018 Opinion and Order denying

Defendants' motions for judgment on the pleadings and for summary judgment.  As set forth

more fully in the accompanying memorandum of law, circumstances warrant reconsideration,

and certification is warranted because the orders involve several "controlling question[s] of law

as to which there is a substantial ground for difference of opinion," and an immediate appeal

"may materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b).

The United States seeks expedited consideration of this motion.[1]

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO RECONSIDER DENIAL OF REQUESTS TO CERTIFY
ORDERS FOR INTERLOCUTORY REVIEW**

**INTRODUCTION**

In July, the Supreme Court observed that the "breadth of [Plaintiffs'] claims is striking,

. . . and the justiciability of those claims presents substantial grounds for difference of opinion."

ECF No. 330-1 at 2 (alluding to 28 U.S.C. § 1292(b)).  The Supreme Court instructed this Court

to "take these concerns into account in assessing the burdens of discovery and trial, as well as the

desirability of a prompt ruling on the Government's pending dispositive motions."  *Id.*  This

Court did not, however, render a prompt ruling on those motions, and this Court did not fairly

take the Supreme Court's concerns into account in ultimately denying the motions (with limited

exceptions).

---

[1] Pursuant to Local Rule 7-1(a), the parties conferred on this motion and the request for
expedited review.  Plaintiffs oppose this motion and the request for expedited review.

Just last week, the Supreme Court reiterated and amplified its concerns.  Underscoring that this Court had "declined to certify its orders for interlocutory review under 28 U.S.C. § 1292(b)," the Supreme Court again observed that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion.'"  ECF No. 416 at 2 (quoting ECF No. 330-1).  The Supreme Court's order further observed that, while the Ninth Circuit had "twice denied the Government's request for mandamus relief," the "basis for denying relief rested, in large part, on the early stage of the litigation, the likelihood that plaintiffs' claims would narrow as the case progressed, and the possibility of attaining relief through ordinary dispositive motions" — "reasons [that] are, to a large extent, no longer pertinent." *Id.* at 3.  The Supreme Court therefore stated that "adequate relief" may be available from the Ninth Circuit.  *Id.*

These developments now impel Defendants to seek mandamus immediately in the Ninth Circuit.  But Defendants believe it appropriate at the same time to request this Court to certify its Orders for interlocutory appeal under Section 1292(b), which would obviate the need for the Ninth Circuit to act upon the mandamus petition.  In denying the United States' dispositive motions, this Court's Orders undeniably decided "controlling question[s] of law, as to which there is substantial ground for difference of opinion . . . ."  28 U.S.C. § 1292(b).  Questions about the justiciability of Plaintiffs' claims and the existence of their asserted rights are plainly "controlling" because their resolution in the government's favor would end the case, and the Supreme Court of the United States has twice indicated that this Court's rulings on Plaintiffs' claims present "substantial grounds for difference of opinion."  ECF No. 416 at 2; ECF No. 330-1 at 2.  Moreover, the resolution of these controlling questions by the Court of Appeals for the Ninth Circuit would "materially advance the ultimate termination of the litigation" because, if

resolved in the United States' favor, they would necessarily dispose of the claims.  28 U.S.C. § 1292(b).

Because the standard for certification under 28 U.S.C. § 1292(b) is amply satisfied, and now in light of the Supreme Court's orders, this Court should certify its denial of Defendants' dispositive motions for interlocutory review under 28 U.S.C. § 1292(b).

## I.     Relevant Procedural Background

This Court is very familiar with the background and procedural history of this case.  As relevant here, Defendants moved to dismiss Plaintiffs' constitutional and "public trust" claims on several grounds, including lack of standing and failure to state cognizable claims.  ECF No. 27.  In November 2016, this Court denied that motion, and later declined to certify its order for interlocutory appeal.  Nov. 10, 2016 Op. & Order, ECF No. 83; June 8, 2017 Order, ECF No. 172.

Defendants petitioned the Ninth Circuit for a writ of mandamus.  Petition for Writ of Mandamus, ECF No. 177-1.  The court of appeals stayed the litigation for seven-and-a-half months, but ultimately denied the petition without prejudice.  *In re United States*, 884 F.3d 830, 838 (9th Cir. 2018).  Specifically, the court "decline[d] to exercise [its] discretion to grant mandamus relief at [that] stage of the litigation," in part because no discovery orders had yet been filed.  *Id.*  The court explained, however, that "[c]laims and remedies often are vastly narrowed as litigation proceeds," and that it had "no reason to assume this case will be any different."  *Id.*  The court also reiterated that Defendants could continue to "raise and litigate any legal objections they have," including by "seek[ing] protective orders," moving to "dismiss the

President as a party," and seeking "summary judgment on the claims." *Id.* at 835-38. The court added that Defendants remain free to "seek[] mandamus in the future." *Id.* at 838.

Following the Ninth Circuit's decision on the petition for a writ of mandamus, the United States moved for Judgment on the Pleadings, ECF No. 195, wherein it asserted that Plaintiffs' claims should be dismissed in their entirety, both for the reasons set forth in that motion and for the reasons previously set forth in the Motion to Dismiss. *Id.* at 1. The United States also moved for Summary Judgment, ECF No. 207, wherein it asserted that the Court should enter judgment in favor of the United States on all of Plaintiffs' claims. *Id.* at 30. In briefing on each of these two motions, the United States also requested that the Court "certify for interlocutory appeal any denial of Defendants' motion." *Id.*; Reply in Supp. of Mot. for J. on the Pleadings 19, ECF No. 302.

In July 2018, while the two dispositive motions were pending, the United States sought relief from the Supreme Court. Notice of Filing of Appl. to the Supreme Court for Stay, ECF No. 321. The Supreme Court denied the United States' application "without prejudice" because it was then "premature." ECF 330-1 at 2. However, the Supreme Court noted that "[t]he breadth of respondents' claims is striking," and concluded that "the justiciability of those claims presents substantial grounds for difference of opinion." In so stating, the Supreme Court order employed the standard for certification, which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law *as to which there is substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).  The Supreme Court also instructed this Court to "take these concerns into account in assessing the burdens of discovery and trial, as well as the desirability of a prompt ruling on the Government's pending dispositive motions."  ECF No. 330-1 at 2.

The following day, Defendants brought to this Court's attention the Supreme Court's Order and, of particular relevance here, noted that the Supreme Court "has now concluded that the second requirement" for interlocutory appeal is satisfied, and that the two additional requirements—that the order "involves a controlling question of law" and that "immediate appeal from the order may materially advance the ultimate termination of the litigation"—are obviously satisfied.  Defs.' Notice of Order of United States Supreme Court 2, ECF No. 330 (quoting 28 U.S.C. § 1292(b)).  Any justiciability barrier to the relief sought by Plaintiffs here clearly involves a controlling question of law by its very nature since, for example, if the Ninth Circuit or the Supreme Court were to rule that Plaintiffs lack standing to seek the relief they are pursuing, their suit would not get resolved on the merits.  Similarly, a justiciability-based dismissal of this litigation would inherently bring the suit to a rapid end.  Thus, the Supreme Court's order in July 2018 confirms that the Section 1292(b) prong concerning whether there is a substantial ground for difference of opinion and by logic obviously the provision's two other prongs have long been met here as well: the existence of a controlling question of law and the ability of the resolution of that controlling question to materially advance the ultimate termination of the litigation.

On October 15, 2018, this Court largely denied the United States' motions for Judgment on the Pleadings and for Summary Judgment.  Op. & Order, ECF No. 369.  It concluded that

DEFS.' MOT. TO RECONSIDER DENIAL OF REQUESTS TO
CERTIFY ORDERS FOR INTERLOCUTORY APPEAL - 6 -

Plaintiffs are not required to proceed under the Administrative Procedure Act ("APA"), *id.* at 25; that separation of powers principles do not require dismissal, *id.* at 27; and that there are genuine issues of material fact whether Plaintiffs have standing, *id.* at 45, or viable Due Process, Equal Protection, and public trust claims. *Id.* at 51, 55, 58.

Asserting its "unfettered discretion to deny a motion to certify for interlocutory review," *id.* at 59, this Court denied the United States' request to certify its rulings on standing, separation of powers, the public trust claim, and the Due Process right to a climate system capable of sustaining human life because it had previously declined to certify its order on the motions to dismiss and that decision "is now law of the case." *Id.* at 59-60. As to its conclusion that Plaintiffs' are not required to proceed under the APA, this Court concluded that the "'substantial ground for difference of opinion' standard is not met," *id.* at 60, and even if it was met, certification of the APA issue in isolation would not materially advance the litigation but would instead protract the litigation by putting it on dual tracks. Regarding the Supreme Court's July 30, 2018 Order, this Court stated that it "does not find that Order removes the Court's discretion to deny the request for interlocutory appeal." *Id.* at 61 n.20.

Following the October 15, 2018 Order by this Court, the Supreme Court weighed in again, this time leaving no doubt that the standard for certification under 28 U.S.C. § 1292(b) is satisfied here. On October 18, 2018, the United States filed a Petition for a Writ of Mandamus and an Application for a Stay in the Supreme Court. ECF No. 390-1; ECF No. 391-1. Following a brief stay of proceedings by the Chief Justice, the full Court, on November 2, 2018, denied the application for a stay "without prejudice," this time on the ground that "adequate relief may be available in the United States Court of Appeals for the Ninth Circuit." ECF No. 416 at 2. In so

doing, the Court stated that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion,'" this time expressly citing 28 U.S.C. § 1292(b).  *Id.*  The Court further noted that the basis for the Ninth Circuit's prior denials of mandamus "rested, in large part, on the early stage of the litigation, the likelihood that plaintiffs' claims would narrow as the case progressed, and the possibility of attaining relief through ordinary dispositive motions."  *Id.* at 3.  The Supreme Court noted that "[t]hose reasons are, to a large extent, no longer pertinent."  *Id.*

## II.    <u>Legal Standard</u>

Prior to the entry of judgment a district court may "reconsider" its own rulings, either *sua sponte* or upon motion by the parties, pursuant to the court's "inherent power" which is "rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure."  *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001); *see also Askins v. U.S. Dep't of Homeland Sec'y*, 899 F.3d 1035, 1042-43 (9th 2018) (citing Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  There is "no imperative duty to follow an earlier ruling."  *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (internal citation and quotation marks omitted).

A request for a permissive interlocutory appeal is governed by 28 U.S.C. § 1292(b), which permits a district court to certify an interlocutory order for immediate appeal if the court is of the opinion that such order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order

may materially advance the ultimate termination of the litigation.  A question is "controlling" if "its incorrect disposition would require reversal of a final judgment, . . ."  *See* 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed. Sept. 2018 Update).  Whether an immediate appeal may materially advance the ultimate termination of the litigation is related to whether the order involves a controlling question of law.  *Id.*

## III.   **Argument**

In denying the dispositive motions, and in declining to revisit the reasserted arguments made on the motion to dismiss, this Court's Orders unquestionably decided "controlling questions of law," over which there is a "substantial ground for difference of opinion." Resolution of these controlling questions by the Court of Appeals for the Ninth Circuit is likely to "materially advance the ultimate termination of the litigation" because, if resolved in the United States' favor, they would necessarily dispose of the claims.  While this Court previously declined to certify its Orders for interlocutory appeal under 28 U.S.C. § 1292(b), it should reconsider its decision in light of the Supreme Court's November 2, 2018 Order.  Contrary to the suggestion in this Court's October 15, 2018 Order, the law of the case doctrine presents no obstacle to such reconsideration and certification.

### A.   This Court decided several controlling questions of law.

The standard for certification under 28 U.S.C. § 1292(b) first requires that a court decide a "controlling question of law."  That requirement is satisfied because this Court has decided several controlling questions of law, including (1) that Plaintiffs have satisfied their burden of showing Article III standing at the summary judgment stage; (2) that this suit is a proper case or controversy within a court's traditional equitable powers to entertain; (3) that Plaintiffs are not

required to bring their constitutional challenges to regulatory agency action or inaction under the APA; (4) that Plaintiffs' claims are not foreclosed by the separation of powers; (5) that there is a substantive due process right to specific climate conditions; (6) that there is a cognizable public trust claim against the federal government; and (7) that Plaintiffs have a viable equal protection claim even though they are not a suspect class.  A successful appeal as to any of the first four issues, relating to justiciability, would inevitably dispose of the entire case, and they are therefore controlling.  And a successful appeal of the remaining three issues, relating to the merits of Plaintiffs' claims, would similarly dispose of the entire case.

       B.      <u>The claims present substantial grounds for difference of opinion.</u>

       The second requirement for certification under 28 U.S.C. § 1292(b) is that the controlling question (or questions) of law decided by the court must present "substantial grounds for difference of opinion."  The Supreme Court's Orders leave no doubt that this requirement is satisfied, both as to justiciability and the merits of Plaintiffs' claims.  The Supreme Court's July 30 Order stated that "the justiciability of [Plaintiffs'] claims presents substantial grounds for difference of opinion."  ECF No. 330-1.  The Court's November 2 Order quoted the standard in 28 U.S.C. § 1292(b) and then, in the next sentence, stated that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion.'" ECF No. 416 at 2 (quoting ECF No. 330-1).  It is difficult to imagine a clearer indication from the Supreme Court that the standard for certification is satisfied here.  The Supreme Court's Order also noted that the Ninth Circuit's prior denial of the United States' petitions for mandamus rested in large part on reasons that are "no longer pertinent."  *Id.* at 3.  The Supreme Court, in short, has clearly indicated that the issues in this case are appropriate for immediate consideration by the Ninth

Circuit. Thus, while this Court reached the opposite conclusion in its October 15 Opinion and Order, that conclusion should be reconsidered in light of the newly issued Supreme Court order.

      C.    <u>Immediate appeal would promote more rapid termination of the litigation.</u>

Finally, an "immediate appeal from" this Court's Orders denying the government's dispositive motions would "materially advance the ultimate termination of the litigation," because a favorable disposition of the government's motions would end the case. A successful interlocutory appeal would thus avoid a 10-week trial and additional litigation that is protracted, expensive, and disruptive to the continuing operation of the United States Government; fundamentally inconsistent with Article III and the separation of powers under the Constitution, as well as with procedures Congress has prescribed in agencies' organic statutes and the APA for agencies to consider factual and legal issues concerning major policy and for the courts to review their determinations; and that would force the government to address climate-change policy not in APA rulemakings and other agency actions authorized by statute, but rather in a single trial court in Oregon.

      D.    <u>The law of the case doctrine does not bar reconsideration.</u>

Contrary to the suggestion in the Court's October 15 Order, the law of the case doctrine does not preclude this Court from certifying its decisions denying the government's dispositive motions for interlocutory appeal under 28 U.S.C. § 1292(b).

This Court previously denied the United States' request to certify its rulings on standing, separation of powers, the public trust claim, and the due process right to a climate system capable of sustaining human life because it had previously declined to certify its order on the motions to dismiss and that decision "is now law of the case." ECF No. 369 at 59-60. But this

Court is not bound by its prior rulings on this issue. Federal Rule of Civil Procedure 54(b) confirms that any order or other decision that resolves fewer than all of the claims in a civil action may be revised at any time absent the entry of a final judgment. The law of the case doctrine "expresses only the practice of courts generally to refuse to reopen questions formerly decided, and is not a limitation of their power." *United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984) (citations omitted). Thus, the doctrine should not be invoked where the prior "decision is clearly erroneous and its enforcement would work a manifest injustice," or where "intervening controlling authority makes reconsideration appropriate." *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995). The Supreme Court's July 30 and November 2 Orders plainly constitute intervening authority that "make[] reconsideration appropriate," *id.*, especially given that the Court's most recent order expressly cited the language of 28 U.S.C. § 1292(b) before stating that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion.'" ECF No. 416 at 2 (quoting ECF No. 330-1).

This Court's October 15 Order also suggested that certification would create a problem of piecemeal appeals by putting the litigation on dual tracks. ECF No. 369 at 60. As an initial matter, that concern seemed to proceed from the Court's view that the law of the case doctrine precluded it from certifying orders that it had previously declined to certify, but, as explained above, the law of the case doctrine does not present such an obstacle, especially given the intervening developments from the Supreme Court. In any event, there is no need for concern about piecemeal appeals. Under 28 U.S.C. § 1292(b), a district court certifies "an immediate appeal *from the order*" that "involves" the "controlling question of law as to which there is substantial ground for difference of opinion . . . ." If the court of appeals permits the appeal to be

taken, the entire "order" comes before the court of appeals. Because the government raised all of its dispositive arguments in the motions decided by the Court in its October 15 Order, all of those arguments would be before the court of appeals, and there would be no prospect of piecemeal appeals on those issues. To the extent that any other issues raised the possibility of problematic parallel litigation, the Court could exercise its inherent authority to stay proceedings on those issues during the pendency of the interlocutory appeal.

Finally, this Court's October 15 Order suggested that it possessed "unfettered discretion to deny a motion to certify for interlocutory review." ECF No. 369 at 59. But as the Supreme Court has made clear, "a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (Roberts, C.J.) (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14-692d) (C.C.D. Va. 1807) (Marshall, C.J.)). The Court explained that "limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." *Id.* Here, the Supreme Court has left little room for doubt that this Court's Orders denying the government's dispositive motions meet the "legal standards" for certification under 28 U.S.C. § 1292(b). *Id.* This Court should exercise its discretion consistent with that guidance from the Supreme Court.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the United States' request that it certify for interlocutory appeal its November 10, 2016 Opinion and Order as well as its October 15, 2018 Opinion and Order.

Dated: November 5, 2018

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
JEFFREY H. WOOD
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
LISA LYNNE RUSSELL
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*