JEFFREY BOSSERT CLARK
Assistant Attorney General
JEFFREY H. WOOD
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-CV-01517-TC |
| Plaintiffs, | |
| v. | |
| | **Expedited Hearing Requested** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## DEFENDANTS' MOTION TO STAY LITIGATION

Defendants hereby move to stay litigation pending resolution of (1) a Motion to

Reconsider Denial of Requests to Certify Orders for Interlocutory Review ("Motion to

Reconsider"), also filed today in this Court, along with any related appellate proceedings, or, in

DEFS.' MOT. TO STAY LITIGATION                - 1 -

the alternative, (2) a Petition for a Writ of Mandamus, filed today in the United States Court of Appeals for the Ninth Circuit.[1]  As set forth fully in the accompanying memorandum of law, a stay is warranted because Defendants are likely to succeed on their Motion to Reconsider or, in the alternative, their Petition for a Writ of Mandamus; Defendants will be irreparably harmed absent a stay; Plaintiffs will not be harmed by a stay; and the public interest will be well-served by a stay in order to facilitate the review by the Ninth Circuit that the Supreme Court contemplated.  The United States seeks expedited consideration of this motion.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

This Court is familiar with the background and procedural history here, which is set out more fully in the accompanying Motion for Reconsideration.  *See* Defs.' Mot. to Reconsider Denial of Reqs. to Cert. Orders for Interlocutory Rev. 4-8 ("Mot. to Reconsider"), ECF No. 418. Of particular relevance, on November 2, 2018, the Supreme Court denied a request for a stay without prejudice "because adequate relief may be available in the United States Court of Appeals for the Ninth Circuit." ECF No. 416 at 2.  In doing so, the Supreme Court reiterated that Plaintiffs' claims satisfy the second factor in the interlocutory review standard because those claims present "substantial grounds for difference of opinion."  *Id*.  The Supreme Court also noted that the basis for the Ninth Circuit's prior denials of mandamus "are, to a large extent, no longer pertinent." *Id*. at 3.  As the Supreme Court's order makes clear, the appropriate forum for consideration of the novel and threshold legal issues in this case is the Ninth Circuit, either through an interlocutory appeal certified under 28 U.S.C. § 1292(b) or through review on a mandamus petition.  And as amplified in the Motion to Reconsider, each of the three factors for

---

[1] Pursuant to Local Rule 7-1(a), the parties conferred on this motion and the request for expedited review.  Plaintiffs oppose this motion and the request for expedited review.

Case 6:15-cv-01517-AA    Document 419    Filed 11/05/18    Page 3 of 5

certification under 28 U.S.C. § 1292(b) is met here.  And as explained in the Petition for a Writ

of Mandamus, the factors for mandamus will be satisfied if this Court declines to certify its

orders denying Defendants' dispositive motions for interlocutory appeal.  Defendants are

therefore likely to succeed on the merits of either their Motion to Reconsider or their Petition for

a Writ of Mandamus.

As indicated by the Chief Justice's October 19 stay of proceedings in this case, the

remaining three factors for granting a stay—*i.e.*, consideration of (1) irreparable injury to the

applicant absent a stay; (2) substantial injury to the other parties; and (3) the public interest, *Nken*

*v. Holder*, 556 U.S. 418, 433-34 (2009)—also weigh in favor of the requested relief.  Without a

stay, the United States and the public interest will be irreparably harmed because trial

proceedings will move forward without allowing the opportunity for appellate review of the

claims that the Supreme Court contemplated in its November 2 Order.  Moreover, the very

process of discovery and trial this Court contemplates are fundamentally contrary to the

Administrative Procedure Act (APA), the separation of powers, and the equitable power of an

Article III court.  Plaintiffs' efforts to require the defendant agencies to develop and implement a

comprehensive, government-wide energy policy outside of the congressionally prescribed

statutory frameworks the defendant agencies and officials are required by law to follow run

roughshod over fundamental constitutional principles.  They violate both the vesting of

"legislative Powers" in the Congress, U.S. CONST. art. I, § 1, and the vesting of "executive Power

. . . . in a President of the United States."  *Id.*, art. II, § 1, cl. 1.  The APA limits judicial review to

the administrative record of action taken within the scope of an agency's authority.  5 U.S.C. §

706.  And as the Supreme Court recognized, even before enactment of the APA, permitting an

agency's "findings to be attacked or supported in court by new evidence" as Plaintiffs seek to do

here, improperly "substitute[s] the court for the administrative tribunal." *Tagg Bros. & Moorhead v. United States*, 280 U.S. 420, 444 (1930).  Absent a stay, the United States will be forced to participate in a fifty-day trial that trenches upon the APA's important limits, transgresses the separation of powers, and flouts the statutory procedures and standards that Congress has provided to address claims of the kind that Plaintiffs assert.

Meanwhile, Plaintiffs can make no credible claim that, after waiting decades to seek relief for alleged violations of the Due Process Clause, a relatively brief stay to allow the Ninth Circuit (and the Supreme Court, as may be necessary) to consider the claims will cause them irreparable harm.  *Cf. Oakland Tribune, Inc. v. Chronicle Publ'g. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (plaintiff's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm").  Plaintiffs' alleged injuries stem from the cumulative effects of $CO_2$ emissions, hundreds of years in the making.  *See* Expert Report of James E. Hansen at 7-9, ECF No. 274-1.  As one of Plaintiffs' own experts recognizes, climate change "is not something that can be stopped in the near term."  Decl. of Harold R. Wanless ¶ 18, ECF No. 275; *see also* Expert Report of Eric Rignot 2, ECF No. 262-1 ("It is not clear how much of this sea level rise can be avoided by slowing down climate warming or even cooling the planet again.").  A brief stay, designed to allow the Ninth Circuit to consider whether this unprecedented and sweeping invocation of a court's equitable power is an appropriate means to address climate change, will not appreciably harm Plaintiffs.

## Conclusion

For the foregoing reasons, this Court should stay proceedings pending (1) this Court's consideration of Defendants' Motion to Reconsider and related appellate proceedings, or, in the

alternative, (2) the Ninth Circuit's consideration of Defendants' Petition for a Writ of

Mandamus.

Dated: November 5, 2018                    Respectfully submitted,

                                           JEFFREY BOSSERT CLARK
                                           Assistant Attorney General
                                           JEFFREY H. WOOD
                                           Principal Deputy Assistant Attorney General
                                           Environment & Natural Resources Division

                                           */s/ Sean C. Duffy*
                                           LISA LYNNE RUSSELL
                                           GUILLERMO A. MONTERO
                                           SEAN C. DUFFY (NY Bar No. 4103131)
                                           MARISSA PIROPATO (MA Bar No. 651630)
                                           CLARE BORONOW (admitted to MD bar)
                                           FRANK J. SINGER (CA Bar No. 227459)
                                           ERIKA NORMAN (CA Bar No. 268425)

                                           U.S. Department of Justice
                                           Environment & Natural Resources Division
                                           Natural Resources Section
                                           601 D Street NW
                                           Washington, DC 20004
                                           Telephone:  (202) 305-0445
                                           Facsimile:  (202) 305-0506
                                           sean.c.duffy@usdoj.gov

                                           *Attorneys for Defendants*