JEFFREY BOSSERT CLARK
Assistant Attorney General
JEFFREY H. WOOD
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

LISA LYNNE RUSSELL, Chief
GUILLERMO A. MONTERO, Assistant Chief
SEAN C. DUFFY (NY Bar. No. 4103131)
MARISSA A. PIROPATO (MA Bar. No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
Trial Attorneys
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-CV-01517-AA |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION TO EXCLUDE WITNESSES FROM PLAINTIFFS' WITNESS LIST OR, IN THE ALTERNATIVE, TO COMPEL DEPOSITIONS**

The United States hereby requests that the Court exclude seven new fact witnesses on

Plaintiffs' Amended Witness List (ECF No. 387) because Plaintiffs failed to disclose those

witnesses until October 15, 2018 and have since refused to make them available for deposition. As set forth fully in the accompanying memorandum of law, Plaintiffs failed to identify these seven witnesses in their initial disclosures as required by Rule 26 and subsequently compounded that error by failing to disclose these witnesses during the course of discovery. Plaintiffs then refused to make these seven new witnesses available for deposition under any circumstances. The United States requests an order that these seven new witnesses be precluded from testifying at trial pursuant to Rule 37 or alternatively that the Court order Plaintiffs to make these witnesses available for a deposition on a reasonable schedule before trial begins.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE WITNESSES FROM PLAINTIFFS' WITNESS LIST OR, IN THE ALTERNATIVE, TO COMPEL DEPOSITIONS

The United States hereby requests that the Court exclude seven new fact witnesses on Plaintiffs' Amended Witness List (ECF No. 387) because Plaintiffs failed to disclose those witnesses until October 15, 2018—when witnesses lists and motions in limine were due—and have since refused to make them available for deposition.[1] Plaintiffs have been under an obligation to disclose all fact witnesses since the deadline, early in this case, for their initial disclosures as required by Rule 26. Disclosure of fact witnesses is not optional. And yet at no point during discovery, which included dozens of meet and confers over discovery, did Plaintiffs cure their failure to identify these seven witnesses in their initial disclosures as required by Rule 26. Similarly, at no time during the parties' numerous discussions regarding the scheduling of Plaintiffs' depositions did Plaintiffs' indicate that other fact witnesses would or might be presented at trial.

---

[1] Pursuant to Local Rule 7-1(a), the parties conferred on this motion. Plaintiffs oppose this motion.

During the conferral process for this motion, Defendants offered to forego filing the motion if Plaintiffs made their witnesses available for deposition. Plaintiffs refused and stated that they would not make these seven new witnesses available under any circumstances. Plaintiffs' failure to reveal the identities of their witnesses—and their refusal to allow Defendants to depose these same witnesses—is prejudicial to Defendants and in no way justified. *See* Fed. R. Civ. P. 37(c)(1). Defendants' ability to cross-examine those witnesses at trial would be significantly hampered, whereas Plaintiffs would not be similarly limited as to any of Defendants' witnesses. Thus, it would be highly prejudicial if Plaintiffs were allowed to rely on those previously undisclosed witnesses at this late hour.

The United States requests an order that Plaintiffs' witnesses Jessica Wentz, Jamescita Peshlakai, Mae Peshlakai, Sharon Baring, Leigh-Ann Draheim, Stephen Seidel, and Susan Ying be excluded from testifying at trial pursuant to Rule 37.[2] In the alternative, Defendants request that the Court order Plaintiffs to make these witness available for a deposition on a reasonable schedule before trial begins. Under no circumstances should Plaintiffs be permitted to present witnesses at trial without affording Defendants the opportunity to depose them.

## Relevant Factual Background

Consolidated expert and fact discovery commenced in this case in 2017 after this Court denied the United States' motion to dismiss. Although Plaintiffs contended that this was a suit arising under the Constitution subject to discovery, they failed to submit the requisite Rule 26 disclosures to the United States.[3] Discovery was stayed for seven months by the Ninth Circuit to

---

[2] Plaintiffs listed Rafe Pomerance as a "may call" fact witness on their witness list but have subsequently represented that they will not call him as a witness at trial. The United States reserves the right to move to exclude Rafe Pomerance should Plaintiffs change their mind.

[3] The United States did not serve initial disclosures, which are not required under Federal Rule of Civil Procedure 26(a)(1)(B) for cases governed by the Administrative Procedure Act ("APA").

allow it to consider the United States' petition for a writ of mandamus. The Ninth Circuit lifted that stay in March 2018 and, between April 2018 and the present, at the Court's order and on the Court's deadlines, the parties disclosed their respective experts, produced expert reports, and have taken or scheduled more than 50 fact and expert depositions. The fact depositions during this time period were of the Plaintiffs themselves, as well as two government employees—C. Mark Eakin and James Michael Kuperberg. At no point during the two discovery windows in 2017 and 2018 did Plaintiffs disclose that they might call at trial any witnesses other than Plaintiffs themselves, their experts, and the two federal government employees whom they deposed in 2017.

On October 15, and as amended on October 17, 2018, Plaintiffs submitted a witness list that includes 47 potential fact witnesses and 21 expert witnesses. All told, Plaintiffs project almost 182 hours of direct testimony for these witnesses. That witness list includes eight purported "fact" witnesses, who were disclosed for the first time on October 15, 2018. *See* ECF No. 382. That witness list describes the anticipated testimony of these new witnesses in the following terms:

- Jessica Wentz, Senior Fellow and Associate Researcher, Sabin Center for Climate Change Law, Columbia Law School: "regarding actions of the Defendants taken during the Trump Administration to perpetuate a fossil fuel-based energy system."

---

And while the United States recognizes this Court ultimately concluded Plaintiffs' claims are not subject to the APA, Plaintiffs were timely notified of each of the witnesses offering substantive testimony for the United States, and Plaintiffs have deposed each of those witnesses. The only other witnesses on Defendants' witness list that Plaintiffs have not deposed will testify, if necessary, to authenticate documents.

- Jamescita Peshlakai: "about how her daughter, Plaintiff Jaime B., has been harmed due to the Defendants' conduct in causing and contributing to climate change."

- Mae Peshlakai: "about how her granddaughter, Plaintiff Jaime B., has been harmed due to the Defendants' conduct in causing and contributing to climate change and how Defendants' conduct has harmed Jaime's family, cultural, and spiritual traditions as a member of the Navajo Nation."

- Sharon Baring: "about how her son, Plaintiff Nathan B., has been harmed due to the Defendants' conduct in causing and contributing to climate change."

- Leigh-Ann Draheim: "about how her son, Levi D., has been harmed due to the Defendants' conduct in causing and contributing to climate change."

- Stephen Seidel: "about his experiences and observations working at the Environmental Protection Agency, Council on Environmental Quality, and White House Climate Change Task Force related to climate change activities."

- Susan Ying: "about her experiences and observations working in the aerospace and aeronautical industries related to renewable energy transportation."

With the exception of Ms. Jessica Wentz, Plaintiffs noted that these newly-disclosed witnesses "may testify."

On October 19, 2018, the United States conferred with Plaintiffs and requested that they amend their witness list to remove these belatedly disclosed witnesses. The United States conferred with Plaintiffs again on November 8 to see if they would make these undisclosed witnesses available to be deposed. Plaintiffs rejected the United States' offer and stated unequivocally that they would not make these new witnesses available for deposition. Plaintiffs

subsequently stated that they would not call Rafe Pomerance and only one of the named witnesses, Mae Peshlakai or Jamescita Peshlakai, would testify about Plaintiff Jaime B.

## Legal Standard

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide in its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 further provides that:

> [a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E).

Rule 37 of the Federal Rules of Civil Procedure gives teeth to the requirements in Rule 26: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001).

## Argument

Plaintiffs' failure to disclose the witnesses in their initial disclosures violated rule 26(a). In addition, the failure to disclose in these circumstances is neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1).

First, Plaintiffs' failure to include the witnesses in their initial disclosures or to timely supplement the disclosures has prejudiced Defendants. And disclosure after "[t]he close of

discovery cannot be deemed timely because it prevents a party from adequately preparing his case and conducting discovery on matters relevant to the claims and defenses to be presented at trial." See *Capers v. One Beacon Ins. Co.*, No. CV 07-95-M-DWM-JCL, 2008 WL 11347698, at *6 (D. Mont. Aug. 18, 2008). Here, Defendants will suffer prejudice because they cannot adequately prepare their defense to respond to testimony at trial by these newly disclosed witnesses. See *Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("[d]isruption to the schedule of the court and other parties is not harmless" due to belated disclosure of an expert witness even if "the ultimate trial date was still some months away"); *Sanchez v. Dupnik*, 362 F. App'x 679, 681 (9th Cir. 2010) (same). Plaintiffs have stated unequivocally that they will not make these new witnesses available for deposition before trial commences. And, in any event, Plaintiffs' disclosures are so belated that depositions of the new witnesses cannot cure the prejudice—at this late stage, the Defendants and their experts have no reasonable opportunity to consider and respond to the testimony of these witnesses. Nor can Plaintiffs argue that belatedly introducing the new witnesses is harmless because they are being offered solely for purposes of authentication. See *Lam v. City & Cty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014) (finding district court acted within its discretion to find that non-disclosure of authentication witnesses was harmless).

      Second, disclosing new witnesses for the first time on the eve of trial—the day motions in limine were due—is not substantially justified. None of these witness appear to have new information that might possibly justify Plaintiffs disclosing them at the eleventh hour. Three of the witnesses are relatives of the Plaintiffs, which means their identities were known when the Plaintiffs filed this suit. The fact that neither party filed initial disclosures does not give Plaintiffs license to reveal new witnesses at the eleventh hour. During the conferral on this

motion, and in related correspondence, Plaintiffs made much of the fact that the United States at one time had proposed foregoing initial disclosures under Rule 26—a proposal based on the United States' view that Plaintiffs' claims could be brought, if at all, only under the Administrative Procedure Act and, as such, the case was exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i).  Plaintiffs, however, rejected that proposal, and cannot fairly assert now that initial disclosures were waived.  Plaintiffs subsequently indicated in court filings that *they* believed initial disclosures were unnecessary (ECF Nos. 110, 119, 131); but Plaintiffs' belief is insufficient to bind the parties and excuse them from initial disclosures.  The Local Rules specifically provide that parties intending "to forgo the disclosures required by Fed. R. Civ. P. 26(a)(1) can do so" by filing a "Discovery Agreement" form.  *See* LR 26-2.  No such agreement was filed in this case and, accordingly, Plaintiffs were obligated by Federal Rule 26(a)(1)(A) and basic notions of fair play to timely disclose the identity and proposed testimony of their fact and expert witnesses as the United States has done.[4]

      Further cutting against a finding of substantial justification, it appears that several of the witnesses disclosed as purported fact witnesses are actually expert witnesses in disguise.  For example, Ms. Jessica Wentz, a lawyer, will offer testimony about actions of the current Administration.  Ms. Wentz does not appear to have worked in the Administration—or any other administration for that matter—and presumably cannot provide firsthand knowledge of any of the decisions and policies about which she is designated to speak.  Similarly, the descriptions of the likely testimony of Mr. Stephen Seidel and Ms. Susan Ying suggest that they also may be

---

[4] In addition to asserting (incorrectly) that initial disclosures were waived, Plaintiffs complain that the United States did not serve initial disclosures.  Because the United States disclosed the identities of each of their witnesses and made those witnesses available for deposition well before trial, Plaintiffs cannot plausibly contend that failure to first identify those witnesses in initial disclosures was in any way prejudicial to Plaintiffs.

testifying about general policy decisions or market forces, which is the province of expert testimony. Plaintiffs cannot substantially justify any attempt to introduce expert testimony in this manner, long after expert disclosures and reports are due. Moreover, Plaintiffs' belated disclosure of these witnesses prevents the United States from hiring their own experts to rebut whatever expert testimony they may offer.

Finally, although Rule 37 mandates exclusion of the belatedly-disclosed witnesses, if the Court were to allow any of these witnesses to testify, the United States requests that Plaintiffs be compelled to make such witness available for a deposition on a reasonable schedule before any trial is scheduled to begin. Defendants' alternative request is grounded in fundamental principles of due process—principles reflected in Rule 37's requirement that a witness may not testify at trial if not timely disclosed. Plaintiffs should not be able to capitalize on failing to disclose witnesses until after the time for filing motions in limine has passed and well after Defendants' expert reports are due. At the bare minimum, Defendants should have the opportunity to depose any witness who may testify at trial.

## Conclusion

Because Plaintiffs violated Rule 26(a) by failing to disclose the new witnesses in their initial disclosures or at any time during the course of discovery, and because they have refused to make those new witnesses available for deposition on a reasonable schedule prior to trial, exclusion of the new witnesses from testifying under Rule 37(c)(1) is appropriate and necessary to prevent manifest prejudice to the United States. In the alternative, the Court should order the Plaintiffs to make these witnesses available for a deposition on a reasonable schedule before any trial begins.

Dated: November 20, 2018

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
JEFFREY H. WOOD
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/ Marissa Piropato*
LISA LYNNE RUSSELL
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
MARISSA PIROPATO (MA Bar No. 651630)
CLARE BORONOW (admitted to MD bar)
FRANK J. SINGER (CA Bar No. 227459)
ERIKA NORMAN (CA Bar No. 268425)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*