IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KELSEY CASCADIA ROSE JULIANA,                    No. 6:15-cv-01517-AA
et al.,                                                                          **ORDER**

                        Plaintiffs,

            v.

THE UNITED STATES OF AMERICA,
et al.,

                        Defendants.

---

AIKEN, District Judge.

        This case was originally filed in August 2015. After a protracted period of discovery

disputes, dispositive motions, and mandamus petitions, this case was set for trial beginning on

October 29, 2018, with a pretrial conference to be held on October 23, 2018. On October 19, 2018,

the United States Supreme Court issued an administrative Order staying trial and all discovery in

response to a petition for a writ of mandamus and application for stay filed with the Court by

federal defendants. (doc. 399) Pursuant to that Order, this Court vacated the trial date and all

related deadlines. On November 2, 2018, the Supreme Court denied federal defendants'

application for stay pending disposition of their petition for a writ of mandamus without prejudice,

specifically noting the impropriety of seeking review from the Supreme Court without first filing

a petition with the relevant circuit court. (doc. 416)

On November 5, 2018, pursuant to the Supreme Court's Order vacating the administrative stay, this Court scheduled a status conference for November 8, 2018 at 3:30 p.m. to confer with the parties concerning the status of this litigation. (doc. 417) Over the course of these proceedings, this Court has been aware of federal defendants' concerns and their interest in pursuing an interlocutory appeal. Given the sheer volume of evidence submitted by the parties, however, this Court believed that a bifurcated trial might present the most efficient course for both the parties and the judiciary. The Court has discussed on the record dividing the trial into a liability phase and a remedy phase pursuant to Federal Rule of Civil Procedure 42(b). The Court would then be able to reserve the question of interlocutory appeal by either party until the close of the liability phase once all the evidence and testimony could be distilled into a more cohesive and accessible record. Should the liability phase of the trial have resulted in a finding for plaintiffs, for example, federal defendants would have been able to pursue an appeal of that determination before the Court proceeded to the remedy phase of this case. The Court believed that such a course would allow reviewing courts to consider the parties' arguments on appeal with the benefit of a fully developed factual record.

Apart from the possibility of resetting the trial date at the November 8, 2018 status conference, there were several pending motions, discovery disputes, and evidentiary matters that required the Court's consideration. Given the number of attorneys and expert witnesses involved in the case and the scheduling issues inherent in the upcoming holiday season, the Court anticipated that any new beginning trial date would be set, at the earliest, in January or February of 2019.

Later on November 5, 2018, federal defendants belatedly filed a petition for a writ of mandamus with the United States Court of Appeals for the Ninth Circuit in *United States v. USDC-*

*ORE*, Case No. 18-73014, in which they also sought an emergency stay of proceedings in this Court pending the disposition of their petition.

On November 8, 2018 at 1:25 p.m., the Ninth Circuit issued an Order in Case No. 18-73014, staying trial in this case pending that court's consideration of defendants' mandamus petition. At 3:30 p.m. that same day, the Court held its telephonic status conference, during which it notified the parties of the Ninth Circuit's order staying trial. During the status conference, the parties reported that they had met earlier that morning to confer on the pending evidentiary motions and had reached tentative resolutions on some outstanding discovery issues. Consistent with the Ninth Circuit's Order, no new trial or pretrial conference dates were set.

In its November 8 Order, the Ninth Circuit also invited this Court to revisit its decision to deny interlocutory review. "'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "[W]hen a district court issues 'an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59.'" *Id.* (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)).

With respect to the question of interlocutory appeal, appellate review is generally available only after a final judgment has been entered by a district court. 28 U.S.C. § 1291. The Interlocutory Appeals Act, 28 U.S.C. § 1292(b), provides a limited exception to that requirement: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which

there is substantial ground for difference of opinion and that an immediate appeal from the order

may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in

such order." 28 U.S.C § 1292(b). "Even where the district court makes such a certification, the

court of appeals nevertheless has discretion to reject the interlocutory appeal[] and does so quite

frequently." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002) (citing to 16

Wright, Miller & Cooper § 3929, at 363).

Congress did not intend district courts to certify interlocutory appeals "merely to provide

review of difficult rulings in hard cases." *US. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.

1966). Rather such certification should be granted only "in extraordinary cases where decision of

an interlocutory appeal might avoid protracted and expensive litigation." *Id.*

Thus, interlocutory certification is certainly the exception rather than the rule in appellate

review. Reserving appellate review of a district court's decisions for after trial or a final judgment

serves several important purposes. Crucially, it "emphasizes the deference that appellate courts

owe to the trial judge as the individual initially called upon to decide the many questions of law

and fact that occur in the course of a trial." *Firestone Tire & Rubber Co. v. Risjord*, 49 U.S. 368,

374 (1981). The importance of this concept was recognized by Congress when, in drafting 28

U.S.C. § 1292, it granted district courts the sole discretion to decide in the first instance whether a

case or order is appropriate for interlocutory review.[1]

The function of trial courts in our judicial system is to initially consider the myriad

evidence and legal issues offered by the parties and then refine them to their most essential form,

---

[1] "The legislative history of the Act clearly shows that in passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals." *United States v. Woodbury*, 263 F.2d 784, 788 (9th Cir. 1959).

rendering judgment and relief as the law allows.    Our judicial system affords district courts the respect of operating under an assumption that such courts do not "insulate hotly contested decisions from [] review simply by fast-tracking those decisions and excluding them from its published determination." *Indep. Producers Group v. Librarian of Cong.*, 792 F.3d 132, 138 (D.C. Cir. 2015). Here, the Court has deliberately considered all motions brought by the parties, and its decisions are accessible for appellate scrutiny. (docs. 83, 172, 238, and 369) Trial courts across the country address complex cases involving similar jurisdictional, evidentiary, and legal questions as those presented here without resorting to certifying for interlocutory appeal. As Justice Stewart noted, "the proper place for the trial is in the trial court, not here." *Baker v. Carr*, 369 U.S. 186, 266 (1962) (Stewart, J., concurring.)

Importantly, the Supreme Court has recognized that "[p]ermitting piecemeal appeals would undermine the independence of the district judge[.]" *Id.* Additionally, ordinary adherence to the final judgment rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Id.* (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1940)). The Court notes again that this three-year-old case has proceeded through discovery and dispositive motion practice with only trial remaining to be completed.

This Court stands by its prior rulings on jurisdictional and merits issues, as well as its belief that this case would be better served by further factual development at trial. The Court has, however, reviewed the record and takes particular note of the recent orders issued by the United States Supreme Court on July 30, 2018, and November 2, 2018, as well as the extraordinary Order of the United States Court of Appeals for the Ninth Circuit in *United States v. USDC-ORE*, Case

Page 5 – ORDER

No. 18-73014 issued on November 8, 2018. At this time, the Court finds sufficient cause to revisit the question of interlocutory appeal as to its previous orders, and upon reconsideration, the Court finds that each of the factors outlined in § 1292(b) have been met regarding the previously mentioned orders. Thus, this Court now exercises its discretion and immediately certifies this case for interlocutory appeal. The Court does not make this decision lightly. Accordingly, this case is STAYED pending a decision by the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED this _____ day of November, 2018.

ANN AIKEN
United States District Judge

Page 6 – ORDER