JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The UNITED STATES OF AMERICA**; et al., <br><br> Defendants. | Case No.: 6:15-cv-01517-AA <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;  MOTION TO LIFT THE STAY Pursuant to Fed. R. Civ. P. 15** <br><br> **REQUEST FOR ORAL ARGUMENT** |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MOTION TO LIFT THE STAY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

CERTIFICATION ...............................................................................................................1

MOTIONS ..........................................................................................................................1

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................4

    I.    Relevant Procedural History ................................................................................4

    II.   The Ninth Circuit Interlocutory Opinion..............................................................5

ARGUMENT SUPPORTING MOTION TO LIFT THE STAY.................................................6

ARGUMENT SUPPORTING MOTION FOR LEAVE TO AMEND .......................................7

    I.    Legal Standard for Amendment...........................................................................7

    II.   The Court Should Grant Plaintiffs Leave to Amend ...........................................8

        A.   Plaintiffs' Second Amended Complaint cures the redressability issue identified by the Interlocutory Opinion and is not futile. ......................................................8

            1.    The Interlocutory Opinion did not decide whether declaratory judgment under 28 U.S.C. § 2201 sufficed for redressability of standing under Article III...........10

            2.    The request for relief in Plaintiffs' Second Amended Complaint is consistent with relief routinely afforded by courts pursuant to the Declaratory Judgment Act and is sufficient for Article III standing ...................................................13

            3.    Amended allegations in Plaintiffs' Second Amended Complaint demonstrate that declaratory judgment would resolve the ongoing constitutional controversy and be substantially likely to provide at least partial redress for Plaintiffs' asserted concrete injuries....................................................................................18

        B.   Defendants will not suffer any prejudice....................................................19

        C.   Plaintiffs have not caused undue delay or acted in bad faith. ....................21

CONCLUSION...................................................................................................................23

# TABLE OF AUTHORITIES

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
  465 F.3d 946 (9th Cir. 2006) ........................................................................... 19, 21

*Badger Catholic, Inc. v. Walsh*,
  620 F.3d 775 (7th Cir. 2010) .................................................................................. 17

*Baker v. Carr*,
  369 U.S. 186 (1962) .................................................................................................. 5

*Church of Scientology of Cal. v. United States*,
  506 U.S. 9 (1992) ....................................................................................... 11, 14, 19

*Clinton v. Jones*,
  520 U.S. 681 (1997) .................................................................................................. 6

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................... 7

*Ctr. for Biological Diversity v. Veneman*,
  394 F.3d 1108 (9th Cir. 2005) .................................................................................. 8

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) .................................................................................. 23

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ...................................................................... 7, 19, 22

*Evers v. Dwyer*,
  358 U.S. 202 (1958) ................................................................................................ 16

*Foman v. Davis*,
  371 U.S. 178 (1962) ...................................................................................... 2, 7, 22

*Franklin v. Massachusetts*,
  505 U.S. 788 (1992) ................................................................................................ 17

*Gina Morales v. Fitness All., LLC*,
  No. EDCV162325JGBDTBX, 2020 WL 7094072 (C.D. Cal. Oct. 16, 2020) .......... 6

*Hampton v. Steen*,
  No. 2:12-CV-00470-AA, 2017 WL 11573592 (D. Or. Nov. 13, 2017) .............. 7, 22

*Howey v. United States*,
  481 F.2d 1187 (9th Cir. 1973) ........................................................... 7, 17, 19, 22

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**     ii
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

*Ibrahim v. Dept. of Homeland Sec.*,
   669 F.3d 983 (9th Cir. 2012) ...................................................................... 11

*In re United States*,
   139 S. Ct. 452 (2018) .................................................................................. 4

*Juliana v. United States*,
   339 F. Supp. 3d 1062 (D. Or. 2018) ........................................................... 3

*Juliana v. United States*,
   947 F.3d 1159 (9th Cir. 2020) ........................................................... passim

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................... 6

*Larson v. Valente*,
   456 U.S. 228 (1982) .................................................................................. 14

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) .................................................................... 7

*Los Angeles County Bar Ass'n v. Eu*,
   979 F.2d 697 (9th Cir. 1992) .................................................................... 17

*McIntyre v. Eugene Sch. Dist. 4J*,
   No. 6:18-CV-00768-MK, 2019 WL 294758 (D. Or. Jan. 23, 2019) ........... 22

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
   312 U.S. 270 (1941) .................................................................................. 17

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) .................................................................................. 17

*Meese v. Keene*,
   481 U.S. 465 (1987) .................................................................................. 11

*Miller v. Rykoff–Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ...................................................................... 8

*Milliken v. Bradley*,
   433 U.S. 267 (1977) .................................................................................... 9

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ............................................................. 19, 20

*Nken v. Holder*,
   556 U.S. 418 (2009) .................................................................................... 6

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**          iii
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

*Nunes v. Ashcroft*,
    375 F.3d 805 (9th Cir. 2004) ..............................................................................8

*Polich v. Burlington N., Inc.*,
    942 F.2d 1467 (9th Cir. 1991) ............................................................................3

*Powell v. McCormack*,
    395 U.S. 486 (1969) ..........................................................................................16

*Rediger v. Country Mut. Ins. Co.*,
    No. 6:16-CV-02263-AA, 2018 WL 6571211 (D. Or. Dec. 13, 2018)....................20

*Rosenberg Brothers & Co. v. Arnold*,
    283 F.2d 406 (9th Cir. 1960) ..............................................................................7

*Samples v. Colvin*,
    103 F. Supp. 3d 1227 (D. Or. 2015) ...................................................................13

*Sprague v. Ticonic Nat'l Bank*,
    307 U.S. 161 (1939) ..........................................................................................13

*Torch v. Windsor Surry Co.*,
    No. 3:17-CV-00918-AA, 2017 WL 4833438 (D. Or. Oct. 24, 2017) ...............8, 17

*United States v. U.S. District Court*,
    No. 18-73014 (9th Cir. Nov. 8, 2018)...................................................................4

*United States v. U.S. District Court*,
    No. 18-80176 (9th Cir. Dec. 26, 2018) .......................................................3, 5, 22

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) .................................................................19, 20, 22

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981) ..............................................................................7

*United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*,
    919 F.2d 1398 (9th Cir. 1990) ............................................................................8

*Utah v. Evans*,
    536 U.S. 452 (2002)......................................................................................10, 16

*Uzuegbunam v. Preczewski*,
    592 U.S. __ (2021), No. 19-968, 2021 WL 850106 (U.S. March 8, 2021) .....................passim

*Zwickler v. Koota*,
    389 U.S. 241 (1967)............................................................................................15

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**     iv
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

**Statutes**

28 U.S.C. § 1292(b) ............................................................................. 3, 5, 22

28 U.S.C. § 2201 ............................................................................. 9, 10, 14, 15

28 U.S.C. § 2202 ............................................................................. 9

**Rules**

Fed. R. Civ. P. 15 ............................................................................. 1, 2, 7

**Other Authorities**

D. Laycock & R. Hasen, *Modern American Remedies* (5th ed. 2019) ................................. 13, 15

Harvard L. Rev. Ass'n, *Substantive Limits on Liability and Relief*,
    90 Harv. L. Rev. 1190 (1977) ............................................................. 16

Merriam-Webster, https://www.merriam-webster.com/dictionary/skepticism. .......................... 11

Samuel L. Bray, *The Myth of the Mild Declaratory Judgment*,
    63 Duke L. Journal 1091 (2014) .......................................................... 16

Stephen Vladeck, *The Solicitor General and the Shadow Docket*,
    133 Harv. L. Rev. 123 (2019) ............................................................ 21

The Federalist No. 78 (Alexander Hamilton) (C. Rossiter ed. 1961) ............................. 24

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;
MOTION TO LIFT THE STAY**                                                            v

## CERTIFICATION

Pursuant to Local Rule 7-1(a), Plaintiffs hereby certify the parties made a good faith effort through telephone conferences on March 5 and 8 to resolve the dispute and have been unable to do so. Defendants will oppose the motion.

## MOTIONS

In accordance with Local Rule 7-1(b), Plaintiffs make two motions. First, they seek for the Court to lift the stay, if the stay did not automatically lift upon the Ninth Circuit issuing the mandate after interlocutory appeal. Second, pursuant to Federal Rule of Civil Procedure 15, Plaintiffs seek an order granting them leave to amend and file their Second Amended Complaint for Declaratory and Injunctive Relief. Plaintiffs respectfully seek this relief well in advance of their deadline to petition the U.S. Supreme Court for a writ of certiorari, due on July 12, 2021.

## INTRODUCTION

After more than two years of interlocutory appeal in the Ninth Circuit, the jurisdiction of this Court to exercise its discretion and manage this case consistent with the Ninth Circuit's Interlocutory Opinion ("Interlocutory Opinion") has returned by the issuance of the mandate on March 5, 2021. Ninth Circuit Dkt. 200, 204; *Juliana v. United States*, 947 F.3d 1159 (9th Cir. 2020). Plaintiffs believe the stay issued by this Court on November 21, 2018 has automatically lifted pursuant to that Order, which states: "this case is STAYED pending a decision by the Ninth Circuit Court of Appeals" on interlocutory appeal. Doc. 444 at 6. The Ninth Circuit has fully resolved interlocutory appeal with its February 10, 2021 denial of Plaintiffs' Petition for Rehearing En Banc of the Interlocutory Opinion and the mandate has issued. *Juliana*, 947 F.3d 1159; Ninth Circuit Dkt. 204. Thus, the stay should automatically lift. However, in the event an affirmative order by this Court is required to lift the stay, Plaintiffs respectfully move this Court

to lift the stay and consider Plaintiffs' Motion for Leave to Amend and File Second Amended

Complaint for Declaratory and Injunctive Relief, as discussed below.

Plaintiffs move to amend their First Amended Complaint to plead redressability

consistent with the Interlocutory Opinion and to cure any deficiency regarding Article III

standing so that this case may finally move to a full evidentiary proceeding in the liability phase.

As this Court wrote in 2018, "this [then] three-year-old case has proceeded through discovery

and dispositive motion practice with only trial remaining to be completed," reiterating this

Court's unwavering "belief that this case would be better served by further factual development

at trial." Doc. 444 at 5. On a motion for leave to amend pursuant to Federal Rule of Civil

Procedure Rule 15, this Court has wide discretion to grant Plaintiffs leave to file their Second

Amended Complaint,[1] because justice so requires, particularly where the Ninth Circuit found a

relatively narrow deficiency as to redressability, after finding that Plaintiffs met their burden at

the denial of summary judgment stage in establishing both injury in fact and causation, and

where this Court has otherwise been affirmed. As the Supreme Court stated, "[i]f the underlying

facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182

(1962). Following the ordinary litigation practice of amendment, Plaintiffs should now have an

opportunity to test their claims on the merits at trial.

The Ninth Circuit's instructions to dismiss Plaintiffs' First Amended Complaint for "lack

of Article III standing" on redressability grounds is not the end of Plaintiffs' case in this Court.

---

[1] A clean copy of the proposed Second Amended Complaint is attached hereto as Attachment 1.
A tracked changes version of the proposed Second Amended Complaint is attached hereto as
Attachment 2. A summary of the amendments to the First Amended Complaint in the Second
Amended Complaint is attached hereto as Attachment 3.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                                    2
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

947 F.3d at 1175. The instructions to dismiss were not with prejudice and, while the Ninth

Circuit found Plaintiffs' specific request for relief based on a remedial plan outside of Article III

authority, the proper recourse at this pre-trial stage[2] of the case is not outright dismissal, but

amendment. *Id.*; *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (finding

dismissal improper without granting leave to amend unless "the complaint could not be saved by

any amendment"). Importantly, by these amendments, Plaintiffs are not supplementing their

complaint to add new claims or challenge different conduct by Defendants. As with the First

Amended Complaint, the ongoing defendant conduct being challenged remains as this Court

summarized it:

> However, plaintiffs challenge not only the direct emissions of federal defendants
> through their use of fossil fuels to power its buildings and vehicles, but also the
> emissions that are caused and supported by their policies. Plaintiffs have alleged
> that federal defendants' systematic conduct, which includes "government policies
> practices, and actions, showing how each Defendant permits, licenses, leases,
> authorizes, and/or incentivizes the extraction, development, processing,
> combustion, and transportation of fossil fuel" caused plaintiffs' injuries.
> Plaintiffs' Resp. to Mot. for Summ J. 11. And plaintiffs provide evidence that
> federal defendants' actions (or inaction), such as coal leasing, oil development,
> fossil fuel industry subsidies, and the setting of fuel efficiency standards for
> vehicles, led to plaintiffs' injuries.

*Juliana v. United States*, 339 F. Supp. 3d 1062, 1092 (D. Or. 2018), rev'd in part and remanded,

947 F.3d 1159 (9th Cir. 2020). Further, Plaintiffs' amendments do not update facts or other

conditions that have occurred since the First Amended Complaint was filed in September 2015.

---

[2] While this case has now been pending for five and one-half years, it still has not yet proceeded
to trial as a result of unprecedented delay tactics waged by the Department of Justice. As Judge
Friedland noted in her dissent from granting Defendants' petition for permission to appeal
pursuant to 28 U.S.C. § 1292(b): "It is also concerning that allowing this appeal now effectively
rewards the Government for its repeated efforts to bypass normal litigation procedures by
seeking mandamus relief in our court and the Supreme Court. If anything has wasted judicial
resources in this case, it was those efforts." Case No. 18-80176, Ninth Circuit Dkt. 8-2, n.1.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                    3
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

Finally, granting leave to amend at this stage does not preclude this Court from considering and deciding on the merits after trial whether there is a likelihood of at least partial redress of Plaintiffs' ongoing injuries through declaratory judgment or further relief. No decision has yet been made by this Court or the Ninth Circuit, after a full presentation of the evidence at trial, as to the redressability prong of Plaintiffs' standing. That issue is preserved and would be subject to this Court's decision after hearing evidence at trial.

## BACKGROUND

### I.    Relevant Procedural History

This case was originally filed in August 2015. Doc. 1. Plaintiffs filed their First Amended Complaint as a matter of course on September 10, 2015. Doc. 7. After surviving motions to dismiss, this case was set for trial beginning on October 29, 2018, with a pretrial conference scheduled for October 23, 2018. On October 19, 2018, the United States Supreme Court issued an administrative Order staying trial and all discovery in response to a petition for a writ of mandamus and application for stay filed with the Supreme Court by Defendants. Doc. 399. Pursuant to that Order, this Court vacated the trial date and all related deadlines. Doc. 404. On November 2, 2018, the Supreme Court denied Defendants' application for stay. *In re United States*, 139 S. Ct. 452, at *1 (2018) (mem.).

On November 5, 2018, Defendants filed a petition for a writ of mandamus with the Ninth Circuit Court of Appeals in *United States v. U.S. District Court*, Case No. 18-73014, also seeking an emergency stay of proceedings in this Court pending the disposition of their petition. On November 8, the Ninth Circuit issued an Order in Case No. 18-73014, staying trial in this case pending that court's consideration of Defendants' mandamus petition. *United States v. U.S. District Court*, No. 18-73014, Doc. 3 (9th Cir. Nov. 8, 2018).

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**          4
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

On November 21, 2018, this Court certified this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Doc. 444. On December 26, 2018, the Ninth Circuit granted Defendants' petition for permission to appeal pursuant to 28 U.S.C. § 1292(b). Case No. 18-80176. Doc. 8-1.

## II.    The Ninth Circuit Interlocutory Opinion

On interlocutory appeal of this Court's certified orders denying Defendants' motions for dismissal, judgment on the pleadings, and summary judgment, the Ninth Circuit assumed that Plaintiffs had valid constitutional claims for relief and considered and answered two questions: (1) Are Plaintiffs required to bring their constitutional claims under the APA? and (2) Have Plaintiffs demonstrated their Article III standing sufficient to overcome Defendants' motions to dismiss and for summary judgment?[3] The Ninth Circuit largely affirmed this Court in ruling that:

1. Plaintiffs need not bring their constitutional claims under the APA. 947 F.3d at 1167-68.

2. Regarding the three-part Article III standing inquiry, the Ninth Circuit held:

   a. "The district court correctly found the injury requirement met." *Id.* at 1168;

   b. "The district court correctly found the Article III causation requirement satisfied for purposes of summary judgment." *Id.* at 1169; but

   c. "[I]t is beyond the power of an Article III court to order, design, supervise, or implement the plaintiffs' requested remedial plan" and, thus, Plaintiffs did not meet the second prong of the redressability analysis. *Id.* at 1171.

---

[3] Defendants have never argued this case was barred by the political question doctrine, but nonetheless, the Ninth Circuit majority agreed with this Court's ruling on that question raised by former Intervenor-Defendants, stating "we do not find this to be a political question" and the dissent, after explicitly reviewing the *Baker v. Carr* factors, also agreed with this Court's analysis. 947 F.3d at 1174, n.9; *see also* 1185-88 (dissent). Thus, all five federal judges to consider the political question doctrine (this Court's Article III and Magistrate Judges and the 3-judge panel) have rejected its applicability here.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                    5
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

Ultimately, based on its redressability holding alone, the Ninth Circuit held: "we reverse the certified orders of the district court and remand this case to the district court with instructions to dismiss for lack of Article III standing." *Id.* at 1175. The dismissal as to standing was without prejudice. The Interlocutory Opinion did not award summary judgment to Defendants. The rulings in the Interlocutory Opinion provide the basis for this Motion for Leave to Amend and File a Second Amended Complaint. This case and controversy is live and ongoing.

## ARGUMENT SUPPORTING MOTION TO LIFT THE STAY

If the stay has not automatically lifted, Plaintiffs hereby move this Court to lift its November 21, 2018 stay. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Whether a stay is appropriate depends on case specific circumstances. *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The corollary to this power is the ability to lift a stay previously imposed." *See Gina Morales v. Fitness All., LLC,* No. EDCV162325JGBDTBX, 2020 WL 7094072, at *1 (C.D. Cal. Oct. 16, 2020). Because the Ninth Circuit reversed this Court's orders on only one element of the redressability prong of Article III standing, but otherwise affirmed or left untouched this Court's orders on Defendants' motions to dismiss, for judgment on the pleadings, and for summary judgment, and did not instruct this Court to dismiss with prejudice or order judgment for Defendants, it is appropriate for the Court to lift the stay in order to address Plaintiffs' motion for leave to file an amended complaint. Plaintiffs preserved their rights to file this motion as early as 2016 when Defendants first sought to challenge the jurisdiction of this Court to hear Plaintiffs' claims for relief. Doc. 41 at 45 ("If this Court finds facial deficiencies with Plaintiffs' standing allegations or finds the FAC fails to state a claim, Plaintiffs respectfully request leave to

amend."). Given that the Interlocutory Opinion remanded the case to this Court, and the mandate has issued, this is the *only* court that currently has jurisdiction of this case.

ARGUMENT SUPPORTING MOTION FOR LEAVE TO AMEND

**I.      Legal Standard for Amendment**

Federal Rule of Civil Procedure Rule 15 allows a party to amend its pleading "with the opposing party's written consent or the court's leave." The rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Trial courts have discretion in deciding whether to grant leave to amend, but "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). The judicial policy of Rule 15 favoring amendments should be applied with "extreme liberality." *Id.* (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam). Leave to amend should be granted freely "even if a plaintiff's claims have previously been dismissed." *Hampton v. Steen*, No. 2:12-CV-00470-AA, 2017 WL 11573592, at *2 (D. Or. Nov. 13, 2017) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002)).

Courts consider four factors when determining whether leave to amend should be granted: 1) prejudice to the opposing party; 2) bad faith; 3) futility of amendment; and 4) undue delay. *Foman*, 371 U.S. at 182; *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Not all factors are equal and only when prejudice or bad faith is shown should leave to amend be denied. *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Leave to amend should not be denied solely on the basis of delay, *id.*, particularly when that delay is not caused by the party seeking amendment.

II.    **The Court Should Grant Plaintiffs Leave to Amend**

Here, Plaintiffs prevailed on nearly every issue raised by multiple sets of Defendants and

Intervenors for over five years—before first a federal magistrate judge, then an Article III U.S.

District Court Judge, then three U.S. Court of Appeals Judges considering multiple petitions for

writs of mandamus, and then the U.S. Supreme Court denying two emergency stay applications.

Finally, in the Interlocutory Opinion, Plaintiffs won on every issue but one before the latest 2-1

Ninth Circuit panel, with a powerful dissent. Justice unequivocally requires leave to amend

Plaintiffs' First Amended Complaint. Leave to amend is especially proper where the only issue

on which Plaintiffs have lost is one portion of the relief they asked this Court to award on the

grounds that such relief was deemed outside of Article III authority. Plaintiffs can readily amend

their complaint to bring their Request for Relief into conformity with both the Interlocutory

Opinion and other complaints where plaintiffs have obtained declaratory judgment in cases

brought under the U.S. Constitution.

### A.    Plaintiffs' Second Amended Complaint cures the redressability issue identified by the Interlocutory Opinion and is not futile.

Amending a complaint is futile "only if 'no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim.'" *Torch v.*

*Windsor Surry Co.*, No. 3:17-CV-00918-AA, 2017 WL 4833438, at *2 (D. Or. Oct. 24, 2017)

(citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "The party opposing the

amended complaint bears the burden of showing futility." *Id.* (citing *Nunes v. Ashcroft*, 375 F.3d

805, 808 (9th Cir. 2004)). The Ninth Circuit has made clear that "[o]ften a plaintiff will be able

to amend its complaint to cure standing deficiencies." *United Union of Roofers, Waterproofers,*

*& Allied Trades No. 40 v. Ins. Corp. of Am.,* 919 F.2d 1398, 1402 (9th Cir. 1990); *see also Ctr.*

*for Biological Diversity v. Veneman*, 394 F.3d 1108, 1113 (9th Cir. 2005) (finding that the

plaintiffs lacked standing but permitting plaintiffs leave to amend their complaint to cure standing defects). By this Second Amended Complaint, this Court can be assured that Plaintiffs seek only relief for their injuries caused by Defendants that is traditionally granted and well within this Court's Article III authority. Further, by these amendments, Plaintiffs are not updating facts or conditions that have occurred since the First Amended Complaint was filed nor are Plaintiffs adding new claims for relief or challenging conduct of Defendants different than that alleged in the First Amended Complaint. Doc. 369 at 38. As this Court has previously stated, the precise nature of relief cannot be known until the evidence is taken and decision made on the merits of Plaintiffs' case. Doc. 369 at 44-45; Doc. 44 at 5; *Milliken v. Bradley*, 433 U.S. 267, 280 (1977) ("the nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation").

Plaintiffs' Second Amended Complaint requests relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201-2202. In conformity with the Declaratory Judgment Act and other constitutional cases, Plaintiffs request this Court:

1.    Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring the United States' national energy system that creates the harmful conditions described herein has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law;

2.    Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring the United States' national energy system that creates the harmful conditions described herein has violated and continues to violate the public trust doctrine;

3.    Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring that § 201 of the Energy Policy Act has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law.

Attachment 1, Prayer for Relief, ¶¶ 1-3. Plaintiffs request, only after issuing declaratory judgment and pursuant to 28 U.S.C. § 2202, this Court issue an appropriate injunction or other

further relief the Court deems necessary and proper. In their amendment, Plaintiffs have omitted

the "specific relief" the Ninth Circuit majority found to be outside of Article III authority to

award, namely the remedial plan, and other specific remedial requests. Plaintiffs have also

amended their allegations to demonstrate that declaratory judgment alone would be substantially

likely to provide partial redress of asserted and ongoing concrete injuries, even if further relief is

later deemed unavailable, just as the Declaratory Judgment Act explicitly provides and Supreme

Court precedent recognizes.[4] 28 U.S.C. § 2201; *see Uzuegbunam v. Preczewski*, 592 U.S. __

(2021), No. 19-968, 2021 WL 850106, at \*4 (U.S. March 8, 2021).

       1.   **The Interlocutory Opinion did not decide whether declaratory judgment under 28 U.S.C. § 2201 sufficed for redressability of standing under Article III.**

     The Interlocutory Opinion described the "central issue before [it]" as "whether . . . an

Article III court can provide the plaintiffs the redress they seek—an order requiring the

government to develop a plan to 'phase out fossil fuel emissions and draw down excess

atmospheric CO2 (sic).'" *Juliana*, 947 F.3d at 1164-65. The Ninth Circuit majority evaluated

Plaintiffs' standing from its vantage point that "[t]he crux of the plaintiffs' requested remedy is

an injunction requiring the government not only to cease permitting, authorizing, and subsidizing

fossil fuel use, but also to prepare a plan subject to judicial approval to draw down harmful

emissions." *Id.* at 1170. The majority determined the Court did not have Article III authority "to

order, design, supervise, or implement the plaintiffs' requested remedial plan," and, on that basis,

reversed this Court's decision not to dismiss on standing and remanded the case "to the district

court with instructions to dismiss for lack of Article III standing." *Id.*

---

[4] *See, e.g., Utah v. Evans*, 536 U.S. 452, 463-64 (2002) (declaratory relief changes the legal status of the challenged conduct).

In evaluating Plaintiffs' requested remedies in the First Amended Complaint, the Ninth

Circuit majority was "skeptical,"[5] *i.e.* suspending judgment, that declaratory relief or another

order of the Court would be "substantially likely" to redress Plaintiffs' injuries as alleged, the

first factor it considered. *Id.* at 1170-71. The Ninth Circuit majority was likely uncertain because

any conclusion on the substantial likelihood of declaratory or other further relief providing at

least partial redress to Plaintiffs, if not answered directly by the Declaratory Judgment Act, is a

question of fact that remained disputed at the denial of summary judgment stage, and is within

this Court's jurisdiction, not the Ninth Circuit's, to determine on the merits after trial. *Id.*;

*Uzuegbunam*, 2021 WL 850106 at *6 (quoting *Church of Scientology of Cal. v. United States*,

506 U.S. 9, 13 (1992)); *see Meese v. Keene*, 481 U.S. 465, 476 (1987) (granting requested relief

would at least partially redress the complained-of injury); *see also Ibrahim v. Dept. of Homeland

Sec.*, 669 F.3d 983, 993 (9th Cir. 2012) ("While obtaining a visa may stand as a potential

obstacle to her entry into the United States, it does not completely foreclose redressability.

Ibrahim is not required to solve all roadblocks simultaneously and is entitled to tackle one

roadblock at a time."). The Ninth Circuit's single paragraph discussion of declaratory relief,

which ignored the Declaratory Judgment Act or any of the relevant Supreme Court precedent in

constitutional cases, can only be characterized as *dicta* and is not central to the Ninth Circuit's

ultimate ruling on remedies outside of Article III authority. *Juliana*, 947 F.3d at 1170. Thus, the

Ninth Circuit's only non-skeptical and precedential holding on redressability is that the "specific

relief" Plaintiffs sought, which the Interlocutory Opinion characterized as for this Court "to

---

[5] Skeptical is defined as "relating to, characteristic of, or marked by skepticism." Skepticism is defined as: "the doctrine that true knowledge or knowledge in a particular area is uncertain" or "the method of suspended judgment, systematic doubt, or criticism characteristic of skeptics." Merriam-Webster. https://www.merriam-webster.com/dictionary/skepticism.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                                    11
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

order, design, supervise, or implement the plaintiffs' requested remedial plan,"[6] was not within

the "power" of an Article III court.[7] *Id.* at 1171.

Defendants purport to agree with Plaintiffs that the Ninth Circuit did not fully address

whether declaratory relief could provide an adequate remedy for the purposes of establishing

standing. *See* Ninth Circuit Dkt. 202 at 8-9. In their Opposition to Motion to Stay the Mandate in

the Ninth Circuit, Defendants stated that Plaintiffs argued "for the first time" in their petition for

*en banc* review "that declaratory relief would in fact be sufficient." *Id.* at 8. While Plaintiffs

disagree with Defendants that they "forfeited" any argument about the sufficiency of declaratory

relief to establish Article III standing,[8] Plaintiffs agree with Defendants that the Ninth Circuit did

---

[6] Plaintiffs note that the Interlocutory Opinion erred by mischaracterizing their "specific relief" from the First Amended Complaint, Request for Relief ¶7, which actually requested: "Order Defendants to prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$ so as to stabilize the climate system and protect the vital resources on which Plaintiffs now and in the future will depend." Doc. 7 at 99. Plaintiffs never asked this Court to "design," "supervise," or "implement" any plan. That language cannot be found in Plaintiffs' First Amended Complaint and was inserted by the Ninth Circuit majority.

[7] Plaintiffs contest the Ninth Circuit's standing analysis on redressability and its ruling on Article III equitable authority and reserve their rights to petition the Supreme Court for a writ of certiorari to review and reverse that decision within 150 days of the Ninth Circuit's Interlocutory Opinion denying Plaintiffs' petition for *en banc* review, or, if this motion for leave to amend Plaintiffs' complaint is granted, once there is a final judgment on standing and/or the merits, or when the remedy is decided, whichever point is the appropriate stage to petition for review.

[8] *See, e.g.,* Ninth Circuit Dkt. 37 at 24 ("*Even alone*, a judicial declaration of the unlawfulness of governmental climate destruction will help protect the mental wellbeing of these young people." (emphasis added) (citations and footnote omitted)); *see also* Doc. 7, ¶ 14 (citing Declaratory Judgment Act). Notably, Defendants' opening brief in the Ninth Circuit completely ignored declaratory relief and the Declaratory Judgment Act, instead choosing to focus on their argument that mischaracterized Plaintiffs' request for relief and this Court's intentions: "Plaintiffs' alleged injuries are not redressable because a single district judge may not (consistent with Article III and the equitable authority of federal courts) seize control of national energy production, energy consumption, and transportation in the ways that would be required to implement Plaintiffs' demanded remedies." Ninth Circuit Dkt. 16.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                    12
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

not issue a final ruling on whether declaratory judgment would suffice to establish Plaintiffs'

standing.

Accordingly, the issue of whether declaratory relief pursuant to the Declaratory Judgment

Act is within this Court's Article III authority to award to resolve an actual case or controversy

where injury and causation were established, was not decided by the Ninth Circuit and remains

properly within this Court's discretion. *Samples v. Colvin*, 103 F. Supp. 3d 1227, 1231 (D. Or.

2015) (mandate is only controlling as to questions that it "laid at rest") (citing *Sprague v. Ticonic*

*Nat'l Bank*, 307 U.S. 161, 168 (1939)). This Court previously affirmed its authority to award

declaratory relief as part of "a liability phase" and those elements of prior orders were not

addressed by the Interlocutory Opinion. Doc. 444 at 2. The Ninth Circuit also did not address, let

alone foreclose, whether by amending Plaintiffs' complaint to omit the offending specific request

for injunctive relief and clarify their request for declaratory relief in the first instance, with

proper allegations of the partial redress declaratory relief will provide Plaintiffs' asserted

concrete injuries, would suffice for Article III standing. Meanwhile, the Supreme Court recently

issued an opinion that nominal damages, *i.e.*, "'a form of declaratory relief in a legal system with

no general declaratory judgment act,'" provides redress for purposes of the Article III standing

analysis. *Uzuegbunam*, 2021 WL 850106, at *4 (quoting D. Laycock & R. Hasen, *Modern*

*American Remedies* 636 (5th ed. 2019)).

### 2. The request for relief in Plaintiffs' Second Amended Complaint is consistent with relief routinely afforded by courts pursuant to the Declaratory Judgment Act and is sufficient for Article III standing

Plaintiffs' Second Amended Complaint presents this Court with justiciable claims,

unresolved by the Ninth Circuit Opinion, seeking relief that is consistent with the Declaratory

Judgment Act and federal precedent. Yesterday, the Supreme Court affirmed that to "satisfy the

'irreducible constitutional minimum' of Article III standing, a plaintiff must establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, and (3) a remedy that is likely to redress that injury." *Uzuegbunam*, 2021 WL 850106 at *3. The Court reaffirmed that a court's "ability 'to effectuate a partial remedy' satisfies the redressability requirement." *Id.* at *6 (quoting *Church of Scientology of Cal.*, 506 U.S. at 13). The only element of standing at issue in this motion for leave to amend is whether Plaintiffs' Second Amended Complaint seeks a remedy that is likely to partially redress their injury.

Declaratory judgment is a remedy that is likely to at least partially redress at least some of Plaintiffs' injuries and meets the irreducible constitutional minimum for Article III standing. *Id.*; *Larson v. Valente*, 456 U.S. 228, 244 n.15 (1982). According to the Declaratory Judgment Act, an Article III court: "may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201 (emphasis added). Here, Plaintiffs seek declaratory relief that "the United States' national energy system that creates the harmful conditions described herein has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law." Attachment 1, Prayer for Relief, ¶ 1. This relief is squarely within the constitutional and statutory power of Article III courts to grant, would wholly and partially redress Plaintiffs' ongoing injuries caused by Defendants' ongoing policies and practices, and therefore cures the standing deficiencies identified by the Ninth Circuit with regard to the redressability prong of standing. *Id.*, ¶¶ 19-A, 22-A, 30-A, 34-A, 39-A, 43-A, 46-A, 49-A, 52-A, 56-A, 59-A, 62-A, 64-A, 67-A, 70-A, 72-A, 76-A, 80-A, 85-A, 88-A, 90-A, 95-A to 95-D, 276-A.

In *Uzuegbunam*, the Supreme Court addressed the redressability prong of Article III standing in a constitutional case challenging policies and practices that harmed the First Amendment rights of students where injury and causation had been proved and the students sought nominal damages and declaratory and injunctive relief. 2021 WL 850106 at *3; *id*. at *10 (Roberts, C.J., dissenting). However, there, unlike here, the injuries were solely in the past because the policies were rescinded and the students no longer attended the school, leading the Court to consider "whether an award of nominal damages by itself can redress a past injury" in a case where mootness precluded entry of both declaratory and injunctive relief because the controversy had ceased. *Id*. at *2. Central to the Court's ruling that nominal damages of $1 sufficed for redressability, it recounted our Nation's well-settled history that where a wrong is done to a right, even when solely in the past, there will be a remedy given, even if it is nominal or declaratory in nature. *Id*. at *4-5. The Court and Chief Justice Roberts in dissent agreed that prospective relief (*for ongoing as opposed to past injuries*) that is declaratory in nature suffices for Article III redressability: "The award of nominal damages was one way for plaintiffs at common law to 'obtain a form of declaratory relief in a legal system with no general declaratory judgment act.'" *Id*. at *4 (quoting D. Laycock & R. Hasen, Modern American Remedies 636 (5th ed. 2019)); accord *id*. at *10 (Roberts, C.J., dissenting). Today, plaintiffs with ongoing controversies and injuries in constitutional cases need not rely on nominal relief because they have the Declaratory Judgment Act. 28 U.S.C. § 2201.

Relatedly and consistent with *Uzuegbunam*, courts have a duty to decide the appropriateness of declaratory relief separate and apart from any decision about the appropriateness of injunctive relief. *Zwickler v. Koota*, 389 U.S. 241, 254 (1967) (court has a "duty to decide the appropriateness and the merits of [a] declaratory request irrespective of its

conclusion as the propriety of the issuance of [an] injunction.").[9] The Supreme Court has long-recognized the important role of declaratory relief in resolving constitutional cases. *See, e.g., Evers v. Dwyer*, 358 U.S. 202, 202-04 (1958) (*ongoing* governmental enforcement of segregation laws created actual controversy for declaratory judgment); *Evans*, 536 U.S. at 463-64 (declaratory relief changes the legal status of the challenged conduct, sufficient for redressability); *Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A court may grant declaratory relief even though it chooses not to issue an injunction or mandamus.").

If declaratory judgment alone could not suffice for the redressability prong of Article III standing, then the Declaratory Judgment Act would be unconstitutional itself since it explicitly tells Article III courts they can grant declaratory relief even where no other relief is available. But the long history of our country and judicial remedies, confirmed by yesterday's judgment in *Uzuegbunam*, demonstrates the Declaratory Judgment Act is consistent with Article III. If the Declaratory Judgment Act is constitutional, then declaratory relief is adequate for the redressability prong of Article III standing in an actual case or controversy where injury in fact and causation are both demonstrated. Even as a freestanding remedy, a declaratory judgment is effective relief that carries an expectation that government officials "would abide by an authoritative interpretation of the . . . constitution[.]" *Evans*, 536 U.S. at 463-64 (quoting

---

[9] *See also* Harvard L. Rev. Ass'n, *Substantive Limits on Liability and Relief*, 90 Harv. L. Rev. 1190, 1248-49 (1977) (in systemic constitutional cases, "[t]he court's first step should be to issue a form of declaratory judgment, placing the defendants on notice of the constitutional violation" so they can "remed[y] the violations on their own initiative"); Samuel L. Bray, *The Myth of the Mild Declaratory Judgment*, 63 Duke L. Journal 1091, 1120 (2014) ("Many of the most momentous and controversial decisions of constitutional law over the last century have been declaratory judgments, including *Powell v. McCormack, Roe v. Wade, Buckley v. Valeo, Bowers v. Hardwick, U.S. Term Limits, Inc v. Thornton*, and most recently *National Federation of Independent Business v. Sebelius*. No critic of any of these decisions has ever contended that it had less effect because it took the form of a declaratory judgment.")

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**                    16
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

*Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (opinion of O'Connor, J.)); *accord Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 701 (9th Cir. 1992) (assuming non-party legislature would abide by judicial determination, making it "likely that the alleged injury would be to some extent ameliorated"); *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010).

While a final decision about the appropriateness of declaratory relief on the facts of this case should not be made until after a trial and the development of a full factual record, for the purpose of pleading a justiciable case, this Court need only evaluate "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also Torch*, 2017 WL 4833438, at *3 ("[W]eighing the evidence . . . is not appropriate at this juncture. Inclusion of facts that, if proved, would constitute a valid and sufficient claim is sufficient for purposes of allowing plaintiff leave to amend his complaint."). Here, Plaintiffs have met their minimal burden of pleading a justiciable case and deserve to have the question about the appropriateness of declaratory relief decided on the merits, not on the pleadings. *Howey*, 481 F.2d at 1190 ("The purpose of pleadings is to facilitate a proper decision on the merits . . . and not to erect formal and burdensome impediments in the litigation process." (internal quotation and citation omitted)).

3.  **Amended allegations in Plaintiffs' Second Amended Complaint demonstrate that declaratory judgment would resolve the ongoing constitutional controversy and be substantially likely to provide at least partial redress for Plaintiffs' asserted concrete injuries.**

Plaintiffs' amended factual allegations in their Second Amended Complaint show the dire importance of declaratory judgment in at least partially redressing their concrete injuries when the government system, policies and practices they challenge is indisputably ongoing. For instance, for Plaintiff Alex, his physical and emotional health, and the security and longevity of his family farm in Oregon depend on declaratory judgment:

> As long as Defendants operate under the belief that the national energy system is constitutionally compliant, Defendants will continue to power it with fossil fuels at levels that are dangerous for Alex and which foreclose his ability to obtain relief that will protect himself. The composition of the United States national energy system is the most important factor in the world as to whether Alex can prevent his irreversible injury. If the national energy system remains predominantly fossil fuel-based, Alex will permanently lose his ability to obtain relief that will protect himself and his rights.

> If this Court should issue a declaratory judgment to resolve this actual constitutional case and controversy between these young Plaintiffs and these government Defendants as to whether the Defendants' national energy system has violated and continues to violate Plaintiffs' constitutional rights as described herein, the Court will have ordered a change in legal status that would have practical consequences. A declaratory judgment would significantly increase the likelihood that Alex would obtain relief to safeguard his life, liberty, property, and equal protection of the law. If the Court declares the nation's energy system unconstitutional in its present form, Defendants will correct the unconstitutional policies and practices of the national energy system. The worsening of Alex's injuries at the hands of his government will end, providing substantially meaningful partial redress of his injuries. The Court will thereby preserve Alex's opportunity to obtain relief to safeguard his life, liberty, property, and equal protection of the law from irreversible and inevitable injury. Protecting the opportunity for freedom and happiness and safety and security, by eliminating a substantial federal government restraint on freedom and decreasing the substantial risk of irreversibility, is tremendously meaningful redress.

Attachment 1, ¶ 30-A. Further,

> [t]he national energy system hastens the irreversibility and worsening of the existing injuries and that hastening in and of itself is an injury to Youth Plaintiffs.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MOTION TO LIFT THE STAY**                                                          18

> Declaratory judgment in Youth Plaintiffs' favor would be substantially likely to stop the United States' hastening of the environmental apocalypse that locks in irreversible injuries to Plaintiffs.

*Id.*, ¶ 95A; *see also* ¶¶ 19-A, 22-A, 34-A, 39-A, 43-A, 46-A, 49-A, 52-A, 56-A, 59-A, 62-A, 64-A, 67-A, 70-A, 72-A, 76-A, 80-A, 85-A, 88-A, 90-A, 95-B to 95-D. "Even though it is now too late to prevent, or to provide a fully satisfactory remedy [for Plaintiffs' every injury] . . . a court does have power to effectuate a partial remedy." *Church of Scientology of Cal.*, 506 U.S. at 13.

Critically, here, the "real, earnest and vital controversy" between Plaintiffs and Defendants over the constitutionality of the United States national energy system is live and pressing and in need of this Court's judgment. Attachment 1, ¶276-A; *Uzuegbunam*, 2021 WL 850106 at *9 (Roberts, C.J., dissenting). Resolving that controversy provides immediate and at least partial redress for Plaintiffs' injuries. Attachment 1, ¶¶ 95-A to 95-D, 276-A.

**B.  Defendants will not suffer any prejudice.**

Prejudice to the opposing party is the most important factor when considering a motion for leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice can arise when granting leave to amend would create additional discovery or cost by altering the nature of the litigation or causing extreme delay in the litigation. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Litigation expenses that a party incurred before a motion for leave to amend is filed do not constitute prejudice, absent bad faith. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). The party opposing the motion for leave to amend must demonstrate substantial prejudice. *Howey*, 481 F.2d at 1190-91.

There is no prejudice to Defendants in granting Plaintiffs' motion because Plaintiffs do not seek to assert any new legal theories or claims, let alone any new legal theories or claims that

would result in additional discovery or costs. On the contrary, Plaintiffs' Proposed Second Amended Complaint *narrows* the issues in this case by eliminating the specific aspects of injunctive relief that the divided Ninth Circuit panel found were not within the power of Article III courts to award.[10] By these amendments, Plaintiffs do not supplement facts or conditions occurring since the First Amended Complaint was filed nor do Plaintiffs add new claims for relief or challenge different conduct of Defendants than that alleged in the First Amended Complaint.[11] Doc. 369 at 38. As there are no new claims and the conduct of Defendants that Plaintiffs challenge remains the same, there will be no additional discovery requirements or costs incurred by these amendments. Even if some additional discovery was necessary, that does not constitute undue prejudice. *Rediger v. Country Mut. Ins. Co.*, No. 6:16-CV-02263-AA, 2018 WL 6571211, at *3 (D. Or. Dec. 13, 2018) (where all deadlines in the case were vacated, no "*undue* prejudice, even if some additional discovery is required.").

Here, as in *United Healthcare Ins. Co.*, the case is still at a pre-trial stage, Plaintiffs are not seeking to assert a new legal theory, and this is Plaintiffs first attempt to cure deficiencies identified by a court in this case. 848 F.3d at 1184. This case is readily distinguishable from cases where leave to amend was denied on prejudice grounds. *Contra Morongo Band of Mission Indians*, 893 F.2d at 1079 (denying leave to amend when new claims in the amended complaint "would have greatly altered the nature of the litigation and would have required defendants to

---

[10] Previously, this Court dismissed the President without prejudice. Doc. 369 at 19. The proposed Second Amended Complaint reflects this dismissal without prejudice by deleting the President, and related allegations, as a defendant.

[11] Other than the redressability amendments in the Second Amended Complaint, Plaintiffs have substituted new officials in the Biden-Harris administration for named Defendants, corrected pronouns and name for two plaintiffs to reflect their accurate status, corrected typos, and conformed the description of the First Amended Complaint's description of policies, practices, plans, and aggregate acts of Defendants more simply as the national energy system, consistent with this Court's opinions. *See* Attachment 3.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**     20
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**

have undertaken, at a late hour, an entirely new course of defense"); *AmerisourceBergen Corp.*, 465 F.3d at 953 (denying leave to amend when plaintiff "drastically changed its litigation theory").

Additionally, Plaintiffs are not filing this motion for the purpose of delaying the litigation but rather to expedite reaching a final judgment on the merits after trial, rather than having to refile a new case and start anew after dismissal without prejudice, or petition the Supreme Court for a writ of certiorari when there has been no final judgment on the merits. While Defendants have repeatedly sought to delay resolution in this case on the merits, Plaintiffs have been consistent throughout this litigation that it is their strong desire to proceed to trial as fast as possible. *See, e.g.,* Doc. 119 ("Given the urgency of the climate crisis and in light of the well-publicized facts that the Federal Defendants are now acting to accelerate fossil fuel development, Plaintiffs are prepared to promptly complete discovery and will be ready for a court trial on November 6, 2017."). This is not a case where Defendants have been awarded a final judgment, such as monetary relief, that Plaintiffs are seeking to delay. *Contra AmerisourceBergen Corp.*, 465 F.3d at 953.

### C.  Plaintiffs have not caused undue delay or acted in bad faith.

For five years, Plaintiffs have taken great care to expeditiously and thoroughly respond to every one of Defendants' copious motions, petitions, applications, and appeals. Legal scholars have referred to Defendants' litigation strategy in *Juliana* as one of the worst examples of the appellate courts' shadow dockets during the prior administration. Stephen Vladeck, *The Solicitor General and the Shadow Docket*, 133 Harv. L. Rev. 123, 144-6 (2019) (observing over four years, the government defendants filed a nearly unprecedented onslaught of dilatory motions and petitions). Plaintiffs' motion for leave to amend is timely and is not being raised for the first time

here. As soon as Defendants filed their motion to dismiss in the District Court in 2016, Plaintiffs

requested leave to amend to cure any potential standing deficiencies:

> This Court should deny Defendants' motion. Plaintiffs have standing to proceed
> to the merits. If this Court finds facial deficiencies with Plaintiffs' standing
> allegations or finds the FAC fails to state a claim, Plaintiffs respectfully request
> leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th
> Cir. 2003); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Doc. 41 at 45. *McIntyre v. Eugene Sch. Dist. 4J*, No. 6:18-CV-00768-MK, 2019 WL 294758, at

*3 (D. Or. Jan. 23, 2019), rev'd in part, vacated in part on other grounds, 976 F.3d 902 (9th Cir.

2020) (district court allowed plaintiff to file motion to amend complaint when plaintiff first

asserted a right to amend her complaint in a brief responding to a motion to dismiss). However,

no deficiencies in Plaintiffs' First Amended Complaint were identified by any court until the

Interlocutory Opinion. Thus, Plaintiffs are moving expeditiously for leave to amend, within 27

days of the Ninth Circuit's decision denying rehearing *en banc*, and days after the mandate

issued returning jurisdiction to this Court. Even in cases where plaintiffs unduly delayed, such

delay is not alone grounds to deny leave to amend. *United Healthcare Ins. Co.*, 848 F.3d at 1184

(finding district court abused its discretion in denying leave to amend based on undue delay); *see*

*also Howey*, 481 F.2d at 1191 (finding district court abused its discretion denying leave to amend

five years after original pleadings where neither prejudice or bad faith were present). Plaintiffs

have acted expeditiously and with a sense of urgency throughout this case. Any undue delay is

due to Defendants' "repeated efforts to bypass normal litigation procedures" and not a result of

Plaintiffs' conduct. *See* Judge Friedland's dissent from granting Defendants' petition for

permission to appeal pursuant to 28 U.S.C. § 1292(b) in Case No. 18-80176. Doc. 8-2, n.1; *see*

*also Hampton*, 2017 WL 11573592, at *2 ("Indeed, that a case is simply long-lived or slow-

moving, due to no fault of plaintiffs, cannot be held against them.").

Meanwhile, there is no evidence whatsoever that Plaintiffs have ever acted, or are now acting, in bad faith or with a wrongful motive in seeking leave to amend their complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith."). Plaintiffs merely seek justice for the injuries they are suffering at the hands of their government, a controversy over which every judge to review the substance of this case has agreed is occurring, using terms like "hasten an environmental apocalypse," "existential in nature," "the Nation's willful destruction," and "an impending point of no return." *Juliana*, 947 F.3d at 1164, 1173, 1175, 1191. In what other case in our Nation's history have those phrases been written in judicial opinions? Advocating for their very lives, their liberties, their equal protection of the law, and the ability of their country to sustain a livable climate for posterity is the antithesis of wrongful motive. It is something the Framers would have done if they were alive today to see this gross dereliction of duty by the political branches of government. They would be in court, too, fighting for their rights, their country, and our Posterity.

## CONCLUSION

The Supreme Court has issued precedent binding on this Court and the Ninth Circuit that where plaintiffs prove a wrong to their constitutional rights, even a nominal damages remedy (acting as a declaratory judgment) is sufficient for redressability of Article III standing, even when the unconstitutional policies and practices have been rescinded. Plaintiffs easily meet that irreducible minimum for standing here. Even in dissent, Chief Justice Roberts confirms the central role of the Judiciary "may truly be said to have neither FORCE nor WILL but merely judgment," "[b]ut that power of judgment can nonetheless bind the Executive and Legislature."

*Uzuegbunam*, 2021 WL 850106 at *8 (Roberts, C.J., dissenting) (citing The Federalist No. 78 (Alexander Hamilton), p. 465 (C. Rossiter ed. 1961)).

For the forgoing reasons, this Court should lift the stay and grant Plaintiffs' motion for leave to amend and file their Second Amended Complaint. Counsel and Plaintiffs assure this Court they will move swiftly to trial or settlement, whichever path Defendants wish to take. If, upon review of the proposed Second Amended Complaint, this Court finds deficiencies with Plaintiffs' proposed allegations or finds a failure to state a claim, Plaintiffs respectfully request further leave to amend.

Respectfully submitted this 9th day of March, 2021.

*/s/ Julia A. Olson*
JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

*Attorneys for Plaintiffs*

On the brief: Nathan Bellinger, Attorney, Our Children's Trust

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND**     24
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;**
**MOTION TO LIFT THE STAY**