## ATTACHMENT 3

### *Juliana, et al. v. United States*

### Case No. 6:15-cv-01517-AA

### SUMMARY OF AMENDMENTS MADE TO THE FIRST AMENDED COMPLAINT AS SET FORTH IN THE SECOND AMENDED COMPLAINT

1. **Administrative changes throughout the Second Amended Complaint:**

   - Updated the names and addresses of the attorneys for Plaintiffs in the caption and the signature line.

   - Corrected pronouns and the names for two Plaintiffs (Vic B. and Kiran Isaac Oommen) to reflect their accurate status both in the caption and in Paragraphs 47-49 and 71-72.

   - Substituted new officials in the Biden-Harris administration for named Defendants both in the caption and in Paragraphs 102-104, 108, 113, 116, 120, 122, 124, 128, and 130.

   - Amended title of the Complaint to: SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF Constitutional Rights; Declaratory Judgment Action (28 U.S.C. §§ 1331, 2201, 2202).

   - Updated the Table of Contents.

   - Updated the date submitted to 9th day of March, 2021.

2. **Corrected typographical errors that were in the First Amended Complaint:**

   - Corrected apostrophes in Paragraph 1.

   - Changed "OTA" to "OTA's" in Paragraph 3.

   - Changed "nation" to "Nation" in Paragraphs 96, 112, and 114.

   - Inserted "is" in Paragraph 213.

3. <u>**Introduction and jurisdiction amendments regarding declaratory relief**</u>:

- Amended Paragraph 12: This Court should issue a declaratory judgment to resolve this actual constitutional case and controversy between these young Plaintiffs and the government Defendants as to whether Defendants' national energy system has violated and continues to violate Plaintiffs' Fifth Amendment rights as described herein. Until the Court resolves this constitutional controversy, these young Plaintiffs will continue to be harmed and put at extreme risk by Defendants' energy system and Defendants will continue policies and practice, made up of many aggregate actions, to perpetuate an unconstitutional energy system, avoiding the constitutional check of Article III courts and undermining the separation of powers that the Framers intended. Without declaratory relief in the first instance, Defendants will be free to, and will, continue their policies and practices that make the nation's energy system in a manner that "may hasten an environmental apocalypse" and carry out "the Nation's willful destruction." Declaratory judgment will eliminate the current and substantial legal controversy and inform the parties of the unlawfulness or lawfulness of the government's conduct, especially as to whether Defendants' conduct causes a deprivation of rights secured by the Constitution. It has long been held that there is an expectation in our democracy that government officials will comply with a declaratory judgment. Utah v. Evans, 536 U.S. 452, 463-64 (2002). If the constitutional controversy is resolved in their favor by declaratory judgment, Plaintiffs intend to seek further relief as deemed appropriate and consistent with the separation of powers between the three branches of government. ~~order Defendants to cease their permitting, authorizing, and subsidizing of fossil fuels and, instead, move to swiftly phase out CO2 emissions, as well as take such other action as~~

necessary to ensure that atmospheric CO2 is no more concentrated than 350 ppm by 2100, including to develop a national plan to restore Earth's energy balance, and implement that national plan so as to stabilize the climate system. Plaintiffs come before this Court to defend and secure their fundamental rights under the Constitution, before it is too late.

- Amended Paragraph 13: This action is brought pursuant to the United States Constitution. It is authorized by Article III, Section 2, which extends the federal judicial power to all cases arising in equity under the Constitution. "The identification and protection of fundamental rights is an enduring part of the judicial duty to interpret the Constitution." Obergefell v. Hodges, 576 U.S. ____, slip. op. at 10 (2015). That grant of equitable jurisdiction requires Article III courts to apply the underlying principles of the Constitution to new circumstances unforeseen by the framers, such as the irreversible destruction of the natural heritage of our whole nation. An actual case and controversy exists between Plaintiffs and Defendants because Defendants have established and carried out a national energy system, through policies, practices and aggregate actions, that Plaintiffs claim cause a deprivation of their rights of equal protection, substantive due process, and public trust. An actual case and controversy exists because, while Plaintiffs claim Defendants' national energy system causes Plaintiffs' individual and particularized injuries that rise to a constitutional violation, Defendants deny that their national energy system is unconstitutional and that they are thereby causing a deprivation of Plaintiffs' rights secured by the Constitution. This controversy not only threatens Plaintiffs' lives and liberties, but threatens the very existence of our Republic until it is resolved by our Article III courts. The resolution of that controversy involves questions

of scientific, historic, and other factual evidence. Plaintiffs have no adequate remedy at law to redress the harms herein, which are of a continuing nature and which, if left unresolved, will be irreversible. ~~An actual controversy has arisen and exists between Plaintiffs and Defendants because Defendants have placed Plaintiffs in a dangerous situation, continue to infringe upon Plaintiffs' constitutional rights, and have abrogated their duty of care to ensure Plaintiffs' reasonable safety, among other violations of law. Plaintiffs have no adequate remedy at law to redress the harms herein, which are of a continuing nature and which, if left unresolved, will be irreversible.~~

- Amended Paragraph 14: This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)~~, 28 U.S.C. § 2201 (creation of a remedy), and 28 U.S.C. § 2202 (further relief)~~ as this action arises under the laws of the United States. This Court can grant declaratory relief in the first instance and later consider further necessary or proper relief, if warranted, pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201, et seq. Specifically, "[i]n a case of actual controversy within its jurisdiction, [ ] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201. "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Only the Court has the authority to declare a government system unconstitutional. No other branch of government can do that. Declaring the United States national energy system to be unconstitutional would

resolve the controversy between the parties, thereby redressing a substantial cause of Youth Plaintiffs' constitutional injuries and minimizing and eliminating a source of their significant risk of sustaining worsening injuries.

4. **Allegations regarding redressability for individual Plaintiffs:**

- Inserted the following new paragraphs that provide allegations as to redressability of Plaintiff's individual injuries:  ¶¶ 19-A, 22-A, 30-A, 34-A, 39-A, 43-A, 46-A, 49-A, 52-A, 56-A, 59-A, 62-A, 64-A, 67-A, 70-A, 72-A, 76-A, 80-A, 85-A, 88-A, 90-A.

- Inserted the following new paragraphs (¶¶ 95-A to 95-D) regarding redressability of Youth Plaintiffs' injuries caused by Defendants:

    o 95-A. As described above, Youth Plaintiffs are actually harmed in uniquely individual and particularized ways by Defendants' fossil fuel energy policies and practices that make up the national energy system. Youth Plaintiffs are actually harmed physically by the national energy system. Youth Plaintiffs are actually harmed psychologically, mentally, and emotionally by the national energy system. Youth Plaintiffs are also being injured because their federal government continues to put them at greater risk of even more physical and mental health harm than they already experience, as the policies and practices that make up the national energy system continue and the climate crisis worsens. The United States' ongoing energy system places Youth Plaintiffs at great risk of sustaining additional irreversible physical and mental health harms. The national energy system hastens the irreversibility and worsening of the existing injuries and that hastening in and of itself is an injury to Youth Plaintiffs. Declaratory judgment in Youth Plaintiffs' favor would be substantially likely to stop the United States'

hastening of the environmental apocalypse that locks in irreversible injuries to Plaintiffs.

o  95-B. If the national energy system is not declared unconstitutional, Youth Plaintiffs will disproportionately and irrevocably suffer from the worsening physical and mental health harms caused by the national energy system and the hastening irreversibility of them. If the energy system is not declared unconstitutional, the energy system will inflict additional irreversible and catastrophic harm on these young Plaintiffs. If the energy system is declared unconstitutional, on information and belief, Defendants will take corrective action and change and/or cease the policies and practices that make the national energy system unconstitutional. If the national energy system is declared unconstitutional and Defendants thereafter abide by this Court's declaratory judgment, it is substantially likely that Youth Plaintiffs' injuries will be minimized, reduced to some meaningful extent and in some cases abated entirely. It is also substantially likely that the hastening of the irreversibility of these injuries will slow or cease.

o  95-C. The systematic conduct making up the national energy system, which has caused and is causing Plaintiffs' ongoing injuries includes government policies, practices, and aggregate actions, such as permits, licenses, leases, subsidies, standards, and authorizations for the extraction, development, processing, combustion, and transportation of fossil fuel. Until the Court resolves this constitutional controversy, these young Plaintiffs will continue to be harmed and put at extreme risk by the GHG emissions caused by Defendants' national energy system and Defendants will be free to continue to operate the national energy

system to cause harmful GHG emissions in an unconstitutional manner, avoiding the constitutional check of Article III courts and undermining the separation of powers that the Framers intended. Without declaratory relief in the first instance, Defendants will be free to continue this systematic conduct that "may hasten an environmental apocalypse" and carry out "the Nation's willful destruction."

- o 95-D. Declaratory judgment will eliminate the current and substantial legal controversy and inform the parties of the unlawfulness or lawfulness of the government's national energy system, especially as to whether Defendants' policies, practices, and aggregate actions cause a deprivation of rights secured by the Constitution. That declaratory judgment will have immediate practical consequences and will be substantially likely to provide meaningful redress because upon information and belief Defendants will abide by any declaratory judgment order and bring the national energy system into constitutional compliance.

- Amended Paragraph 212: Declaring the United States' energy system to be unconstitutional would resolve the controversy between the parties. Defendants would abide by the decree and bring the energy system into constitutional compliance, thereby redressing a substantial cause of Youth Plaintiffs' constitutional injuries and eliminating a source of their significant risk of sustaining worsening injuries. Any "[f]urther or proper relief" that may be granted based on the declaratory judgment, 22 U.S.C. § 2202, regarding ~~Cessation of~~ Defendants' national energy system ~~actions in~~policies and practices would further aid in ~~permitting, authorizing, or otherwise subsidizing new fossil fuel projects, along with cessation of government actions that limit carbon sequestration~~

in soils and forests, could reducinge the earth's energy imbalance, the severity of the
Youth Plaintiffs' injuries, the severity of our Defendants' disruption of the climate
system, and the severity and pace of ocean acidification, within the lifetimes of Youth
Plaintiffs.

5. **Deleted Paragraphs:**

- Deleted Paragraph 97: Absent immediate, meaningful action by Defendants to cease their permitting, authorizing, subsidizing, and supporting fossil fuel exploitation, production, and consumption, and otherwise to act to phase out $CO_2$ emissions, Plaintiffs would suffer increasingly severe consequences. By 2100, these Youth Plaintiffs (many of whom should still be alive), and future generations, would live with a climate system that is no longer conducive to their survival.

- Deleted Paragraph 99: Defendant Barack Obama, the President of the United States, in his official capacity, is vested with the executive power of the United States and must faithfully execute the office and preserve, protect, and defend the Constitution. Through his office, the President has permitted and encouraged fossil fuel exploitation, utilization, and exports, which activities generate additional $CO_2$ emissions and, in light of the present baseline of atmospheric concentrations, dangerously interfere with the climate system in violation of Plaintiffs' constitutional rights. Moreover, consistent with these efforts that exacerbate the climate crisis, the President has failed to utilize his Office to initiate any comprehensive effort to phase out fossil fuel emissions by amounts that could avert dangerous disruption of the climate system.

- Deleted the following language in Paragraph 258: If emissions had peaked and reductions had begun in 2005, only a 3.5% per year global reduction would have been necessary to

reach 350 ppm by ~~2100~~. ~~If significant annual emission reductions are delayed until 2020,~~ ~~a 15% per year reduction rate will be required to reach 350 ppm by 2100. If such~~ ~~reductions are delayed beyond 2020, it might not be possible to return to 350 ppm until~~ ~~2500 Or beyond.~~

6. **Amending allegations regarding policies, practices and aggregate acts of the national energy system for consistency and conformity:**

- Amended Paragraph 1: This export terminal will be the largest projected source of $CO_2$ emissions in Oregon, and will significantly increase the harm that Defendants' actions are causing to Plaintiffs. Defendants['] have long-standing knowledge of the cumulative danger that their national energy system, and the aggregate actions taken thereunder, are causing Plaintiffs.

- Amended Paragraph 98: As a result of both its exercise of control over the national energy system,~~articles of interstate and international commerce,~~ exercised through its fossil fuel energy policies, practices, and aggregate actions, as well as its failure to limit and phase-out $CO_2$ emissions, the United States has caused dangerous levels of $CO_2$ to build up in the atmosphere.

- Inserted in Paragraph 96: , in other words, a stable climate system capable of sustaining human life

- Inserted in Paragraph 98: United States' ongoing energy system places Youth Plaintiffs at great risk of sustaining additional irreversible physical and mental health harms.

- Amended Paragraph 101: The ~~Presidential~~ policies and practices promoted by CEQ, OMB, and OSTP have been contrary to sound science. These policies and practices have led to the current dangerous levels of atmospheric CO2, dangerous interference with a stable climate system, and violations of Plaintiffs' constitutional rights. Specifically, the

~~President's strategy both~~ policies and practices continues to allow dangerous levels of carbon pollution and, at best, promise very modest future limitations and no near-term CO2 phase out, as is required to preserve a stable climate system capable of sustaining human life~~habitable climate system~~.

- Changed the word "action(s)" to the term "policies and practices" in Paragraphs 112 and 116.

- Amended Paragraph 129: Pursuant to its policies and practices that make up the national energy system, Defendants have permitted, authorized, and subsidized the extraction, production, transportation, and utilization of fossil fuels through aggregate actions across the U.S. (and beyond). Defendants retain authority to limit or to deny that extraction, production, transportation, and utilization of fossil fuels, and otherwise to limit or prohibit their emissions. The vastness of our nation's fossil fuel enterprise renders it infeasible for Plaintiffs to challenge every instance of Defendants' violations and, even if feasible, challenging each of Defendants' actions would overwhelm the court. Nonetheless, Defendants' liability arises ~~in part~~ from the policies and practices that make up ~~their aggregate actions~~Defendants' national energy system. ~~Those actions~~ The national energy system has~~ve~~ substantially caused the present climate crisis and Plaintiffs' injuries. ~~They form the predicate for Plaintiffs' allegations that current and new fossil fuel projects, to the extent they will further raise atmospheric CO2 levels, infringe upon Plaintiffs' constitutional rights.~~

- Inserted in Paragraph 130: "the United States' energy system through"

- Amended Paragraph 130: The national energy system and the affirmative aggregate acts, ~~and~~ omissions, and policies and practices of Defendants that make up the national energy

system, jointly and severally, have violated and continue to violate Plaintiffs'
fundamental constitutional rights to freedom from deprivation of life, liberty, and
property

- Inserted in Paragraph 151: Through its policies, practices, and aggregate acts, the United
  States has long had and continues to have a national energy system that has made fossil
  energy the dominant form of energy used in the United States. In 2014, over 80% of U.S.
  energy comes from fossil fuels.

- Amended Paragraph 262: ~~The actions and omissions of~~ Defendants' national energy
  system makes it extremely difficult for Plaintiffs to protect their vital natural systems and
  a livable world. Defendants must act immediately to restore Earth's energy balance and
  ~~and implement a plan to~~ put the nation on a trajectory that is consistent with reducing ~~, if~~
  ~~adhered to by other major emitters, will reduce~~ the atmospheric CO2 concentrations to no
  more than 350 ppm by 2100.

- Inserted in Paragraph 276-A: This Court should issue a declaratory judgment to resolve
  this actual constitutional case and controversy between these young Plaintiffs and the
  government Defendants as to whether Defendants' national energy system has violated
  and continues to violate Plaintiffs' constitutional rights as described herein. Until the
  Court resolves this constitutional controversy, these young Plaintiffs will continue to be
  harmed and put at extreme risk by Defendants' energy system and Defendants will
  continue policies and practice, made up of many aggregate actions, to perpetuate an
  unconstitutional energy system, avoiding the constitutional check of Article III courts,
  and undermining the separation of powers that the Framers intended. Without declaratory
  relief in the first instance, Defendants will be free to, and will, continue its policies and

practices that make the nation's energy system in a manner that "may hasten an environmental apocalypse" and carry out "the Nation's willful destruction." Declaratory judgment will eliminate the current and substantial legal controversy and inform the parties of the unlawfulness or lawfulness of the government's conduct, especially as to whether Defendants' conduct causes a deprivation of rights secured by the Constitution. It has long been held that there is an expectation in our democracy that government officials will comply with a declaratory judgment. *Utah v. Evans*, 536 U.S. 452, 463-64 (2002). If the constitutional controversy is resolved in their favor by declaratory judgment, Plaintiffs reserve the right to seek further relief as deemed appropriate and consistent with the separation of powers between the three branches of government. Plaintiffs come before this Court to defend and secure their fundamental rights under the Constitution, before it is too late.

7.  **Conforming Claims for Relief regarding national energy system policies, practices and aggregate acts:**

- Amended Paragraph 279: Defendants harmed our nation's climate system with full appreciation of the results of their acts. Plaintiffs' substantive Fifth Amendment rights have been infringed because Defendants' national energy system is Defendants directly caused a substantial factor in causing atmospheric $CO_2$ to rise to levels that dangerously interfere with a stable climate system required alike by our nation and Plaintiffs.

- Amended Paragraph 286: By exercising sovereignty over the air space, and the federal public domain, and the national energy system, by assuming authority and regulatory responsibility over fossil fuels, and by allowing and permitting fossil fuel production, consumption, and its associated CO2 pollution, Defendants have also assumed custodial responsibilities over the climate system within its jurisdiction and influence. In assuming

control of our nation's atmosphere, air space, the federal domain, national energy system, fossil fuels, and climate system, Defendants have imposed severe limitations on Plaintiffs' freedom to act on their own behalf to secure a stable climate system and, therefore, have a special relationship with Plaintiffs, and a concomitant duty of care to ensure their reasonable safety. By ~~their affirmative acts~~ and through the national energy system resulting in dangerous interference with a stable climate system, Defendants have abrogated their duty of care to protect Plaintiffs' fundamental rights to life, liberty, and property. In their custodial role, Defendants have failed to protect Plaintiffs' needs with respect to the climate system in violation of the Fifth Amendment.

- Changed the word "acts" to the term "national energy system" in Paragraph 287
- Changed the term "acts of Defendants concerning fossil fuels" to the term "Defendants' national energy system" in Paragraph 296.

8. **Amended the Prayer for Relief as follows:**

- Inserted the following Prayer for Relief:

    WHEREFORE, Plaintiffs pray for relief as set forth below:

    1. Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring the United States' national energy system that creates the harmful conditions described herein has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law;

    2. Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring the United States' national energy system that creates the harmful conditions described herein has violated and continues to violate

the public trust doctrine;

3. Pursuant to 28 U.S.C. § 2201 and this Court's Article III authority, enter a judgment declaring that § 201 of the Energy Policy Act has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law.

4. Pursuant to this Court's declaratory judgment, 28 U.S.C. § 2202, and this Court's Article III authority, if deemed necessary, just and proper, issue an appropriate injunction restraining Defendants from carrying out policies, practices, and affirmative actions that render the national energy system unconstitutional in a manner that harms Plaintiffs;

5. Award Plaintiffs their costs and reasonable attorneys' fees;

6. Pursuant to 28 U.S.C. § 2202 and this Court's Article III authority, grant such other and further relief as the Court deems just and proper, to redress the constitutional violations so declared.

- Deleted the prior Prayer for Relief:

  "[W]hen the rights of persons are violated, 'the Constitution requires redress by the courts,' notwithstanding the more general value of democratic decisionmaking." *Obergefell v. Hodges*, 576 U.S._____, slip. op. at 24 (2015) (internal citations omitted).

1. Declare that Defendants have violated and are violating Plaintiffs' fundamental constitutional rights to life, liberty, and property by substantially causing or contributing to a dangerous concentration of $CO_2$ in the atmosphere, and that, in so doing, Defendants dangerously interfere with a stable climate system required by our nation and Plaintiffs alike;

2.      Enjoin Defendants from further violations of the Constitution underlying each claim for relief;

3.      Declare the Energy Policy Act, Section 201, to be unconstitutional on its face;

4.      Declare DOE/FE Order No. 3041, granting long-term multi-contract authorization to Jordan Cove Energy for LNG exports from its Coos Bay terminal, to be unconstitutional as applied and set it aside;

5.      Declare Defendants' public trust violations and enjoin Defendants from violating the public trust doctrine underlying each claim for relief;

6.      Order Defendants to prepare a consumption-based inventory of U.S. $CO_2$ emissions;

7.      Order Defendants to prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$ so as to stabilize the climate system and protect the vital resources on which Plaintiffs now and in the future will depend;

8.      Retain jurisdiction over this action to monitor and enforce Defendants' compliance with the national remedial plan and all associated orders of this Court; and

9.      Grant such other and further relief as the Court deems just and proper.