JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>**The UNITED STATES OF AMERICA**; et al.,<br><br>       Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 462) Pursuant to Fed. R. Civ. P. 16** |

## INTRODUCTION

Plaintiffs oppose Defendants' motion for an extension of time to respond to Plaintiffs'

motion for leave to amend their complaint because Plaintiffs have an impending deadline to file

a Petition for Writ of Certiorari in the Supreme Court if their amended complaint is not accepted

by this Court.  Any additional time constraints on that important petition are prejudicial to

Plaintiffs. Further, the primary reason Defendants give to extend time is so that counsel can

consult with his clients, but counsel has made clear that Defendants have already decided their

position to oppose Plaintiffs' Motion to Amend and that position will not change.

## ARGUMENT

### I.    Legal Standard for Motion for Extension of Time

Defendants' Motion for Extension is governed by Federal Rule of Civil Procedure 6(b):

"[w]hen an act may or must be done within a specified time, the court may, for good cause,

extend the time." Fed. R. Civ. P. 6(b)(1). Under this Court's Local Rules, LR 16-3(a), Motions to

Change or Extend Court-Imposed Deadlines, provides:

> Unless provided by LR 16-2(b), objections to any court-imposed deadline must be
> raised by motion and must:

1.    Show good cause why the deadlines should be modified.

2.    Show effective prior use of time.

3.    Recommend a new date for the deadline in question.

4.    Show the impact of the proposed extension on other existing deadlines,
     settings, or schedules.

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO**          1
**RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED**
**COMPLAINT; 6:15-cv-01517-AA**

II.    **Defendants Have Failed to Establish Good Cause to Extend the Time**

This Motion should be denied because Defendants fail to satisfy their burden as to several of the requirements under the Local Rules.

1.    **Defendants have failed to show good cause why the March 23 deadline should be modified.**

On March 5, immediately after the Ninth Circuit issued the mandate, counsel for Plaintiffs began the process of meeting and conferring via telephone about their Motion to Amend. Olson Dec., ¶ 2. Counsel met and conferred via telephone on March 5 and March 8 (regarding Plaintiffs' Motion to Amend) and again on March 11 (regarding Defendants' Motion for Extension). Olson Dec., ¶¶ 2-3. On March 9, Defendants were served with a copy of Plaintiffs' Motion to Amend. Normally, Defendants' response is due on March 23. In their Motion for Extension, counsel gives two reasons for requesting an extension: consultation and professional obligations. Neither reason satisfies the basic requirement for "good cause."

a.    **Consultation**: Defendants primarily ground their Motion for Extension in the supposed "need to consult with and solicit feedback from all of the named Defendants." Doc. 463 at 2, ¶ 5. However, during the March 8 meet and confer concerning Plaintiffs' Motion to Amend, counsel for Defendants stated that Defendants opposed Plaintiffs' Motion. Olson Dec., ¶ 3. Counsel for Defendants reiterated this position in the March 11 meet and confer. *Id*. In fact, on March 11, counsel for Defendants stated he would advise his clients to oppose the Motion to Amend and did not believe consultation will result in a change of position. Olson Dec., ¶ 3. Further, at no point during any meet and confer was there any qualification that counsel needed to review the decision to oppose the Motion to Amend with any "of the named Defendants."

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; 6:15-cv-01517-AA**    2

Responding to Plaintiffs' Motion to Amend does not require a motion to dismiss under Fed. R. Civ. P. 12(b)(6) nor does it require Defendants to answer every paragraph of the complaint. Moreover, Plaintiffs' proposed amendments are limited in scope and thus Defendants' concern that the complaint is over 300 paragraphs is irrelevant for purposes of responding to the Motion to Amend, especially when most of the paragraphs remain the same. In fact, under the Federal Rules, courts consider four factors when determining whether leave to amend should be granted: i) prejudice to the opposing party; ii) bad faith; iii) futility of amendment; and iv) undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Not one of these factors requires consultation with the Defendant agencies and, unsurprisingly, Defendants do not argue that consultation is necessary in order to determine whether and how to oppose Plaintiffs' Motion to Amend. The Motion for Extension does not contain a statement by counsel that there is a good faith basis to assert Defendants will consider making a different decision and not oppose Plaintiffs' Motion to Amend.

Defendants' "consultation" is not "good cause" to grant an extension as counsel for Defendants have been quite clear: modifying the briefing deadlines to allow consultation will not result in a change in position. Based on their own statements, Defendants fully intend to oppose Plaintiffs' Motion to Amend.

**b.    Professional Obligations**:    Defendants have four trial attorneys working on this matter and other DOJ attorneys communicating with the Defendant agencies. Olson Dec., ¶¶ 4, 6-7. Given there are four attorneys assigned to the trial court, counsel only identify two obligations among the four attorneys over the two-week briefing window between March 9 and March 23. Doc. 463 at 3, ¶ 8. Counsel does not state that the additional time requested is

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; 6:15-cv-01517-AA**    3

necessary for the four attorneys to prepare a brief in opposition to the Motion to Amend; rather counsel needs this time for "the effort to coordinate with the Defendant agencies." Doc. 463 at 3, ¶ 8. As established above, that consultation effort is a red herring because Defendants have announced their decision to oppose Plaintiffs' Motion to Amend.

       **2.**    <u>There is no good cause based on effective prior use of time.</u>

Defendants completely fail to provide any information about how they have used the ten days from March 5 (when Defendants first learned that Plaintiffs would be moving to amend) to March 15 (when Defendants filed their Motion for Extension). The Motion for Extension is silent about "effective prior use of time." For example, there is no evidence that counsel has even tried to consult with each of the Defendants, let alone that counsel have been unable to do so. Therefore, Defendants fail to establish there has been an "effective prior use of time."

       **3.**    <u>Defendants fail to show the impact of the proposed extension on other existing deadlines, settings, or schedules.</u>

The Motion for Extension fails to set forth any analysis about "the impact of the proposed extension on other existing deadlines, settings, or schedules." For example, there is no statement about the prejudice Plaintiffs identified in the parties' meet and confer session. As more fully set forth in the Olson Declaration, Plaintiffs are under time constraints in needing a prompt decision on their Motion to Amend because, should this Court deny amendment, Plaintiffs must move forward on their Petition for a Writ of Certiorari to the Supreme Court, due on July 12. Olson Dec., ¶ 5. Plaintiffs considered moving to expedite their Motion to Amend in light of that July 12 deadline and forewent that motion in order to allow Defendants two weeks to respond, and the Court time to carefully review the briefing. *Id*. However, because there is no guarantee on when

this Court will rule on the Motion to Amend, additional delay will put Plaintiffs in a difficult situation with the July 12 Supreme Court deadline approaching.

Further, since the new administration took office, counsel for Plaintiffs have actively been attempting to determine the position of Defendants on this litigation. On January 20, 2021, counsel for Plaintiffs sent a letter to the Department of Justice (DOJ) asking for a meeting with the relevant decision-makers in the new administration about this case to see if their defense of the case and legal position on standing might change. Olson Dec., ¶ 6; *see* Exhibit A. Several days later, counsel for Plaintiffs sent a follow-up letter after President Biden signed his Executive Order on Tackling the Climate Crisis, again asking for a meeting with decision-makers and our clients to discuss the case going forward. Olson Dec., ¶ 7; *see* Exhibit B. Counsel for Plaintiffs understand these communications have been forwarded to the relevant decision-makers. Olson Dec., ¶ 7.

Nonetheless, Plaintiffs have been greeted with silence by this new administration, notwithstanding the fact that, in dozens of other climate and environmental cases in the federal courts, the DOJ has promptly filed papers to reverse the position of the prior administration and met with plaintiffs bringing those cases. Olson Dec., ¶ 8. While these Youth Plaintiffs continue to welcome these requested meetings and discussions, Plaintiffs are not inclined to agree to any further delays in this nearly six-year-old case, if the new administration gives Plaintiffs no indication that it will do anything differently procedurally or substantively than the position of the prior administration. *Id.*

### 4. <u>Further delay will cause substantial prejudice to Plaintiffs.</u>

As this Court is well aware, these Youth Plaintiffs are suffering increasing personal harm (such as the worsening heat, drought, and wildfires each year in the West while fossil fuel

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; 6:15-cv-01517-AA**

reliance remains at 80% of our nation's energy system) and this two-year delay on interlocutory appeal has cost more time and caused more harm. The delays and departures from normal litigation practice imposed on these young people have been unprecedented. Plaintiffs believe the time for procedural delay has passed; the time for trial is now.

This Motion for Extension is another example of Defendants continually seeking to delay resolution of this case on the merits. Plaintiffs have been consistent throughout this litigation: they want to commence trial as quickly as possible. *See, e.g.,* Doc. 119 ("Given the urgency of the climate crisis and in light of the well-publicized fact that the Federal Defendants are acting now to accelerate fossil fuel development, Plaintiffs are prepared to promptly complete discovery and will be ready for a court trial on <u>November 6, 2017</u>."). For over five years, Plaintiffs have expeditiously responded to Defendants' copious motions, petitions, applications, and appeals. Plaintiffs have acted with a sense of urgency throughout this case. Any undue delay has been and is due to Defendants' "repeated efforts to bypass normal litigation procedures" and not a result of Plaintiffs' conduct. *See* Judge Friedland's dissent from granting Defendants' petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) in Case No. 18-80176. Doc. 8-2, n.1. Plaintiffs will be prejudiced if Defendants can continue to delay this case by presenting procedural hurdles not supported by the evidence.

## CONCLUSION

For the forgoing reasons, this Court should deny Defendants' request for an additional two weeks. Normally, Plaintiffs believe that parties and their counsel should grant reasonable extensions of time to each other where appropriate, and Plaintiffs have done so throughout the course of this case. That is not the occasion with this request. There is no evidence supporting an extension based on the necessary factors under the Federal Rules or the Local Rules that would

**OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO**                6
**RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED**
**COMPLAINT; 6:15-cv-01517-AA**

outweigh the substantial prejudice to Plaintiffs of more delay, especially in light of the upcoming

deadline in the Supreme Court. This Motion for Extension should be denied.

DATED this 17th day of March, 2021.

/s/ Julia A. Olson
JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

*Attorneys for Plaintiffs*