JEAN E. WILLIAMS
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
FRANK J. SINGER (CA Bar. No. 227459)
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, *et al.*,<br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br>    Defendants. | Case No. 6:15-cv-01517-AA<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO LIFT THE STAY**<br><br>**(ECF No. 462)** |

# TABLE OF CONTENTS

Introduction ............................................................................................................... 1

    I.      Background ................................................................................................. 1

          A.     The Complaint and the District Court Proceedings ................................. 1

          B.     The Ninth Circuit Decision .................................................................... 3

          C.     The Proposed Complaint ......................................................................... 5

    II.     Argument .................................................................................................... 6

          A.     Amendment is Barred by the Ninth Circuit Mandate ............................. 7

          B.     The Motion for Leave Should be Denied as Futile ............................... 11

               1.     Plaintiffs do not and cannot cure their lack of standing for declaratory relief. ................................................................ 12

               2.     Plaintiffs also do not and cannot cure their lack of standing for injunctive relief. ............................................................. 15

Conclusion ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ................................................................................. 11

*Chinatown Neighborhood Ass'n v. Harris*,
  794 F.3d 1136 (9th Cir. 2015) ............................................................................. 11

*Clean Air Council v. United States*,
  362 F. Supp. 3d 237 (E.D. Pa. 2019) .................................................................. 13

*Collins v. Harker Heights*,
  503 U.S. 115 (1992) ..................................................................................... 5, 17

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ........................................................................................... 4

*Hall v. City of Los Angeles*,
  697 F.3d 1059 (9th Cir. 2012) ............................................................................... 7

*Info. Ctr. v. Stone-Manning*,
  766 F.3d 1184 (9th Cir. 2014) ............................................................................... 8

*Ischay v. Barnhart*,
  383 F. Supp. 2d 1189 (C.D. Cal. 2005) ................................................................ 7

*Juliana v. United States*,
  947 F.3d 1159 (9th Cir. 2020) ...................................................................... passim

*Massachusetts v. EPA*,
  549 U.S. 497 (2007) ..................................................................................... 4, 14

*McManus v. McManus Fin. Consultants, Inc.*,
  552 F. App'x 713 (9th Cir. 2014) .......................................................................... 8

*Mendez-Gutierrez v. Gonzalez*,
  444 F.3d 1168 (9th Cir. 2006) ............................................................................... 7

*Quern v. Jordan*,
  440 U.S. 332 (1979) ........................................................................................... 7

*S.F. Herring Ass'n v. Dep't of the Interior*,
  946 F.3d 564 (9th Cir. 2019) ............................................................................... 7

*Samples v. Colvin*,
  103 F. Supp. 3d 1227 (D. Or. 2015) ................................................................. 9, 10

*Sound Appraisal v. Wells Fargo Bank N.A.*,
  451 F. App'x 648 (9th Cir. 2011) .......................................................................... 9

*Sprague v. Ticonic Nat'l Bank*,
  307 U.S. 161 (1939) ........................................................................................... 9

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998)..................................................................................... 4

*United States v. Cote,*
    51 F.3d 178 (9th Cir. 1995) ....................................................................... 7

*United States v. Kellington,*
    217 F.3d 1084 (9th Cir. 2000) .............................................................. 7, 17

*Universal Mortg. Co. v. Prudential Ins. Co.,*
    799 F.2d 458 (9th Cir. 1986) .................................................................... 11

*Uzuegbunam v. Preczewski,*
    141 S. Ct. 792 (2021)................................................................................ 13

*W. Shoshone Nat'l Council v. Molini,*
    951 F.2d 200 (9th Cir. 1991) .................................................................... 11

*Wash. Env't Council v. Bellon,*
    732 F.3d 1131 (9th Cir. 2013) ............................................................. 5, 14

*Zucco Partners, LLC v. Digimarc Corp.,*
    552 F.3d 981 (9th Cir. 2007) .................................................................... 10

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................ 3

28 U.S.C. § 2201 ........................................................................................ 2, 6

**Rules**

Fed. R. Civ. P. 15(a) ...................................................................................... 11

**Other Authorities**

Exec. Order No. 11,609, 86 Fed. Reg. 7,619 (Jan. 27, 2021)......................... 1

**Introduction**

The President and the Administration recognize that the "United States and the world face a profound climate crisis." Exec. Order No. 11,609, 86 Fed. Reg. 7,619 (Jan. 27, 2021). To that end, it has committed the United States to "exercise its leadership to promote a significant increase in global climate ambition to meet the climate challenge," *id*., and to use the full capacity of the Administration to "combat the climate crisis" and "implement a Government-wide approach that reduces climate pollution in every sector of the economy . . . ." *Id*. at 7,619, 7,622.

Plaintiffs' parallel attempt to place this Court at the center of such a laudable but far-reaching undertaking, however, has been rejected by the Ninth Circuit. After concluding that Plaintiffs lack standing to bring their claims seeking declaratory and injunctive relief, the Ninth Circuit issued a clear mandate instructing this Court to dismiss the Complaint for lack of jurisdiction. This Court must act in compliance with that mandate. Assuming, arguendo, that this Court could entertain amendment, it should nonetheless reject it here because Plaintiffs are unable to remedy the jurisdictional deficiencies in their Complaint. For both of these reasons, the Court should deny the motion for leave to amend and dismiss the Complaint with prejudice as directed by the Ninth Circuit.

## I.      Background

### A.      The Complaint and the District Court Proceedings

Plaintiffs brought this action in August 2015 against President Obama, the Executive Office of the President, three sub-components within that office, and eight Cabinet departments and agencies, for allegedly violating their rights under the Constitution and a purported federal public trust doctrine. First Am. Compl. for Decl. & Inj. Relief, ECF No. 7 ("Compl."). They

sought an order enjoining Federal Defendants from further violations of the alleged

constitutional and "public trust" rights underlying each of their claims, as well as an order

directing Federal Defendants to "prepare and implement an enforceable national remedial plan to

phase out fossil fuel emissions and draw down excess atmospheric $CO_2$ . . . ." *Id.* ¶ 92, p. 94

(Prayer for Relief ¶ 7). Plaintiffs also sought several forms of declaratory relief under the

Declaratory Judgment Act, 28 U.S.C. § 2201, *see id.* ¶ 14. Specifically, Plaintiffs sought a

judgment declaring:

- "that Defendants have violated and are violating Plaintiffs' fundamental constitutional rights to life, liberty, and property by substantially causing or contributing to a dangerous concentration of $CO_2$ in the atmosphere, and . . . dangerously interfer[ing] with a stable climate system . . .";
- "Defendants' public trust violations. . .";
- "the Energy Policy Act, Section 201, to be unconstitutional on its face."

*Id.* at 94 (Prayer for Relief ¶¶ 1, 5, 3). In addition to this declaratory and injunctive relief, the

Complaint asked the Court to "[g]rant such other and further relief as the Court deems just and

proper." *Id.* at 95 (Prayer for Relief ¶ 9).

The government moved to dismiss the Complaint for lack of standing, failure to state a

cognizable constitutional claim, and failure to state a claim on a public trust theory. Fed. Defs.'

Mot. to Dismiss, ECF No. 27 ("MTD"). The Court denied that motion, Nov. 10, 2016 Op. &

Order, ECF No. 83, and largely denied other dispositive motions throughout the course of the

district court proceedings, including the United States' Motions for Judgment on the Pleadings

(ECF No. 195) and for Summary Judgment (ECF No. 207), as well as the government's request

to certify any order denying those motions for interlocutory appeal. *See* June 8, 2017 Order,

ECF No. 172; Oct. 15, 2018 Op. & Order, ECF No. 369 ("MJP & MSJ Order").

Following that, the United States petitioned the Supreme Court for a writ of mandamus

and stay of proceedings. ECF No. 390-1; ECF No. 391-1. The full Court denied the petition on

November 2, 2018, but on grounds that "adequate relief may be available in the United States

Court of Appeals for the Ninth Circuit." Nov. 2, 2018 Order 2, ECF No. 416. And while the

Court recognized that the Ninth Circuit had denied the United States' petitions for writ of

mandamus twice in the past, it explained that the Ninth Circuit had done so without prejudice,

and for reasons that were, "to a large extent, no longer pertinent." *Id.* at 3. Finally, the Court

noted that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference

of opinion,'" while also citing the standard for interlocutory appeal under 28 U.S.C. § 1292(b).

*Id.* at 2 (internal quotation omitted).

The United States then moved this Court to reconsider its denial of the requests to certify

its orders for interlocutory appeal. Defs.' Mot. to Reconsider, ECF No. 418. In response, the

Court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and stayed

proceedings pending a decision by the Ninth Circuit. Nov. 21, 2018 Order, ECF Nos. 444, 445.

The government then sought permission to appeal, which the Ninth Circuit granted. Filed Order,

*Juliana v. United States*, No. 18-36082 (9th Cir. Dec. 26, 2018), Dkt. No. 1.[1]

### B.    The Ninth Circuit Decision

On January 17, 2020, the Ninth Circuit issued its decision reversing this Court's certified

orders and remanding the case to this Court with instructions to dismiss for lack of Article III

standing.

The Ninth Circuit concluded that Plaintiffs' request for declaratory relief is not

redressable because a declaration that the government is violating the Constitution would not

---

[1] Hereafter, citations to documents taken from the Ninth Circuit docket will be cited as "[Document Name] [page], 9th Cir. Dkt. No. x."

likely remediate their injuries.[2] *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020)

("[P]sychic satisfaction . . . does not redress a cognizable Article III injury." (quoting *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 107 (1998))), *reh'g en banc denied*, 986 F.3d 1295 (9th

Cir. 2021); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167,

185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought").

Regarding Plaintiffs' request for injunctive relief, the Ninth Circuit noted that the crux of

that relief would require the government not only to cease permitting, authorizing, or subsidizing

fossil fuel use, but also to prepare a plan, subject to judicial approval, to draw down harmful

emissions. *Juliana*, 947 F.3d at 1170. Such a plan, it noted, would enjoin the Executive branch

from exercising discretionary authority granted to it by statute, and would enjoin Congress from

exercising power expressly granted to it by the Constitution. *Id.* (citing U.S. Const. art. IV, § 3,

cl. 2). But even with the exceedingly broad scope of this requested injunction, the Ninth Circuit

remained "skeptical" that Plaintiffs had satisfied the first prong of the redressability inquiry, *i.e.*,

whether the relief plaintiffs seek is "substantially likely to redress their injuries." *Id.* at 1171.

The Ninth Circuit explained that an order enjoining the challenged government activities would

not suffice to stop catastrophic climate change or ameliorate Plaintiffs' injuries. *Id.* at 1170.

And, even to the extent Plaintiffs insisted their "injuries would be to some extent ameliorated" by

the injunction they originally requested, the Ninth Circuit explained that Plaintiffs could not rely

---

[2] The Ninth Circuit affirmed this Court's conclusions that Plaintiffs satisfied the injury-
in-fact and causation requirements. *Juliana v. United States*, 947 F.3d 1159, 1168-69 (9th Cir.
2020), *reh'g en banc denied*, 986 F.3d 1295 (9th Cir. 2021). For purposes of analyzing the
redressability requirement, the Ninth Circuit assumed a violation of a substantive constitutional
right, but did not address whether such a right existed. *Id.* at 1169-70. It noted, however, that
"[r]easonable jurists can disagree about whether the asserted constitutional right exists," and
noted the Supreme Court's observation "that the 'striking' breadth of plaintiffs' . . . claims
'presents substantial grounds for difference of opinion.'" *Id.* (internal citation omitted).

on the Supreme Court's relaxed redressability standard in *Massachusetts v. EPA*, 549 U.S. 497, 525-26 (2007), because they do not assert a procedural right. *Id.* at 1171; *see also Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1144-45 (9th Cir. 2013).

Turning to the second prong of the redressability inquiry, the Ninth Circuit assumed for purposes of its analysis that the first redressability prong was satisfied, but concluded that Plaintiffs did not show that the injunctive relief they requested is within the power of an Article III court to grant. *Juliana*, 947 F.3d at 1171. It explained that "any effective plan would necessarily require a host of complex policy decisions entrusted . . . to the wisdom and discretion of the executive and legislative branches," *id.*, decisions "which must be made by the People's 'elected representatives' . . . ." *Id.* at 1172 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128-29 (1992)). Because it held that Plaintiffs lack standing, the court did not address the merits of Plaintiffs' suit.

The Ninth Circuit reversed the certified orders with instructions to this Court to dismiss for lack of Article III standing. *Id.* at 1175. Plaintiffs then sought rehearing of the panel's decision, and that request was denied. The Ninth Circuit issued its mandate on March 5, 2021, effectuating its January 17, 2020 decision. ECF No. 461.

### C.    The Proposed Complaint

On March 9, 2021, Plaintiffs moved for leave to file a proposed amended complaint and, if it did not dissolve automatically, to lift the stay. Pls.' Mot. to Amend, ECF No. 462 ("Mot. to Amend").[3] Plaintiffs contend that a "[d]eclaratory judgment will eliminate . . . legal

---

[3] Plaintiffs submitted a copy of the proposed amended complaint, ECF No. 462-1 ("Proposed Compl."), and a summary of changes from the operative Complaint. ECF No. 462-3. For clarity, all page references to the Motion to Amend and other filings are to the page number in the document itself, rather than the ECF page number.

controversy" regarding the Ninth Circuit's determination that their claims are not redressable. They contend that this Court can "[d]eclar[e] the United States national energy system to be unconstitutional," Proposed Compl. ¶ 14, and claim that a declaratory judgment would be "substantially likely to stop" government conduct they claim to be causing them harm, *id.* ¶ 95-A, because Defendants "will take corrective action and change and/or cease the policies and practices" that Plaintiffs object to. *Id.* ¶ 95-B.

The proposed complaint no longer seeks an order directing the United States to prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$. But it continues to seek an injunction "restraining Defendants from carrying out policies, practices, and affirmative actions that render the national energy system unconstitutional in a manner that harms Plaintiffs." *Id*. at 144 (Prayer for Relief ¶ 4). And, like the original complaint, it seeks several forms of declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, Plaintiffs seek a judgment declaring:

- that the "United States' national energy system . . . creates . . . harmful conditions. . . [and] has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law";
- that "the United States' national energy system . . . creates . . . harmful conditions . . . [and] has violated and continues to violate the public trust doctrine";
- that "§ 201 of the Energy Policy Act has violated and continues to violate the Fifth Amendment of the U.S. Constitution and Plaintiffs' constitutional rights to substantive due process and equal protection of the law";

*Id*. at 144 (Prayer for Relief ¶¶ 1-3).

## II.    Argument

The Ninth Circuit issued a clear mandate to this Court to dismiss the Complaint for lack of Article III jurisdiction. It did not in any way invite Plaintiffs to amend the Complaint. For this reason, the Court must deny Plaintiffs' motion for leave to amend. The Court should also

deny Plaintiffs' motion for leave to amend on the ground that amendment of the Complaint

would be futile.  For both of these reasons, the Court must dismiss the Complaint with prejudice.

### A.    Amendment is Barred by the Ninth Circuit Mandate

"Under the 'rule of mandate,' a lower court is unquestionably obligated to 'execute the

terms of a mandate.'"  *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir.

2019) (internal citation omitted).  Thus, when the scope of the remand is clear, the role of a

district court is limited.  *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012);

*Mendez-Gutierrez v. Gonzalez*, 444 F.3d 1168, 1172 (9th Cir. 2006).  A district court cannot vary

or examine the mandate of an appellate court "for any other purpose than execution," *United*

*States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (internal citation omitted), nor "refuse to dismiss

a case when the mandate required it . . . ."  *Id.*  The task of a district court in applying the rule of

mandate is to "distinguish matters that have been decided on appeal, and are therefore beyond

the jurisdiction of the lower court, from matters that have not."  *United States v. Kellington*, 217

F.3d 1084, 1093 (9th Cir. 2000) (in construing a mandate, the opinion, procedural posture, and

relevant substantive law may be considered).  "The rule of mandate requires that, on remand, the

lower court's actions must be consistent with both the letter *and the spirit* of the higher court's

decision.  *Ischay v. Barnhart*, 383 F. Supp. 2d 1189, 1199 (C.D. Cal. 2005); *see also Quern v.*

*Jordan*, 440 U.S. 332, 347 n. 18 (1979) (examining whether post-mandate conduct of lower

court was consistent "with either the spirit or the express terms of our decision").  "Violation of

the rule of mandate is a jurisdictional error."  *Hall*, 697 F.3d at 1067.

The scope of the mandate in this case is clear. The Ninth Circuit reversed the certified orders, and remanded to this Court "with instructions to dismiss for lack of Article III standing."[4] *Juliana*, 947 F.3d at 1175. Those instructions are unambiguous and leave no room for continuing this lawsuit based on the proposed complaint, which in any case is nearly identical in material respects to the operative Complaint. In its opinion, the Ninth Circuit squarely addressed the jurisdictional question in this case, found an absence of Article III jurisdiction, and ordered the case to be dismissed. *Id.* at 1175. The rule of mandate bars re-litigation of that determination.[5]

The Ninth Circuit dismissal order contains no language suggesting that Plaintiffs should be given an opportunity to amend. Nor did Plaintiffs request such an opportunity in their appellate brief in the event the Ninth Circuit determined—as Defendants argued—that Plaintiffs lack Article III standing. The absence of language granting an opportunity to amend is significant because even when a complaint is susceptible to amendment—and for the reasons explained below Plaintiffs' Complaint is not—the Ninth Circuit generally does not remand with instructions to grant leave where a plaintiff did not request leave to amend in the appeal. *See Mont. Env't Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1191 n.6 (9th Cir. 2014) (holding that plaintiff waived any argument that it should be allowed to amend its complaint where it limited its argument on appeal to a request that the court reverse and remand); *McManus v. McManus*

---

[4] Plaintiffs contend that this Court's "stay should automatically lift." Mot. to Amend 1. Defendants agree that the stay should automatically lift, but solely so that the Court can dismiss the case and effectuate the Ninth Circuit's mandate.

[5] Plaintiffs claim that the Ninth Circuit "did not award summary judgment to Defendants." *Id.* True—but neither party asked the Ninth Circuit to award summary judgment. Defendants instead asked the Ninth Circuit to reverse the certified orders and remand the case with instructions to dismiss the Complaint, which is precisely what the Ninth Circuit did. Defs.-Appellees' Opening Br. 11, 9th Cir. Dkt. No. 16.

*Fin. Consultants, Inc.*, 552 F. App'x 713, 715 (9th Cir. 2014) (same); *Sound Appraisal v. Wells Fargo Bank N.A.*, 451 F. App'x 648, 651 (9th Cir. 2011) (holding that plaintiffs waived challenge to seek leave to amend where "at no time before the district court or in their briefing before this court" did they request such leave).  Absent such instructions from the Ninth Circuit, an opportunity to amend on remand is not contemplated.

The proposition that the Ninth Circuit intended to give Plaintiffs a second bite at the apple on remand is particularly untenable given that Plaintiffs had an opportunity to respond to Defendants' argument that the case should be dismissed in both its answering brief and at oral argument on appeal, but at no time requested leave to amend.  To the contrary, Plaintiffs maintained throughout the appeal that the operative Complaint established Article III jurisdiction, including in their petition for rehearing en banc.  Pet. for Reh'g *En Banc* 16, 9th Cir. (Mar. 2, 2020), Dkt. No. 156 ("En Banc Pet.").  The Ninth Circuit has repeatedly declined to remand with instructions to permit amendment where a plaintiff did not request this opportunity on appeal, and this case presents no reason to question the wisdom of that approach.

In their Motion, Plaintiffs do not address the impact the Ninth Circuit's mandate has on their efforts to continue to litigate this case.  Their only discussion of the mandate rule is a citation to this Court's decision in *Samples v. Colvin*, 103 F. Supp. 3d 1227, 1231 (D. Or. 2015).  Mot. to Amend 13.  *Samples* does not support Plaintiffs here.  As this Court recognized in *Samples*, "[f]ew legal precepts are as firmly established as the doctrine that 'the mandate of a higher court is controlling as to matters within its compass.'"  *Samples*, 103 F. Supp. 3d at 1231 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).  This Court noted that "[i]t is indisputable that a lower court generally is 'bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.'"  *Id.* (second

alteration in original) (citation omitted).  And indeed, in *Samples*, this Court found that an administrative law judge "failed to follow the specific directions ordered by the Ninth Circuit in its remand order and thus, committed an error of law."  *Id.* at 1234.

The only logical result of the Ninth Circuit's opinion is dismissal of the Complaint with prejudice.[6]  Dismissal with prejudice is proper where "the complaint could not be saved by any amendment."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2007) (citation and internal quotation marks omitted).  Here, no amendment would save the claims that Plaintiffs have asserted in this case.  As the Ninth Circuit explained, those claims are jurisdictionally deficient because any declaratory judgment is insufficiently likely to mitigate Plaintiffs' asserted concrete injuries, *Juliana*, 947 F.3d at 1170, and any injunctive relief substantially likely to mitigate Plaintiffs' asserted concrete injuries is beyond the power of an Article III court to provide.  *See id.* at 1171.  And the Ninth Circuit rejected Plaintiffs' attempt on appeal to recharacterize the relief sought as an injunction more modest in scope than the one sought in the operative Complaint, noting that "simply enjoining" the activities they challenge would not suffice to "stop catastrophic climate change or even ameliorate their injuries."  *Id*. at 1170.  Instead, it concluded that Plaintiffs' redress instead lies within the wisdom and discretion of the Executive and Legislative branches of government and must be made by the People's elected representatives.  *Id.* at 1171-72.  The clear import of the text and the spirit of the Ninth Circuit's opinion and mandate is that the case must be dismissed with prejudice.

---

[6] Plaintiffs claim, without citation, that the Ninth Circuit dismissal instructions are "without prejudice."  Mot. to Amend 6.  However, the Ninth Circuit never stated that the dismissal should be without prejudice and the import of its opinion signals that dismissal should be with prejudice.

**B.     The Motion for Leave Should be Denied as Futile**

While Rule 15 provides that amendments should be freely allowed, Fed. R. Civ. P. 15(a), courts often consider bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings in deciding whether to grant leave. *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). Not all of these factors are given equal weight. Among the factors, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The proposed amendment would be futile in this case because Plaintiffs' new requests for declaratory relief are not materially different from their old ones. Both the operative Complaint and the proposed complaint cite the Declaratory Judgment Act, *see* Compl. ¶ 14; Proposed Compl. ¶ 14, and both ask the Court to declare (1) that Defendants have violated Plaintiffs' fundamental constitutional rights to substantive due process and equal protection, (2) that Defendants have violated the public trust doctrine, and (3) that Section 201 of the Energy Policy Act is unconstitutional and violates Plaintiffs' constitutional rights to substantive due process and equal protection. Compl. at 94-95 (Prayer for Relief ¶¶ 1, 5, 3); Proposed Compl. at 144 (Prayer for Relief ¶¶ 1, 2, 3). Because the Ninth Circuit has already determined that Plaintiffs' request for declaratory judgment "is not substantially likely to mitigate the plaintiffs' asserted concrete injuries," and thus fails the first prong of the redressability test, *Juliana*, 947 F.3d at 1170, Plaintiffs' proposal to assert a substantially identical request for relief must be denied as futile. *See Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (amendment may be "denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." (quoting *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986))).

Plaintiffs contend that the proposed complaint "cures" the redressability issue the Ninth Circuit identified, and by implication establishes this Court's Article III jurisdiction. Mot. to Amend 8. But the jurisdictional deficiency the Ninth Circuit found was that any conceivably effective remedy to the harm Plaintiffs identified would necessarily put the Court in the position of passing on a "host of complex policy decisions entrusted . . . to the wisdom and discretion of the executive and legislative branches." *Juliana*, 947 F.3d at 1171. And that "is beyond the power of an Article III court . . . ." *Id.* This jurisdictional defect is not cured by the proposed complaint, which Plaintiffs concede does "not supplement[] their complaint to add new claims or challenge different conduct by Defendants." Mot. to Amend 3. Instead, Plaintiffs seek leave to amend to re-litigate precisely the same issues that the Ninth Circuit already decided. In light of the Ninth Circuit's ruling, doing so would be an exercise in futility.

      1.     <u>Plaintiffs do not and cannot cure their lack of standing for declaratory relief</u>.

Plaintiffs contend that the Ninth Circuit *did not* decide whether their request for declaratory relief sufficed to establish standing, Mot. to Amend 10, 13, and they posit that the Ninth Circuit's discussion of declaratory relief "can only be characterized as *dicta*." *Id*. at 11. Neither contention is correct.

In fact, the Ninth Circuit squarely addressed whether Plaintiffs' request for declaratory relief could establish redressability for purposes of standing and concluded that it could not. It stated that in order to establish Article III redressability, a plaintiff must show that "the relief they seek is both (1) substantially likely to redress their injuries; and (2) within the district court's power to award," and concluded that Plaintiffs' request for declaratory relief failed to satisfy the first redressability prong:

> The plaintiffs first seek a declaration that the government is violating the Constitution. But *that relief alone is not substantially likely to mitigate the*

*plaintiffs' asserted concrete injuries*.  A declaration, although undoubtedly likely to benefit the plaintiffs psychologically, is unlikely by itself to remediate their alleged injuries absent further court action.  *See Clean Air Council* [*v. United States*, 362 F. Supp. 3d 237, 246, 249 (E.D. Pa. 2019)] . . . .

*Juliana*, 947 F.3d at 1170 (emphasis added).

Nor is the foregoing dicta.  The Ninth Circuit's redressability holding was necessarily a part of its decision to dismiss Plaintiffs' claims, and it was only after rejecting declaratory relief as a basis for redressability in this case that the court moved on to assess Plaintiffs' request for injunctive relief.[7]  Plaintiffs nonetheless insist that the Ninth Circuit's holding regarding declaratory relief "can only be characterized as *dicta*" because it allegedly "ignored the Declaratory Judgment Act or any of the relevant Supreme Court precedent . . . ."  Mot. to Amend 11.  But insofar as Plaintiffs may disagree with the Ninth Circuit's decision or the depth of its analysis,[8] the appropriate forum for such disagreements is not this Court, but instead a petition for rehearing en banc, or the Supreme Court.[9]

---

[7] Plaintiffs claim that Defendants "agree" with their argument that the Ninth Circuit did not issue a final ruling on whether a declaratory judgment is sufficient to establish standing.  Mot. to Amend 12-13.  This is incorrect.  The Ninth Circuit ruled that declaratory relief is not sufficient to establish standing.  In opposing Plaintiffs' effort to stay issuance of the Ninth Circuit's mandate, Defendants noted that Plaintiffs had "changed their tack in their petition for en banc review, arguing there for the first time that declaratory relief would" be sufficient after previously and consistently arguing that declaratory relief would only be a "'partial' remedy."  Defs.-Appellants' Opp'n to Mot. to Stay the Mandate 8, (9th Cir. Mar. 1, 2021), Dkt. No. 202 (citing Pls.-Appellees' Answering Br. 24 n.15, (9th Cir. Feb. 22, 2019), Dkt. No. 37 ("Pls.' Answering Br.")).  Plaintiffs also alleged that a "wholesale structural remedy," *id.* (quoting Pls.' Answering Br. 27), "would be necessary to redress their injuries."  *Id.* (citing Oral Arg. 39:00-40:00 *and* Pls.' Answering Br. 26 & n.17).  Defendants made this point to illustrate that Plaintiffs' new argument "did not belong in their petition for en banc review . . . does not belong in any forthcoming petition for certiorari and is not a ground for reversal."  *Id.*

[8] The depth of the Ninth Circuit's analysis of the redressability of Plaintiffs' request for declaratory relief was consistent with Plaintiffs' own briefing on redressability, which focused largely on their request for injunctive relief.  *See* Pls.' Answering Br. 23-29.

[9] Plaintiffs contend the Supreme Court's recent decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) allows them to establish redressability solely through declaratory relief.

The court then went on to discuss Plaintiffs' request for injunctive relief.  Beginning with
the first prong of the redressability analysis—*i.e.*, whether the requested relief is substantially
likely to redress a plaintiff's injuries—the Ninth Circuit explained that an order enjoining the
challenged government activities "will not, according to their own experts' opinions, suffice to
stop catastrophic climate change *or even ameliorate their injuries*."  *Juliana*, 947 F.3d at 1170
(emphasis added).  And, even to the extent Plaintiffs insisted their "injuries would be to some
extent ameliorated," *id.* at 1171 (citation omitted), by the injunction they originally requested,
the Ninth Circuit explained that Plaintiffs could not rely on the Supreme Court's relaxed
redressability standard in *Massachusetts v. EPA*, 549 U.S. at 525-26, because Plaintiffs do not
assert a procedural right.  *See Juliana*, 947 F.3d at 1171; *see also Bellon*, 732 F.3d at 1144
(explaining that the relaxed redressability standard articulated in *Massachusetts v. EPA* was
based both on the special position and interest of Massachusetts as a sovereign State and the fact
that Massachusetts was asserting a procedural right).

The court on this basis stated: "[w]e are therefore skeptical that the first redressability
prong is satisfied."  *Juliana*, 947 F.3d at 1171.  Plaintiffs seize on this use of the word
"skeptical" to suggest that the court was "uncertain" or tentative in its conclusion that the request
for *declaratory* relief failed to satisfy the first prong of the Article III redressability analysis.
Mot. to Amend 11.  But the court was not discussing declaratory relief in this part of its opinion.

---

Mot. to Amend 14.  *Uzuegbunam* is not on point.  For one, that case involved a claim for
nominal damages—which Plaintiffs do not seek here—and did not involve any claim of stand-
alone declaratory relief.  In addition, the issue before the Court in *Uzuegbunam* was whether a
defendant could essentially strip a court of jurisdiction through its conduct when an additional
remedy remained available to the plaintiffs.  Here, no remedies have been negated by the
Defendants' conduct; instead those remedies were declared unavailable to these Plaintiffs in the
first instance.  Moreover, insofar as Plaintiffs contend that *Uzuegbunam* abrogates the Ninth
Circuit's ruling on redressability, that too is an argument for the Supreme Court, not this Court.

The sentence expressing skepticism as to Plaintiffs' ability to satisfy the first redressability prong comes at the conclusion of the court's discussion of *injunctive* relief, *Juliana*, 947 F.3d at 1170-71, and several paragraphs after the court had concluded that Plaintiffs failed to satisfy the first redressability prong as to *declaratory* relief. *Id*. at 1171.

Insofar as Plaintiffs now attempt to circumvent the rule of mandate by claiming that the proposed complaint asserts *new* claims for declaratory relief in "conformity" with the Ninth Circuit's decision," Mot. to Amend 8, the argument is unpersuasive. The declaratory relief sought in the proposed complaint is not materially different from the declaratory relief sought in the operative Complaint. Both the operative Complaint and the proposed complaint invoke the Declaratory Judgment Act, *see* Compl. ¶ 14; Proposed Compl. ¶ 14, and both ask the Court to declare (1) that Defendants have violated Plaintiffs' fundamental constitutional rights to substantive due process and equal protection, (2) that Defendants have violated the public trust doctrine, and (3) that Section 201 of the Energy Policy Act is unconstitutional and violates Plaintiffs' constitutional rights to substantive due process and equal protection. Compl. at 94 (Prayer for Relief); Proposed Compl. at 144 (Prayer for Relief). The wording in each of the two prayers for relief is slightly different, but the substance is the same.

In sum, the Ninth Circuit squarely decided that the declaratory relief Plaintiffs sought in the operative Complaint would not redress their alleged injuries. Plaintiffs cannot be allowed to start over and try again with a slightly altered focus on the remedial relief that they seek, but which suffers from the same redressability deficiencies.

2. Plaintiffs also do not and cannot cure their lack of standing for injunctive relief.

The Ninth Circuit's discussion also makes clear that Plaintiffs' request for injunctive relief failed to satisfy at least the second Article III redressability prong. *Juliana*, 947 F.3d at

1171-73.  Plaintiffs seek to circumvent that decision by re-characterizing the relief they seek

using less specific language.  *Compare* Compl. at 94-95 (Prayer for Relief) *with* Proposed

Compl. at 144-45 (Prayer for Relief).  They contend that by replacing their original request—that

the government be ordered to create an enforceable national remedial plan to phase out fossil

fuel emissions and draw down excess atmospheric $CO_2$, Compl. at 94-95 (Prayer for Relief ¶

7)—with an "injunction restraining Defendants from carrying out policies, practices, and

affirmative actions that render the national energy system unconstitutional in a manner that

harms Plaintiffs," Proposed Compl. at 144 (Prayer for Relief ¶ 4), the proposed complaint

addresses the jurisdictional deficiencies the Ninth Circuit identified.  Mot. to Amend 9-10.  In

fact, the proposed complaint suffers from the same defects.

Plaintiffs already tried to pare down the injunctive relief that they sought, contending at

oral argument that they challenge only affirmative activities by the government even though the

operative Complaint also challenged government *inaction*.  *Juliana*, 947 F.3d 1170 & n.6.  The

Ninth Circuit rejected standing for injunctive relief on this pared down basis as well because "an

order simply enjoining [the challenged] activities will not . . . suffice to stop catastrophic climate

change or even ameliorate" Plaintiffs' injuries.  *Id*. at 1170.  And, as noted above, even if a more

narrow injunction could in some way ameliorate climate change, that still would not suffice to

establish redressability because Plaintiffs are not asserting a procedural claim.  *Id*. at 1171.  In

the end, the Ninth Circuit concluded that the relief Plaintiffs seek is not within the power of an

Article III court to grant because to provide any effective relief "would necessarily require a host

of complex policy decisions entrusted . . . to the wisdom and discretion of the executive and

legislative branches."  *Juliana*, 947 F.3d at 1171 (emphasis added).  The proposed complaint,

which continues to challenge the aggregate of actions of multiple federal agencies, would

likewise seek to prevent the Executive and Legislative branches from carrying out a host of

unspecified policies, practices, and actions.  As the Ninth Circuit observed, those actions, and the

policy decisions that support them "must be made by the People's 'elected representatives . . . ,'"

*id*. at 1172 (quoting *Collins*, 503 U.S. at 128-29), and not a single court.  The policy decisions

that Plaintiffs aim to nullify, prevent, or curtail are within the province of the political branches.

*Juliana*, 947 F.3d at 1173.

        In sum, the Ninth Circuit considered and rejected Plaintiffs' arguments that they could

establish Article III standing with respect to their claims seeking declaratory and injunctive

relief, including the pared down version of injunctive relief that Plaintiffs proposed.  *Id.* at 1170.

It remanded the case to this Court with instructions to dismiss the case for lack of Article III

standing.  *Id*. at 1175.  The justiciability of Plaintiffs' claims, therefore, was already decided on

appeal and it would be futile to entertain those claims a second time.  *Kellington*, 217 F.3d at

1093.

### <u>Conclusion</u>

        As noted above, the mandate rule requires this Court to dismiss the case.  Granting

Plaintiffs' motion to amend, or not dismissing the case with prejudice, would violate that rule.

And given the similarities between the operative Complaint and the proposed complaint, in light

of the Ninth Circuit's ruling, amendment would also be futile.  For all of the foregoing reasons,

Defendants respectfully request that the Court deny the motion for leave to file an amended

complaint and dismiss the case with prejudice.

 Dated:  April 6, 2021                                     JEAN E. WILLIAMS
                                                           Acting Assistant Attorney General
                                                           United States Department of Justice

                                                           */s/ Sean C. Duffy*
                                                           SEAN C. DUFFY (NY Bar No. 4103131)
                                                           FRANK J. SINGER (CA Bar. No. 227459)

Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, DC 20002
Tel:  (202) 305-0445
Fax:  (202) 305-0506
E-mail:  sean.c.duffy@usdoj.gov

*Attorneys for Defendants*