JEAN E. WILLIAMS
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br>    Defendants. | Case No. 6:15-cv-01517-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES RE: MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO LIFT THE STAY**<br><br>**(ECF No. 505)** |

**INTRODUCTION**

Plaintiffs address four Supreme Court decisions in their notice of supplemental authorities, but none of the cited decisions supports Plaintiffs' theory of the case, and three of those decisions are wholly irrelevant to this case on the issue of redressability. The cases provide no basis for ignoring the Ninth Circuit's mandate or second-guessing its conclusion that Plaintiffs cannot establish redressability based on the injunctive and declaratory relief they seek.

# SUPPLEMENTAL AUTHORITIES

As requested by the Court during the June 25, 2021 oral argument, Defendants submit this Response to Plaintiffs' Notice of Supplemental Authorities, ECF No. 505, to address four recent decisions of the United States Supreme Court: *California v. Texas*, *TransUnion LLC v. Ramirez*, *Mahanoy Area School Dist. v. B.L.*, and *United States v. Arthrex*. These authorities are discussed in Plaintiffs' Notice of Supplemental Authorities. Pls.' Notice of Supp. Auth., ECF No. 505 ("Pls.' Notice").

## *California v. Texas*

In *California v. Texas*, the Court held that the plaintiffs lacked standing to challenge the minimum essential coverage provision of the Affordable Care Act (26 U.S.C. § 5000A(a)). 141 S. Ct. 2104, 2114 (2021). The coverage requirement became unenforceable when Congress removed the penalty for failing to maintain coverage. On that basis, the Supreme Court held that the plaintiffs failed to establish standing because there was "no possible Government action . . . causally connected to plaintiffs' injury." *Id*.

As this Court is aware, neither injury nor causation are at issue here, because the Ninth Circuit instructed this Court to dismiss the case due to a lack of redressability. *California v. Texas*, therefore, is largely irrelevant here. And while the Court did provide some limited discussion of redressability in its decision, the discussion supports the Ninth Circuit's conclusion that Plaintiffs' claims in this case are not redressable. The Supreme Court noted that a mere declaration that the coverage provision is unconstitutional would not redress plaintiffs' injuries because the Declaratory Judgment Act, 28 U.S.C. § 2201, "alone does not provide a court with jurisdiction." 141 S. Ct. at 2115 (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 671-72 (1950)); *see also id*. at 2116 (holding that an injunction "amount[ing] to no more than a

[declaratory judgment] that the statutory provision they attack is unconstitutional . . . cannot alone supply jurisdiction otherwise absent."). The Court concluded that recognizing standing to pursue a mere declaratory judgment "would threaten to grant unelected judges a general authority to conduct oversight decisions of the elected branches of Government." *Id*.

Contrary to Plaintiffs' assertions, the Court's discussion of redressability is consistent with and bolsters the Ninth Circuit's decision and mandate here. The Ninth Circuit correctly concluded that Plaintiffs' request for declaratory relief fails to satisfy the redressability prong of Article III standing because a declaration of a constitutional violation will not likely remediate Plaintiffs' injuries. *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020). Insofar as Plaintiffs attempt to satisfy the redressability requirement of Article III standing through declaratory judgment alone, they fail to correct the fundamental jurisdictional defect identified by the Ninth Circuit, *Juliana*, 947 F.3d at 1175, and confirmed by the Supreme Court, *California v. Texas*, 141 S. Ct. at 2115.

***TransUnion LLC v. Ramirez***

In *TransUnion LLC v. Ramirez*, the Court held that plaintiffs whose credit reports were incorrectly flagged as potential matches to a list of terrorists and drug traffickers, but whose reports were not provided to third parties, failed to satisfy the injury-in-fact prong of the Article III standing requirement. No. 20-297, 2021 WL 2599472, at *15 (U.S. June 25, 2021). Specifically, the Court determined that a mere showing of a statutory violation under the Fair Credit Reporting Act, 15 U.S.C. § 1681, could not establish Article III standing because "an injury in law is not an injury in fact." *Id*. at *8. As the Court summarized the case, "[n]o concrete harm, no standing." *Id.* at *15.

*TransUnion* has no relevance to the issues pending before this Court. The Court in *TransUnion* had no occasion to address the redressability requirement of Article III standing, and nothing in the opinion alters, or in any way affects, the Ninth Circuit's conclusion in this case that declaratory relief alone is not substantially likely to redress Plaintiffs' injuries. *Juliana*, 947 F.3d at 1170; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury").

Plaintiffs apparently believe *TransUnion* is relevant because they interpret it as replacing the three-pronged test for standing with a new standard, whereby a plaintiff can satisfy standing simply by answering the question: "What's it to you?" *See* Pls.' Notice 2. They posit that this Court "can exercise its Article III 'power to redress harms that Defendants cause [P]laintiffs'" simply because Plaintiffs have demonstrated a "'personal stake' in this case." *Id*. at 3. That is not the law. *TransUnion* did not purport to depart from the longstanding three-pronged standing requirement; to the contrary, the Court expressly relied on "fundamental standing principles" drawn from canonical precedents like *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *TransUnion* at *10; *see id.* at *6-9. The Ninth Circuit clearly, and correctly, applied the same well-settled law and found no standing here for want of redressability, despite concluding that Plaintiffs had demonstrated injury-in-fact and causation. Redressability remains a core requirement for any plaintiff hoping to establish standing, and Plaintiffs fall short of that requirement here.

**Mahanoy Area School District v. B.L.**

In *Mahanoy Area School District. v. B.L.*, the issue before the Court was whether school officials may, consistent with the First Amendment, "regulate speech that would materially and

substantially disrupt the work and discipline of the school" if the speech occurs off campus. 141 S. Ct. 2038, 2044 (2021). The Court held that disciplinary action against a high school student for off-campus speech outside of school hours violated the First Amendment. *Id*.

Plaintiffs cite *Mahanoy* for the proposition that "declaring the infringement of young people's constitutional rights . . . is a vital function of Article III courts . . . ." Pls.' Notice 7. But *Mahanoy* has no relevance to the issues presently before this Court—it does not even address standing and certainly does not suggest that courts may adjudicate cases involving young people when the Article III standing requirement is not satisfied. That courts must apply the First Amendment "in light of the special characteristics of the school environment" is a long-standing principle of law. *See Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 266 (1988) (citations omitted). And the proposition that established constitutional rights apply to young people is not at issue in this case and was not at issue in *Mahanoy*.

The Court did not address standing at all, so the opinion provides no guidance on redressability. Moreover, there, plaintiff sought and was granted remedies that a court could provide—such as expungement of the student's disciplinary record. But here, the Ninth Circuit determined that Plaintiffs' request for injunctive relief is not available because the relief sought is not within the power of an Article III court to grant, *Juliana*, 947 F.3d at 1171, and the request for declaratory relief is not likely to remediate Plaintiffs' alleged injuries, *id.* at 1170. *Mahonoy*, in short, is wholly irrelevant.

**United States v. Arthrex, Inc.**

Plaintiffs reference a portion of the Court's opinion, joined by a plurality, in *United States v. Arthrex, Inc.*, for the proposition that the Supreme Court can tailor a remedy to address a constitutional violation of the Appointments Clause, Article II, §2, cl. 2. Pls.' Notice 7 (citing

*United States v. Arthrex, Inc*., 141 S. Ct. 1970, 1994-99 (2021)). In *Arthrex*, the plaintiffs argued that the appointment of Administrative Patent Judges ("APJs") by the Secretary of Commerce was unconstitutional because they were not appointed by the President with the advice and consent of the Senate. *Id*. at 1977. The Supreme Court agreed. And in the portion of the opinion joined by a plurality and cited by Plaintiffs here, Chief Justice Roberts would have severed the portion of the statute insulating APJ decisions from review by the Secretary of Commerce while remanding the APJs' decisions for review by a principal officer within the Department of Commerce. *Id*. at 1998-99.

*Arthrex* is inapposite. Nothing in the Court's opinion addresses whether the constitutional challenge was remediable. Indeed, the portion of the opinion that Plaintiffs cite simply assumes that the challenge was remediable through remand to the Department of Commerce, a remedy not sought by Plaintiffs here, nor available under the facts of this case.

## CONCLUSION

The Ninth Circuit's determination that declaratory relief alone cannot, consistent with Article III, redress an injury, remains good law. *California v. Texas* confirms this. And neither the Court's determinations regarding Article III injury in *TransUnion*, its statements regarding the ability for young people to assert constitutional claims in *Mahanoy*, nor the plurality's severability analysis in *Arthrex* bear on whether declaratory relief fulfills the redressability requirement for standing. The Court should therefore deny Plaintiffs' motion for leave to amend the complaint.

Dated: July 16, 2021
JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)

DEFS.' RESP. TO PLS.' NOTICE OF
SUPPLEMENTAL AUTHORITIES                        6

FRANK J. SINGER (CA Bar No. 227459)
Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
E-mail: sean.c.duffy@usdoj.gov

*Attorneys for Defendants*