JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**The UNITED STATES OF AMERICA**; et al.,<br><br>Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    I.    Background on the Request of Earth Guardians to be Dropped as a Plaintiff ................... 3

    II.    Defendants Failed to Properly Meet and Confer under the Local Rules .......................... 4

    III.    Earth Guardians Should Be Dropped as a Plaintiff Pursuant to Rule 21 .......................... 8

    IV.    Judgment Should Not Be Entered Against Earth Guardians ............................................ 9

CONCLUSION .................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Blackburn v. Oaktree Cap. Mgmt., LLC,*
  511 F.3d 633 (6th Cir. 2008) ................................................................................... 9

*Braswell Shipyards, Inc. v. Beazer E., Inc.,*
  2 F.3d 1331 (4th Cir. 1993) ................................................................................... 10

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ............................................................................................... 11

*Curtis-Wright Corp. v. Gen. Elec. Co.,*
  446 U.S. 1 (1980) ................................................................................................... 10

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974) ............................................................................................... 10

*Galt G/S v. JSS Scandinavia,*
  142 F.3d 1150 (9th Cir. 1998) ................................................................................. 8

*Grupo Dataflux v. Atlas Global Grp., L.P.,*
  541 U.S. 567 (2004) ................................................................................................. 8

*Jett v. Phillips & Assocs.,*
  439 F.2d 987 (10th Cir. 1971) ................................................................................. 9

*Lenon v. St. Paul Mercury Ins. Co.,*
  136 F.3d 1365 (10th Cir. 1998) ............................................................................... 9

*Letherer v. Alger Grp., LLC,*
  328 F.3d 262 (6th Cir. 2003) ................................................................................... 9

*McLish v. Roff,*
  141 U.S. 661 (1891) ............................................................................................... 11

*Microsoft Corp. v. Baker,*
  137 S. Ct. 1702 (2017) ........................................................................................... 11

*Miller v. Experian Info. Solutions, Inc.,*
  No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054 (S.D. Ohio June 23, 2014) ............ 9

*Morrison-Knudsen Co. v. Archer,*
  655 F.2d 962 (9th Cir. 1981) ................................................................................. 10

*Newman-Green, Inc. v. Alfonzo-Larrain*,
    490 U.S. 826 (1989) ........................................................................................................... 8

*Philip Carey Mfg. Co. v. Taylor*,
    286 F.2d 782 (6th Cir. 1961) ............................................................................................. 9

*United States v. Indrelunas*,
    411 U.S. 216 (1973) ......................................................................................................... 11

*Williams v. Seidenbach*,
    958 F.3d 341 (5th Cir. 2020) ........................................................................................... 11

**Rules**

Fed. R. Civ. P. 21 ................................................................................................................ passim

Fed. R. Civ. P. 54(b) ........................................................................................................... passim

Fed. R. Civ. P. 58 ...................................................................................................... 2, 5, 11, 12

Fed. R. Civ. P. 58(b) ................................................................................................................ 11, 12

LR 7-1 ................................................................................................................................... 4, 5

# INTRODUCTION

For reasons having nothing to do with the Ninth Circuit opinion or the merits of this case, organizational Plaintiff Earth Guardians will not remain a named plaintiff and does not join in the Second Amended Complaint. ECF 514. Earth Guardians is a non-profit organization that was founded by the family of Plaintiff Xiuhtezcatl M. However, this action has always focused on and will continue to focus on the 21 individual Plaintiffs' claims. Earth Guardians not proceeding as a named plaintiff does not affect or implicate any of the prior judicial decisions or prior legal arguments of the parties, and does not affect or implicate any of Plaintiffs' claims or Defendants' defenses going forward.

Defendants' Motion is not about whether, at its request, Earth Guardians should be voluntarily dropped as a plaintiff in this case. All parties agree: Earth Guardians' request should be granted, and it should be dropped from the present action as a named plaintiff. Where the parties differ is the legal procedure and the language used by this Court in allowing Earth Guardians voluntarily to be dropped as a plaintiff from this active case. By their motion, Defendants seek to obtain a final judgment pursuant to the Ninth Circuit mandate against an organizational party, which is not the appropriate means to accomplish this administrative matter given the circumstances presented here.

Back in May and June 2021, counsel for Plaintiffs met and conferred with Defendants about the request that Earth Guardians be dropped as a plaintiff under Federal Rule of Civil Procedure 21. Initiating the request on behalf of Earth Guardians, counsel for Plaintiffs made clear that Xiuhtezcatl and all of the other 21 youth plaintiffs on whose behalf the case has focused would remain plaintiffs in the case and pursue their Second Amended Complaint. Counsel for Defendants were informed that this request was an organizational decision that would further narrow the case and had nothing to do with the mandate issued by the Ninth Circuit. At that time, Defendants

refused to agree to a Rule 21 stipulation and proposed order that would drop Earth Guardians from the case unless *all* Plaintiffs and their claims were dismissed "in compliance with the Ninth Circuit mandate" and no plaintiffs pursued an amended complaint. Consequently, the parties did not reach a stipulation and thereafter counsel for Plaintiffs told Defendants, and the Court, that Plaintiff Earth Guardians would not move forward with the Second Amended Complaint (ECF 514) and would dismiss its claims without prejudice.

Thus, when Defendants filed this Motion seeking a final judgment as to Earth Guardians, it appears to be part of a broader strategy to set up another early appeal or review by way of mandamus in connection with the pending Motion to Amend. Defendants have represented to counsel that their motion is an "administrative" matter, but if that were true, they could have readily agreed to a stipulation to drop Earth Guardians as a named plaintiff pursuant to Rule 21.

This Motion, in its present form, should be denied by this Court for two reasons: first, this Motion was not properly brought under the Local Rules, in that counsel for Defendants failed to conduct the required personal or telephonic conferences prior to filing their Motion. Second, this Court should not enter a judgment against Earth Guardians pursuant to Federal Rules of Civil Procedure 54(b) and 58 (as requested by Defendants). Instead, if this Court grants Plaintiffs' motion to amend, it should order Earth Guardians dropped as a plaintiff, at its request, pursuant to Rule 21, which provides, in part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." If this Court denies Plaintiffs' motion to amend without further leave to amend, its order of dismissal without prejudice would apply to all named plaintiffs and Defendants' motion would be unnecessary. The Court should thus issue one final judgment at the conclusion of the case to avoid any further unnecessary early appeals. If the Court prefers to issue

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)**     2

a separate order dropping Earth Guardians as a plaintiff, Plaintiffs submit the attached proposed order.

Regardless of the impropriety of this motion and in spite of their arguments to the contrary, Defendants' motion illustrates that this Court has jurisdiction on remand to decide whether this case proceeds to trial on the Second Amended Complaint and whether Earth Guardians can be dropped as a named plaintiff.

## ARGUMENT

### I.   Background on the Request of Earth Guardians to be Dropped as a Plaintiff

As set forth in the accompanying Declaration of Julia A. Olson ("Olson Dec."), counsel for Defendants were informed of the request of Earth Guardians to be dropped voluntarily as a named plaintiff from the case back on May 17, 2021 and the parties conferred on this request. After telephonic conferral, Plaintiffs circulated a proposed stipulation to that effect, a copy of which is attached to the Olson Declaration. Olson Dec., ¶ 3. As the parties continued to meet and confer about dropping Earth Guardians under Rule 21 through June, Defendants consistently responded by refusing to agree to any stipulation except for a stipulation that dismissed the whole case as to all Plaintiffs. Olson Dec., ¶¶ 4-5, 7. Plaintiffs continually offered to modify the draft stipulation under Rule 21 to address any legitimate concerns about dropping Earth Guardians. Olson Dec., ¶ 6. However, Defendants were adamant:

> *Procedurally, dismissal of Earth Guardians should be accomplished by dismissal of all parties by the Court in compliance with the Ninth Circuit mandate.* If Plaintiffs move to dismiss Earth Guardians, you can state that *Defendants' position is that while the United States agrees that dismissal of Earth Guardians is appropriate, procedurally it should be accomplished by the dismissal of all parties by the court in compliance with the Ninth Circuit mandate.*

Olson Dec., ¶ 4 (emphasis added).

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)**  3

Plaintiffs again raised the issue of Earth Guardians dropping out as a plaintiff at oral argument on the motion to amend. Olson Dec. ¶ 8. Defendants raised no objections to the Court at that time. When Plaintiffs filed their Supplement to Plaintiffs' motion for leave to amend (ECF 514), which deleted all references to Earth Guardians as a plaintiff, Defendants did not respond to this filing.

Thus, Plaintiffs were surprised when, on September 8, Defendants wrote they were planning to file "a short motion for entry of judgment against Plaintiff Earth Guardians." Olson Dec., ¶ 9. Defendants went on to state: "We see the proposed motion as *an administrative matter* that should *close the loop on this issue*. Please let us know if Plaintiffs consent to the motion or if you would like to have a call to discuss this." *Id*. (emphasis added). Plaintiffs' counsel did not understand why Defendants would choose to bring this motion, out of the blue, and not seek a stipulation as Plaintiffs had originally proposed. Thus, Plaintiffs promptly responded to Defendants' email and attempted to meaningfully confer on this subject, but Defendants filed their motion without conferring, claiming it was a housekeeping matter. It is not.

## II.     Defendants Failed to Properly Meet and Confer under the Local Rules

This Court's Local Rules, LR 7-1 Motions Practice, require "the first paragraph of every motion must certify" . . . "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." There is no question that there were no "personal or telephone conferences to resolve the dispute" before this motion was filed. Rather than make the required certification, Defendants' motion states: "Pursuant to Local Rule 7.1, the Parties exchanged emails concerning this motion on September 8-9. While Defendants offered to confer by telephone, Plaintiffs refused telephonic conferral unless the United States first

provided a copy of the motion. The United States submits that the email exchanges, combined with the offer to confer by telephone, satisfy Local Rule 7.1."

This statement is, unfortunately, completely inaccurate. Counsel for Defendants not only refused to provide a copy of the underlying two-page "housekeeping" motion as part of the meet and confer process, but filed the motion the very next day after sending their initial email regarding the motion and before the parties had an opportunity to conduct a telephonic meet and confer on the motion later that afternoon or the following day. Olson Dec., ¶¶ 11-13. When Plaintiffs presented Defendants with the obvious inaccuracy of their certification, counsel for Defendants refused to withdraw their Motion in order to first confer pursuant to the Local Rules and refused to amend their certification. Olson Dec., ¶ 15.

<u>Filing the Instant Motion Without Conferring</u>: On September 8, Defendants emailed that, "as an administrative matter" to "close the loop," they were filing "a short motion for entry of judgment against Plaintiff Earth Guardians." Olson Dec., ¶ 9.

The next day Plaintiffs responded by requesting a copy of the document Defendants intended to file. Olson Dec., ¶ 10. Defendants refused to provide an advance copy of their brief motion, stating only: "our motion is a short motion seeking entry of judgment and dismissal against Earth Guardians under Fed. R. Civ. P. 54(b) and 58 based on its decision not to join Plaintiffs' efforts to amend the complaint and the Ninth Circuit decision." Olson Dec., ¶ 10. Plaintiffs reiterated their request for a copy of the draft motion:

> [Y]ou have previously requested copies of our proposed filings before taking a position on a motion and we have provided you with those copies. For example, see your email of March 7, 2021 ("In addition, prior to any conferral, we will need to see the proposed amendment to the complaint.") If the matter is "a short motion" and you have it ready to file, we see no reason why you cannot provide us with a copy in advance for our review and give us the opportunity to discuss any concerns in a telephone conference, as required under the local rules. Can you please provide us with a draft of the document you intend to file so we can review it as part of the

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)**  5

conferral process? After you send the draft, we will then be prepared for a phone call tomorrow. There is absolutely no urgency to filing this motion today if it is truly "an administrative matter." Olson Dec., ¶ 11.

Rather than provide a copy of the draft motion, at 2:42 p.m. Pacific on September 9, Defendants wrote: "If Plaintiff would like to confer on the motion, we are opening our conference line up at 5:45 so that we can confer." Olson Dec., ¶ 12.

Yet, instead of waiting for the scheduled 5:45 conference call, on September 9, Defendants filed their Motion for entry of judgment against Earth Guardians at 3:21 p.m. Pacific. Olson Dec., ¶ 13; ECF No. 516.

Upon receiving the filed motion, counsel for Plaintiffs promptly emailed Defendants:

> It is 4:20 pm right now. You wrote you were opening your conference line at 5:45, but instead you filed your motion minutes after sending your email about the conference line before we had a chance to talk internally and respond to your proposed time for a call, and without giving us a meaningful chance to confer. In doing so you grossly misrepresented our position to the court by saying: "Plaintiffs refused telephonic conferral unless the United States first provided a copy of the motion." We said we could have a phone call tomorrow, because we already have a pre-scheduled call this evening and are not available today.

Olson Dec., ¶ 14. Counsel for Plaintiffs requested that Defendants "correct your statement to the court about our position and properly complete the conferral process, which might have avoided the need for this motion. We would like to confer tomorrow between 10-11:30 a.m. PT." Olson Dec., ¶ 14.

The next day Defendants recognized they had mistakenly opened the conference line at the wrong time: "I . . . apologize that I did not include the time zone for a proposed discussion yesterday.  We meant to open up our line at 5:45 ET," a mere three minutes after they sent their email to Plaintiffs. Olson Dec., ¶ 15. Nonetheless they did not even await a response from counsel to set a mutually agreeable time to confer by telephone on this "administrative matter" that supposedly had no urgency whatsoever. Defendants unilaterally determined a meet and confer was

not "going to resolve the narrow question raised in the motion regarding the need for a judgment against Earth Guardians." *Id*.

Post-Filing Efforts: *After* the filing of the instant motion, the parties conferred by telephone for the first time. Counsel finally conferred by telephone on this issue on September 13 (four days after the motion was filed). Olson Dec., ¶ 16. During that call, Defendants offered to provide a stipulation the next day for removing Earth Guardians, which they did not send until September 16 because they had to wait for "higher ups" to review the stipulation of this "administrative housekeeping matter." Olson Dec., ¶ 17. In their draft stipulation, Defendants offered to dismiss Earth Guardians and to dismiss the claims brought by Earth Guardians "[p]ursuant to the Ninth Circuit's March 5, 2021 mandate, ECF No. 461." Olson Dec., ¶ 18. Plaintiffs responded with a revised stipulation, simply dropping Earth Guardians as a plaintiff at its request and dismissing its claims without prejudice. Olson Dec., ¶ 19. Defendants remained insistent: "We . . . do not think Plaintiffs' proposal to withdraw Earth Guardians accomplishes the same thing as the stipulation of dismissal that we proposed. *If Plaintiffs do not agree to dismiss the claims brought by Earth Guardians*, we think it makes sense for the parties to address the status of Earth Guardians through the pending motion for entry of judgment (ECF 516)." Olson Dec., ¶ 20 (emphasis added).

Plaintiffs believe the parties have not adequately conferred on this issue because, importantly, Defendants' counsel do not seem to understand that it is not legally or factually accurate to say that Earth Guardians is being dropped because of the Ninth Circuit's March 5, 2021 mandate. ECF No. 461. Earth Guardians is voluntarily dropping out as a plaintiff and not joining the Second Amended Complaint for reasons having nothing to do with the Ninth Circuit mandate. Olson Dec., ¶ 21. When a party voluntarily agrees to dismiss its claims, it is permitted to be

dropped from the case pursuant Rule 21, which provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

As the foregoing illustrates, prior to filing their motion, Defendants failed to comply with the Local Rules, as they did not meet and confer "through personal or telephone conferences to resolve the dispute" and they provide no rationale for filing this motion on such a rushed timeline that made a proper conferral impossible. Plaintiffs responded promptly to Defendants' emails and requested a telephonic conference, which Defendants did not agree to accomplish prior to filing their motion. Then, Defendants inaccurately represented Plaintiffs' position and suggested counsel declined a telephonic conferral, which is flatly wrong. Thus, their motion should be denied without prejudice to refile after the parties have made a good faith effort to resolve this "housekeeping" matter without motion practice. The Department of Justice should have to follow the rules of this Court just as every other attorney must.

### III.  Earth Guardians Should Be Dropped as a Plaintiff Pursuant to Rule 21

Rule 21 allows this Court "at any time, on just terms, [to] add or drop a party," especially a party, like the non-profit organization Earth Guardians, that voluntarily seeks to remove itself from the litigation, when that removal will have no repercussions for Plaintiffs, Defendants, or the future trajectory of the case, other than to streamline it. The Supreme Court has noted Rule 21 provides courts with the authority "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 573 (2004) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) ("First, Rule 21 specifically allows for the dismissal of parties *at any stage of the action*.") (emphasis in original).

As the Tenth Circuit wrote: "Rule 21 allows the court to dismiss parties 'on such terms as are just,' thus granting considerable discretion to the district court." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (quoting *Jett v. Phillips & Assocs.*, 439 F.2d 987, 989-90 (10th Cir. 1971)). The Sixth Circuit also utilizes Rule 21 to dismiss a party. *See, e.g., Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)), overruled on other grounds by *Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 provides that 'Parties may be dropped or added by order of the court on motion' and we think that this rule is the one under which any action to eliminate . . . a party should be taken."); *Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054 (S.D. Ohio June 23, 2014) (construing stipulated dismissals under Rule 41(a)(1)(A) as motions under Rule 21 based on this logic because "[t]he Sixth Circuit has held [in *Philip Carey Mfg. Co.*] that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action").

Thus, as part of its order on the pending Motion to Amend, this Court could order Earth Guardians dropped as a plaintiff, at its request, pursuant to Rule 21, or, if done independent of the order on the motion to amend, in accordance with the attached proposed order.

### IV.   Judgment Should Not Be Entered Against Earth Guardians

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part: "When . . . multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason

for delay." A Rule 54(b) certification should be the exception, not the rule, for it is important to prevent piecemeal appeals of a case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974) (By restricting parties to a single appeal as of right, it "prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of … a single controversy."). As stated by then Judge (later Justice) Kennedy in *Morrison-Knudsen Co. v. Archer*: "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." 655 F.2d 962, 965 (9th Cir. 1981).

The Fourth Circuit held that to make a proper Rule 54(b) certification, a district court must: "determine whether the judgment is final. . . . in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action[,]' [and] . . . whether there is no just reason for the delay in the entry of judgment." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980) (internal citations omitted)). This is a case-specific determination, which should be oriented against entering such judgments to prevent piecemeal appeals. *Id.* at 1335-36 (citations omitted). Defendants' motion is completely silent on the applicability of the test set forth in *Morrison-Knudsen Co.* or *Braswell Shipyards* or why judgment under Rule 54(b) is justified. For that reason alone, it should be denied.

It is also curious why Defendants are insistent on having a judgment entered against Earth Guardians pursuant to the Ninth Circuit's mandate. One reason may be that Defendants intend by this motion to obtain a piecemeal judgment that they can use as part of a later appeal or mandamus application to the Ninth Circuit concerning the mandate. Defendants professed during the post-

filing calls among counsel that there was no ulterior purpose in bringing this motion and that it was a simple housekeeping matter. Olson Dec., ¶ 21. However, if that were true, it makes little sense why they would not stipulate to a Rule 21 procedure to drop Earth Guardians. Given the history of this case, it seems likely that Defendants may be seeking to use the requested judgment entered as to Earth Guardians as part of an appellate process, challenging this Court's ongoing jurisdiction as to the remaining parties and the remaining claims.

This case needs no more time in the Court of Appeals before trial. Defendants' motion should be denied as it improperly seeks entry of judgment pursuant to Rules 54(b) and 58, and for dismissal of Earth Guardians' claims for lack of Article III standing, perhaps as part of a strategy in order to re-commence proceedings in the Court of Appeals.[1] To the extent this Court enters an order as to Earth Guardians, it should issue an order pursuant Rule 21, dropping Earth Guardians as a plaintiff from this litigation and reserving entry of one, final judgment to a later date after trial when final judgment is appropriate. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665-666 (1891)) ("the general rule has been that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.'"). And when it does so, this Court can then enter one, final judgment. Fed. R. Civ. P. 58(b). Plaintiffs or Defendants will at that point have a clear opportunity to file an appeal from that judgment, in which they can raise claims of error from "all stages of the proceeding." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Thus, this Court should not enter any form of judgment at this

---

[1] As the Fifth Circuit observed in an *en banc* opinion: "Rule 54(b) allows a district court to 'direct entry' of judgment—the actual entry of judgment occurs under Rule 58. But since district courts must 'mechanically appl[y]' Rule 58, *United States v. Indrelunas*, 411 U.S. 216, 222 (1973) (per curiam), we use some variation of the shorthand 'entry of judgment under Rule 54(b).'" *Williams v. Seidenbach*, 958 F.3d 341, n.1 (5th Cir. 2020) (*en banc*).

| | |
|---|---|
| **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)** | 11 |

stage and, rather, resolve the remaining claims as to the remaining parties after trial before rendering a judgment. *See* Fed. R. Civ. P. 58(b).

## CONCLUSION

For the foregoing reasons, this Court should deny this motion without prejudice because Defendants failed to comply with the Local Rules, as they did not meet and confer "through personal or telephone conferences to resolve the dispute." Further, Defendants' motion should be denied as it improperly seeks entry of judgment in favor of the United States and against Plaintiff Earth Guardians, pursuant to Rules 54(b) and 58, and for the dismissal of Earth Guardians' claims for lack of Article III standing pursuant to the Ninth Circuit mandate. To the extent the Court entertains Earth Guardians' request voluntarily to be dropped from this case, this Court should, as part of its order on the pending Motion to Amend, drop Earth Guardians as a plaintiff, sua sponte or at Plaintiffs' request, pursuant to Rule 21, or alternatively, drop Earth Guardians pursuant to the attached proposed order.

DATED this 23rd day of September, 2021.

  */s/ Julia A. Olson*
JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 516)**  12

> Our Children's Trust
> 3026 NW Esplanade
> Seattle, WA 98117
> Tel: (206) 696-2851
>
> *Attorneys for Plaintiffs*