TODD KIM
Assistant Attorney General

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
E-mail: sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT** |
| v. | |
| **UNITED STATES OF AMERICA**, *et al.*, | |
| Defendants. | |

## Introduction

In January 2020, the Court of Appeals for the Ninth Circuit "reverse[d] the certified orders of [this Court] and remand[ed] this case to the district court with instructions to dismiss for lack of Article III standing." *Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020). The Ninth Circuit then denied Plaintiffs' petition for a rehearing *en banc*, 986 F.3d 1295 (9th Cir. 2021), and issued the mandate in March 2021. ECF No. 461. While the individual plaintiffs seek to amend the complaint despite the Ninth Circuit's mandate, ECF No. 462, plaintiff Earth

Guardians "is not joining" in that effort. ECF No. 514 at 2. Defendants have therefore moved this Court to enter judgment against Earth Guardians and to dismiss Earth Guardians' claims for lack of Article III standing, consistent with the mandate. Defs.' Mot. for Entry of Judgment, ECF No. 516.

Plaintiffs claim the Parties did not meet and confer prior to the motion. And they ask the Court to "drop" Earth Guardians in lieu of entering judgment against it. Neither Plaintiffs' assertion nor their request has merit. The Parties conferred on the motion—extensively, and over a period of months—prior to Defendants' filing the motion. The correspondence that Plaintiffs' counsel attaches to its declaration shows this. And the request to "drop" Earth Guardians is improper as it contravenes the Ninth Circuit's mandate and relies on an inapplicable procedural rule governing improper joinder.

Because the Ninth Circuit mandated dismissal of Earth Guardians' claims for lack of Article III standing and Earth Guardians does not seek to amend the complaint, its claims should be dismissed for lack of standing and judgment should be entered for Defendants.

## Argument

The Ninth Circuit mandate governs the disposition of this motion. Plaintiffs' reliance on Fed. R. Civ. P. 21 is misplaced because this is not an instance of improper joinder. Instead, it is a case involving a lack of jurisdiction. Plaintiffs' complaints about the conferral process lack merit because the Parties reached an impasse months ago on how Earth Guardians' claims should be dismissed.

### A. The Ninth Circuit Mandated Dismissal.

The Ninth Circuit mandated dismissal of this lawsuit, ECF No. 461, and no plaintiff sought Supreme Court review of that mandate. 28 U.S.C. § 2101(c). While Plaintiffs insist it is "not legally or factually accurate to say that Earth Guardians is being dropped because of the

Ninth Circuit's March 5, 2021 mandate," Pls.' Opp'n 7, ECF No. 517, the Ninth Circuit ordered Earth Guardians' claims to be dismissed and Plaintiffs offer no reason why they should not be dismissed.  "[A] lower court is unquestionably obligated to 'execute the terms of a mandate.'" *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (internal citation omitted), and a district court cannot vary or examine the mandate of an appellate court "for any other purpose than execution," *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (internal citation omitted), nor "refuse to dismiss a case when the mandate required it . . . ." *Id.*  The mandate provides a "just reason," Fed. R. Civ. P. 54(b), for entering judgment against Earth Guardians.  And there is no risk that dismissing Earth Guardians' claims will "multiply[] the number of proceedings and . . . overcrowd[] the appellate docket," Pls.' Opp'n 10 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)), because judgment in favor of Defendants as to Earth Guardians' claims would end this matter as to those claims.

    **B. Plaintiffs' Reliance on Rule 21 is Misplaced**.

  There is no merit in Plaintiffs' request that this Court "drop" Earth Guardians pursuant to Rule 21 of the Federal Rules of Civil Procedure, and dismiss Earth Guardians without prejudice.  Pls.' Proposed Order, ECF No. 517-1.  As an initial matter, the request is procedurally improper because Plaintiffs must file their own motion in order to obtain relief under Rule 21.  *See* Local Rule 7-1(b) ("Motions may not be combined with any response, reply, or other pleading").  But even if Plaintiffs had so moved, their reliance on Rule 21 is futile because that rule "is a mechanism for remedying either the misjoinder or nonjoinder of parties."  7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1683 (3d ed. 1998).  Here, Earth Guardians alleged a right to relief arising from the same series of transactions or occurrences as each of the other Plaintiffs.  Am. Compl. ¶ 91, ECF No. 7.  It

was never joined to this lawsuit and Plaintiffs never asserted that Earth Guardians was misjoined under Rules 19 or 20 of the Federal Rules of Civil Procedure.

Given the absence of misjoinder, the authorities Plaintiffs cite, *see* Pls.' Opp'n 8-9, are inapposite and do not apply here because the Ninth Circuit has mandated dismissal for lack of Article III standing. The discussions of Rule 21 in each of those cases instead concerned the dropping of a dispensable nondiverse party to maintain diversity jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836-39 (1989); *Galt G/S/ v. JSS Scandiavia*, 142 F.3d 1150, 1154 (9th Cir. 1998); *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371-72 (10th Cir. 1998).

This is not a case of misjoinder; diversity jurisdiction is not at issue. Earth Guardians asserted that it had jurisdiction to bring its claims. The Ninth Circuit held that it did not and that decision controls. Earth Guardians cannot now "drop" its lawsuit and walk away from the Ninth Circuit's decision "without prejudice" to its unsuccessful assertion of jurisdiction. Rule 21 is not a mechanism for defeating the preclusive effect of a binding appellate decision.

**C.     The Meet and Confer Requirements Were Met.**

The very documents Plaintiffs attach to their supporting declaration establish that the Parties met and conferred on Defendants' motion. Nevertheless, Plaintiffs insist that "Defendants' counsel do not seem to understand that it is not legally or factually accurate to say that Earth Guardians is being dropped because of the Ninth Circuit's" mandate. Pls.' Opp'n 7 (citing ECF No. 461). Plaintiffs are mistaken. Defendants understand and disagree with Plaintiffs' position. This impasse is evinced in each of the Parties' communications from May 2021 to present. It is because of this impasse, and after multiple conferrals with Plaintiffs, that Defendants filed the instant motion.

Local Rule 7-1(a)(2) requires the Parties to discuss "each claim, defense, or issue that is the subject of the proposed motion." The Parties conferred repeatedly regarding the dismissal of claims, including the claims of Earth Guardians. *See* Olson Decl. Exs. 4, 5, ECF No. 518. Defendants' instant motion is consistent with the position Defendants conveyed to Plaintiffs— first in May 2021—which Plaintiffs rejected. *See* Olson Decl. Ex. 4 at 1 (Defendants' "position is that dismissal [of Earth Guardians] should be *accomplished by the dismissal of all parties by the Court in compliance with the Ninth Circuit mandate.*") (emphasis added). Local Rule 7-1(a)(1)(A) requires "a good faith effort through personal or telephone conferences to resolve the dispute." The Parties conferred and reached an impasse in May 2021. Plaintiffs then filed a proposed revised Second Amended Complaint in July, which deletes all references to Earth Guardians. ECF No. 514-2. The impasse of the Parties' conferral was reaffirmed by the Parties' supplemental conferral shortly before and immediately after the filing of Defendants' instant motion. *See* Olson Decl. Exs. 6-7.[1] Defendants' motion for entry of judgment is properly presented to the Court for resolution.

---

[1] While the Court need not delve further into the details about the Parties' meet-and-confer process, Defendants dispute Plaintiffs' characterization of that process. Prior to filing the instant motion in September for entry of judgment against Earth Guardians, Defendants offered to confer with Plaintiffs. *See* Olson Decl. Ex. 5 at 6. Plaintiffs twice refused to confer and conditioned any discussions on Defendants first providing them with a draft motion. *See* Olson Decl., Ex. 5 at 6, (ECF No. 518) ("send us a draft of the document you intend to file[] . . . Once we have had an opportunity to review, we may want to confer by phone before you file."). Defendants declined to circulate a draft, but Plaintiffs insisted. *Id.* at 4 ("provide us with a draft of the document you intend to file so we can review it. . ."). Defendants nonetheless offered to speak with Plaintiffs before filing the motion. *Id.* After the instant motion was filed, the Parties conferred and exchanged draft stipulations and again came to an impasse, essentially the same impasse they had already reached in May. *See* Olson Decl., Exs. 6-8.

**Conclusion**

The Ninth Circuit ordered that Plaintiffs' claims should be dismissed for lack of jurisdiction. Even if all Plaintiffs other than Earth Guardians could evade the Ninth Circuit's mandate by moving for leave to amend their complaint, Earth Guardians has not joined in that motion, and thus has no plausible or proffered basis for evading the mandate. The Court should enter judgment against Earth Guardians and dismiss its claims.

DATED: October 7, 2021

TODD KIM
Assistant Attorney General

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*