TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br>    Defendants. | Case No. 6:15-cv-01517-AA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**(ECF No. 521)** |

Plaintiffs have filed a notice of supplemental authority in which they discuss the Supreme Court's recent decision *Mississippi v. Tennessee*, --- S. Ct. ----, 2021 WL 5434188 (Nov. 22, 2021). Pls.' Notice of Suppl. Auth., ECF No. 521 ("Pls.' Notice"). Plaintiffs contend *Mississippi* stands for the "broad principle" that "the remedy sought can be amended to cure a jurisdictional deficiency." Pls.' Notice 4. This contention relates to how Plaintiffs have argued that despite the Ninth Circuit's mandate they can cure the jurisdictional flaw in their operative complaint by requesting a declaratory judgment. *See* ECF No. 462 at 15-16.

In fact, *Mississippi* says nothing at all about relief available under Federal Rule of Civil Procedure 15, or the interplay between a federal district court and an appellate court when the latter has mandated dismissal. *Mississippi* was an action brought under the Supreme Court's original jurisdiction. The state brought tort claims alleging that groundwater pumping in Tennessee had wrongfully taken groundwater held by Mississippi in trust for its residents. *Mississippi*, 2021 WL 5434188, at *4. A special master appointed by the Supreme Court recommended dismissal of Mississippi's complaint because the groundwater was an interstate resource subject to allocation by equitable apportionment, and Mississippi had not sought (and in fact had expressly disclaimed) an equitable apportionment remedy.[1] The special master, however, recommended that Mississippi be granted leave to amend the complaint to seek equitable apportionment. *Mississippi*, 2021 WL 5434188, at *4 On review, the Supreme Court adopted the special master's recommendation to dismiss Mississippi's complaint, but not the recommendation that Mississippi be granted leave to amend, because Mississippi "neither sought leave to amend nor tendered a proposed complaint seeking equitable apportionment." *Id.* at *5, 7. The Court then went on to note the additional pleading and evidentiary requirements that would apply if Mississippi were to request leave to amend. *Id.*

*Mississippi* is in no way analogous to this case. *First*, *Mississippi* was an original action and thus could not have established any "broad principle" bearing on district court practice under Fed. R. Civ. P. 15 or this Court's compliance with the Ninth Circuit's mandate. Indeed, the Federal Rules of Civil Procedure do not govern original actions as a general matter. *See* S. Ct. R.

---

[1] Under the "equitable apportionment" doctrine, the Supreme Court allocates rights to a disputed interstate resource among the interested States based on factors other than territorial boundaries. *See Kansas v. Colorado*, 206 U.S. 46, 97-98 (1907)).

17.2; *see also Nebraska v. Wyoming*, 515 U.S. 1, 8 (1995) (noting that standards under Fed. R. Civ. P. 15 do not apply to original actions).

*Second*, while Plaintiffs make much of the fact that the Supreme Court "left open" the option for Mississippi to seek leave to file an amended complaint, Pls.' Notice 3, the Ninth Circuit did not give Plaintiffs that same option here. The Ninth Circuit's mandate instead directs this Court to dismiss.

*Third*, *Mississippi* is distinguishable because an amended pleading for an equitable apportionment, in that dispute, would involve a different theory of injury and recovery from that presented in the original complaint. By contrast, Plaintiffs' proposed amended complaint in this case seeks relief that was already included, and rejected, as part of their operative complaint. *Compare Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020) (noting that Plaintiffs sought "a declaration that the government is violating the Constitution") *with* ECF No. 462 Attachment 1 (proposed Second Amended Complaint), Prayer for Relief, ¶¶ 1-3 (seeking a declaration that the United States is violating Plaintiffs' alleged Constitutional rights).

*Finally*, in *Juliana*, the Ninth Circuit made clear that the jurisdictional deficiency it identified cannot be cured by an amendment. It determined that *no* plausible injunction capable of remedying the claims would be within the powers of a district court. *See Juliana*, 947 F.3d at 1171 (concluding that any conceivable remedy to Plaintiffs' claims would necessarily put the court in the position of passing on a "host of complex policy decisions entrusted . . . to the wisdom and discretion of the executive and legislative branches"). And it determined that a declaratory judgment would not redress Plaintiffs' alleged injuries, even taking into account the psychological benefits Plaintiffs contend they would derive from such relief. *See id.* at 1170 (holding that "a declaration that the government is violating the Constitution . . . is not

substantially likely to mitigate the plaintiffs' asserted concrete injuries"). Nothing in *Mississippi* detracts from the conclusion that Plaintiffs cannot amend their complaint to reassert avenues for relief that the Ninth Circuit has already rejected.

Dated: December 7, 2021

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Natural Resources Section
150 M Street, NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
E-mail: sean.c.duffy@usdoj.gov

*Attorneys for Defendants*