IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KELSEY CASCADIA ROSE JULIANA, *et al.*,**

    Plaintiffs,

v.

**UNITED STATES OF AMERICA, *et al.*,**

    Defendants.

Civ. No. 6:15-cv-01517-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Federal defendants move for entry of judgment against plaintiff Earth Guardians under Federal Rules of Civil Procedure 54(b) and 58, and to dismiss for lack of standing. (Doc. 516). Earth Guardians asks instead that this Court order Earth Guardians dropped as a plaintiff pursuant to Rule 21 and that its claims be dismissed without prejudice. (Doc. 517).

    Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part: "When . . . multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A Rule 54(b) certification

should be the exception, not the rule, for it is important to prevent piecemeal appeals of a case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974). Where the parties' claims are logically related, both from a factual and legal standpoint, "it is not proper to direct entry of a separate judgment pursuant to Rule 54(b)." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. *Id*. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. *Id*. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings. *Id*.

The Supreme Court has noted Rule 21 provides courts with the authority "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 573 (2004) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) ("First, Rule 21 specifically allows for the dismissal of parties at any stage of the action.")

Here, the parties agree: Earth Guardians should be dropped from the action as a named plaintiff. This Court determines that dropping Earth Guardians as a named plaintiff is not proper under Rule 54(b), where Earth Guardians and youth plaintiffs

Page 2 – OPINION AND ORDER

logically related, both from a factual and legal standpoint. This Court identifies none of the factors necessary to enter judgment under Rule 54(b). Rather, the correct procedure is under Rule 21. Dropping Earth Guardians will not affect or implicate any of the prior judicial decisions or prior legal arguments of the parties; any of the claims of the remaining plaintiffs; or any of defendants' defenses going forward.

Accordingly, federal defendants' Motion for Entry of Judgment, doc. 516, is DENIED. Plaintiff Earth Guardians is dropped (terminated) from this action as a named plaintiff effective immediately and the claims brought by Earth Guardians are hereby dismissed without prejudice.

IT IS SO ORDERED.

Dated this __1st__ day of June 2023.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 3 – OPINION AND ORDER