JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The UNITED STATES OF AMERICA**; et al., <br><br> Defendants. | Case No.: 6:15-cv-01517-AA <br><br> **PLAINTIFFS' MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL** <br><br> **EXPEDITED HEARING REQUESTED** |

**PLAINTIFFS' MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a), the undersigned hereby certify that the parties made a good faith effort to confer through telephone and an exchange of emails between June 8-12, 2023 to resolve the dispute and have been unable to do so. Defendants state "that they will need time to confer with their management and clients about the Second Amended Complaint and the substance of Plaintiffs' proposed motion for a pre-trial conference and expedited trial date before taking a position on that motion. Many of the decisionmakers were not in their current positions when this case was last active, i.e. when the parties were briefing the motion for leave to amend in 2021. For that reason, Defendants oppose expedited consideration of the motion for a pre-trial conference and expedited trial date." Declaration of Julia A. Olson ((Olson Decl."), ¶ 7.

## MOTION TO SET PRETRIAL CONFERENCE & AN EXPEDITED TRIAL BY SPRING OF 2024

In accordance with Local Rules 7-1(b), 16-2(c), and 40-1, Plaintiffs move for the setting of a pretrial conference or, alternatively, entry of a scheduling order setting an expedited trial date no later than the Spring of 2024. *See* Declaration of Julia A. Olson. Now that this Court has allowed Plaintiffs to proceed with the Second Amended Complaint, this case is ready for a trial date to be set as early as possible on this Court's calendar. As of October 19, 2018, ten days before the original trial date, the parties had substantially concluded pre-trial discovery, including nearly all depositions of experts, witnesses, and plaintiffs, as well as submitted most of their pretrial filings. At that point, U.S. Supreme Court Chief Justice Roberts issued an administrative Order staying trial and discovery in response to a petition for a writ of mandamus and application for stay filed with the Supreme Court by Defendants. Doc. 399. Pursuant to that Order, this Court vacated the trial date and all related deadlines. Doc. 404. Therefore, at this time, the parties have substantially complied with all pre-trial deadlines and they need only update their prior filings, as well as some

**PLAINTIFFS' MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**   1

expert reports and depositions to account for scientific and other evidentiary developments since October 2018.

Given the long delays in getting to trial in this nearly 8-year-old case, largely due to Defendants' extraordinary filing of an unprecedented six petitions for writs of mandamus,[1] as well as the climate emergency that is actively harming Plaintiffs,[2] Plaintiffs respectfully move this Court to set a scheduling conference and enter a scheduling order setting trial in this matter to commence on an expedited basis, no later than Spring 2024.

## INTRODUCTION

Nearly eight years after this case was filed, Doc. 7, it is now time for these Plaintiffs to get their day in court. The Court is intimately familiar with the procedural history of this case, which does not bear repeating here. For purposes of this motion, what is relevant is that on November 28, 2016, less than three weeks after this Court denied Defendants' first motion to dismiss, Plaintiffs initially informed this Court that any delay in getting to trial would necessitate a motion for preliminary injunction considering the ongoing, irreparable harms being suffered by Plaintiffs. *See* Olson Decl. ¶ 2. In response, this Court urged Plaintiffs to forgo the filing of an injunction motion as there would be a trial by the middle or fall of 2017. *Id.* at 2. However, instead of having

---

[1] *Juliana v. United States*, 949 F.3d 1125, 1127 n.1 (9th Cir. 2018) (Friedland, J., dissenting) (explaining why she would have denied the government's request for interlocutory appeal because "allowing this appeal now effectively rewards the Government for its repeated efforts to bypass normal litigation procedures by seeking mandamus relief in our court and the Supreme Court. If anything has wasted judicial resources in this case, it was those efforts.").
[2] The National Oceanic and Atmospheric Administration (NOAA) recently reported that "[c]arbon dioxide levels measured at NOAA's Mauna Loa Atmospheric Baseline Observatory peaked at 424 parts per million in May, continuing a steady climb further into territory not seen for millions of years . . . ." Nat. Oceanic and Atmospheric Admin., *Broken record: Atmospheric carbon dioxide levels jump again* (June 5, 2023), https://www.noaa.gov/news-release/broken-record-atmospheric-carbon-dioxide-levels-jump-again. "Carbon dioxide levels are now more than 50% higher than they were before the onset of the industrial era." *Id.* According to NOAA Administrator Rick Spinrad, "we must expend every effort to slash carbon pollution and safeguard this planet and the life that calls it home." *Id. See also* Press Release, World Meteorological Org., *Global temperatures set to reach new records in next five years* (May 17, 2023), public.wmo.int/en/media/press-release/global-temperatures-set-reach-new-records-next-five-years ("Global temperatures are likely to surge to record levels in the next five years . . . ."). At the time this case was filed, atmospheric $CO_2$ was 400 ppm. Doc. 1 ¶¶ 208-209 (Complaint).

a prompt trial to resolve these important constitutional claims, Defendants have brought numerous motions and petitions resulting in years of delay in resolving this case while continuing their ongoing unconstitutional conduct that exacerbates the climate crisis. *Id*. ¶ 3, Ex. 1 (depicting Defendants' numerous unsuccessful, duplicative motions and petitions, as well as their attempts at early appeal in this case and numerous applications for stays).

As of the date of this filing, the parties have completed and exchanged expert reports, completed expert and fact witness depositions, exchanged exhibit and witness lists, and filed pre-trial briefs. Olson Decl. ¶ 4. While Defendants should have an opportunity to promptly file an Answer to the new allegations in Plaintiffs' Second Amended Complaint as that is their right, there is good cause justifying the setting of a scheduling conference or entry of a scheduling order that sets this matter for trial. An expedited trial by the Spring of 2024 is necessary to obtain a final judicial resolution of Plaintiffs' claims and to prevent serious and irreparable harm to Plaintiffs. Moreover, an expedited trial will not prejudice Defendants because there are a limited number of new allegations in the Second Amended Complaint, discovery is largely complete (*see* Local Rule 16-2(c) defining completion of discovery), and the evidence both sides intend to present at trial merely requires updating and refinement, which should occur on an expedited basis.

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16-2(c), and 40-1, Plaintiffs have met and conferred with Defendants to seek their consent to the scheduling of a scheduling conference and/or entry of a scheduling order that allows for trial in this case on an expedited basis to commence at the earliest date the Court has availability and by Spring of 2024. As explained in the attached declaration of Julia A. Olson, Defendants have not yet taken a position on this motion.

# ARGUMENT

**I.      Good Cause Exists for this Court to Exercise its Authority to Set a Pretrial Conference and/or Issue a Scheduling Order Expediting Trial.**

"[E]ach court of the United States . . . shall expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a). "'[G]ood cause' is shown if a right under the Constitution . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id*. "It is abundantly clear that Congress intended to give preference on crowded court dockets to federal questions." *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 55 (D. Colo. 1987). "Even in the absence of a controlling federal statute, cases of public importance may be given calendar precedence, as may other cases in which delay will cause unusual hardship." C. Wright, et al., Fed. Prac. & Proc. (Civil) § 2351 (3d ed. 2014).

Under Local Rule 16-2(c), "[n]otwithstanding anything in this or any other local rule, any party may ask for a conference under Fed. R. Civ. P. 16 at any time." The purposes of a pretrial conference are as follows:

> (1) *expediting disposition of the action*;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of trial through more thorough preparation; and
> (5) facilitating settlement.

Fed. R. Civ. P. 16(a) (emphasis added). "Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order: (A) after receiving the parties' report under Rule 26(f); or (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1). "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within

the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

This Court has clear statutory authority to set an expedited trial in this case and the inherent power to manage its docket as it sees fit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)) (courts have inherent authority "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). As the setting of a pretrial conference and entry of a scheduling order is clearly within the discretion of this Court, consistent with the local rules, and supported by good cause, Plaintiffs respectfully request that the Court set a scheduling conference as soon as possible, or alternatively, enter a scheduling order with an expedited trial date, no later than Spring of 2024.

II.     **Good Cause Supports an Expedited Trial to Obtain Final Judicial Resolution of This Case.**

This case is unusual in that it was filed nearly eight years ago and was stayed a mere ten days before trial in October 2018. The Court has now granted Plaintiffs' Motion for Leave to File a Second Amended Complaint. Doc. 540. Good cause exists for setting a scheduling conference and entering a scheduling order with an expedited trial date by the Spring of 2024. The legal claims and defenses raised in this case have been briefed multiple times in this Court (Doc. 27-1, 195, 207), in the Ninth Circuit Court of Appeals on four petitions for writ of mandamus, Ct. App. I Doc 1-1, Ct. App. II Doc. 1-2, Ct. App. III Doc. 1-2, Ct. App. IV Doc. 1-2, and three times before the United States Supreme Court. S. Ct. App. I Doc. 1, S. Ct. App. II Doc. 1, S. Ct. Pet. Doc. 1.[3]

---

[3] Plaintiffs reference the docket for Defendants' First Petition, *In re United States*, No. 17-71692 (9th Cir.), as "Ct. App. I Doc."; the docket for Defendants' Second Petition, *In re United States*, No. 18-71928 (9th Cir.), as "Ct. App. II. Doc."; the docket for Defendants' Third Petition, *In re United States*, No. 18-72776 (9th Cir.), as "Ct. App. III Doc."; the docket for Defendants' Fourth Petition, *In re United States*, No. 18-73014 (9th Cir.), as "Ct. App. IV Doc."; the docket for

Throughout this litigation, Defendants have caused unprecedented delays by repeatedly presenting materially identical legal arguments in successive, duplicative motions and petitions in all three tiers of the federal judiciary. Olson Decl. ¶ 5. Based on Plaintiffs' research and upon information and belief, in no prior case has the Department of Justice filed as many petitions for writs of mandamus as it has filed in this case. Olson Decl. ¶ 8. As Judge Friedland pointed out in her dissent in the Ninth Circuit decision accepting interlocutory appeal, Defendants have made "repeated efforts" to address the issues in this case "by seeking mandamus relief in our court and the Supreme Court." *Juliana v. United States*, 949 F.3d 1125, 1127 n.1 (9th Cir. 2018) (Friedland, J., dissenting).

Good cause also exists for an expedited trial in this case of exceptional public importance because the constitutional injuries experienced by Plaintiffs, found to exist by the Ninth Circuit Court of Appeals caused by the conduct of Defendants, are ongoing, significant, and worsening every day. *See Goldie's Bookstore, Inc. v. Superior Court of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm.").

The uncontroverted evidence, characterized as "compelling" and "substantial" by the Ninth Circuit Court of Appeals, shows that the lives, liberties, and property of American youth, including Plaintiffs, are harmed *now* and "that the federal government has long promoted fossil fuel use despite knowing that it can cause catastrophic climate change, and that failure to change existing policy may hasten an environmental apocalypse." There is no question that any further delay in

---

Defendants' Fifth Petition, *Juliana v. United States*, 18-80176 (9th Cir.), as "Ct. App. V Doc."; the docket for the interlocutory proceedings under 28 U.S.C. § 1292(b) as "Ct. App. VI Doc."; the docket for Defendants' first application for stay to the Supreme Court, *United States. v. U.S. Dist. Ct.*, No. 18A65, as "S. Ct. App. I Doc."; the docket for Defendants' second application for stay to the Supreme Court, *In re United States*, No. 18A410, as "S. Ct. App. II. Doc."; and the docket for Defendants' Petition for Mandamus to the Supreme Court, *In re United States*, No. 18-505, as "S. Ct. Pet. Doc."

**PLAINTIFFS' MOTION TO SET PRETRIAL CONFERENCE, OR IN THE**     6
**ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

resolution of Plaintiffs' claims and issuance of a final remedy locks in additional impending catastrophes on top of those *already occurring*. Furthermore, Plaintiffs are experiencing government-sanctioned trauma because of the protracted nature of this litigation and Defendants' extraordinary efforts to close the courthouse doors on them. *See* Olson Decl. ¶ 5. Defendants have never proffered any evidence contesting Plaintiffs' evidence of the damage these young Americans are suffering from the years of delays in their case and the dire urgency of their claims. Atmospheric $CO_2$ concentrations are already well into the danger zone and continuing to rise through the conduct of Defendants, which enhances that danger on a daily basis. *See, e.g.,* Doc. 262-1, 274-1, 275-1 (expert declarations of Drs. Eric Rignot, James Hansen, and Harold Wanless).

In addition to the uncontested evidence in the district court, Defendants' own statements unmistakably affirm that the substantial harms Plaintiffs are already experiencing will continue to worsen if trial does not commence on an expedited basis. As President Biden has emphasized, "this is code red; the nation and the world are in peril. And that's not hyperbole. That is a fact."[4] He has acknowledged that "[t]he science is devastatingly clear. We have to make vital progress by the end of this decade. . . . [Y]oung people around the world, they feel the urgency of climate, and they feel it deeply. They're committed to these issues. They know the stakes, and that's their world we're creating."[5] Furthermore, Defendants' own recent climate change reports, as well as the

---

[4] The White House, *Remarks by President Biden on the Administration's Response to Hurricane Ida* (Sept. 7, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/07/remarks-by-president-biden-on-the-administrations-response-to-hurricane-ida-2/.

[5] The White House, *Remarks by President Biden at the 27th Conference of the Parties to the Framework Convention on Climate Change (COP27) | Sharm el-Sheikh, Egypt* (Nov. 11, 2022), https://www.whitehouse.gov/briefing-room/speeches-remarks/2022/11/11/remarks-by-president-biden-at-the-27th-conference-of-the-parties-to-the-framework-convention-on-climate-change-cop27-sharm-el-sheikh-egypt/.

Intergovernmental Panel on Climate Change, illustrate the substantial role and dangers of the U.S. fossil fuel energy system and the urgent need to declare the system unconstitutional.[6]

Notwithstanding Defendants' acknowledgement of the urgent need for greenhouse gas emissions reductions to avoid locking in irreversible harms, Defendants have persisted in their unconstitutional systemic conduct, continuing their exacerbation of the climate crisis and harm to Plaintiffs. In FY 2022, the Bureau of Land Management approved 3,010 permits to drill for oil and gas on federal public and tribal lands.[7] On Nov. 17, 2021, the Bureau of Ocean Energy Management held the largest oil and gas lease sale in U.S. history, offering over 80 million acres in the Gulf of Mexico.[8] Despite a federal court decision that vacated the sale for failing to properly conduct a requisite greenhouse gas emissions analysis,[9] the Inflation Reduction Act signed by President Biden later reinstated and compelled the sale in 2022.[10] In just the first half of 2022, the U.S. Energy Information Administration ("EIA") reported that U.S. became the world's largest liquefied natural gas ("LNG") exporter after its LNG exports increased by 12% from the previous six months.[11] By July 2022, the capacity of U.S. liquefaction facilities ballooned to an average of 11.4 billion cubic feet per day, a milestone that the EIA had previously estimated the U.S. would

---

[6] *See, e.g.*, Intergovernmental Panel on Climate Change, *Summary for Policymakers*, Synthesis Report Of The IPCC Sixth Assessment Report (AR6) (2023), https://report.ipcc.ch/ar6syr/pdf/IPCC_AR6_SYR_SPM.pdf.; NOAA National Centers for Environmental Information, *Annual 2022 National Climate Report* (June 8, 2023), https://www.ncei.noaa.gov/access/monitoring/monthly-report/national/202213; EPA, *Climate Change and Social Vulnerability in the United States: A Focus on Six Impact Sectors* (2021), https://www.epa.gov/cira/social-vulnerability-report; U.S. Global Change Research Program, *Impacts, Risks, and Adaptation in the United States: Fourth National Climate Assessment* (2018), https://nca2018.globalchange.gov/.
[7] Bureau of Land Mgmt., *Applications for Permit to Drill* (Sept. 2022), https://www.blm.gov/programs/energy-and-minerals/oil-and-gas/operations-and-production/permitting/applications-permits-drill.
[8] BOEM, *Lease Sale 257 Sale Statistics* (Nov. 17, 2021), https://www.boem.gov/sites/default/files/documents/oil-gas-energy/leasing/sale-257-stats.pdf.
[9] *See Friends of the Earth v. Haaland*, 583 F. Supp. 3d 113, 156 (D.D.C. 2022).
[10] BOEM, *In Compliance with IRA, BOEM Reinstates Lease Sale 257 Bids* (Sept. 14, 2022), https://www.boem.gov/newsroom/press-releases/compliance-ira-boem-reinstates-lease-sale-257-bids.
[11] U.S. Energy Info. Admin., *The United States became the world's largest LNG exporter in the first half of 2022* (July 25, 2022), https://www.eia.gov/todayinenergy/detail.php?id=53159.

reach only by the end of the year.[12] Total U.S. energy-related carbon dioxide emissions amounted to 4.96 billion metric tons in 2022, and are forecasted by the EIA to be another 4.83 billion metric tons in 2023.[13] In short, the government's own data shows that the Biden Administration is persisting in its unconstitutional conduct that threatens the lives and liberties of these young plaintiffs and thus an expedited trial in this case is appropriate.

The uncontradicted evidence of irreparable harm to Plaintiffs in this case of public importance, the years of delay resulting from Defendants' multiple attempts at early appellate review, the ongoing harms due to Defendants' conduct, and the many times the parties have briefed the issues, all support this case getting to trial as soon as possible. Plaintiffs respectfully request this Court exercise its authority to set a scheduling conference as soon as possible and/or enter a scheduling order setting an expedited trial date to commence in the Spring of 2024.

### III. An Expedited Trial Would Not Prejudice Defendants.

Defendants will suffer no harm from the setting of a prompt scheduling conference or entry of a scheduling order that sets an expedited trial date to commence as soon as the Court's calendar allows and at least by the Spring of 2024. Defendants have had ample time to craft their defense to the claims in this case and will have an opportunity to answer the new allegations contained in the Second Amended Complaint as set forth in the scheduling order. Moreover, the parties have extensively briefed the legal issues in this case on numerous occasions and largely have completed discovery. A trial date by the Spring of 2024 is reasonable considering the circumstances and adequately allows Defendants to prepare and present their defense in this case.

---

[12] *Id.*; U.S. Energy Info. Admin., *U.S. liquefied natural gas export capacity will be world's largest by end of 2022* (Dec. 9, 2021), https://www.eia.gov/todayinenergy/detail.php?id=50598.
[13] U.S. Energy Info. Admin., *Short-Term Energy Outlook* (May 2023), https://www.eia.gov/outlooks/steo/archives/may23.pdf.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court promptly set a scheduling conference and/or enter a scheduling order that sets an expedited trial date so that trial commences by the Spring of 2024.

DATED this 13th day of June, 2023.

       /s/ Julia A. Olson
JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

*Attorneys for Plaintiffs*