JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>The **UNITED STATES OF AMERICA**; et al.,<br><br>Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**DECLARATION OF JULIA A. OLSON in Support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial** |

**DECLARATION OF JULIA A. OLSON in Support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial**

I, Julia A. Olson, hereby declare and if called upon would testify as follows:

1. I am an attorney of record in the above-entitled action. I make this Declaration in support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial. I have personal knowledge of the facts stated herein, except as to those stated upon information and belief, and if called to testify, I would and could testify competently thereto.

2. Ever since this case was filed almost eight years ago, Plaintiffs have worked as quickly and efficiently as possible to redress the climate emergency faced by each of the youth Plaintiffs, an emergency that is getting worse as each day passes. On November 28, 2016, less than three weeks after the district court denied Defendants' motions to dismiss, the district court held a status conference to discuss pretrial proceedings. At that status conference, counsel for Plaintiffs informed the district court that any delay in getting to trial would necessitate a motion for preliminary injunction in light of the ongoing and irreparable harms being suffered by Plaintiffs. The transcript states:

   > MS. OLSON: During our meet and confer, counsel for defendants indicated that they thought it would take five years to complete discovery and to get to trial, and we disagree with that. But there are indications that the defendants are going to attempt to delay our getting to trial in this case. And, again, given the urgency, we attempted to engage in settlement discussions. We are willing to enter into the court's ADR program or have any other settlement negotiations that the defendants would be interested in. They have rejected those requests. They don't believe -- they can speak for themselves, but they have indicated to us they don't believe this case is appropriate for settlement talks. And given, again, the urgency, the plaintiffs have a need to seek preliminary relief in this case, and we would also like the court to set a hearing date for a motion for preliminary relief in early January.
   >
   > THE COURT: Well, in the first place, you said a lot, and let me try to address it piecemeal, if I can. We are not going to take five years to try this case. That's not going to happen. We are going to set a discovery deadline that's going to be reasonable and not extended far out into the future, and

**DECLARATION OF JULIA A. OLSON in Support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial**   1

> everyone needs to understand that. And hopefully you folks can agree on a discovery schedule, but it sounds like you are pretty far apart and that's not going to happen, in which case, all the parties should submit their proposed schedule to the court, and the court will set a discovery deadline that is within reasonable parameters. The goal would be to set the discovery deadline and the motion practice, dispositive motions, *et cetera*, within a time period where a trial can be held by the middle or toward the fall of next year. With respect to your request to set a hearing for preliminary relief, I will tell you in all candor from where I sit in having dealt with this case, this does not seem to be a case that lends itself to the court fashioning some sort of relief without first having a trial in which all the issues are fleshed out. I mean, I am sitting here looking at Judge Aiken's order in this case, and since, in the absence of consents, she is going to be the one dealing with it, she says quite candidly in her order that, "In any event, speculation about the difficulty of crafting a remedy could not support dismissal at this early stage." And she goes on to quote from the *Baker* case, Supreme Court case, "It is improper now to consider what remedy would be most appropriate if appellants prevail at trial." So given the complexity of this case, it's extremely difficult for me to imagine a prospect for the court to jump ahead in January without the benefit of a trial and craft some sort of preliminary relief and thus put the cart before the horse completely.
>
> MS. OLSON: Thank you, Your Honor. This is Julia Olson again. And if we can get to trial by the middle to late time frame of 2017 that Your Honor suggested, then we could potentially hold off seeking preliminary relief. And just to be clear about the intention, the intention is to ensure that there is not further backsliding in terms of increasing emissions in the United States; that the defendants aren't continuing to promote and develop more fossil fuels and more fossil fuel infrastructure during the [time]frame that it takes to get to trial because of the fact that it locks in additional carbon dioxide and other greenhouse gas pollution that has threatened these plaintiffs. We are attempting to hold as much of the status quo as possible.
>
> THE COURT: All right. I understand the plaintiffs' position.

Doc. 100, at 10:22–13:17. Since this Status Conference, over six years have passed and Plaintiffs have still been unable to get the merits of their constitutional claims heard.

3. Defendants have moved for a stay in this case a total of twelve times between the district court, this Court, and the Supreme Court. A timeline of Defendants' motions for stay is attached hereto as **Exhibit 1**. The stay applications and motions to this Court and the

**DECLARATION OF JULIA A. OLSON in Support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial**    2

Supreme Court have been accompanied by repetitive petitions for the extraordinary remedy of writs of mandamus.

4. As of today, the parties have completed and exchanged expert reports, completed expert and fact witness depositions, exchanged exhibit and witness lists, and filed pre-trial briefs.

5. Given the long delays that have occurred in this case, a number of Plaintiffs are experiencing trauma because of the protracted nature of this litigation and Defendants' tactics to close the courthouse doors on them by repeatedly presenting materially identical legal arguments in successive, duplicative motions and petitions in all three tiers of the federal judiciary. Plaintiffs have continued to suffer economic, property, cultural, and physical, mental, and psychological health injuries due to Defendants' ongoing conduct since this case was first filed.

6. Given the substantial amount of work that has already gone into preparing for trial in this case, Plaintiffs believe a trial date by the Spring of 2024 is feasible and allows Defendants ample time to update their defense and prepare for trial.

7. Plaintiffs telephoned and emailed Defendants on June 8, 2023 to seek their consent to the scheduling of a scheduling conference and/or entry of a scheduling order that allows for trial in this case on an expedited basis. Defendants responded on June 12, 2023 stating: "Defendants state that they will need time to confer with their management and clients about the Second Amended Complaint and the substance of Plaintiffs' proposed motion for a pre-trial conference and expedited trial date before taking a position on that motion. Many of the decisionmakers were not in their current positions when this case was last active, i.e. when the parties were briefing the motion for leave to amend in 2021. For that

**DECLARATION OF JULIA A. OLSON in Support of Plaintiffs' Motion to Set Pretrial Conference, or in the Alternative Enter Pretrial Order Setting Expedited Trial**     3

reason, Defendants oppose expedited consideration of the motion for a pre-trial conference and expedited trial date."

8. Based on Plaintiffs' research and upon information and belief, in no prior case has the Department of Justice filed as many petitions for writs of mandamus as it has filed in this case.

9. Further delay in resolution of Plaintiffs' claims and issuance of a final remedy locks in additional impending catastrophes on top of those already occurring. Furthermore, Plaintiffs are experiencing additional harm because of the protracted nature of this litigation and Defendants' extraordinary efforts to close the courthouse doors on them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 13, 2023.

Respectfully submitted,

*/s/ Julia A. Olson*_____
Julia A. Olson