TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL** |
| v. | |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | **(ECF No. 543)** |

## PRELIMINARY STATEMENT

Plaintiffs' motion for an expedited trial date incorrectly assumes that the only way this case can be determined is through trial. Plaintiffs point to the extensive briefing of controlling issues of law predating the Ninth Circuit's mandate of dismissal as "good cause" for setting "an expedited trial date by the Spring of 2024." Pls.' Mot. to Set Pretrial Conf. or Enter Pretrial Order Setting Expedited Trial ("Pls.' Mot.") 5, ECF No. 543. But that history—including the Supreme Court determination that the "'striking' breadth" of Plaintiffs' claims "presents substantial grounds for difference of opinion," *In re United States*, 139 S. Ct. 452, 453 (2018) (quoting July 30, 2018, Supreme Court Order, ECF No. 330-1)—commands dispositive motion practice and, potentially, further interlocutory appeal, not a rush to trial. In addition, Plaintiffs' recognition that discovery had not completed when this case was stayed in 2018 coupled with Plaintiffs' indication that their evidence requires updating separately militate against setting an expedited trial date until the scope of this additional discovery, if any, is determined.

This Court should deny Plaintiffs' motion to expedite trial and avail itself of the mechanisms in the Federal Rules of Civil Procedure for the efficient and just determination of civil actions. More specifically, this Court should await submissions on, and then resolve, Defendants' pending motion to dismiss and alternative motion for interlocutory appeal, as well as Defendants' separate, forthcoming motion under 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal this Court's order granting leave to file the second amended complaint. *See* ECF No. 547 at 2 n.2. In short, this Court should determine *whether* a trial should be held before it schedules *when* trial will be held.

# RELEVANT BACKGROUND[1]

Following extensive litigation, the Ninth Circuit mandated Plaintiffs' amended complaint be dismissed for lack of Article III standing. *Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020), *denying reh'g en banc*, 986 F.3d 1295 (Mem.) (9th Cir. 2021). The narrow issue of redressability was the only issue necessary to justify that mandate and, thus, the Ninth Circuit did not address other issues certified for interlocutory appeal, including the merits of Plaintiffs' implied constitutional right to a stable climate system. *See id.* at 1170-71. Notwithstanding the narrow basis of its mandate, however, the issues the Ninth Circuit did not address in its 2020 decision are still controlling questions of law as to which there is substantial ground for difference of opinion. *See Juliana v. United States*, No. 15-cv-1517-AA, 2018 WL 6303774, at *3 (D. Or. Nov. 21, 2018); *Juliana v. United States*, 949 F.3d 1125, 1126 (Mem.) (9th Cir. 2018). Plaintiffs' second amended complaint raises the same implied constitutional claims and concomitant remedies that the Ninth Circuit deemed "quite broad," *In re United States*, 884 F.3d 830, 837 (9th Cir. 2018), and that the U.S. Supreme Court deemed "striking" in breadth and presenting "substantial grounds for difference of opinion." *In re United States*, 139 S. Ct. at 453 (quoting July 30, 2018, Supreme Court Order). And it was because of those determinations that this Court and the Ninth Circuit held that both the jurisdictional and the substantive legal issues presented in Defendants' earlier dispositive motions on Plaintiffs' amended complaint met the

---

[1] A more robust history of this case is recited in Defendants' pending motion to dismiss the second amended complaint, which Defendants incorporate herein by reference. ECF No. 547 at 2-9. The abbreviated history recited in this response brief presents the facts omitted from Plaintiffs' motion to set an expedited trial that inform Defendants' instant response.

stringent requirements for interlocutory appeal. *Juliana*, 2018 WL 6303774, at *3; *Juliana*, 949 F.3d at 1126 (Mem.). Those claims have not changed in Plaintiffs' second amended complaint.

## ARGUMENT

This Court should deny Plaintiffs' motion to set an expedited trial for two reasons. First, this Court should resolve Defendants' pending motion to dismiss before setting trial, because granting that motion would obviate the need for trial. And even if this Court denies the pending motion to dismiss, this Court should certify its denial for interlocutory appeal. This certification would sustain this Court's 2018 certification of those same issues and honor the Ninth Circuit's companion 2018 certification of those same issues for interlocutory appeal. Second, this Court should deny Plaintiffs' motion to set an expedited trial until previous discovery and further "updates" to discovery are completed.

### I. It Is Premature to Set a Trial Date Before the Resolution of the Pending Dispositive Motion and the Separate Forthcoming Motion Under 28 U.S.C. § 1292(b).

Plaintiffs' request for the setting of a trial "as early as possible on this Court's calendar," Pls.' Mot. 1, is premature. This Court should instead resolve Defendants' pending motion to dismiss the second amended complaint and alternative motion for interlocutory appeal, as well as Defendants' separate, forthcoming motion under 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal this Court's order granting leave to file the second amended complaint.

While this Court "ha[s] the inherent authority to manage [its] docket and courtroom[] with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), *quoted in Dean v. Colgate-Palmolive Co.*, 772 Fed. App'x 561, 562 (Mem.) (9th Cir. 2019), that inherent authority must be exercised with an eye toward all the mechanisms available for the efficient and just determination of a lawsuit. The Federal Rules of Civil Procedure, including Rule 16, "should be construed, administered, and employed by the court

and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs presume that trial is necessary to determine or dispose of an action. *See* Pls.' Mot. 3 ("An expedited trial by the Spring of 2024 is necessary to obtain a final judicial resolution of Plaintiffs' claims . . . ."). Not so. Rule 12(b) provides an important mechanism for the early and efficient determination of lawsuits. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.") (internal quotations and citations omitted). Moreover, 28 U.S.C. § 1292(b) allows for the early determination of controlling issues of law where there are substantial grounds for differences of opinion.

Setting a trial date here is improper because Defendants have moved to dismiss Plaintiffs' second amended complaint and coupled that motion with a motion for certification under 28 U.S.C. § 1292(b) should this Court deny dismissal. ECF No. 547. The pending motion to dismiss is in many respects familiar to the Court because Plaintiffs' second amended complaint is congruent with the amended complaint that the Ninth Circuit mandated to be dismissed. *See* Pls.' Mot. for Leave to File Second Am. Compl. and Mot. to Lift Stay Ex. 2, ECF No. 462-2 (providing a redline of the second amended complaint against the amended complaint). But the resulting congruence of Defendants' current motion to dismiss with their prior dispositive motions does not constitute "good cause" for setting a trial date. Pls.' Mot. 1 ("Now that this Court has allowed Plaintiffs to proceed with the Second Amended Complaint, this case is ready for a trial date to be set as early as possible on this Court's calendar."). To the contrary, this congruence calls on this Court to rule on the motion to dismiss.

And even if this Court denies Defendants' pending motion to dismiss, both this Court and the Ninth Circuit have held that this Court's denial of Defendants' dispositive jurisdictional and substantive challenges to the legal sufficiency of Plaintiffs' claims should be resolved on interlocutory appeal before trial. *Juliana*, 2018 WL 6303774, at *3*; *Juliana*, 949 F.3d at 1126 (Mem.). Plaintiffs' second amended complaint emphasizes declaratory relief over injunctive relief, but both remedies are still sought. *Compare* First Am. Compl. at 94 (Prayer for Relief ¶¶ 2, 5), ECF No. 7, *with* Second Am. Compl. at 143 (Prayer for Relief ¶ 4), ECF No. 542. And the controlling legal issues raised in the amended complaint are the same as those raised in the second amended complaint. *See generally* Defs.' Mot. to Dismiss 8, ECF No. 547. *See also* Pls.' Mot. 3 ("[T]here are a limited number of new allegations in the Second Amended Complaint. . . ."). Consequently, this Court should not set a trial date—much less an expedited trial date. Instead, if this Court denies Defendants' pending motion to dismiss, this Court should certify the questions raised in that motion for interlocutory appeal because the questions are just as qualified for interlocutory appeal in 2023 as they were in 2018. *See Juliana*, 2018 WL 6303774, at *3.

Plaintiffs' argument that Defendants possess only the right to answer the second amended complaint and then proceed to a trial "to be set as early as possible on this Court's calendar," Pls.' Mot. 1, 3, disregards Rule 12(b) and this Court's and the Ninth Circuit's 2018 holdings that the controlling legal questions presented in Plaintiffs' operative complaint should be resolved by interlocutory appeal prior to trial. This Court's order granting leave to amend did not alter the novelty of Plaintiffs' legal theories or the susceptibility of Plaintiffs' claims to resolution as a matter of law, either at the trial court or on interlocutory appeal.

In sum, this Court should deny Plaintiffs' motion for the setting of an expedited trial and proceed with the dispositive motion practice pending before the Court, envisioned in the Federal Rules, and endorsed by both the Ninth Circuit and the U.S. Supreme Court in this very case.

## II.     It Is Premature to Set a Trial Date Before Discovery Is Completed.

In addition to the dispositive motion practice and applicability of 28 U.S.C. § 1292(b) to this lawsuit, it would be premature for this Court to set "an expedited trial date to commence as soon as the Court's calendar allows," Pls.' Mot. 9, before the parties have completed discovery. As Plaintiffs note in their motion, all depositions were not completed before this Court's 2018 stay. *Id.* at 1. Moreover, Plaintiffs assert in their motion that the parties "need only update their prior filings, as well as some expert reports and depositions to account for scientific and other evidentiary developments since October 2018." *Id.* at 1-2; *see also id.* at 3 (noting that "the evidence both sides intend to present at trial merely requires updating and refinement"). The breadth of these "updates" and the consequent discovery should be identified, explored, and completed before the Court considers any proposal to expedite trial.

## CONCLUSION

The Court should resolve dispositive motions before setting a trial date. As noted in the pending motion to dismiss, Defendants respectfully disagree with this Court's granting of Plaintiffs' motion for leave to file the second amended complaint. But in all events, Plaintiffs' substantive legal theories remain the proper subject of interlocutory appeal under the 2018 orders of this Court and the Ninth Circuit. And in any event, no trial date should be set until the parties have scoped and conducted any necessary discovery.

For these reasons, Plaintiffs' motion to set a trial date should be denied.

Dated: June 27, 2023

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*