JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>The **UNITED STATES OF AMERICA**; et al.,<br><br>Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL** |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

**INTRODUCTION**

After filing their Second Amended Complaint, Plaintiffs requested this Court set a pretrial conference or, alternatively, enter a scheduling order setting an expedited trial date no later than Spring 2024. Defendants voice two primary objections: (1) in their view, this case "commands dispositive motion practice" and further interlocutory appeals, not trial; and (2) the "scope" of "additional discovery, if any," has not been "determined." Neither objection counsels against promptly setting a trial date which will guide the timing of motion and discovery practice. As a result, Plaintiffs' Motion should be granted.

As to Defendants' objection grounded in incessant motions and appeals, it is obvious the Biden Administration intends to continue to bombard Plaintiffs and this Court with motions and requests to certify, supplemented by extensive writ and petitioning practice. In the nearly eight years since this case was filed, Defendants have submitted an unprecedented and ceaseless stream of motions, requests to certify, writs, and petitions intended to delay and obstruct Plaintiffs from receiving their day in court. Pls.' Mot. to Set Pretrial Conf. at 2, Doc. 543. Defendants' response brief opposing Plaintiffs' request for an expedited trial is but the latest example of these wearisome tactics. *See Juliana v. United States*, 949 F.3d 1125, 1127 n.1 (9th Cir. 2018) (Friedland, J., dissenting) (describing Defendants' "repeated efforts to bypass normal litigation procedures"). The purpose behind the Biden Administration's maneuvers to delay trial is clear: Defendants are able to continue their ongoing unconstitutional conduct and actively worsen the climate crisis, without judicial oversight. Accordingly, this is a case where "delay will cause unusual hardship" for Plaintiffs, and as such it is entitled to "calendar precedence." C. Wright et al., *Fed. Prac. & Proc. (Civil)* § 2351 (3d ed. 2014); *see also* Olson Decl. ¶ 5, Doc. 544 (describing the trauma suffered by Plaintiffs because of "the protracted nature of this litigation").

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

As to discovery, Defendants superficially address this topic in one paragraph. They offer no reason why discovery cannot be completed by Spring 2024. Defendants do not contest that the remaining discovery "merely requires updating and refinement," as stated by Plaintiffs. Defendants are well familiar with the scope of discovery that needs to be completed, yet they set forth no reason why discovery cannot commence promptly and conclude within a matter of months. In fact, discovery prior to trial in 2018 was primarily conducted in a compressed, three-month period of August-October 2018, again because of Defendants' tactics. As a result, this Court can rest assured the remaining discovery can be completed expeditiously and the parties ready to commence trial in Spring 2024, even if Defendants bring their plethora of motions and requests to certify.

In short, Defendants present no plausible reason why this Court should delay setting a trial date nor do Defendants justify why trial should continue to be denied in this case. Plaintiffs respectfully request this Court set an expedited trial date in Spring 2024 to guide the timing of motion and discovery practice, to prevent serious and irreparable harm to Plaintiffs, and to finally resolve this case before it drags on any further.

## ARGUMENT

I.    **Good Cause Exists to Schedule an Efficient, Expedient Trial Date While Defendants' Motions and Requests to Certify Are Addressed.**

The law on this motion is clear cut. As Defendants themselves recognize, this Court possesses discretion over scheduling, through its "inherent authority to manage [its] docket and courtroom[] with a view toward the efficient and expedient resolution of cases." Defs.' Resp. to Pls.' Mot. to Set Pretrial Conf. at 3 ("Defs.' Resp."), Doc. 548 (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)).

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

Page 3 of their Response is essentially where Defendants' citation to caselaw ends, as they point to no recognized legal exception which provides that a trial date should not be set upon proper request by a party specifically and solely because a motion to dismiss is also pending or because other motions may be filed in the future. On the contrary, setting a trial date while there is ongoing discovery and motion practice is how cases are managed under the Federal Rules and the Local Rules. This Court is well aware of this practice, regularly deciding its own schedule and setting trial dates, irrespective of a party's repeated insistence on receiving a ruling on a standard pretrial motion. *See, e.g.*, *Aichele v. Blue Elephant Holdings, LLC*, 292 F. Supp. 3d 1104, 1116 (D. Or. 2017) (recounting procedural history where this Court set a trial date while allowing parties to continue to file and receive rulings on dispositive motions); *Burnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1999) (recounting procedural history where the lower court set a trial date and continued ruling on dispositive motions). This Court can schedule a trial date and rule on Defendants' seriatim pretrial motions and requests to certify during the interim period, as is typical practice.

Defendants forward a series of impractical, not legal, arguments for why their Motion to Dismiss must receive this Court's consideration before the Court can even exercise discretion over its own schedule. First, Defendants state that a final judicial resolution of Plaintiffs' claims can occur instead through Rule 12(b), so no trial date is required. But there is no reason proffered for why setting a trial date and ruling on a Rule 12(b) motion are mutually exclusive tasks, which is necessary for Defendants' argument—taken to its logical conclusion—that this Court is only competent to do one but not the other. In 2018, the Parties regularly briefed and argued motions after the October 29 trial date had been set. Thus, a trial date can be set now while this Court rules on Defendants' pending and projected pretrial motions.

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

In the absence of a more concrete reason why this Court cannot do both, Defendants instead appeal to general notions of prematurity, efficiency, and use of judicial resources, but these considerations all weigh in favor of setting a prompt trial date. *See* Defs.' Resp. at 4. Defendants ignore that the resources required of this Court to perform its ordinary scheduling functions are relatively minimal, and that the true actions that risk exhausting judicial resources are Defendants' filing of repetitive dispositive motions the Court must rule on, yet again.[1] Defendants also ignore that declining to set a trial date now, while the Motion to Dismiss is pending, would likely produce a less efficient and just outcome overall, particularly since this case has already been pending for eight years. Scheduling a trial date now ensures that this Court does not become inundated with additional cases and face substantial difficulties fitting this already-delayed trial into its schedule. As this Court is well aware, Defendants always seek a delayed trial date. Yet the evidence here is clear: further delays in bringing this matter to trial will (not may) compound Plaintiffs' ongoing injuries. Complying with Defendants' request is therefore likely to increase, not decrease, the burdens placed on this Court's resources.

Moreover, Plaintiffs have properly requested a pretrial conference or scheduling order and explained that this request is well-supported by good cause under 28 U.S.C. § 1657(a), notwithstanding Defendants' objections surrounding efficiency due to motion practice. Pls.' Mot. to Set Pretrial Conf. at 4. Plaintiffs face ongoing and worsening injuries due to Defendants' continued contributions to the climate crisis, and scheduling a prompt trial on the merits after Plaintiffs have already waited almost eight years would best serve the interests of justice. *Id.* at 6.

---

[1] *Juliana*, 949 F.3d at 1127 n.1 (Friedland, J., dissenting) (explaining in response to the government's requests for interlocutory appeal and mandamus relief that "[i]f anything has wasted judicial resources in this case, it was those efforts.").

4

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

At no point in their Response do Defendants contest any of these facts or arguments raised in Plaintiffs' request for an expedited trial date. Since Defendants fail to address these justifications for good cause, and instead ask this Court to pursue a course that is less efficient and expedient than the alternative, Plaintiffs' original request for a scheduling conference or scheduling order should be granted.

Second, Defendants argue that Plaintiffs' Second Amended Complaint is "congruent" with the original complaint addressed by the Ninth Circuit, so "[t]he pending motion to dismiss is in many respects familiar to the Court" and "this congruence calls on this Court to rule on the motion to dismiss." Defs.' Resp. at 4. This argument wrongfully places the cart before the horse—it ignores the well-pleaded allegations in Plaintiffs' Second Amended Complaint, *see* Pls.' Opp'n to Defs.' Mot. to Dismiss Second Am. Compl. at 9-17, 23-24 ("Opp'n to MTD"), Doc. 549, and this Court's Amend Order, deciding these very points. Amend Order at 17-19, Doc. 540. Importantly, this Court has already determined Plaintiffs' Second Amended Complaint "cures the standing deficiencies identified by the Ninth Circuit," and thus Defendants' "congruence" argument should be rejected. Amend Order at 19.

Third, Defendants posit that the legal sufficiency of Plaintiffs' claims should be resolved on interlocutory appeal before trial. Although Defendants assert that the possibility of interlocutory appeal negates the need for a trial date, there is no recognized legal or practical reason why trial cannot be scheduled while Defendants' motion is ruled on in the interim. In essence, Defendants demand an exception to this Court's default practice and attempt to confine this Court's discretion based on their abuse of an interlocutory appeal procedure designed for "exceptional" circumstances. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The severe and ongoing injuries faced by Plaintiffs over the years this case has been pending instead warrant

5

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

setting a prompt trial date, irrespective of Defendants' repeated attempts to stall proceedings through interlocutory appeal.

In addition, Defendants' position wholly ignores the numerous arguments Plaintiffs have advanced for why interlocutory appeal would be inappropriate for the Second Amended Complaint. *See* Opp'n to MTD at 22-27. Plaintiffs have both adequately amended their complaint to satisfy redressability and heavily disputed Defendants' arguments for interlocutory appeal. See *id.* at 9-13, 22-27. In sum, interlocutory appeal is inappropriate in this case. Even if it were warranted, it should not prevent this Court from setting a trial date while Defendants' motion is being resolved.

Once again, Defendants appear to believe that special rules may apply to them because the federal government is above the law. This is not so. This Court should grant Plaintiffs' request to set a scheduling conference or enter a scheduling order, notwithstanding Defendants' pending dispositive motions.

## II.    A Trial Date Can Be Set Before Discovery is Completed.

Defendants contend that it would be "premature" for the Court to set an expedited trial date, as discovery in the case has not been entirely completed. Defs.' Resp. at 6. Yet Defendants do not deny that discovery has been "substantially concluded" since October 2018, with only some minor revisions and updates required. Pls.' Mot. to Set Pretrial Conf. at 1-2; *see also* Olson Decl. ¶ 4 (stating that parties have completed expert reports, expert and fact witness depositions, and filed pretrial briefs). Defendants do not even claim these updates are likely to be substantial, nor do Defendants present any compelling reasons for why this Court should abstain from setting a trial date before discovery is wholly completed. *See* Defs.' Resp. at 6. Instead of offering a discovery plan, Defendants vaguely argue that the breadth of discovery should be "identified,

6

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**

explored, and completed before the Court considers any proposal to expedite trial." *Id.* Perhaps

Defendants' failure to offer a discovery plan (or a declaration countering the assertions in the Olson

Declaration) means that Defendants recognize the obvious: discovery can be completed

expeditiously and the parties ready to commence trial in Spring 2024. In the absence of any

statutory or precedential evidence to the contrary—which Defendants made no effort to produce—

this Court should not be persuaded by baseless and repetitive attempts to further delay trial

proceedings.

**III.     An Expedited Trial Would Not Prejudice Defendants.**

Defendants cite to the Federal Rules of Civil Procedure, noting its purpose is "to secure the

just, *speedy*, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

(emphasis added). As established in Plaintiffs' Motion to Set Pretrial Conference, an expedited

trial would promptly address Plaintiffs' injuries and not prejudice Defendants. Defendants have

had eight years to craft their defense and now argue that the complaints are "congruent," which

warrants the assumption that they believe little, if any, adjustment to their legal strategy would be

needed. Defs.' Resp. at 4; *see also id.* at 5 ("[T]he controlling legal issues raised in the [first]

amended complaint are the same as those raised in the second amended complaint."). Further,

Defendants do not even claim that they would be harmed by an expedited trial date. They base

their extraordinary request to deny Plaintiffs a swift resolution to their constitutional claims on

little more than the hypothetical scope of additional discovery and an erroneous reading of the

Ninth Circuit's decision. *Id.* at 6; *see Juliana*, 949 F.3d at 1126 (finding that this Court has

discretion in deciding whether to grant an interlocutory appeal and is not required to do so). In the

absence of any compelling reason to further delay a case with an original trial date set nearly five

years ago, this Court should grant Plaintiffs' Motion and set an expedited trial for Spring 2024.

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET
PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL
ORDER SETTING EXPEDITED TRIAL**

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court promptly set a scheduling conference and/or enter a scheduling order that sets an expedited trial date so that trial commences in Spring 2024.


DATED this 7th day of July, 2023.

         */s/ Philip L. Gregory*    
         PHILIP L. GREGORY (*pro hac vice*)
         pgregory@gregorylawgroup.com
         Gregory Law Group
         1250 Godetia Drive
         Redwood City, CA 94062
         Tel: (650) 278-2957

         JULIA A. OLSON (OR Bar 062230)
         julia@ourchildrenstrust.org
         Our Children's Trust
         1216 Lincoln Street
         Eugene, OR 97401
         Tel: (415) 786-4825

         ANDREA K. RODGERS (OR Bar 041029)
         andrea@ourchildrenstrust.org
         Our Children's Trust
         3026 NW Esplanade
         Seattle, WA 98117
         Tel: (206) 696-2851

         *Attorneys for Plaintiffs*

8

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE ENTER PRETRIAL ORDER SETTING EXPEDITED TRIAL**