TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION TO CERTIFY ORDER
FOR INTERLOCUTORY APPEAL**

## INTRODUCTION

Interlocutory appeal of a district court order is appropriate when the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *Juliana v. United States*, 949 F.3d 1125, 1126 (9th Cir. 2018). This Court's order granting Plaintiffs' motion for leave to file a second amended complaint ("Amendment Order") readily meets that standard. This second amended complaint raises the same questions raised in Plaintiffs' first amended complaint—questions that both this Court and the Ninth Circuit granted leave to appeal and that were ultimately decided in the government's favor. *See* Order, ECF 444; *Juliana*, 949 F.3d at 1126; *see also* Order, *United States v. U.S. Dist. Ct. for Dist. of Or.*, No. 18A65 (S. Ct. July 30, 2018) (noting that the "breadth" of Plaintiffs' claims was "striking" and "the justiciability of those claims presents substantial grounds for difference of opinion"). The Amendment Order additionally raises a certifiable question as to the Ninth Circuit's mandate in the prior appeal. This Court should grant leave to file an interlocutory appeal from the Amendment Order to permit orderly and prompt resolution of these important threshold issues.[1]

## BACKGROUND

### A.    The First Amended Complaint and Prior District Court Proceedings

Plaintiffs brought this action in August 2015 against the United States and various officials and agencies, alleging that Defendants violated their rights under the Constitution and a purported federal public trust doctrine. Compl. for Decl. & Inj. Relief, ECF No. 1; *see also* First Am. Compl. for Decl. & Inj. Relief ("FAC"), ECF No. 7. Plaintiffs sought several forms of

---

[1] In compliance with Local Rule 7-1, on July 6, 2023, the parties conferred telephonically and Plaintiffs indicated that they oppose this motion to certify the Court's order for interlocutory appeal.

DEFS.' MOT. TO CERTIFY ORDER
FOR INTERLOCUTORY APPEAL                  1

declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See id.* ¶ 14. Specifically, Plaintiffs sought a judgment declaring:

- "that Defendants have violated and are violating Plaintiffs' fundamental constitutional rights to life, liberty, and property by substantially causing or contributing to a dangerous concentration of $CO_2$ in the atmosphere, and . . . dangerously interfer[ing] with a stable climate system . . .";

- "Defendants' public trust violations . . ."; and

- "the Energy Policy Act, Section 201, to be unconstitutional on its face."

*Id.* at 94 (Prayer for Relief ¶¶ 1, 5, 3). Plaintiffs also sought an order enjoining Defendants from further violations of the alleged constitutional and public trust rights underlying each of their claims, as well as an order directing Defendants to "prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$." FAC at 94 (Prayer for Relief ¶¶ 2, 6, 7). In addition to this declaratory and injunctive relief, the Complaint asked the Court to "[g]rant such other and further relief as the Court deems just and proper." *Id.* at 95 (Prayer for Relief ¶ 9).

The government moved to dismiss the FAC for lack of standing, failure to state a cognizable constitutional claim, and failure to state a claim on a public trust theory. Fed. Defs.' Mot. to Dismiss, ECF No. 27. The Court denied that motion in November 2016, and largely denied the United States' motion for judgment on the pleadings (ECF No. 195) and motion for summary judgment (ECF No. 207) in October 2018. *See* Nov. 10, 2016 Op. & Order ("MTD Order"), ECF No. 83; Oct. 15, 2018 Op. & Order ("MJP & MSJ Order"), ECF No. 369. The government requested certification for interlocutory review of these dispositive motions, which the Court also initially denied. ECF No. 172; MJP & MSJ Order at 59-61.

The United States then petitioned the Supreme Court for a writ of mandamus and stay of proceedings. ECF No. 390-1; ECF No. 391-1. The Supreme Court denied the petition on

November 2, 2018, on the ground that "adequate relief may be available in the United States Court of Appeals for the Ninth Circuit." Nov. 2, 2018 Order 2, ECF No. 416. The Court noted that "the 'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion,'" while citing the standard for interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* at 2 (citation omitted).

The United States then moved this Court to reconsider its denial of the requests to certify its orders for interlocutory appeal. Defs.' Mot. to Reconsider, ECF No. 418. In response, the Court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stayed proceedings pending a decision by the Ninth Circuit. Nov. 21, 2018 Order, ECF Nos. 444, 445. The government then sought permission to appeal, which the Ninth Circuit granted. *Juliana v.*, 949 F.3d at 1126.

### B.     The Ninth Circuit Decision

On January 17, 2020, the Ninth Circuit issued a decision reversing this Court's certified orders and remanding the case to this Court with instructions to dismiss for lack of Article III standing. *Juliana*, 947 F.3d at 1175. The Ninth Circuit held that Plaintiffs had adequately pleaded injury-in-fact and traceability, but not redressability. Because a "plaintiff must demonstrate standing separately for each form of relief sought," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000), the Ninth Circuit analyzed the redressability of Plaintiffs' requests for both declaratory and injunctive relief. As to each, the Ninth Circuit applied the test for redressability, assessing whether the relief sought was "both (1) substantially likely to redress their injuries; and (2) within the district court's power to award." *Juliana*, 947 F.3d at 1170.

Beginning with Plaintiffs' request for a declaration that the government is violating the Constitution, the Ninth Circuit concluded that Plaintiffs failed the first prong of the redressability

test because a declaratory judgment, without more, was not "substantially likely to mitigate [Plaintiffs'] asserted concrete injuries." *Id.* ("[P]sychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)).

With regard to Plaintiffs' requests for injunctive relief, including the preparation of a plan, the Ninth Circuit concluded that Plaintiffs failed at least the second prong of the redressability test, if not both prongs. It first observed that the crux of that relief would require the government not only to cease permitting, authorizing, or subsidizing fossil fuel use, but also to prepare a plan, subject to judicial approval, to draw down harmful emissions. *Id.* at 1170. The Ninth Circuit remained "skeptical" that Plaintiffs had satisfied the first prong of the redressability test because they had not shown that the injunctive relief they seek is "substantially likely to redress their injuries." *Id.* at 1171. The Ninth Circuit explained that an order enjoining the challenged government activities would not suffice to stop catastrophic climate change or ameliorate Plaintiffs' injuries. *Id.* at 1170. And even to the extent Plaintiffs insisted their "injuries would be to some extent ameliorated" by the injunction they requested, the Ninth Circuit explained that Plaintiffs could not rely on the Supreme Court's relaxed redressability standard in *Massachusetts v. EPA*, 549 U.S. 497, 525-26 (2007), because they do not assert a procedural right. *Id.* at 1171; *see also Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1144-45 (9th Cir. 2013).

Turning to the second prong of the redressability test, the Ninth Circuit found that Plaintiffs could not show that "the specific relief they seek is within the power of an Article III court." *Juliana*, 947 F.3d at 1171. The Court explained that "any effective plan would necessarily require a host of complex policy decisions entrusted . . . to the wisdom and discretion

of the executive and legislative branches," *id.*, decisions "which must be made by the People's 'elected representatives.'" *Id.* at 1172 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 128-29 (1992)); *see also id.* at 1170 (noting that the injunction Plaintiffs sought would "enjoin the Executive from exercising discretionary authority expressly granted by Congress" and would "enjoin Congress from exercising power expressly granted by the Constitution over public lands").

The Ninth Circuit reversed this Court's orders on the dispositive motions and remanded the case to this Court "with instructions to dismiss for lack of Article III standing." *Id.* at 1175. Following denial of Plaintiffs' request for en banc rehearing of the panel's decision, *Juliana v. United States*, 986 F.3d 1295 (Mem.) (9th Cir. 2021), the Ninth Circuit issued the mandate on March 5, 2021, effectuating its January 17, 2020 decision. ECF No. 461.

C. **The Motion for Leave to File a Second Amended Complaint**

On March 9, 2021, Plaintiffs moved this Court for leave to file a second amended complaint. Pls.' Mot. for Leave to Amend, ECF No. 462. Plaintiffs sought an order granting leave to amend "well in advance of their deadline to petition the U.S. Supreme Court for a writ of certiorari, due on July 12, 2021." *Id.* at 1. Plaintiffs explained that they "contest the Ninth Circuit's standing analysis on redressability and its ruling on Article III equitable authority and reserve their rights to petition the Supreme Court for a writ of certiorari to review and reverse that decision." *Id.* at 12 n.7.

Rather than seek Supreme Court review, however, Plaintiffs let their deadline to petition for certiorari pass. They instead pressed their arguments in this Court, relying heavily on the Supreme Court's March 8, 2021 decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021). The Supreme Court in that case allowed plaintiffs asserting a First Amendment claim under 42 U.S.C. § 1983 to establish the redressability element of standing on a claim for past injury by

seeking nominal damages, although the claims based on future injury were moot because the defendant had ceased to enforce the policies that the plaintiffs challenged. Pls.' Reply in Supp. of Mot. for Leave to Amend ("Pls.' Rule 15 Reply") 8-11, ECF No. 469. The Supreme Court held in that context that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Uzuegbunam*, 141 S. Ct. at 802.

Defendants opposed the motion for leave to amend on the grounds that the Ninth Circuit mandate required this Court to dismiss the case, and that the proposed amendment would be futile because it cannot cure the jurisdictional defects that require dismissal. Defs.' Resp. in Opp'n to Mot. for Leave to Amend, ECF No. 468. Responding to Plaintiffs' reliance on *Uzuegbunam*, Defendants explained, among other things, that the case turned on the award of nominal damages, which Plaintiffs do not seek here.

This Court nonetheless granted Plaintiffs' motion for leave on June 1, 2023. Amendment Order, ECF No. 540. The Court overlooked the Ninth Circuit's conclusion that Plaintiffs' requested declaratory relief failed under the first prong of the redressability test. *Compare* Rule 15 Order at 12-13 (concluding that the Ninth Circuit "did not decide whether plaintiffs' requested declaratory relief failed or satisfied the redressability requirement for standing") *with Juliana*, 947 F.3d at 1170 (holding that Plaintiffs failed the first prong of the redressability test because a declaratory judgment, without more, was not "substantially likely to mitigate [Plaintiffs'] asserted concrete injuries"). The Court next revisited whether declaratory relief could satisfy redressability, and concluded that it could, despite the Ninth Circuit's holding to the contrary in this case. *Compare* Amendment Order at 13, 16-17 (concluding that "a declaration that federal defendants' energy policies violate plaintiffs' constitutional rights would itself be

significant relief") *with Juliana*, 947 F.3d at 1170 (reaching the opposite conclusion, viz., that a declaratory judgment would not satisfy the redressability requirement). Finally, the Court relied on *Uzuegbunam* for the proposition that standing may be satisfied even when "relief is nominal or trivial," Amendment Order at 16, again, contrary to the Ninth Circuit's decision and reasoning. *See Juliana*, 947 F.3d at 1170-71.

### D. The Second Amended Complaint

On June 8, Plaintiffs served their second amended complaint, which seeks declaratory relief nearly identical to the declaratory relief sought in the first amended complaint. *Compare* FAC at 94 (Prayer for Relief ¶¶ 1,3,5) (seeking declaration that Defendants have violated Plaintiffs' constitutional rights (¶ 1) and public trust doctrine (¶ 5), and that the Energy Policy Act is unconstitutional on its face (¶ 3)) *with* SAC at 143 (Prayer for Relief ¶¶ 1, 2, 3) (same). The second amended complaint also makes only minor changes to the scope of injunctive relief sought—rather than seeking an injunction directing the government to "implement [a] . . . remedial plan to phase out fossil fuel emissions and draw down excess atmospheric $CO_2$," FAC at 94 (Prayer for Relief ¶ 7), it seeks an injunction "restraining Defendants from carrying out policies, practices, and affirmative actions" that allegedly harm Plaintiffs. SAC at 143 (Prayer for Relief ¶ 4).

On June 22, 2023, the government filed a motion to dismiss the second amended complaint, as well a request for certification pursuant to 28 U.S.C. § 1292(b) of any order denying the motion. Defs.' Mot. to Dismiss Sec. Am. Compl. & Mot. to Certify, ECF No. 547.

## STANDARD OF REVIEW

A request for permissive interlocutory appeal is governed by 28 U.S.C. § 1292(b), which permits a district court to certify an interlocutory order for immediate appeal if the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference

of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Juliana*, 949 F.3d at 1126; *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 687-88 (9th Cir. 2011).

## ARGUMENT

The Court should certify the Amendment Order for interlocutory review. The Amendment Order raises two controlling questions of law: (1) whether the Ninth Circuit's mandate permitted the filing of the second amended complaint functionally identical to the one the Ninth Circuit ordered the district court to dismiss; and (2) whether the amendments are futile because they fail to cure the Article III defects addressed in the Ninth Circuit's holding. There are substantial grounds for a difference of opinion on these questions for the same reasons that the standing allegations in Plaintiffs' first amended complaint warranted the interlocutory appeal that this Court certified and the Ninth Circuit accepted. And an immediate appeal from the order will materially advance the litigation because a favorable ruling would require termination of this litigation.

**I.    The Amendment Order raises two controlling questions of law.**

"There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment." 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 (3d ed. 2005). The two main issues addressed in the Amendment Order—the rule of mandate and futility—both present controlling questions of law.

*First*, the Amendment Order addressed the government's controlling argument that the rule of mandate required dismissal of this action and denial of Plaintiffs' motion for leave to file an amended complaint. "Under the 'rule of mandate,' a lower court is unquestionably obligated to 'execute the terms of a mandate.'" *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F. 3d 564,

574 (9th Cir. 2019) (citation omitted). In the previous certified appeal, the Ninth Circuit held that Plaintiffs lack standing to bring this suit because the relief they seek is "beyond [the Court's] constitutional power." *Juliana*, 947 F.3d at 1164. The Ninth Circuit thus reversed this Court's certified orders and remanded the case "with instructions to dismiss for lack of Article III standing." *Id.* at 1175. In opposing Plaintiffs' motion for leave to amend, the United States argued that the Ninth Circuit's mandate required this Court to dismiss this action. Defs.' Resp. in Opp'n to Mot. for Leave to Amend at 7-11, ECF No. 468. In the Amendment Order, this Court rejected the United States' argument and concluded that the Ninth Circuit's mandate permitted this Court to grant leave to file a second amended complaint. Amendment Order at 10-11. If this Court is incorrect that the Ninth Circuit's mandate permits the second amended complaint and the Ninth Circuit reverses the Amendment Order, this litigation will conclude, and the rule-of-mandate issue is thus a controlling question of law.

*Second*, the Amendment Order addressed the government's controlling argument that filing the second amended complaint would be futile because Plaintiffs lack Article III standing. "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (cleaned up). The Ninth Circuit previously held that Plaintiffs' pursuit of declaratory and injunctive relief against the United States did not present an Article III case or controversy because those remedies would not redress their asserted injuries. *Juliana*, 947 F.3d at 1169-72. Plaintiffs argue that the requests for declaratory relief presented in the second amended complaint permit them to evade the Ninth Circuit's holding that they lack Article III standing. Thus, in opposing Plaintiffs' motion for leave to amend, the United States argued that the proposed amendment was futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself,

justify the denial of a motion for leave to amend."). The futility of Plaintiffs' amendment is a controlling question of law because if Plaintiffs lack standing, their suit is beyond the "judicial Power" and must not proceed, as the Ninth Circuit previously held. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). If the Ninth Circuit reverses the Amendment Order on this ground, this litigation will conclude.

Thus, both issues—the rule of mandate and the futility of Plaintiffs' amendments—support interlocutory appeal because reversal on either issue would result in another conclusive order from the Ninth Circuit directing this Court to dismiss this action.

## II.     There is substantial ground for difference opinion on these questions.

The second requirement for certification under 28 U.S.C. § 1292(b) is that the controlling questions of law decided by the district court must present "substantial grounds for difference of opinion" with the district court's rulings. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese,* 643 F.3d at 688. And "a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* There is substantial ground for disagreement on both issues.

*First*, reasonable jurists could disagree with this Court's conclusion that the Ninth Circuit's mandate instructing this Court to dismiss this action for lack of Article III standing did not actually require dismissal of this action for lack of Article III standing and instead left room for the filing of another functionally identical complaint. Under the rule of mandate, a district court cannot vary or examine the mandate of an appellate court "for any other purpose than execution," *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895), nor "refuse to dismiss a case when the mandate required it," *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). The rule "serves an interest in preserving the hierarchical structure of the court system," *United*

*States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007), "and thus constitutes a basic feature of the rule of law in an appellate scheme," *S.F. Herring Ass'n*, 946 F.3d at 574. Here, the Ninth Circuit's decision in the previous certified appeal is as clear as day: "[W]e reverse the certified orders of the district court and remand this case to the district court with instructions to dismiss for lack of Article III standing." *Juliana*, 946 F.3d at 1175. The Ninth Circuit's instructions to this Court are unambiguous and leave no room for perpetuating this suit based on the second amended complaint.

In the Amendment Order, this Court concluded that the Ninth Circuit's mandate does not expressly foreclose a grant of leave to file a second amended pleading, but that line of reasoning focuses on the wrong question. The Court looked to a Ninth Circuit decision explaining that an appellate court's instruction to dismiss does not always foreclose amendment and reasoned that a mandate of dismissal therefore does not bar amendment. Amendment Order at 10-11 (citing *S.F. Herring Ass'n*, 943 F.3d at 574). But that broad and generally uncontroversial principle—that a defect warranting an instruction to dismiss sometimes can be cured through amendment—does not resolve the question in this case: whether *this* mandate foreclosed *this* amendment. And here, the Ninth Circuit's mandate clearly forecloses amendment because the Court concluded that Plaintiffs' claims—including Plaintiffs' claims for declaratory relief—were fundamentally not justiciable.

Indeed, the Ninth Circuit gave careful consideration to Plaintiffs' arguments for declaratory and injunctive relief and conclusively determined that these remedies were beyond an Article III court's power. *Juliana*, 947 F.3d at 1169-73. It concluded that declaratory relief standing alone would not meaningfully redress Plaintiffs' asserted harms without further court action. *Id.* at 1170. And the Court explained that "it is beyond the power of an Article III court to

order, design, supervise, or implement" the programmatic remedies Plaintiffs seek in this lawsuit, regardless how they are labeled or what new allegations Plaintiffs might add to their complaint in pursuit of that same fundamental relief. *Id.* at 1171. Put another way, regardless of any alleged injury that was fairly traceable to the Defendants' conduct, the Ninth Circuit held that the injury alleged was not redressable by a federal court. *Id.*

That conclusion is not altered by Plaintiffs' efforts to repackage and reorder the requests for relief in their complaint. Plaintiffs' latest effort to craft their request for declaratory relief in a way that might permit them to circumvent the limitations of injunctive relief simply ignores that declaratory judgments cannot afford the kind of redress they seek. *See California v. Texas*, 141 S. Ct. 2104, 2115-16 (2021). Thus, at the very least, reasonable jurists can disagree with this Court about the impact of the Ninth Circuit's mandate in the previous certified appeal.

*Second*, reasonable jurists can disagree with the Court's conclusion that the second amended complaint is justiciable where the first amended complaint was not. The fundamental justiciability questions underlying the Court's rejection of the United States' argument that the second amended complaint is futile are the same fundamental justiciability questions that supported the previous certified appeal. The first amended complaint warranted interlocutory appeal because there is substantial ground for disagreement on these questions, and the Supreme Court expressly said as much. Order (Nov. 21, 2018), ECF 444; *Juliana*, 949 F.3d at 1126; *see also* Order, *United States v. U.S. Dist. Ct. for Dist. of Or.*, No. 18A65 (S. Ct. July 30, 2018), ECF No. 330-1 (noting that the "breadth" of Plaintiffs' claims was "striking" and "the justiciability of those claims presents substantial grounds for difference of opinion"). And the Ninth Circuit's conclusion that Plaintiffs failed to establish Article III standing to sue in the first amended complaint, reversing this Court's contrary conclusion, only further supports that these substantial

grounds for disagreement exist—particularly given that Plaintiffs' second amended complaint is nearly identical to the first amended complaint. Further, given that the Amendment Order seeks to distinguish the Ninth Circuit's clear and conclusive holding in the prior certified appeal, the grounds for interlocutory review are even stronger now: the Ninth Circuit reasonably can conclude that its prior holding was conclusive and that Plaintiffs' efforts to maneuver around a published decision from a higher court are futile. In short, because interlocutory appeal was warranted the first time, it is emphatically warranted the second time.

To the extent this Court's conclusion that Plaintiffs' newly revived request for declaratory relief escapes the Ninth Circuit's holding rests on the Supreme Court's decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), there are substantial grounds for disagreement about the application of that opinion, too. *Uzuegbunam* does not support a different result in this case. *Uzuegbunam* is a Section 1983 First Amendment case involving nominal damages for past injury, not a declaratory judgment. *Id.* at 802. Nothing in *Uzuegbunam* suggests that the Supreme Court intended to abrogate the Ninth Circuit's decision in *Juliana* or to otherwise overrule its long-standing precedent addressing standing to seek a declaratory judgment, which, like an injunction, is prospective relief. Reasonable jurists can disagree with this Court's conclusion that *Uzuegbunam* abrogated the prior Ninth Circuit decision or that *Uzuegbunam* provides a basis for continuing a lawsuit that the Ninth Circuit previously instructed this Court to dismiss for lack of a justiciable controversy.

### III. Immediate appeal from the order will materially advance conclusion of the litigation.

An "immediate appeal from" the district court's orders would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Reese*, 643 F.3d at 688 (holding that "neither § 1292(b)'s literal text nor controlling precedent requires that the

interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation"). A successful appeal on the United States' arguments that either the rule of mandate or futility require rejection of the second amended complaint would bring this case to a complete close, as the Ninth Circuit's previous decision directed. Indeed, reversal of the Amendment Order would require dismissal of this action and issuance of a final judgment.

An interlocutory appeal would also permit a resolution of the United States' threshold challenge to the second amended complaint before the parties undertake the time and expense of further discovery, additional merits briefing, trial preparations, and trial. Given Plaintiffs' sweeping claims and the nature of the trial that they demand, these burdens would be substantial. And finally, this process would demand the expenditure of substantial party and judicial resources—an expenditure that would be inappropriate given that the dispositive issues in this case go to Article III jurisdiction and are not only purely legal, but also have already been conclusively resolved.

In the prior round of litigation, the Supreme Court made clear that this Court should take the United States' arguments about justiciability "into account in assessing the burdens of discovery and trial." *United States v. U.S. Dist. Ct. for Dist. of Or.*, 139 S. Ct. 1 (2018); *see also, e.g.*, *In re United States*, 138 S. Ct. 443, 444-45 (2017) (per curiam) (directing district court to address threshold arguments and consider certifying appeal before addressing dispute over record). The Court correctly certified this case for interlocutory appeal at that time. Given the Ninth Circuit's intervening mandate, the case for certification is even stronger now.

## CONCLUSION

For the foregoing reasons, the Court should grant the government's motion for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: July 7, 2023

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*