TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | |
| v. | **MOTION TO STAY LITIGATION** |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**MOTION**

Defendants hereby move to stay litigation pending resolution of their (1) Motion to Dismiss the Second Amended Complaint, (2) Motion to Certify under 28 U.S.C. § 1292(b) for interlocutory appeal any order from this Court denying the motion to dismiss (ECF No. 547), and (3) Motion to Certify under 28 U.S.C. § 1292(b) for interlocutory appeal (ECF No. 551) this Court's order granting Plaintiffs' motion for leave to file their amended complaint (ECF No. 540).[1]

This motion is supported by this notice of motion, the accompanying memorandum of law, and such evidence and argument that may be offered before the motion is submitted to the Court.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

**INTRODUCTION**

Given (1) the Ninth Circuit's 2020 mandate for dismissal of this action, (2) Defendants' pending motion to dismiss and motions to certify for interlocutory appeal, (3) this Court's and the Ninth Circuit's 2018 holdings that the dispositive issues raised in this case qualify for interlocutory appeal, and (4) the U.S. Supreme Court's repeated prior observations that the same issues raised in Defendants' now-pending motion to dismiss qualify for interlocutory appeal, proceedings in this suit should be stayed until this Court resolves Defendants' motion to dismiss and, if necessary, Defendants' motion to certify a denial of that motion for interlocutory appeal and Defendants' motion to certify this Court's order granting Plaintiffs leave to amend their complaint.

---

[1] In compliance with Local Rule 7-1, on July 6, 2023, the parties conferred telephonically and Plaintiffs indicated that they oppose this motion to stay litigation.

The stay sought in this motion would further judicial economy by allowing resolution of threshold dispositive issues raised in response to Plaintiffs' second amended complaint without the cost and burden of additional discovery or other pre-trial preparations, and by potentially obviating near-term appellate proceedings. This stay is also appropriate to honor the full breadth of this Court's and the Ninth Circuit's rulings that all dispositive issues were certified in 2018 for interlocutory appeal, including those that the Ninth Circuit's 2020 ruling did not need to reach after mandating dismissal on standing grounds.

## RELEVANT BACKGROUND

This Court is familiar with the background and procedural history, which are set out more fully in Defendants' Motion to Dismiss Second Amended Complaint and Motion to Certify, ECF No. 547. The Ninth Circuit mandated dismissal of this suit in 2020, and the United States, consistent with that mandate, has again moved to dismiss this case in its entirety for lack of jurisdiction. *Id.* Defendants have also moved to dismiss this suit on other grounds that the Ninth Circuit's 2020 order did not reach, but which the Supreme Court observed—and both the Ninth Circuit and this Court held—qualified for interlocutory appeal. *See* July 30, 2018 Supreme Court Order, ECF No. 330-1 (observing that "[t]he breadth of [plaintiffs'] claims is striking," and citing the interlocutory appeal standard that "the justiciability of those claims presents substantial grounds for difference of opinion"); Nov. 2, 2018 Supreme Court Order 2, ECF No. 405-1 (reiterating the Court's July 30, 2018 order noting that the "'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion'"); Nov. 8, 2018 Ninth Circuit Order, ECF No. 432-1 (staying trial pending consideration of petition for writ of mandamus and ordering district court to promptly resolve Defendants' motion to reconsider denial of request to certify orders for interlocutory appeal); Nov. 21, 2018 Order Certifying Case for Interlocutory

Appeal ("Nov. 21, 2018 Order") 6, ECF No. 444 (certifying "this case" for interlocutory appeal and staying "this case . . . pending a decision by the Ninth Circuit Court of Appeals"); *Juliana v. United States*, 949 F.3d 1125, 1126 (Mem.) (9th Cir. 2018) (granting permission to appeal this case pursuant to 28 U.S.C. § 1292(b)).

Accordingly, Defendants have moved this Court to certify under 28 U.S.C. § 1292(b) any order this Court may issue denying the motion to dismiss. Defs.' Mot. to Dismiss 32-34, ECF No. 547. In addition, Defendants have today filed a separate motion under 28 U.S.C. § 1292(b) (ECF No. 551) requesting that the Court certify for interlocutory appeal the order granting Plaintiffs leave to file their second amended complaint, ECF No. 540.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Even if this case had no prior history, principles of judicial economy, as well as common law and administrative law doctrines, would call for the Court to exercise its inherent powers to stay the action pending resolution of threshold dispositive motions. The propriety of a stay is particularly apparent, however, in light of the case's history, including the Ninth Circuit's 2020 mandate for dismissal of this action, this Court's and the Ninth Circuit's 2018 holdings that the jurisdictional and substantive issues raised in Defendants' pending motion to dismiss qualify for interlocutory appeal, and the Supreme Court's repeated observations that the issues raised in Defendants' pending motion to dismiss qualify for interlocutory appeal. A stay of proceedings while the Court considers Defendants' Motions would honor these earlier rulings, and further judicial economy and the convenience of

the parties by allowing the parties to avoid wasting resources on further discovery, additional merits briefing, trial preparations, and, potentially, near-term appellate proceedings.

**I.    The Ninth Circuit's Holding on Redressability and Its Resulting Mandate Still Control and Warrant a Stay While Defendants' Motion to Dismiss Is Adjudicated.**

The Ninth Circuit mandated dismissal of this lawsuit in 2020 after concluding that Plaintiffs' claims are not redressable. *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020), *denying reh'g en banc*, 986 F.3d 1295 (Mem.) (9th Cir. 2021). That mandate remains, as explained in Defendants' motion to dismiss. At minimum, the grounds for dismissal are strong enough to warrant a stay while the Court considers them.

A stay is particularly warranted because the Ninth Circuit's 2020 ruling was a product of a complex and prolonged vetting of the susceptibility of this case for interlocutory appeal. *See In re United States*, 884 F.3d 830, 837 (9th Cir. 2018); *In re United States*, 139 S. Ct. 452, 453 (Mem.) (2018); Nov. 21, 2018 Order 5-6, ECF No. 444; *Juliana*, 949 F.3d at 1126 (Mem.). The culmination of that extensive work was a mandate of dismissal. *Juliana*, 947 F.3d at 1175. And, significantly, this Court entered a stay while the Ninth Circuit considered that interlocutory appeal. Nov. 21, 2018 Order 6, ECF No. 444. A stay similarly should be entered now to allow for the focused and expedited consideration of the applicability of the Ninth Circuit's mandate without the added burden and cost of additional discovery or other pre-trial activities.

**II.    The Prior Certifications for Interlocutory Appeal of the Legal Issues Reasserted in Defendants' Pending Motion to Dismiss Warrant a Stay.**

Even putting the mandate aside, the motion to dismiss identifies a broad range of deficiencies in Plaintiffs' second amended complaint, each of which has previously been found to satisfy the standard for interlocutory appellate review. Because the lack of redressability alone was sufficient for the Ninth Circuit to mandate dismissal of the first amended complaint in 2020, the Ninth Circuit did not address other issues certified for interlocutory appeal, including

whether: (1) this suit is a proper case or controversy within a court's traditional equitable powers to entertain, and not foreclosed by the separation-of-powers doctrine; (2) there is a substantive due process right to a stable climate system; (3) there is a cognizable public trust claim against the federal government; and (4) Plaintiffs have a viable equal protection claim even though they are not members of a suspect class.

Those broader issues remain controlling questions of law as to which this Court, the Ninth Circuit, and the Supreme Court have determined there is substantial ground for difference of opinion. *See* Nov. 21, 2018 Order 5-6, ECF No. 444; *Juliana*, 949 F.3d at 1126 (Mem.); *In re United States*, 884 F.3d at 837; *In re United States*, 139 S. Ct. 453 (Mem.). And it was because of those determinations that this Court and the Ninth Circuit held that both the jurisdictional and substantive legal issues presented in Defendants' earlier dispositive motions met the requirements for interlocutory appeal. Nov. 21, 2018 Order 6, ECF No. 444; *Juliana*, 949 F.3d at 1126 (Mem.). Those claims have not changed in Plaintiffs' second amended complaint and, thus, the deficiencies in those claims continue to satisfy the standard for interlocutory appeal under 28 U.S.C. § 1292(b). *Compare* Defs.' Mot. to Dismiss 11-19, ECF No. 547 (lack of Article III standing), *with* Defs.' Mot. to Dismiss 7-19, ECF No. 27-1 (same), *and* Defs.' Mot. for Summ. J. 6-24, ECF No. 207 (same); *compare* Defs.' Mot. to Dismiss 19-32, ECF No. 547 (failure to state a claim upon which relief may be granted), *with* Defs.' Mot. to Dismiss 19-29, ECF No. 27-1 (same), *and* Defs.' Mot. for Summ. J. 24-30 (same).

Again, the stay sought here furthers judicial economy by prioritizing the expedited and efficient resolution of controlling legal issues that this Court and the Ninth Circuit have independently deemed qualified for interlocutory appeal under 28 U.S.C. § 1292(b). And again, a stay here is appropriate now as just when this Court last stayed proceedings, Nov. 21, 2018

Order, ECF No. 444, indeed, more so given the Ninth Circuit's mandate. A stay would also limit the possibility that appellate proceedings will be necessary in the near term while the Court considers Defendants' other pending motions.

## CONCLUSION

For all of the foregoing reasons, this Court should grant the United States' motion to stay proceedings pending resolution of Defendants' motion to dismiss, the motion to certify the Court's order granting Plaintiffs leave to file a second amended complaint, and the motion to certify any order denying the motion to dismiss.

Dated: July 7, 2023

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Sean C. Duffy
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*