TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

GUILLERMO A. MONTERO
Assistant Section Chief
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO CERTIFY (ECF No. 547)** |
| v. | |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## TABLE OF CONTENTS

Introduction ............................................................................................................................. 1

    I.    All of the Grounds Requiring Dismissal of the Second Amended Complaint are Properly Before the Court .................................................................................. 1

    II.    Plaintiffs Lack Article III Standing to Obtain the Declaratory and Injunctive Relief they Seek in the Second Amended Complaint .............................................. 6

    III.    Plaintiffs' Action is Not a Case or Controversy Cognizable Under Article III .................................................................................................................................. 10

    IV.    The Court Should Give No Weight to Plaintiffs' Frivolous Misconduct Allegations ................................................................................................................ 11

    V.    Plaintiffs Fail to Show Why the Issues Raised in the Motion to Dismiss Should not be Certified for Appeal ....................................................................... 14

Conclusion ............................................................................................................................. 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*,
  374 F. App'x 71 (2d Cir. 2010) ................................................................................................ 2

*Arizona v. California*,
  460 U.S. 605 (1983) .................................................................................................................. 2

*Askins v. United States Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) ........................................................................................ 2, 3, 4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 8

*Benedict v. Held*,
  No. 3:19-CV-01295-HZ, 2020 WL 10284985 (D. Or. Apr. 20, 2020) .................................... 13

*Bonnichsen v. United States*,
  367 F.3d 864 (9th Cir. 2004) ............................................................................................... 5, 13

*Clean Air Council v. United States*,
  362 F. Supp. 3d 237 (E.D. Pa. 2019) ........................................................................................ 7

*Ferdik v. Bonzelet*,
  963 F.2d 1258 (9th Cir. 1992) .................................................................................................. 3

*Hall v. Norton*,
  266 F.3d 969 (9th Cir. 2001) .................................................................................................. 13

*In re Maui Elec. Co.*,
  506 P.3d 192 (Haw. 2022) ...................................................................................................... 14

*Italian Colors Rest. v. Becerra*,
  878 F.3d 1165 (9th Cir. 2018) .................................................................................................. 9

*Juliana v. United States*,
  947 F.3d 1159 (9th Cir. 2020) ........................................................................ 2, 5, 6, 7, 8, 10, 12, 15

*Juliana v. United States*,
  986 F.3d 1295 (9th Cir. 2021) .................................................................................................. 2

*Libertarian Party of L.A. Cnty. v. Bowen*,
  709 F.3d 867 (9th Cir. 2013) .................................................................................................... 9

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................................. 7

*M.S. v. Brown*,
  902 F.3d 1076 (9th Cir. 2018) ................................................................................................ 12

*Massachusetts v. EPA*,
   549 U.S. 497 (2007) ................................................................................................ 8

*Moore v. Harper*,
   143 S. Ct. 2065 (2023) ........................................................................................... 10

*Papasan v. Allain*,
   478 U.S. 265 (1986) ................................................................................................ 8

*Porter v. Martinez*,
   68 F.4th 429 (9th Cir. 2023) .................................................................................... 9

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
   360 F. Supp. 3d 1039 (S.D. Cal. 2019) ................................................................... 3

*Sanders-Reed ex rel. Sanders-Reed v. Martinez*,
   350 P.3d 1221 (N.M. Ct. App. 2015) .................................................................... 14

*Smith v. Noonan*,
   992 F.2d 987 (9th Cir. 1993) .................................................................................. 4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .................................................................................................. 2

*Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*,
   143 S. Ct. 2141 (2023) ........................................................................................... 10

*Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*,
   324 F. Supp. 2d 1152 (D. Or. 2004) ...................................................................... 13

*Uzuegbunam v. Preczewski*,
   141 S. Ct. 792 (2021) ......................................................................................... 9, 10

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) .............................................................................................. 10

**Statutes**

28 U.S.C. § 1292(b) .................................................................................................. 1, 15

42 U.S.C. § 1983 ............................................................................................................ 9

**Rules**

Fed. R. Civ. P. 54(b) ................................................................................................. 3, 6

L.R. 7-1(a)(1)(A) ......................................................................................................... 13

**Introduction**

The Ninth Circuit held that Plaintiffs lack standing for both declaratory and injunctive relief. That holding should have ended this case. But Plaintiffs argue that they have standing to pursue the same declaratory relief. The Ninth Circuit has already rejected this argument, and the Court should dismiss the Second Amended Complaint on this basis.

Even if the Court bypasses this fundamental defect, it should address the other threshold issues raised in the Motion to Dismiss. Plaintiffs contend that Defendants cannot ask this Court to reach those issues because of the Court's prior rulings, but the Ninth Circuit *reversed* those rulings for lack of jurisdiction. Moreover, Plaintiffs have amended their complaint, and Defendants are entitled to challenge the adequacy of this Court's jurisdiction and Plaintiffs' claims with a motion to dismiss. By doing so, Defendants provide this Court with an opportunity to assess these issues, and to certify its orders for appeal pursuant to 28 U.S.C. § 1292(b).

**I.     All of the Grounds Requiring Dismissal of the Second Amended Complaint are Properly Before the Court.**

Plaintiffs erroneously contend that this Court's prior rulings on Defendants' first Motion to Dismiss, ECF No. 27, Motion for Judgment on the Pleadings, ECF No. 195, and Motion for Summary Judgment, ECF No. 207, "resolved all issues Defendants raise in their new Motion to Dismiss" other than redressability. Pls.' Opp'n to Defs.' Mot. to Dismiss Second Am. Compl. & Mot. to Certify ("Pls.' Opp'n") 6, ECF No. 549. They argue that Defendants should not be allowed to "relitigate" those issues here, and that any consideration of the pending Motion to Dismiss should instead be limited to arguments addressing new allegations and requests for relief in the Second Amended Complaint. Pls.' Opp'n 5-9. Those arguments should be rejected because they misapprehend the Federal Rules of Civil Procedure, the law of the case doctrine, and the posture of this case.

Plaintiffs are wrong, most fundamentally, because they ignore the Ninth Circuit's reversal of each of this Court's orders denying Defendants' earlier dispositive motions on jurisdictional grounds. *See Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020) ("[W]e reverse the certified orders of the district court and remand this case to the district court with instructions to dismiss for lack of Article III standing."), *denying reh'g en banc*, 986 F.3d 1295 (Mem.) (9th Cir. 2021). Because Plaintiffs lacked standing to pursue the claims in their first amended complaint, and because this Court accordingly lacked jurisdiction when it denied Defendants' earlier dispositive motions, nothing in those earlier rulings can bar the arguments presented in the current Motion to Dismiss.[1]

Even if those earlier orders had not been reversed, Plaintiffs' do not meet the requirements of the law of the case doctrine. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). But the doctrine applies: (1) "where an issue has been decided by a higher court[,]" *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018); or (2) where an issue "has been previously decided and is binding on the parties—for example, where the district court has previously entered a final decree or judgment." *Id.* The doctrine does not bar the district court

---

[1] Plaintiffs cite *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 374 F. App'x 71, 74 (2d Cir. 2010), for the proposition that "the findings of a district court not expressly or implicitly addressed on appeal remain the law of the case." But when a district court order is overruled on jurisdictional grounds, as occurred here, all the findings therein are at least "implicitly addressed" because the appellate court necessarily concludes that the district court lacked jurisdiction to render them. *See id.* ("[A] finding that has been vacated ceases to be the law of the case, and . . . this includes a finding not expressly addressed but necessarily rejected by an appellate court's reasoning."). A contrary result would lead to the perverse result of insulating erroneous district court merits decisions that also suffer from jurisdictional flaws, because an appellate court is required to address jurisdictional issues first and dispose of cases on that basis alone where warranted. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

from passing on issues where, as here, the district court did not enter a final judgment. *Id.* at 1042-43. Rather, the district court retains its usual pre-judgment authority to reconsider rulings (especially those rendered without jurisdiction), as Federal Rule 54(b) makes express.

The doctrine, moreover, is particularly inapplicable when a plaintiff elects to file an amended complaint, as occurred here. *See id.* at 1043. This is because, "[o]nce the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court." *Id.* The original pleading, by contrast, "no longer performs any function and is treated thereafter as non-existent." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Against this backdrop, the Ninth Circuit in *Askins* explained that the task of a district court reviewing an amended complaint is to determine whether that amended complaint entitles the plaintiff to judgment on its own merit, not to reconsider its analysis of the original complaint. While a district court may ultimately "decide the second motion to dismiss in the same way it decided the first," the law of the case doctrine does not require it to do so. *Id.* at 1043. Rather, "permitting the filing of an amended complaint requires a new determination." *Id.*; *accord San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 360 F. Supp. 3d 1039, 1046 (S.D. Cal. 2019) ("[B]ecause Plaintiff filed [an amended complaint], the law of the case doctrine does not apply.").

*Askins*, in sum, makes clear that the law of the case doctrine does not bar Defendants' arguments concerning Plaintiffs' lack of redressability, the absence of any Article III case or controversy, the substantive flaws in Plaintiffs' constitutional and "federal public trust" claims, and the dispositive effect of the Ninth Circuit's mandate.² Despite citing the *Askins* decision in

---

² Defendants do not contest that their arguments concerning injury in fact, causation, and justiciability under the Administrative Procedure Act ("APA") are constrained by the Ninth Circuit's prior holdings. As indicated in their Motion to Dismiss, Defendants preserve these

REPLY IN SUPP. OF DEFS.' MOT.                3
TO DISMISS SECOND AM. COMPL.

their brief, Plaintiffs fail to acknowledge any of the legal principles explained there that bar applicability of the law of the case doctrine here. Instead, Plaintiffs narrowly refer to—and mischaracterize—the portion of *Askins* where the court describes a defendants' options under Rule 12(b) following the filing of an amended complaint. They read that part of *Askins* to say that a defendant "moving to dismiss an amended complaint may *only* ask the Court 'to determine that the plaintiff's amended complaint did not cure the deficiencies of the initial complaint.'" Pls.' Opp'n 5 (emphasis added) (quoting *Askins*, 899 F.3d at 1043).[3] And—because the Ninth Circuit's order and mandate in this case turned on redressability—they argue that redressability "is the only element of the Second Amended Complaint" that Defendants can challenge in their Motion to Dismiss." *Id.* at 6-7 (citing *Askins*, 899 F.3d at 1043).

This Court should reject Plaintiffs' reading of *Askins* because nothing in that case suggests that Rule 12(b) motion practice is limited to exploring whether the Second Amended Complaint cured deficiencies in the earlier complaint. To the contrary, the point made in *Askins* was precisely that an amended complaint must stand or fall on its own merit, rather than by assessing how it fares against challenges made to an earlier pleading. *Askins*, 899 F.3d at 1043. And even assuming Plaintiffs' interpretation of *Askins* had any merit, Plaintiffs' attempt to limit the scope of the Motion to Dismiss would still fail because a lack of redressability was far from the only deficiency in the first amended complaint. As Defendants have explained, the first amended complaint did not present a justiciable case or controversy within the meaning of

---

issues for potential higher court review. *See* Defs.' Mot. to Dismiss Second Am. Compl. & Mot. to Certify ("MTD") 12 n.6, 32, ECF No. 547.

[3] The Ninth Circuit used the word "may," which "is permissive, not mandatory." *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). In their brief, Plaintiffs replace that permissive language with "may only"—mandatory language that is neither expressly used, nor implied, by the language from *Askins* that Plaintiffs rely upon. Pls.' Opp'n 5.

Article III, *see* MTD 17-19, and failed to present any claim upon which relief could be granted because each of the constitutional and "federal public trust" claims alleged therein fails as a matter of law, *see id.* at 19-31. Because no court with jurisdiction has yet addressed the merit of Defendants' argument concerning those many deficiencies, Plaintiffs have no basis for limiting the scope of Defendants' Motion to Dismiss even under their interpretation of *Askins*.[4]

Turning finally to Plaintiffs' contentions regarding redressability and the rule of mandate, Plaintiffs' arguments can be summarized as contending that both issues were already decided in the context of this Court's resolution of Plaintiffs' motion for leave to file the Second Amended Complaint. Defendants do not dispute that the Court's order and opinion granting leave to file the Second Amended Complaint addressed both of those issues and resolved them adversely to Defendants. But Defendants respectfully submit that the Court's analysis was incorrect and contrary to the Ninth Circuit's conclusions and reasoning for the reasons described in the Motion to Dismiss, MTD 7-8, 10-16, and below. And because this Court has not yet issued a final judgment, it may revisit the reasoning in its decision to "correct any errors or misunderstandings" therein. *Askins*, 899 F.3d at 1042-43 (explaining that, unlike under the law of the case doctrine, a district court prior to entering final judgment is free to correct any errors

---

[4] Plaintiffs purport in Appendix A to identify issues raised in the pending Motion to Dismiss that have been previously "briefed, argued, and decided." Pls.' Opp'n 6. But as explained above, they cannot rely on any of this Court's prior rulings relating to the first amended complaint because the Ninth Circuit held that this Court lacked jurisdiction over that complaint. And they cannot rely on the Ninth Circuit's decision as to anything other than injury in fact, causation, and justiciability under the APA, because the Ninth Circuit ruled in favor of Defendants on redressability, declined to address Defendants separate "case or controversy" argument, and declined to opine on the merit of Plaintiffs' constitutional claims. *See Juliana*, 947 F.3d at 1169-1170 (declining to decide whether the alleged constitutional right exists, and instead assuming its existence for purpose of the redressability analysis); *see also Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir. 2004) ("In deciding whether a plaintiff's injury is redressable, courts assume that plaintiff's claim has legal merit.").

or misunderstandings in an earlier order without having to show "clear error, changed law, new evidence, changed circumstances, or manifest injustice"); Fed. R. Civ. P. 54(b).

In sum, each of the arguments presented in Defendants' Motion to Dismiss is properly before the Court; none is barred by the law of the case doctrine or by Plaintiffs' interpretation of *Askins*.

## II.   Plaintiffs Lack Article III Standing to Obtain the Declaratory and Injunctive Relief they Seek in the Second Amended Complaint.

Recognizing that "a plaintiff must demonstrate standing separately for each form of relief sought," the Ninth Circuit in *Juliana* separately examined Plaintiffs' requests for declaratory and injunctive relief and determined as to each whether it was both "(1) substantially likely to redress [Plaintiffs'] injuries; and (2) within the district court's power to award." 947 F.3d at 1170 (cleaned up). As Defendants explained in the Motion to Dismiss, the Ninth Circuit concluded with respect to the requested injunctive relief that Plaintiffs failed at least the second prong of the redressability test, if not both prongs. MTD 5 (citing *Juliana*, 947 F.3d at 1171). As to the first prong, it expressed skepticism that even the exceptionally broad injunction Plaintiffs envisioned—whereby the Court would direct the government to phase out fossil fuel emissions and draw down excessive atmospheric $CO_2$—was substantially likely to redress Plaintiffs' injuries. *Juliana*, 947 F.3d at 1170-71. As to the second prong, it explained that any such injunction would be beyond the power of an Article III court. *Id*. at 1171-72.

Perhaps in reaction to the Ninth Circuit's order, Plaintiffs no longer rely on injunctive relief to satisfy the "constitutional minimum for redressability" at the pleading stage. Pls.' Opp'n 13. They instead describe the potential availability of an injunction as an "issue for the merits" "that goes to the scope of the remedy." *Id*. Plaintiffs' wait-and-see approach is incorrect as a matter of law because Plaintiffs bear the burden of establishing each element of standing "in the

same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And as a practical matter, Plaintiffs' new tack means Plaintiffs' Second Amended Complaint can survive dismissal only if Plaintiffs can demonstrate at this stage that their claims would be adequately addressed solely by a declaratory judgment.

Plaintiffs cannot carry that burden, most fundamentally, because the Ninth Circuit has already determined that the declaration Plaintiffs seek in the Second Amended Complaint, i.e., that the government is violating the Constitution, "is not substantially likely to mitigate the plaintiffs' asserted concrete injuries," and "is unlikely by itself to remediate their alleged injuries absent further court action." *Juliana*, 947 F.3d at 1170; *see also Clean Air Council v. United States*, 362 F. Supp. 3d 237, 246, 249 (E.D. Pa. 2019) (addressing similar claims and finding that "[declaratory] relief will not redress the injuries Plaintiffs have already suffered"). And while Plaintiffs insist that the "behavior-shifting quality" of a declaratory judgment would redress their claims by causing Defendant to change their energy policies and practices, *see* Pls.' Opp'n 10-11, Defendants have already explained that the argument fails because, as the Ninth Circuit noted, even an *injunction* directing Defendants "to cease permitting, authorizing, and subsidizing fossil fuel use" would not, "according to [Plaintiffs'] own experts' opinions, suffice to stop catastrophic climate change *or even ameliorate their injuries*." *Juliana*, 947 F.3d at 1170 (emphasis added). Plaintiffs' insistence that a declaratory judgment (and any reductions in GHG emissions that might follow such an order) would sufficiently redress their alleged injury, Pls.' Opp'n 12, is thus foreclosed by the law of the case and the law of the circuit.[5]

---

[5] Plaintiffs contend that they have cured the redressability flaw identified by the Ninth Circuit because they now allege that a declaration of rights would, in fact, redress their asserted climate-based injuries. *See, e.g.,* Second Am. Compl. ¶¶ 12, 14, 19A; ECF No. 542; Pls.' Opp'n 13-15.

REPLY IN SUPP. OF DEFS.' MOT.                     7
TO DISMISS SECOND AM. COMPL.

Again ignoring the Ninth Circuit's decision, Plaintiffs attempt to invoke *Massachusetts v. EPA*, 549 U.S. 497 (2007), for the proposition that their claims could be redressed by an order that has the effect of merely slowing or reducing global GHG emissions. Citing *Massachusetts*, they urge that "the redressability prong of the standing analysis does not require that the remedy resolve the entire problem giving rise to Plaintiffs' injuries. Mitigating the harm caused is sufficient." Pls.' Opp'n 12. But the Ninth Circuit explicitly held that merely slowing or reducing GHG emissions would not redress Plaintiffs' claims in this case. As the Ninth Circuit explained, the relaxed standard articulated in *Massachusetts*—whereby a plaintiff State was allowed to assert claims without meeting all the normal standards for redressability—is not available to Plaintiffs—who are not a State—because they do not assert a procedural rights claim. *Juliana*, 947 F.3d at 1171. That too is law of the case and the law of the circuit.

Plaintiffs also cannot carry their burden under the second prong of the redressability test because the declaratory judgment they seek is not within this Court's power to award. As Defendants have explained, MTD 14-15, Plaintiffs seek an unbounded declaration that would functionally declare unspecified laws, regulations, and policies unconstitutional. And their ultimate goal in seeking a declaratory judgment is still to obtain broad judicial assessment and oversight of the Executive Branch. The Court cannot award such relief, regardless of whether it is labeled declaratory or injunctive. Plaintiffs provided no meaningful response to this argument beyond block quoting portions of this Court's order granting leave to amend. Pls.' Opp'n 9-10.

---

But such bare legal conclusions fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

REPLY IN SUPP. OF DEFS.' MOT.                8
TO DISMISS SECOND AM. COMPL.

Plaintiffs next invoke a bevy of recent Ninth Circuit and Supreme Court decisions that they contend abrogate the effect of the Ninth Circuit's binding decision in this case. But none of those more recent decisions support Plaintiffs' contention that their climate injuries would be redressed by a declaratory judgment. For example, Plaintiffs cite *Porter v. Martinez*, 68 F.4th 429 (9th Cir. 2023), a First Amendment challenge to a criminal statute prohibiting the use of car horns in certain circumstances, for the proposition that Article III redressability "depend[s] on the relief that federal courts are *capable* of granting." Pls.' Opp'n 11-12 (alteration and emphasis in original) (citation omitted) (quoting *Porter*, 68 F.4th at 438). But "First Amendment challenges present unique standing considerations because of the chilling effect of sweeping restrictions on speech." *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018) (cleaned up). "Where a plaintiff has refrained from engaging in expressive activity for fear of prosecution under the challenged statute, such self-censorship is a constitutionally sufficient injury as long as it is based on an actual and well-founded fear that the challenged statute will be enforced." *Libertarian Party of L.A Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013) (citation omitted). In those circumstances, a plaintiff can establish redressability to challenge the statute on First Amendment grounds because the "district court could declare [the statute] unconstitutional and unenforceable in its entirety, thereby redressing [plaintiffs'] alleged injury." *Porter*, 68 F.4th at 438 (emphasis removed). That analysis is specific to First Amendment rights; Plaintiffs point to no case that has relaxed standing requirements based on chilling effect outside of that specific context.

Plaintiffs next invoke *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), another First Amendment case, in which plaintiffs sought nominal damages under 42 U.S.C. § 1983 but not a declaratory judgment. Defendants have already explained that nothing in *Uzuegbunam* suggests

the Supreme Court intended to overrule its long-standing precedent on standing relating to declaratory judgments. MTD 16. In response, Plaintiffs contend that it was the "behavior-shifting quality of the remedy that persuaded the Court to declare nominal damages sufficient to confer Article III standing." Pls. Opp'n 10. This is wrong. The underlying behavior that the Plaintiffs challenged in *Uzuegbunam* had already changed before the Supreme Court decided the case. *Uzuegbunam*, 141 S. Ct. at 797 ("the college officials . . . decided to get rid of the challenged policies."). In any event, whatever behavior-shifting effect a declaratory judgment may have here, it would still fail to redress Plaintiffs' claims for the same reason even an injunction forcing Defendants "to cease permitting, authorizing, and subsidizing fossil fuel use" would fail to redress their claims. *Juliana*, 947 F.3d at 1170.

Finally, Plaintiffs invoke cases that have no bearing at all on redressability and declaratory relief. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 143 S. Ct. 2141, 2157-59 (2023) (discussing organizational standing, not redressability based on declaratory judgments); *Moore v. Harper*, 143 S. Ct. 2065, 2079-81 (2023) (discussing judicial review of legislative acts, not redressability based on declaratory judgments). Because they are irrelevant, they offer no basis for deviating from the Ninth Circuit's conclusion that a declaratory judgment would not redress Plaintiffs' claims.

**III.    Plaintiffs' Action is Not a Case or Controversy Cognizable Under Article III.**

As noted in Defendants opening brief, MTD 17-19, the Second Amended Complaint should be dismissed because it does not present a "case[] and controvers[y] of the sort traditionally amenable to, and resolved by, the judicial process" *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 774 (2000) (cleaned up). It instead asks the Court to review and rule on the constitutionality of all of Congress's and the Executive Branch's programs and decisions relating to climate change in the aggregate. Second Am. Compl. ¶¶ 277-310.

Plaintiffs offer no serious response other than to revisit their standing arguments—they contend that this Court can now issue the requested remedy because they no longer seek an injunction imposing a remedial climate plan, and they conclude that there is no longer any basis for dismissing the Second Amended Complaint "for lack of standing." Pls.' Opp'n 16. But Plaintiffs fail to engage with the point that the case or controversy requirement prevents Article III courts from undertaking the sweeping policy review that Plaintiffs seek here—a function that is instead entrusted to the political branches. *See* MTD 17-18. Instead, Plaintiffs point to cases in state courts and in the "courts of other democracies across the world," arguing that if those courts can consider questions regarding climate change, then surely the "federal judiciary is at least as competent" to address their sweeping claims here. Pls.' Opp'n 16 (citing Order on Defs.' Mot. to Dismiss at 25-26, *Held v. Montana*, No. CDV-2020-307 (Mont. 1st Jud. Dist. Ct. May 23, 2023); Order Denying Defs.' Mot. to Dismiss at 10-11, *Navahine F. v. Hawai'i Dep't of Transp.*, No. 1CCV-22-631 (JPC) (Haw. 1st Cir. Ct. Apr. 6, 2023); *Mathur v. Ontario*, 2020 ONSC 6918, para. 125-140). But the U.S. Constitution did not create state courts or foreign courts or define the scope of their jurisdiction. Nor do Plaintiffs suggest that the separation of powers principles through which the Constitution defines the respective roles of each branch of the federal government govern the state and foreign cases they rely upon. Because the referenced courts are not subject to the case of controversy requirement in Article III, none of the referenced cases change the fact that Plaintiffs have failed to allege a justiciable case or controversy in this Court.

## IV. The Court Should Give No Weight to Plaintiffs' Frivolous Misconduct Allegations.

While largely declining to engage the substance of Defendants' arguments, Plaintiffs curiously devote over five pages of their brief to arguments accusing Defendants of misconduct. Pls.' Opp'n 17-22. The arguments are frivolous, and Defendants reserve the right to address them if and when properly presented to this Court. For the moment, however, the arguments are

premature because Plaintiffs do not purport to seek sanctions under Rule 11. *See id.* at 18 n.18. Defendants therefore respond only to those arguments that bear on the substance of the pending Motion to Dismiss.

The first such argument is Plaintiffs' contention that the Motion to Dismiss ignores this Court's Order granting leave to amend and the Ninth Circuit's decision reversing this Court's prior dispositive orders. But that contention fails as to this Court's Order because Defendants have explicitly and appropriately acknowledged the Order and explained their disagreements with it in the Motion to Dismiss, including by explaining why its holdings are incompatible with the Ninth Circuit's decision mandating dismissal of the case. MTD 7-8; *see also* Defs.' Mot. to Certify Order for Interlocutory Appeal 5-7, ECF No. 551 (further explaining Defendants' disagreement with the Court's Order granting leave to amend).

Plaintiffs' contention also fails as to the Ninth Circuit's decision because the Motion to Dismiss is fully consistent with that decision. Most significantly, the Ninth Circuit found that Plaintiffs' claims were not redressable, and it did so based on reasoning that applies with equal force to Plaintiffs' Second Amended Complaint. As to the merits, Plaintiffs incorrectly contend that the Ninth Circuit recognized the asserted constitutional right to a stable climate system. In support of this claim, Plaintiffs cite language in the Ninth Circuit's opinion stating that "[i]n analyzing redressability, however, we assume [the] existence" of the constitutional right that Plaintiffs seek to establish. *See* Pls.' Opp'n Appendix A 2-3 (citing *Juliana*, 947 F.3d at 1169-70). Far from affirming this Court's merits determinations, however, the Ninth Circuit clearly declined to express any view on the merits, and instead took the customary approach of assuming a claim has merit when deciding whether the alleged injury is redressable. *See M.S. v. Brown*,

902 F.3d 1076, 1083 (9th Cir. 2018); *Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir. 2004); *Hall v. Norton*, 266 F.3d 969, 976-77 (9th Cir. 2001).

Plaintiffs next erroneously contend that Defendants did not meet the local rule obligation to confer prior to filing the second Motion to Dismiss. Pls.' Opp'n 19-21; L.R. 7-1(a)(1)(A). In fact, the parties conferred telephonically for more than 20 minutes on the Motion to Dismiss, during which Defendants discussed each of the claims in the Motion and Plaintiffs indicated that they would oppose the Motion. Insofar as Plaintiffs take the position that Defendants' counsel were not competent to confer on the Motion, they are incorrect. The purpose of the conferral requirement "is to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004). Contrary to Plaintiffs' apparent belief, the Rule "does not require Defendants to . . . engage in something akin to settlement negotiations or mediation at Plaintiff's behest." *Benedict v. Held*, No. 3:19-CV-01295-HZ, 2020 WL 10284985, at *1 (D. Or. Apr. 20, 2020). Thus, the conferral requirement was satisfied once the parties determined that the issues presented in the Motion to Dismiss could not be resolved without assistance of the Court; the rules do not require the parties to resolve disagreements concerning the import of Supreme Court and Ninth Circuit precedent or this Court's prior orders.

Finally, Plaintiffs accuse Defendants of misstating the law by contending that no court has held the climate system or atmosphere is protected by a public trust doctrine. Pls.' Opp'n 21-22. In so stating, however, Defendants referred to a *common law* public trust doctrine akin to the claim that Plaintiffs assert against the United States. While Plaintiffs identify state court decisions in Hawai'i and New Mexico that have recognized a public trust right under their

respective state constitutions and state statutes, *see In re Maui Elec. Co.*, 506 P.3d 192, 202 n.15 (Haw. 2022); *Sanders-Reed ex rel. Sanders-Reed v. Martinez*, 350 P.3d 1221, 1225 (N.M. Ct. App. 2015), neither case recognizes a common law public trust doctrine. And those state court decisions are immaterial in any event because Plaintiffs do not purport to assert a claim under either state's constitution or statutes.

### V.  Plaintiffs Fail to Show Why the Issues Raised in the Motion to Dismiss Should not be Certified for Appeal.

The Motion to Dismiss raises at least seven controlling questions of law, which relate to justiciability and to the novel claims in this case. MTD 32-33. Defendants have explained that a decision in their favor on those issues is controlling because it would dispose of this entire case. Rather than confront those arguments, Plaintiffs respond only that "this Court has already ruled on the issues Defendants raise in their Motion to Dismiss and found the issues do not present grounds for dismissal." Pls.' Opp'n 24. But whether this Court may disagree with Defendants on those issues has no bearing on whether an order denying the Motion to Dismiss presents a controlling question of law. Plaintiffs also have no response to the fact that this Court and the Ninth Circuit previously confirmed the controlling nature of many of the same issues in their earlier certification orders concerning Defendants' first Motion to Dismiss, Motion for Judgment on the Pleadings, and Motion for Summary Judgment.

With the exception of redressability, Plaintiffs likewise fail to address whether any of the issues in the Motion to Dismiss presents substantial ground for difference of opinion. Pls.' Opp'n 25. And with respect to redressability, Plaintiffs simply contend that no substantial ground for difference of opinion exists because the Supreme Court's decision in *Uzuegbunam* purportedly resolves any doubt that a declaratory judgment from this Court would provide adequate redress. *Id*. But, as explained above and in the Motion to Dismiss, MTD 16, nothing in *Uzuegbunam*

remotely suggests the Supreme Court intended—in the context of a decision concerning nominal damages—to overrule long-standing precedent on standing relating to declaratory relief. To the extent this Court finds that the Supreme Court so intended, that too would present a substantial ground for difference of opinion.

Finally, Plaintiffs urge that Defendants' request for interlocutory appeal is but a "stalling tactic" in a case that has lasted years, and they contend on that basis that it would not materially advance the ultimate termination of the litigation. This factor under 28 U.S.C. § 1292(b) is not retrospective, however, but prospective. Plaintiffs do not contest that, and as Defendants have explained, certification would avoid additional litigation and a potentially lengthy and unnecessary trial. MTD 34. Moreover, even if Plaintiffs' attempt to ascribe blame for past delay were relevant, Plaintiffs ignore that Defendants prevailed in their first appeal, and that Defendants once again advance arguments that both this Court and the Ninth Circuit previously concluded satisfied the standard for interlocutory appeal. And while Plaintiffs complain that ligation "has been ongoing for eight years," they fail to acknowledge that the Ninth Circuit remanded the case with instructions to dismiss in January 2020, three-and-a-half years ago. *Juliana*, 947 F.3d at 1175. Any delay in these proceedings since that time has been due to Plaintiffs' continued efforts to avoid the dismissal the Ninth Circuit ordered.

## Conclusion

Plaintiffs' claims should be dismissed with prejudice in their entirety for lack of Article III jurisdiction under Rule 12(b)(1). Alternatively, Plaintiffs' claims should be dismissed with prejudice in their entirety for failure to state a claim under Rule 12(b)(6). If the Court declines to dismiss any of the claims, Defendants respectfully request that the Court certify its order denying this Motion to Dismiss.

Dated: July 20, 2023

TODD KIM
Assistant Attorney General
GUILLERMO A. MONTERO
Assistant Section Chief

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*