TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

GUILLERMO A. MONTERO
Assistant Section Chief
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION** |
| v. | **(ECF No. 552)** |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

Defendants' motion simply asks the Court to stay litigation pending resolution of the motion to dismiss the second amended complaint, the motion to certify any order denying that motion, and the motion to certify this Court's order granting Plaintiffs leave to amend the complaint. Each of these motions addresses threshold dispositive issues and each is fully briefed and ripe for review. The Court has the power to stay proceedings consistent with its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An exercise of that inherent power to stay is particularly warranted here: not only would a stay promote judicial economy and prevent the parties from wasting resources by allowing for resolution of threshold dispositive issues, but it would also honor how, after a prolonged vetting process, this Court, the Ninth Circuit, and the Supreme Court have already recognized that many of the issues in this case qualify for interlocutory appeal. *See In re United States*, 884 F.3d 830, 837 (9th Cir. 2018); *In re United States*, 139 S. Ct. 452, 453 (2018) (Mem.); Nov. 21, 2018 Order 5-6, ECF No. 444; *Juliana v. United States*, 949 F.3d 1125, 1126 (9th Cir. 2018). (Mem.).

In response, Plaintiffs misstate the law. They erroneously contend that a stay cannot issue unless Defendants first demonstrate a likelihood of success on the merits, a likelihood of irreparable harm absent the requested relief, and a favorable balancing of the parties' equities and the public interest. Pls.' Opp'n to Defs.' Mot. to Stay Lit. ("Pls.' Opp'n"), ECF No. 554. But the standard Plaintiffs reference applies only when a litigant moves to stay a district court's order or judgment pending appeal. *See Nken v. Holder*, 556 U.S. 418, 426-27 (2009); *Levia-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011). It has no applicability to the instant motion, which seeks

only to stay certain proceedings in district court pending this Court's resolution of dispositive motions.[1]

Contrary to Plaintiffs' contentions, the Ninth Circuit has not announced any specific standard under which a district court is to evaluate a motion to stay its own proceedings pending resolution of a dispositive motion, and for good reason—such relief is firmly within a district court's inherent power to control its docket. *Landis*, 299 U.S. at 254. It is instructive, however, that district courts in this circuit often apply a two-part test in an analogous context, *viz*., when resolving motions to stay discovery pending dispositive motion practice. Under that test, "(1) the motion must be dispositive of the entire case; and (2) the dispositive motion must be able to be decided absent additional discovery." *Bralich v. Sullivan*, CIVIL NO. 17-00547 ACK-RLP, 2018 WL 11260499, at *1 (D. Haw. Mar. 20, 2018); *see also Dorian v. Amazon Web Servs., Inc.*, CASE NO. 2:22-cv-00269, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022); *Serenium, Inc. v. Zhou*, Case No. 20-cv-02132-BLF (NC), 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6

---

[1] Plaintiffs primarily cite the standard in *Nken*, which governs a court's authority to stay district court orders pending appeal. Pls.' Opp'n 3. But they also rely on cases throughout their brief examining other analogous standards, all of which are equally inapplicable. Those cases involve motions for a preliminary injunction or a temporary restraining order, *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011); *Meledres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012); *Assoc. Gen. Contractors of Ca., Inc. v. Coal. for Economic Equity*, 950 F.2d 1401 (9th Cir. 1991); *Goldie's Bookstore, Inc. v. Sup. Ct. of Cal.*, 739 F.2d 466 (9th Cir. 1984); *Linden v. X2 Biosystems, Inc.*, Case No. C17-966-RSM, 2018 WL 1603387 (W.D. Wash. Apr. 3, 2018); *Cobine v. City of Eureka*, No. C16-2239-JSW, 2016 WL 1730084 (N.D. Cal. May 2, 2016), motions for an injunction pending appeal, *see John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129 (D.C. Cir. 2017), motions to stay a grant of class certification pending appeal, *see In re Cobalt Int'l Energy, Inc. Sec. Lit.*, CIVIL ACTION NO. H-14-3428, 2017 WL 3620590 (S.D. Tex. Aug. 23, 2017); *DL v. Dist. of Columbia*, 6 F. Supp. 3d 133, 135 (D.D.C. 2014), motions to stay issuance of the mandate, *see Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379 (Fed. Cir. 2020); *Nara v. Frank*, 494 F.3d 1132 (3d Cir. 2007), and motions to enjoin parallel proceedings, *see Klein v. Adams & Peck*, 436 F.2d 337 (2d. Cir. 1971).

(E.D. Cal. Feb. 7, 2011). "If both prongs are answered in the affirmative, the court may issue a stay." *Jeremiah M. v. Crum*, Case No. 3:22-CV-00129-JMK, 2022 WL 17082117, at *2 (D. Alaska Nov. 17, 2022). Here, that two-part test is satisfied. The motion to dismiss is dispositive and the motions seeking certification for interlocutory appeal are both potentially dispositive. And each of these motions can be decided without need for any discovery.

For all of the foregoing reasons, this Court should grant the United States' motion to stay proceedings pending resolution of Defendants' motion to dismiss, motion to certify any order denying the motion to dismiss, and motion to certify the Court's order granting Plaintiffs leave to file a second amended complaint.[2]

Dated: August 4, 2023

TODD KIM
Assistant Attorney General
GUILLERMO A. MONTERO
Assistant Section Chief

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

---

[2] Plaintiffs claim that by moving for a stay Defendants violate their "ethical responsibilities to this Court to accurately represent the law and the evidence," Pls.' Opp'n 10, and that Defendants' litigation efforts more generally are "unsuitable here, and in any court of law," *id.* at 12. These assertions are unfounded and frivolous as a matter of law, and they are irrelevant to this Court's consideration of the Motion to Stay in any event. Defendants reserve the right to address the substance of the allegations if ever presented in the context of a relevant motion.