JULIA A. OLSON (OR Bar 062230)
julia@ourchildrenstrust.org
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
Tel: (415) 786-4825

ANDREA K. RODGERS (OR Bar 041029)
andrea@ourchildrenstrust.org
Our Children's Trust
3026 NW Esplanade
Seattle, WA 98117
Tel: (206) 696-2851

PHILIP L. GREGORY (*pro hac vice*)
pgregory@gregorylawgroup.com
Gregory Law Group
1250 Godetia Drive
Redwood City, CA 94062
Tel: (650) 278-2957

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA**; **XIUHTEZCATL TONATIUH M.**, through his Guardian Tamara Roske-Martinez; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>The **UNITED STATES OF AMERICA**; et al.,<br><br>Defendants. | Case No.: 6:15-cv-01517-AA<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** *Held v. Montana*, No. CDV-2020-307, Findings of Fact, Conclusions of Law, and Order (Mont. 1st Jud. Dist. Ct. Aug. 14, 2023) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**                                                                                    1

Plaintiffs hereby provide notice of supplemental authority of the decision from the Montana First Judicial District Court of Lewis and Clark County issued on August 14, 2023, *Held v. Montana*, No. CDV-2020-307, Findings of Fact, Conclusions of Law, and Order (Mont. 1st Jud. Dist. Ct. Aug. 14, 2023) (the "*Held* Order"), attached to this Notice as Attachment 1, which supports Plaintiffs' Opposition to Motion to Dismiss, Doc. 549; Opposition to Motion to Stay, Doc. 554; Opposition to Motion to Certify for Interlocutory Appeal, Doc. 555; and Motion to Set Pretrial Conference, Doc. 543. In the *Held* Order, the First Judicial District Court declared state laws favoring fossil fuels and their implementation to be violative of the 16 Youth Plaintiffs' fundamental right to a stable climate system that is part of their environmental life-support system, a right which is protected by the Montana State Constitution's explicit rights to a clean and healthful environment, public trust resources, liberty, dignity, health, safety, and equal protection of the law. *Held* Order at 92-93, 101-102. The court held that the Youth Plaintiffs' rights to equal protection, dignity, liberty, health and safety, and Public Trust, all hinged on whether Montana's environment and climate was degraded. *Id.*

The reasoning, findings, and conclusions set forth in the *Held* Order are persuasive confirmation of the justiciability, claims, law, and facts Plaintiffs in the instant case have argued over the last eight years: youths' climate injuries from fossil fuel policies and practices are provable at a manageable trial and are redressable by courts; judicial decisions in constitutional climate harm cases must be made based on cross-examined expert testimony and evidence presented at trial; and further delay will only intensify the harms suffered by Plaintiffs. Importantly, the 103-page *Held* Order, issued only two months after a 7-day trial, just over three years since the lawsuit was filed, which included two trips up to the Montana Supreme Court—both times with remand to the trial court—is proof of the judicial economy of having a

constitutional climate case decided on the merits after trial rather than delayed for 8-years in repeated attempts at early appeals to circumvent a trial on standing and the merits. The *Held* Order flies in the face of the arguments of the U.S. Department of Justice ("DOJ") that a trial in *Juliana* is a waste of judicial economy—their *only reason* for seeking a stay and interlocutory appeal, again, for the thirteenth time.

First, the *Held* Order found the Plaintiffs there demonstrated redressability and met all requirements of standing. *Held* Order at 88:21-90:22. Importantly, the court clarified the importance of a declaratory judgment, stating its finding of redressability did not depend on any "psychological satisfaction," but emerged concretely from the State Defendants' ability to "alleviate the harmful environmental effects of . . . fossil fuel activities through the lawful exercise of their authority." *Id.* at 88:22-25. Moreover, any "reduction in Montana's GHG emissions that results from a declaration . . . would provide partial redress of Plaintiffs' injuries because the amount of additional GHG emissions emitted into the climate system today . . . will impact the long-term severity of the heating and the severity of Plaintiffs' injuries." *Id.* at 89:10-15. "It is possible to affect future degradation to Montana's environment and natural resources and injuries to these Plaintiffs." *Id.* at 89:16-17. "This judgment will influence the State's conduct by invalidating statutes prohibiting analysis and remedies based on GHG emissions and climate impacts, alleviating Youth Plaintiffs' injuries and preventing further injury." *Id.* at 101:1-4.

Second, the *Held* Order recognized the relevance and suitability of climate science to judicial decision-making, *id.* at 17:18-46:11, citing the "overwhelming scientific consensus" of climate change and the detailed evidence developed on the record at trial to find Plaintiffs' fundamental rights had been violated. *See, e.g.*, *id.* at 19:4-7, 23:13-18, 25:5-7, 35:17-19, 38:4-7, 72:11-17.

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** 3

Third, the *Held* Order echoed the importance of bringing the instant case to trial promptly to protect human lives, liberty, and property. As with federal lands, "Montana's land contains a significant quantity of fossil fuels yet to be extracted," indicating that continued government policies and practices aimed at developing fossil fuel resources would only "exacerbate anthropogenic climate change and cause further harms to Montana's environment and its citizens, especially its youth." *Id.* at 80:1-3, 89:6-7. Indeed, thanks to the policies and practices of the last three administrations, Obama, Trump, and now Biden, the United States is today the largest producer of oil and gas in the world.[1]

At least one Federal Defendant, U.S. Environmental Protection Agency ("EPA"), has publicly admitted redressability, in direct contradiction to DOJ's position on their behalf in the instant case, by stating that the climate advocacy efforts of young people in the courts are helping to secure action on climate change by governments and that the *Held* Order "sets a precedent for intergenerational accountability and environmental justice, ensuring that the decisions made today positively impact the well-being of tomorrow's generations."[2] The evidence at trial in *Juliana* will prove that a declaration of unconstitutionality of the policies and practices of the Federal Defendants in carrying out the national fossil fuel energy system will have immediate and

---

[1] U.S. EIA, *What countries are the top producers and consumers of oil?*, https://www.eia.gov/tools/faqs/faq.php?id=709&t=6 (last visited Aug. 21, 2023); *Visualizing the Scale of Global Fossil Fuel Production*, https://elements.visualcapitalist.com/the-scale-of-fossil-fuel-production/ (last visited Aug. 21, 2023); Our World in Data, *Fossil Fuels*, https://ourworldindata.org/fossil-fuels (last visited Aug. 21, 2023).

[2] *See* Attachment 2, *EPA Statement on Montana Court Ruling in Favor of Youth and their constitutional right to a healthful environment*, https://www.epa.gov/newsreleases/epa-statement-montana-court-ruling-favor-youth-and-their-constitutional-right, (last visited Aug. 21, 2023).

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**                                             4

substantial impact in alleviating Plaintiffs' injuries, including admissions of the same by the Federal Defendants themselves when asked under oath.

In sum, this Court should promptly deny the Federal Defendants' endless attempts to forestall trial and set an immediate trial date.

DATED this 21st day of August, 2023.

                                                    Respectfully submitted,

                                                    */s/ Julia A. Olson*
                                                    JULIA A. OLSON (OR Bar 062230)
                                                    julia@ourchildrenstrust.org

                                                    PHILIP L. GREGORY (*pro hac vice*)
                                                    pgregory@gregorylawgroup.com

                                                    ANDREA K. RODGERS (OR Bar 041029)
                                                    andrea@ourchildrenstrust.org

                                                    *Attorneys for Plaintiffs*