TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

GUILLERMO A. MONTERO
Assistant Section Chief
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-1517-AA |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' AUGUST 21, 2023, NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 559)** |
| v. | |
| THE UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

Plaintiffs have submitted a state court order as supplemental authority for positions they have taken in briefs opposing Defendants' Motion to Dismiss, Motion to Stay, and Motion to Certify for Interlocutory Appeal. *See* Findings of Fact & Conclusions of Law, *Held v. Montana*, No. CDV-2020-307 (Mont. 1st Jud. Dist. Ct. Aug. 14, 2023), attached as Ex. 1 to Pls.' Aug. 21, 2023, Notice of Suppl. Authority, ECF No. 559-1. For the reasons explained below, the ruling in *Held v. Montana* is not germane to any of the issues pending before this Court.

The decision is not germane to the merits because *Held* involved only state law, and thus did not interpret any of the federal law underlying Plaintiffs' claims in this case. The claims in *Held* relied on provisions in the Montana State Constitution that explicitly confer a fundamental right to a "clean and healthful environment" and "environmental life support system." *See* ECF No. 559-1 at 91 ¶ 26, 94 ¶ 37 (citing Mont. Const. art. II, § 3 & art. IX, § 1). That state constitution is not relevant here, and no analogous fundamental right exists under the U.S. Constitution.[1]

The *Held* decision also has no bearing on the issue of redressability, for various reasons. Most fundamentally, the *Held* court was subject to the jurisdictional limits of Montana state

---

[1] *See Clean Air Council v. United States*, 362 F. Supp. 3d 237, 250-51 (E.D. Pa. 2019) (finding no constitutional right to climate conditions, and noting that the sole authority to the contrary—issued by the district court in *Juliana*—"certainly contravened or ignored longstanding authority"); *see also Guertin v. Michigan*, 912 F.3d 907, 921-22 (6th Cir. 2019) ("[T]he Constitution does not guarantee a right to live in a contaminant-free, healthy environment."); *Nat'l Sea Clammers Ass'n v. City of New York*, 616 F.2d 1222, 1237-38 (3d Cir. 1980) (finding it "established in this circuit and elsewhere that there is no constitutional right to a pollution-free environment"), *vacated on other grounds sub nom. Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1 (1981); *Ely v. Velde*, 451 F.2d 1130, 1139 (4th Cir. 1971) (observing that arguments "in support of a constitutional protection for the environment" have not "been accorded judicial sanction"); *Lake v. City of Southgate*, No. 16-10251, 2017 WL 767879, at *4 (E.D. Mich. Feb. 28, 2017) ("[W]henever federal courts have faced assertions of fundamental rights to a 'healthful environment' or to freedom from harmful contaminants, they have invariably rejected those claims.").

courts—not Article III of the U.S. Constitution, which governs redressability here. *See, e.g.*, *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability. . . ."). And, for that reason, the *Held* court's conclusion of law—that "any 'reduction in Montana's GHG emissions . . . would provide partial redress of Plaintiffs' injuries,'" *see* Pls.' Aug. 21, 2023 Notice of Suppl. Authority 3, ECF No. 559 (quoting ECF No. 559-1 at 89 ¶ 20)—pertains only to state law, and in no way affects the contrary federal law that binds this Court. As Defendants have previously explained, *see* Defs.' Reply in Support of Mot. to Dismiss Second Am. Compl. 8, ECF No. 553, this Court is bound by the Ninth Circuit's explicit holding that merely slowing or reducing GHG emissions would not provide redress for Plaintiffs' claims as it might for procedural rights claims. *Juliana v. United States*, 947 F.3d 1159, 1171 (9th Cir. 2020) (citing *Massachusetts v. EPA*, 549 U.S. 497, 517-18, 525-26 (2007)), *denying reh'g en banc*, 986 F.3d 1295 (Mem.) (9th Cir. 2021).[2]

      Even putting aside these fundamental distinctions, *Held* has no bearing on the issue of redressability because the relief afforded in *Held* focused narrowly on the constitutionality of the Montana Environmental Policy Act ("MEPA"). ECF No. 559-1 at 102 ¶¶ 6-9. The court in *Held* ruled that the provisions of MEPA that preclude consideration of greenhouse gas emissions violate explicit rights in the Montana State Constitution, and it enjoined the State from implementing them. *Id.* at 102 ¶¶ 8-9. Here, by contrast, Plaintiffs ask this Court to enter a judgment declaring unlawful the United States' "national energy system," and to issue an injunction "restraining Defendants from carrying out policies, practices, and affirmative actions

---

[2] The statement by an EPA official that Plaintiffs cite—which is not by EPA and not about redressability, as Plaintiffs incorrectly represent—is thus irrelevant.

DEFS.' RESP. TO PLS.' NOTICE OF
SUPPLEMENTAL AUTHORITY                      2

that render the national energy system unconstitutional . . . ." SAC at 142 ¶¶ 1-4. *Held* provides no support for the notion that this Court could issue such relief.

In any event, the National Environmental Policy Act ("NEPA")—the federal analogue to MEPA—already requires federal agencies to consider climate-related impacts. *See, e.g., 350 Montana v. Haaland*, 50 F.4th 1254, 1265-66 (9th Cir. 2022) (finding a NEPA violation based on inadequate consideration of GHG emissions and their climate effects); *see also* NEPA Guidance on Consideration of Greenhouse Gas Emissions and Climate Change, 88 Fed. Reg. 1,196-1,212 (Jan. 9, 2023) (providing "guidance to assist Federal agencies in their consideration of the effects of [GHG] emissions and climate change when evaluating proposed major Federal actions in accordance with [NEPA]" (footnote omitted)). Thus, contrary to Plaintiffs' view that *Held* supports their redressability argument, the relief obtained in *Held* would do nothing to redress Plaintiffs' asserted injuries.

*Held* also provides no support for Plaintiffs' contention that "judicial decisions in constitutional climate harm cases must be made based on cross-examined expert testimony and evidence presented at trial." ECF No. 559 at 2. *Held* does not and could not override Federal Rules of Civil Procedure 12 and 56. Moreover, dispositive here, the Ninth Circuit mandated dismissal of this lawsuit without a trial, *Juliana*, 947 F.3d at 1175, and both the Supreme Court and this Court have previously confirmed the appropriateness of interlocutory appeal before proceeding to any trial. *See* Nov. 2, 2018, Supreme Court Order, ECF No. 416 (noting the susceptibility of this lawsuit for review on interlocutory appeal); Nov. 21, 2018, Order 6, ECF No. 444 (District Court certifying case for interlocutory appeal). Where other plaintiffs have pursued similar claims in federal court, those too have been dismissed short of trial. *See, e.g., Alec L. ex rel. Loorz v. McCarthy*, 561 F. App'x 7, 8 (D.C. Cir. 2014) (per curiam) (affirming

DEFS.' RESP. TO PLS.' NOTICE OF
SUPPLEMENTAL AUTHORITY                    3

dismissal of claims alleging the existence of a federal public trust over atmospheric resources grounded in the U.S. Constitution); *Animal Legal Def. Fund v. United States*, 404 F. Supp. 3d 1294, 1301-02 (D. Or. 2019) (dismissing claim asserting a constitutional "right to wilderness" for lack of standing and for failure to state a claim upon which relief can be granted); *Clean Air Council v. United States*, 362 F. Supp. 3d 237 (E.D. Pa. 2019) (dismissing climate-based constitutional claims virtually identical to the ones presented in *Juliana* for lack of standing and for failure to state a claim upon which relief can be granted).

Finally, *Held* provides no support for Plaintiffs' contention that simply proceeding to trial rather than certifying Plaintiffs' claims for interlocutory appeal would serve judicial economy. While it is true that the trial in *Held* took seven days, the bifurcated trials on liability and remedy that are contemplated for this case would take far longer, *see* Defs.' Reply in Support of Mot. to Certify Order for Interlocutory Appeal 6, ECF No. 557; *see also* ECF No. 416 at 3 (noting with respect to the liability phase that this Court had scheduled a 50-day trial in 2018). Again, this Court has already recognized this case's suitability for certification under 28 U.S.C. § 1292(b). ECF No. 444. The subsequent decision of the Ninth Circuit and, at minimum, the substantial ground for difference of opinion as to that decision's import makes the propriety of certification all the more clear.

For all of these reasons, *Held* does not inform this Court's resolution of the issues presented in the motions pending before this Court.

Dated: September 5, 2023            TODD KIM
                                    Assistant Attorney General

                                    GUILLERMO A. MONTERO
                                    Assistant Section Chief

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*