TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

GUILLERMO A. MONTERO
Assistant Section Chief
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-01517-AA |
| Plaintiffs, | **DEFENDANTS' MOTION FOR A STAY PENDING A PETITION FOR A WRIT OF MANDAMUS** |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

**MOTION**

The Court should stay proceedings in this case pending Defendants' forthcoming petition for a writ of mandamus. The Ninth Circuit ordered this Court to dismiss this case: "[W]e reverse the certified orders of the district court and remand with instructions to dismiss for lack of Article III standing." *Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020). The Ninth Circuit's opinion in this case forecloses the theory that a declaratory judgment, standing alone, can redress Plaintiffs' alleged injuries, as required to show Article III standing. *Id.* at 1170. The Court's December 29, 2023, Order therefore violates the rule of mandate. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("[D]istrict courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." (citation and internal quotation marks omitted)). And even if the Court's order does not violate the mandate, the Supreme Court's observation still pertains: "the justiciability of [these Plaintiffs'] claims presents substantial grounds for difference of opinion." July 30, 2018, Supreme Court Order, ECF No. 330-1.

Because this Court denied Defendants' motion to certify its orders for interlocutory appeal, the government will seek a writ of mandamus from the Ninth Circuit to enforce its mandate and direct the Court to dismiss this case in its entirety. If granted, the government's petition will end this case, and any public resources spent on further litigation while the petition is pending would be wasted. The government therefore respectfully requests the Court to enter a stay of all proceedings in this Court pending resolution of the mandamus petition, as the Ninth Circuit did

when considering the government's prior mandamus petition in this case.[1] *See United States v. U.S. Dist. Court for Dist. of Or.*, 884 F.3d 830, 838 (9th Cir. 2018).

## RELEVANT BACKGROUND

This Court is familiar with the background and procedural history, which are set out more fully in Defendants' Motion to Dismiss Second Amended Complaint and Motion to Certify, ECF No. 547. The Ninth Circuit mandated dismissal of this suit in 2020, and the United States, consistent with that mandate, moved to dismiss this case in its entirety for lack of jurisdiction. *Id*. The Court granted that motion in part and denied it in part on December 29, 2023. The Court acknowledged that the Ninth Circuit held in its 2020 opinion that the limits of Article III prohibit the Court from awarding the injunctive relief Plaintiffs seek and dismissed that portion of the Second Amended Complaint. ECF No. 565 at 28. But the Court also ruled that it could issue a declaratory judgment and—in conflict with the Ninth Circuit's opinion—that the availability of such a judgment satisfied the redressability prong of the Article III standing inquiry. *Id*. at 34. The Court also denied Defendants' motion to certify its ruling for interlocutory appeal without explanation. *Id*. at 49. The Court denied that request even though the Supreme Court observed, and the Ninth Circuit has held, that orders allowing the case to continue met the standard for certification under 28 U.S.C. § 1292(b)—even before the Ninth Circuit mandated dismissal. *See* July 30, 2018 Supreme Court Order, ECF No. 330-1; Nov. 2, 2018 Supreme Court Order 2, ECF No. 405-1 (reiterating the Court's July 30, 2018 order noting that the "'striking' breadth of plaintiffs' claims 'presents substantial grounds for difference of opinion'"); Nov. 8, 2018 Ninth

---

[1] Although Fed. R. App. P. 8(a)(1) does not expressly refer to a stay pending review of a petition for a writ of mandamus under Fed. R. App. P. 21, Defendants nevertheless believe it appropriate to ask this Court for a stay before asking the court of appeals to enter a stay pending disposition of the government's mandamus petition.

Circuit Order, ECF No. 432-1 (staying trial pending consideration of petition for writ of

mandamus and ordering district court to promptly resolve Defendants' motion to reconsider

denial of request to certify orders for interlocutory appeal); *Juliana v. United States*, 949 F.3d

1125, 1126 (9th Cir. 2018) (granting permission to appeal this case pursuant to 28 U.S.C. §

1292(b)).

**ARGUMENT**

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound

legal principles," *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citations omitted),

based on the following factors: (1) the applicant's likely success on the merits; (2) irreparable

injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public

interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Leiva-Perez v. Holder*, 640 F.3d

962, 970 (9th Cir. 2011). Each of these factors weighs in favor of a stay of the litigation pending

resolution of a petition for a writ of mandamus.

*First*, there is a substantial likelihood that the Ninth Circuit will grant the petition. The

Ninth Circuit's mandate directed this Court to "to dismiss [this case] for lack of Article III

standing." The central question is whether that mandate allowed this Court to reexamine

Plaintiffs' standing on the basis of a Second Amended Complaint nearly identical to the First

Amended Complaint that did not "updat[e] facts," "add[] new claims for relief," or "challeng[e]

conduct" of different defendants. ECF No. 462 at 2, 9. This Court held that the mandate did not

expressly preclude granting leave to amend. But Plaintiffs' Second Amended Complaint invited

this Court to reconsider the question of redressability, an issue that is clearly encompassed in the

Ninth Circuit's direction to dismiss the case "for lack of Article III standing." 947 F.3d at 1175.

The Court of Appeals has already held that Plaintiffs' injuries are not redressable by an Article

III court. *Id*. at 1173. The Court's refusal to dismiss Plaintiffs' Second Amended Complaint in its entirety therefore violates the rule of mandate. *See Creech*, 84 F.4th at 787 ("[D]istrict courts must implement both the letter and the spirit of the mandate." (citation and internal quotation marks omitted)).

Even if its mandate is not dispositive, the Ninth Circuit's opinion is. The Court of Appeals held not only that the Constitution prohibits Article III courts from awarding injunctive relief to design, supervise, or implement Plaintiffs' proposed remedial plan, due to the complex policy decisions involved in the government's response to climate change, 947 F.3d at 1171, but also that a declaratory judgment cannot "by itself" redress Plaintiffs' injuries, *id*. at 1170. This Court acknowledged the former holding, ECF No. 565 at 28, but its Opinion is irreconcilable with the latter. *See* ECF No. 565 at 31 ("A declaration that defendants are violating plaintiffs' constitutional rights may be enough to bring about relief by changed conduct."); *contra* 947 F.3d at 1175 (holding that Plaintiffs lack standing even though the Ninth Circuit "[did] not dispute" that the requested relief "could well goad the political branches into action").

In its December 29 opinion, the Court suggested that the Supreme Court's decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), undermines the Ninth Circuit's holding because in that case the Supreme Court suggested that declaratory relief may sometimes be sufficient to redress a plaintiff's injuries. But *Uzuegbunam* concerned a plaintiff that elected to seek nominal damages, rather than litigating actual damages, in a case concerning a wholly past harm. *Id*. at 798. It did not address a situation like this, which concerns prospective harms and in which the Court would be constitutionally prohibited both from entering the declaration that Plaintiffs seek or from enforcing any declaration that it might issue. *See Juliana*, 947 F.3d at 1173 ("[I]n the end, any plan is only as good as the court's power to enforce it."). Nor does the

Court's suggestion that it would somehow "supervise" the government's compliance with a declaration change the redressability analysis because the Ninth Circuit has already held that Article III does not permit the Court to "supervise . . . the plaintiffs' requested remedial plan." *Id*. at 1171.

In short, the Ninth Circuit's opinion, no less than its mandate, requires that this case be dismissed for lack of standing. The Court of Appeals is therefore likely to grant a writ of mandamus "to confine [this Court] to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (quoting *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943)). Although mandamus is an "extraordinary remedy," *Will v. United States*, 389 U.S. 90, 95 (1967), it is the appropriate means for an appellate court to enforce its mandate, *id.* at 96. And the Court's denial of certification for its orders for interlocutory appeal renders mandamus the only form of relief available. *See Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) ("If a district court refuses certification . . . then a party may petition for a writ of mandamus.").

*Second*, the government will be prejudiced if this case is allowed to proceed while its mandamus petition is pending. Notably, the Justice Department had already devoted more than 13,000 attorney and paralegal hours to this litigation as of October 17, 2018—twelve days before this case was first scheduled to go to trial—in addition to spending millions of taxpayer dollars on expert fees, travel expenses, and other non-attorney fees. *See* ECF No. 391-1 at 42-43. The number of hours expended on this litigation by Department of Justice attorneys and paralegals now stands at over 21,000, despite the Ninth Circuit's order mandating dismissal of the litigation in 2020. *See* Exhibit 1, Decl. of Guillermo A. Montero ¶ 3.

As the Ninth Circuit has explained, "litigants who have proceeded to judgment in higher courts"—like the government in this case—"'should not be required to go through that entire process again to obtain execution of the judgment.'" *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999). Having already prevailed on appeal, the government will be irreparably harmed if it is forced to expend substantial public resources litigating a case that the Ninth Circuit has ruled is beyond the courts' power to resolve. Although the Court has disagreed that the Ninth Circuit's mandate and judgment control the outcome of this case, ECF No. 565 at 20–21, there is—at the very least—a substantial basis for the government's position. Even if this Court does not believe dismissal is appropriate, at minimum the case should be stayed until the Ninth Circuit is given the opportunity to clarify the scope of its mandate.

Further, there is no justification for subjecting the government to unlawful discovery before threshold jurisdictional issues are resolved. *See In re United States*, 583 U.S. 29, 31–32 (2017). As the government has previously explained, requiring agencies to take positions on substantive policy issues through discovery would contravene the procedural requirements imposed by the Administrative Procedure Act for agency decisionmaking, and directing agency officials to provide an assessment of substantive policy questions and potential responses would violate the separation of powers, in particular by invading the President's exclusive constitutional authority to "require the Opinion . . . of the principal Officer in each of the executive Departments, upon any Subject relating to the Duties of their respective Offices." U.S. CONST. art. II, § 2, cl. 1; *see* ECF No. 215.

*Third*, in contrast to the inevitable harm to the government, a stay during the pendency of the mandamus petition will not appreciably harm Plaintiffs. Nothing has changed since this case was filed that would now require the Court to proceed urgently toward trial. And there is no

reason that the Ninth Circuit could not decide this matter quickly. Pausing a few more months to verify that the Court has jurisdiction will not materially lengthen the course of this litigation or deprive Plaintiffs of any redress.

*Fourth*, the public interest strongly favors a stay. The government does not dispute that climate change poses a serious threat, nor that addressing climate change requires the active involvement of the federal government. *See generally* Exec. Order 14,008, *Tackling the Climate Crisis at Home and Abroad*, 86 Fed. Reg. 7619 (Jan. 27, 2021). But observance of constitutional requirements—and constitutional boundaries—is also a paramount value in a democratic republic. And fidelity to the Constitution requires that the courts, no less than the executive branch, comply with the limits on their authority. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (observing that the Article III standing requirement serves "to prevent the judicial process from being used to usurp the powers of the political branches"); *cf. Hawaii v. Trump*, 859 F.3d. 741, 768 (9th Cir. 2017) (affirming that the President's powers, however broad, "may not transgress constitutional limitations" (internal quotation marks and citation omitted)), *vacated as moot sub nom. Trump v. Hawaii*, 138 S. Ct. 377 (2017). Allowing for the orderly— and authoritative—resolution of this Court's constitutional jurisdiction, before going forward with a far-reaching and unprecedented trial, serves those values.

## CONCLUSION

For the foregoing reasons, the Court should stay all further proceedings in this Court pending resolution of the government's petition for a writ of mandamus.

Dated: January 18, 2024                    Respectfully submitted,

                                           TODD KIM
                                           Assistant Attorney General
                                           Environment & Natural Resources Division

/s/ Sean C. Duffy
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*