TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

GUILLERMO A. MONTERO
Assistant Section Chief
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
Trial Attorneys
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 305-0445
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| KELSEY CASCADIA ROSE JULIANA, *et al.*, | Case No. 6:15-cv-01517-AA |
| Plaintiffs, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A STAY** |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

# INTRODUCTION

Plaintiffs' opposition to the government's requested stay focuses on arguments concerning the threat of climate change and the urgency of the government's efforts to address it. But the government's petition for mandamus and its motion for a stay are not about whether climate change is an urgent crisis, which it is, and which the Executive Branch is taking numerous actions to address with the authorities Congress provided to it. They are about the role of the courts in the democratic system of government established by the Constitution, and the role of the Executive agencies Congress has established. From the beginning of this litigation, the United States has maintained that this suit, which asks a district court judge to assess and oversee the entire federal government's response to climate change, is beyond the Court's authority. Rather, the political branches are the proper bodies in our system of government to engage in any comprehensive response to the complex social, economic, and political issues posed by climate change. In *Juliana v. United States*, 947 F.3d 1159 (9th Cir. 2020), the Ninth Circuit agreed that Plaintiffs' requested relief is beyond the judicial power and ordered that this case be dismissed "for lack of Article III standing," *id*. at 1175.

This Court's orders granting Plaintiffs leave to file their Second Amended Complaint and denying the government's motion to dismiss violate the Ninth Circuit's mandate. In addition, this suit is beyond the Article III power and equitable authority of this Court to resolve. The Court of Appeals is therefore likely to grant the writ. If the United States is correct that this Court lacks power to adjudicate this case, then proceeding further would not only irreparably harm the government but also transgress foundational limits on the Court's authority and profoundly short-circuit the democratic process. Accordingly, the Court should stay proceedings while the Ninth Circuit considers the government's petition for a writ of mandamus.

## ARGUMENT

**I.     The United States is Likely to Obtain Relief on its Mandamus Petition.**

The Ninth Circuit and other courts have held that a petition for mandamus is an appropriate procedure for seeking to clarify or enforce an appellate mandate. *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999) ("[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy."); *accord Baltimore & Ohio R.R. Co. v. United States*, 279 U.S. 781, 785 (1929); *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 839 (7th Cir. 2020); *In re Conde Vidal*, 818 F.3d 765, 767 (1st Cir. 2016); *Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036, 1038 (D.C. Cir. 1971) ("[Mandamus] may appropriately be utilized to correct a misconception of the scope and effect of the appellate decision."). Plaintiffs emphasize the extraordinary nature of mandamus, but they overlook that clarification and enforcement of an appellate court's mandate is a well-accepted function of the writ. Indeed, because the Court denied the United States' motion to certify its orders for interlocutory appeal, it is the only remedy available to the government. *See Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) ("If a district court refuses certification . . . then a party may petition for a writ of mandamus."). And, in any event, mandamus is proper to confine a lower court to the proper scope of its jurisdiction and authority, *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004), which the government's mandamus petition seeks.

Plaintiffs observe that the government's stay motion does not walk through the *Bauman* factors, *see Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977), but those factors are inapplicable when a litigant petitions for mandamus to enforce a higher court's mandate. *Vizcaino*, 173 F.3d at 719 ("*Bauman* does not apply when mandamus is sought on the ground that the district court failed to follow the appellate court's mandate."). The government also

addressed the substance of those factors and showed that they were met in this case. *See* Defs.' Mot. for a Stay Pending a Petition for a Writ of Mandamus 6 (no other way to obtain relief), 7 (prejudice that cannot be corrected on appeal), 4-5 (clear error of law), 4 (disregard of the mandate), 8 (important issues at stake), ECF No. 571.

Plaintiffs also fail to recognize that this Court is bound by the spirit of the Ninth Circuit's mandate as well as its letter. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023); *Vizcaino*, 173 F.3d at 719. As the United States explained in its stay motion, the "innovative" declaratory relief that the Court found would be sufficient to redress Plaintiffs' injury within the meaning of Article III is foreclosed by the Ninth Circuit's opinion and by foundational Article III principles. Accordingly, Plaintiffs' Second Amended Complaint did nothing to cure the redressability problem, and Plaintiffs still lack standing.

Plaintiffs attempt to characterize the Ninth Circuit's opinion as "narrow," Pls.' Opp'n to Defs.' Mot. to Stay Pending a Petition for a Writ of Mandamus 10, 13, ECF No. 574, but the Court of Appeals' reasoning was comprehensive. The court held that "[a] declaration, although undoubtedly likely to benefit the plaintiffs psychologically, is unlikely by itself to remediate their alleged injuries absent further court action." *Juliana*, 947 F.3d at 1170. It then concluded that any such "further court action" is not constitutionally permissible because "it is beyond the power of an Article III court to order, design, supervise, or implement" the federal government's response to climate change. *Id*. at 1170-71. Any effort to do so would "require the judiciary to pass judgment on the sufficiency of the government's response . . . which necessarily would entail a broad range of policymaking." *Id*. at 1172. But Article III courts "cannot substitute [their] own assessment for the Executive's or Legislature's predictive judgments on such

DEFS.' REPLY IN SUPP.
OF MOT. FOR A STAY                                           4

matters, all of which are delicate, complex, and involve large elements of prophecy." *Id*. (original alterations and internal quotation omitted).

For that reason, the Ninth Circuit held that the Court lacks the constitutional power to enforce the declaratory relief Plaintiffs seek, and therefore lacks the power to redress Plaintiffs' alleged injuries through a declaratory judgment. *Id.* at 1173; *see also Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) ("'[R]edressability requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of [its] opinion[.].' . . . Otherwise, redressability would be satisfied whenever a decision might persuade actors who are not before a court—contrary to Article III's strict prohibition on 'issuing advisory opinions.'" (citations omitted)); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("[P]sychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury.").

The Ninth Circuit's opinion broadly addressed the constitutional authority of Article III courts to adjudicate "cases or controversies" and held that there is no "case or controversy" here. Its opinion did not just identify some technical pleading defect that could be cured by an amended complaint that does not "updat[e] facts," "add[] new claims for relief," or "challeng[e] conduct" of different defendants. ECF No. 462 at 9. Plaintiffs do not attempt to reconcile the unprecedented relief they are still seeking in their amended complaint with the Ninth Circuit's opinion. The Ninth Circuit is therefore likely to grant the government's petition for mandamus and hold that this Court's orders are inconsistent with its mandate, and that the Court does not have Article III jurisdiction to proceed.

## II. The United States Will Be Irreparably Harmed if Forced to Proceed to Trial in a Case the Ninth Circuit Ordered Dismissed.

The government has explained that it will be prejudiced if it is forced to expend additional resources litigating this case after the Ninth Circuit ordered this Court to dismiss it and while the government's petition for a writ of mandamus is pending. In response, Plaintiffs argue that ordinary litigation costs do not constitute irreparable harm,[1] but Plaintiffs ignore the basis for the government's motion: that proceeding with this litigation violates the Ninth Circuit's mandate and deprives the government of the benefits of the judgment it won in the Court of Appeals. When a litigant has won a judgment in a higher court, that litigant "should not be required to go through the entire process again to obtain execution of the judgment." *Vizcaino*, 173 F.3d at 719 (quoting *General Atomic Co. v. Felter*, 436 U.S. 493, 497 (1978)).

But litigation costs are not the only harm the United States will suffer if this litigation proceeds. Discovery requests directed at federal agencies could require those agencies to take positions on substantive factual and policy issues in a single district court at the behest of a few individual plaintiffs in a manner that would violate the processes Congress has mandated to provide for broad consideration of varying perspectives in the formulation of government policy,

---

[1] Notably, the United States would be entitled to a stay here even absent a showing of irreparable harm. While the Ninth Circuit has not announced any specific standard under which a district court is to evaluate a motion to stay its own proceedings pending resolution of a dispositive motion, such relief is firmly within a district court's inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When resolving motions to stay pending dispositive motion practice, district courts in this circuit have applied a two-part test: "(1) the motion must be dispositive of the entire case; and (2) the dispositive motion must be able to be decided absent additional discovery." *See, e.g., Bralich v. Sullivan*, CIVIL NO. 17-00547 ACK-RLP, 2018 WL 11260499, at *1 (D. Haw. Mar. 20, 2018). "If both prongs are answered in the affirmative, the court may issue a stay." *Jeremiah M. v. Crum*, Case No. 3:22-CV-00129-JMK, 2022 WL 17082117, at *2 (D. Alaska Nov. 17, 2022). Here, that two-part test is satisfied. The mandamus petition is dispositive and it can be decided without need for additional district court proceedings.

and that would disregard the carefully crafted substantive authority Congress has vested in the relevant federal agencies. *See* Petition for Writ of Mandamus and Emergency Motion for a Stay of Discovery and Trial Under Circuit Rule 27-3 at 43-44, ECF No. 308-1 (citing *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 101-02 (2015); *Vermont Yankee Nuclear Power Corp. v. NRDC, Inc.*, 435 U.S. 519, 546 (1978)).

Moreover, permitting further discovery in this case, particularly when the very constitutionality of the proceeding is in grave doubt, would not sufficiently respect the independence of the political branches and the people they represent. *Cf. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977) ("[J]udicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government.").

Plaintiffs suggest that all that is necessary to prepare for trial is the updating of expert reports, ECF No. 574 at 15, but Plaintiffs conspicuously decline to represent that they will not seek more intrusive discovery, nor could they based on their communications and actions to date. Plaintiffs asserted on November 20, 2023, that they would begin discovery "so that *Juliana* is ready to commence trial in the near future." Ex. 1 (Pls.' Nov. 20, 2023 letter). Consistent with that representation, Plaintiffs served requests for admission on the Environmental Protection Agency the next day. Ex. 2 (Pls.' Nov. 21, 2023 Requests for Admission). As Plaintiffs themselves point out, the government may, in appropriate cases, seek mandamus relief to prevent unlawful discovery directed at Executive Branch officials. ECF No. 574 at 3 n.4.

The government offered statistics about the public resources that would be consumed by a trial to provide the Court with some context on the magnitude of the concern, but for the foregoing reasons, the bases for the government's position that it will be irreparably harmed are

primarily legal rather than factual. Accordingly, Plaintiffs' expert declarations purporting to evaluate the significance of the government's injury are irrelevant.

### III.     Plaintiffs Will Not Be Significantly Prejudiced by a Stay.

There is no reason to think the Ninth Circuit will not resolve the United States' petition promptly, quite possibly within a few months. *See* Fed. R. App. P. 21(b)(6) ("The [mandamus] proceeding must be given preference over ordinary civil cases."). The question is not whether Plaintiffs will be harmed in the interim by climate change—a phenomenon that has developed over many decades—but whether they will be harmed in a legally cognizable way by a stay of proceedings while the government asks the Ninth Circuit to clarify the scope of its mandate and determine whether this Court has the jurisdiction and equitable power to proceed. Plaintiffs cannot make any plausible argument that they will suffer significant harm. The closest they come to asserting harm from a stay is their allegation that "[a]ny delay . . . only serves to exacerbate their existing mental health injuries." ECF No. 574 at 20. But it has been more than four years since the Court of Appeals ruled that Plaintiffs lack standing, and Plaintiffs have not moved to expedite the proceedings in this Court over those four years.

Even if Plaintiffs' asserted injuries from climate change were relevant to this motion, those injuries cannot be exacerbated by the requested stay because—as the Ninth Circuit held—this Court lacks the power to require the government to alter its policies or to order the government to take additional actions. *Juliana*, 947 F.3d at 1171. Even if Article III allowed the Court to issue an advisory opinion declaring Plaintiffs' asserted rights vis-à-vis the National Government as a whole regarding climate change, such a declaration, necessarily limited to them

alone, would not be "substantially likely to mitigate the plaintiffs' asserted concrete injuries." *Id*. at 1170.[2]

### IV.   The Public Interest Favors a Stay.

The government is not seeking the writ of mandamus because it disagrees with Plaintiffs that climate change is an urgent concern or that action by the federal government must be a key part of the solution. It is seeking the writ of mandamus because it has a duty to uphold the democratic system established by the Constitution and the substantive and procedural standards and limitations Congress has prescribed for the Executive Branch and its agencies to follow in addressing climate issues. That democratic system and statutory framework do not contemplate judicial resolution of complex social problems, which require the balancing of "competing social, political, and economic forces." *Juliana*, 947 F.3d at 1172 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 128–29 (1992)). Yet proceeding to trial and judgment in this litigation would require the Court to do just that. Because merely continuing this litigation has grave constitutional implications, the proper course would be for the Court to issue a stay until the Ninth Circuit determines whether the Court has the power to proceed.

---

[2] Plaintiffs assert that the government has misused petitions for mandamus in this case and that the Department of Justice is "politically persecut[ing]" them. ECF No. 574 at 5. Those accusations are false, and demonstrated to be false by the history of this case. In response to the government's petitions, the Supreme Court, the Ninth Circuit, and this Court all noted that certification of an interlocutory appeal was warranted. *United States v. U.S. Dist. Ct. for Dist. of Or.*, 139 S. Ct. 1 (mem.) (2018) (observing that the "breadth of [Plaintiffs'] claims is striking" and "the justiciability of those claims present[ed] substantial grounds for difference of opinion"); *In re United States*, 139 S. Ct. 452, 453 (mem.) (2018) (same); *Juliana*, 947 F.3d at 1166 (noting that the Ninth Circuit "invited [this Court] to revisit certification, noting the Supreme Court's justiciability concerns"); ECF No. 444 (granting reconsideration and certifying the Court's orders on Plaintiffs' prior complaint for interlocutory appeal). And once an interlocutory appeal was certified, the Ninth Circuit agreed with the government's position that Plaintiffs do not have standing and ordered this Court to dismiss the suit. *Juliana*, 947 F.3d at 1175. There is accordingly nothing inappropriate about the government's petitions for mandamus in this case.

The public interest also favors the orderly resolution of litigation and the observance of the hierarchical structure of the judiciary. *Cf. United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) ("[T]he mandate rule also serves an interest in preserving the hierarchical structure of the court system."). If the government is correct, and the Court's orders violate the Ninth Circuit's mandate, then proceeding further would harm not only the Executive, but also the Judicial Branch. By staying proceedings while the scope of the mandate is resolved, this Court would set a sound precedent that litigants may not lightly circumvent appellate rulings through artful pleading. And if the government's petition is denied, a stay would still set a salutary precedent that district courts will proceed cautiously when their power to hear a case is in substantial doubt.

## CONCLUSION

For the foregoing reasons, the Court should stay all proceedings in this case pending the Ninth Circuit's disposition of the government's petition for a writ of mandamus.

Dated: February 15, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
GUILLERMO A. MONTERO
SEAN C. DUFFY (NY Bar No. 4103131)
FRANK J. SINGER (CA Bar No. 227459)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*