IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KELSEY CASCADIA ROSE JULIANA,** *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.*,<br><br>    Defendants. | Civ. No. 6:15-cv-01517-AA<br><br>**SUPPLEMENTAL ORDER**<br><br>**ADDRESSING PETITION FOR WRIT OF MANDAMUS** |

AIKEN, District Judge:

This supplemental order is issued in response to the invitation of the United States Court of Appeals for the Ninth Circuit to address defendants' Petition for Writ of Mandamus ("Pet."), ECF No. 581-1, which is pending before the appellate court, Case No. 24-684.

## INTRODUCTION

The young plaintiffs here have compiled an abundance of factual evidence to support their claim that the government has known about the dangers posed by fossil

Page 1 – SUPPLEMENTAL ORDER

fuel production, and, despite that knowledge, chose to promote production and consumption of coal, oil, and gas at increasing levels over decades. The evidence, as the Ninth Circuit stated, "leaves little basis for denying that climate change is occurring at an increasingly rapid pace . . . and stems from fossil fuel combustion." *Juliana v. United States*, 947 F.3d 1159, 1166 (9th Cir. 2020).

A case about climate change, to be sure, raises legal issues of first impression, but the matters the district court has addressed time and again throughout the pendency of this case are the bread-and-butter of daily trial court work: injury, causation, and redressability under Article III; justiciability; viability of claims under Federal Rules of Procedure 12(b); standards for injunctive and declaratory relief— foundational inquiries necessary to proceed to any factfinding phase reaching the heart of plaintiffs' novel claims. Plaintiffs note in their response that this is defendants' seventh petition for writ of mandamus. Defendants' petition challenges the district court's order granting leave to amend and denying a motion to dismiss on the pleadings, assigning error to this Court's rulings as one would through the usual appellate process.

As the Ninth Circuit has stated, "[t]here is enduring value in the orderly administration of litigation by the trial courts, free of needless appellate interference. In turn, appellate review is aided by a developed record and full consideration of issues by the trial courts. If appellate review could be invoked whenever a district court denied a motion to dismiss, we would be quickly overwhelmed with such requests, and the resolution of cases would be unnecessarily delayed." *In re United*

Page 2 – SUPPLEMENTAL ORDER

*States*, 884 F.3d 830, 837 (9th Cir. 2018). This Court appreciates its responsibility in the constitutional scheme to develop a record, consider the facts, and faithfully interpret the law. Fulfilling this role will aid the appellate court in its review in the normal course of appeal, the proper vehicle for its analysis of defendants' assignments of error.

## BACKGROUND

A factual background relevant to the parties' arguments on defendants' now-pending petition for writ of mandamus is set forth in the district court's Order on defendants' motion to dismiss, ECF No. 565 (December 29, 2023). Otherwise, it has been briefed extensively by the parties. In their petition, defendants assert that this Court violated the Ninth Circuit's mandate in its 2020 decision. This Court highlights portions of the procedural history it finds helpful to recall.

### I.   2020 Appellate Court Decision

The Ninth Circuit did not reach the merits of plaintiffs' claims because it found that plaintiffs lacked standing. In the appellate court's 2020 decision, writing for the majority, Judge Hurwitz, joined by Judge Murguia, began with the basics: "To have standing under Article III, a plaintiff must have (1) a concrete and particularized injury that (2) is caused by . . . challenged conduct and (3) is likely redressable by a favorable judicial decision." *Juliana,* 947 F.3d at 1168. (9th Cir. 2020).

Agreeing with the district court, Judge Hurwitz found that "[a]t least some plaintiffs" had claimed "particularized injuries," since climate change threatened to harm certain plaintiffs in "concrete and personal" ways if left unchecked. *Id*. And,

that some plaintiffs had also established causation because there was "at least a genuine factual dispute as to whether" U.S. climate policy was a "substantial factor" in exacerbating plaintiffs' climate change-related injuries. *Id.* at 1169. Thus, plaintiffs' standing turned on redressability: "whether the plaintiffs' claimed injuries [were] redressable by an Article III court." *Id.*

Plaintiffs claimed defendants had violated their constitutional right to a climate system capable of sustaining life, and to redress that violation, sought injunctive relief, including an order directing defendants to "prepare and implement an enforceable national remedial plan to phase out fossil fuel emissions and draw down excess atmospheric CO2 to stabilize the climate system." First. Am. Compl. at 94 ¶¶ 2, 6, 7.

"Reluctantly," the panel found such relief "beyond [the district court's] constitutional power." *Juliana*, 947 F.3d at 1165. For injunctive relief, the Ninth Circuit was "skeptical," but assumed without deciding that plaintiffs might show that their injuries could be redressed by an order in their favor. *Id.* at 1171. That said, the appellate court based its ruling on the second redressability prong, stating that an injunction was "beyond the power of an Article III court to order, design, supervise, or implement." *Id.* The appellate court explained that Article III courts cannot order injunctive relief unless constrained by more "limited and precise" legal standards, discernable in the Constitution, and that plaintiffs must make their case to the political branches. *Id.* at 1175.

Page 4 – SUPPLEMENTAL ORDER

As for plaintiffs' request for declaratory relief, the Ninth Circuit determined that a declaration would be "unlikely by itself to remediate [plaintiffs'] alleged injuries." *Juliana* 947 F.3d at 1170. Accordingly, the Ninth Circuit "reverse[d] the certified orders of the district court and remand[ed]" the case "with instructions to dismiss for lack of Article III standing." *Id*. at 1175.

## II.    2023 District Court Orders

After the Ninth Circuit ordered the district court to dismiss the case, plaintiffs moved to file a second amended complaint. ECF No. 462. On June 1, 2023, this Court granted plaintiffs' motion to amend their complaint. Order on Second Am. Compl., ECF No. 540 (June 1, 2023). Plaintiffs had notified the Court of an intervening case from the United States Supreme Court, *Uzuegbunam v. Preczewski*, ___U.S.___, 141 S. Ct. 792 (2021) which held that, for purposes of Article III standing, nominal damages—a form of declaratory relief—provide the necessary redress for a completed violation of a legal right. *Id*. at 798, 802. That, with this Court's understanding that the Ninth Circuit had not expressly foreclosed the possibility of amendment, led the Court to grant plaintiffs' motion to amend. This Court explained:

> "Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to file additional pleadings . . . ." *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (quoting Nguyen, 792 F.2d at 1502; *see also Sierra Club v. Penfold*, 857 F.2d 1307, 1312 (9th Cir. 1988). When mandate in the prior appeal did not expressly address the possibility of amendment and did not indicate a clear intent to deny amendment seeking to raise new issues not decided by the prior appeal, that prior opinion did not purport "to shut the courthouse doors." *San Francisco Herring Ass'n*, 946 F.3d at 574 (citing *Nguyen*, 792 F.2d at 1503).
>
>            . . .

Page 5 – SUPPLEMENTAL ORDER

> "Here, this Court does not take lightly its responsibility under the rule of mandate. Rather, it considers plaintiffs' new factual allegations under the Declaratory Judgment Act, and amended request for relief in light of intervening recent precedent, to be a new issue that, while discussed, was not decided by the Ninth Circuit in the interlocutory appeal. Nor did the mandate expressly state that plaintiffs could not amend to replead their case—particularly where the opinion found a narrow deficiency with plaintiffs' pleadings on redressability. This Court therefore does not interpret the Ninth Circuit's instructions as mandating it "to shut the courthouse doors" on plaintiffs' case where they present newly amended allegations. *San Francisco Herring Ass'n*, 946 F.3d at 574.

ECF No. 540 at 10-11.

Defendants quickly moved to dismiss plaintiffs' second amended complaint, ECF No. 547, and this Court denied defendants' motion. Order on Mot. to Dismiss, ECF No. 565 (December 29, 2023). Defendant had again asserted that the district court had violated the rule of mandate and this Court again explained its due regard for the rule:

> Because it is jurisdictional error to contravene a rule of mandate, the Court duly reconsiders the mandate of the Ninth Circuit and does not take the matter lightly. "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). "Violation of the rule of mandate is a jurisdictional error." *Id.* at 1067.
>
> "But while the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it leaves to the district court any issue not expressly or impliedly disposed of on appeal." *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (quoting *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986)). In determining which matters fall within the compass of a mandate, "[d]istrict courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999) (as amended) (quoting *Delgrosso v. Spang & Co.*, 903 F.2d 234, 240 (3d Cir. 1990)).

Page 6 – SUPPLEMENTAL ORDER

"Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to file additional pleadings . . . " *S.F. Herring*, 946 F.3d at 574 (quoting *Nguyen*, 792 F.2d at 1502); *see also Sierra Club v. Penfold*, 857 F.2d 1307, 1312 (9th Cir. 1988). When the mandate in the prior appeal does not expressly address the possibility of amendment and does not indicate a clear intent to deny amendment seeking to raise new issues not decided, that mandate does not purport "to shut the courthouse doors." *S.F. Herring*, 946 F.3d at 574.

In *S.F. Herring*, the Ninth Circuit discussed its mandate in a prior appeal, which vacated the district court's order entering summary judgment in the defendants' favor and directed the district court to dismiss the complaint. *See S.F. Herring Ass'n v. U.S. Dep't of Interior*, 683 F. App'x 579, 581 (9th Cir. 2017) (vacating judgment and remanding case with instructions to dismiss for lack of subject matter jurisdiction). On remand, the district court allowed the plaintiff to file a second amended complaint.

In the later appeal, the Ninth Circuit determined that the district court correctly found that the earlier mandate to dismiss did not prevent the plaintiff from seeking leave to re-plead. *S.F. Herring*, 946 F.3d at 574. The appellate court reasoned that in instructing the district court to dismiss, the mandate was silent on whether dismissal should be with or without leave to amend, and the mandate therefore did not preclude the district court from allowing plaintiff to file amended pleadings. *Id.* at 572-574.

When this Court granted plaintiffs' motion for leave to amend, it "consider[ed] plaintiffs' new factual allegations under the Declaratory Judgment Act and plaintiffs' amended request for relief, in light of intervening recent precedent, to be a new issue that, while discussed, was not decided by the Ninth Circuit in the interlocutory appeal." *Juliana v. United States*, No. 6:15-CV-01517-AA, 2023 WL 3750334, at *5 (D. Or. June 1, 2023).

The Court once again finds that the Ninth Circuit's mandate did not address whether amendment, if permitted, would cure the deficiency it identified in plaintiffs' complaint. The Ninth Circuit also did not instruct the Court to dismiss without leave to amend. Accordingly, its mandate to dismiss did not foreclose that opportunity, and the Court, on reconsideration, finds that in permitting plaintiffs to proceed with their second amended complaint, the rule of mandate is not contravened. *S.F. Herring*, 946 F.3d at 574; *see also Creech v. Tewalt*, 84 F.4th 777, 783

Page 7 – SUPPLEMENTAL ORDER

(9th Cir. 2023) (where appellate court remanded and stated that plaintiff should have leave to amend, district court did not violate rule of mandate by dismissing without leave to amend, because appellate court did not expressly foreclose that option).

ECF No. 565 at 19-20.

On February 2, 2023, defendants filed notice with the district court of their petition for writ of mandamus in the Ninth Circuit. Pet., ECF No. 585, 585-1. Defendants contend that the Ninth Circuit should issue a writ of mandamus to this Court, directing it to dismiss this case for lack of jurisdiction and without leave to amend. The Ninth Circuit invited the district court to address the petition.

## LEGAL STANDARD

"The writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004) (internal quotation marks and citations omitted).

In considering whether to grant a writ of mandamus, appellate courts are guided by the five factors identified in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977): (1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated

error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman*, 557 F.2d at 654-55). "All factors are not relevant in every case and the factors may point in different directions in any one case." *Christensen v. U.S. Dist. Ct.*, 844 F.2d 694, 697 (9th Cir. 1988).

## DISCUSSION

Defendants maintain that mandamus is warranted because (1) the district court violated the Ninth Circuit's mandate which required dismissal and foreclosed amendment; (2) the district court erred in finding that plaintiffs have Article III standing; and (3) the district court erred in finding that plaintiffs had stated plausible claims for relief under due process clause and public trust doctrine.

### I.   Standing & Merits

This Court has addressed the merits of the parties' arguments on Article III standing and the viability of plaintiffs' due process and public trust claims, and as before, "stands by its prior rulings on jurisdictional and merits issues, as well as its belief that this case would be best served by further factual development at trial." *Juliana v. United States*, No. 6:15-CV-01517-AA, 2018 WL 6303774, at *3 (D. Or. Nov. 21, 2018); *see also* ECF No. 565 at 21-34 (discussing redressability for purposes of Article III standing), *id.* at 35-36 (discussing the political question doctrine and justiciability), *id.* at 36-44 (discussing plaintiffs' due process claim), *id.* at 46-48

(discussing plaintiffs' public trust claim and incorporating analysis from prior orders).

As in their motion to dismiss, defendants maintain that the relief plaintiffs seek is "sweeping" and "unprecedented" and that plaintiffs must make their demands to the political branches. *See* Pet. For Writ of Mandamus ("Pet.") at 1, Doc. 585-1. In any case over which trial courts have jurisdiction, where the plaintiffs have stated a legal claim, it is the proper and peculiar province of the courts to impartially find facts, faithfully interpret and apply the law, and render reasoned judgment. *See* The Federalist No. 78 (Alexander Hamilton).

As this Court stated in its 2023 Order denying defendants' motion to dismiss, "[t]he judiciary is capable and duty-bound to provide redress for the irreparable harm government fossil fuel promotion has caused." ECF No. 565 at 6. This Court draws from that 49-page Order to answer why the remedies plaintiffs seek are not "sweeping" or "unprecedented." In its Order, this Court explained why plaintiffs' proposed remedy is one typical for a district court to fashion and over which it can provide jurisdictional oversight while the parties implement the plans, practices, and policies they together devise. *Id*. at 31-34. As to the merits of plaintiffs constitutional and public trust doctrine claims, the assignments of errors defendants raise in their petition are better suited to an appeal in the regular course.

## II.  Propriety of Writ of Mandamus

This Court maintains, as do plaintiffs and amici, that the issues defendants raise on mandamus are better addressed through the ordinary course of litigation.

Page 10 – SUPPLEMENTAL ORDER

The first *Bauman* factor is whether the petitioner will "ha[ve] no other means . . . to obtain the desired relief." *Perry*, 591 F.3d at 1156. This factor ensures that a writ of mandamus will not "be used as a substitute for appeal even though hardship may result from delay and perhaps unnecessary trial." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (internal citation omitted).

Defendants argue that a writ of mandamus is the only means to ensure that the district court complies with the Ninth Circuit's 2020 decision holding that plaintiffs' claims are beyond the judicial power to redress. Pet. at 29. That said, the Court has explained that its Orders duly regarded and complied with the Ninth Circuit's decision and found plaintiffs' amended complaint demonstrated redress was within the district court's constitutional authority. ECF No. 540 at 14-18; ECF No. 565 at 28-34. Further, challenges to standing "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). Therefore, defendants' argument that it has no other means to raise a challenge based on redressability—an element of standing—does not succeed.

The second *Bauman* factor is whether the petitioner "will be damaged or prejudiced in any way not correctable on appeal." *Perry*, 591 F.3d at 1156. To satisfy this factor, the defendants "must demonstrate some burden . . . other than the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system." *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 935 (9th Cir. 2000) (alteration in

original) (quoting *Calderon v. U.S. Dist. Ct.*, 163 F.3d 530, 535 (9th Cir. 1998) (en banc)). Prejudice serious enough to warrant mandamus relief "includes situations in which one's 'claim will obviously be moot by the time an appeal is possible,' or in which one 'will not have the ability to appeal.'" *Id.* (quoting *Calderon*, 163 F.3d at 535).

Defendants argue that holding a trial on the plaintiffs' claims threatens the separation of powers and flouts the Ninth Circuit's mandate. To the extent that defendants are asserting that executive branch officials and agencies in general should not be burdened by an unmeritorious lawsuit, "Congress has not exempted the government from the normal rules of appellate procedure, which anticipate that sometimes defendants will incur burdens of litigating cases that lack merit but still must wait for the normal appeals process to contest rulings against them." *In re United States*, 884 F.3d 830, 836 (9th Cir. 2018).

"The first two criteria articulated in *Bauman* are designed to [ensure] that mandamus, rather than some other form of relief, is the appropriate remedy." *In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1301 (9th Cir. 1982), *aff'd sub nom. Arizona v. U.S. Dist. Ct.*, 459 U.S. 1191 (1983) (mem.). This Court's determination that the mandate did not foreclose dismissal is a legal conclusion, along with the district court's determinations on the plausibility of plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and (6), and those determinations, if in error, are correctable through the ordinary course of litigation. In this Court's view, defendants have not satisfied the second *Bauman* factor.

The third *Bauman* factor is whether the district court's order "is clearly erroneous as a matter of law." *Perry*, 591 F.3d at 1156. Appellate review of that factor "is significantly deferential and . . . is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016) (quoting *In re United States*, 791 F.3d 945, 955 (9th Cir. 2015)). "The absence of controlling precedent weighs strongly against a finding of clear error [for mandamus purposes]." *In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011).

Here, this Court provided authority from the Ninth Circuit in support of its determination that it had not violated the rule of mandate. See ECF No. 540 at 10-11, ECF No. 565 19-20. The Court also thoroughly analyzed plaintiffs' claims on the merits, as described above (p. 9). Defendants do not put forth any other controlling Ninth Circuit authority on any of the theories asserted by plaintiffs. Defendants argue that the theories are unprecedented. Thus, the lack of controlling precedent here weighs strongly against a finding of clear error. *Id.*

The fourth *Bauman* factor is whether the district court's order is "an oft repeated error or manifests a persistent disregard of the federal rules." *Perry*, 591 F.3d at 1156. This Court finds no oft-repeated error here, and defendants do not contend that the district court violated any federal rule. The defendants do not satisfy the fourth factor.

The final factor is whether the district court's order "raises new and important problems or issues of first impression." *Perry*, 591 F.3d at 1156. The Ninth Circuit

Page 13 – SUPPLEMENTAL ORDER

has relied on this factor when there is a "novel and important question" that "may repeatedly evade review." *Id.* at 1159; *see also In re Cement Antitrust Litig.*, 688 F.2d at 1304–05 ("[A]n important question of first impression will evade review unless it is considered under our supervisory mandamus authority. Moreover, that question may continue to evade review in other cases as well.").

As this Court has found, the legal theories asserted raise issues of first impression—i.e., existence of federal public trust doctrine and whether the right to a climate that can sustain human life is fundamental under the Constitution. The merits of those claims are suitable for appeal after final judgment. Whether a district court may grant leave to amend a complaint after a reviewing court orders dismissal is not a matter of first impression, as discussed in this Court's prior orders. *See* ECF No. 540 at 9-11; ECF No. 565 at 18-21. Accordingly, this Court's order granting amendment and denying a motion to dismiss on the pleadings does not present the possibility that those issues will evade appellate review. In this Court's view, defendants have not satisfied the fifth *Bauman* factor. Under the test, a writ of mandamus is not necessary.

### III. Staying Litigation

Defendants also ask the Ninth Circuit to stay litigation while deciding their petition for writ of mandamus. Defendants have moved to stay litigation several times and have filed multiple petitions for writ of mandamus. ECF Nos. 177, 308, 365, 390, 420, 585. In this iteration, defendants maintain that the case must be stayed because there is a substantial likelihood that the Ninth Circuit will grant their

petition. Pet. at 5-6. Defendants have not met their burden to show the petition for writ of mandamus is warranted or likely to be granted. The Court has analyzed the appropriate factors and finds that a stay should not be granted.

## CONCLUSION

This Court has great regard for the judicial process. It has deliberately considered all motions the parties brought, and its decisions are accessible for appellate scrutiny in the due course of litigation. Trial courts across the country address complex cases involving similar jurisdictional, evidentiary, and legal questions as those presented here without resorting to interlocutory appeal or petitioning for a writ of mandamus. As Justice Stewart noted, "the proper place for the trial is in the trial court, not here." *Baker v. Carr*, 369 U.S. 186, 266 (1962) (Stewart, J., concurring.) Defendants therefore have other means, such as a direct appeal, to obtain the desired relief. This Court recommends denying defendants' petition for writ of mandamus.

SUPPLEMENTAL ORDER DATED this 19th day of April 2024.

   /s/Ann Aiken

Ann Aiken
United States District Judge

Page 15 – SUPPLEMENTAL ORDER