# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

**KELSEY CASCADIA ROSE JULIANA,** *et al.,*

    Plaintiffs,

v.

**UNITED STATES OF AMERICA,** *et al.*,

    Defendants.

Civ. No. 6:15-cv-01517-AA
**OPINION & ORDER**

---

AIKEN, District Judge:

    Before the Court is defendants' motion to stay proceedings while their petition for writ of mandamus is pending in the Ninth Circuit Court of Appeals. ECF No. 571 (motion for stay); ECF No. 585 (notice of petition for writ of mandamus filed in the Ninth Circuit). For the reasons explained, defendants' motion for stay, ECF No. 571, is DENIED.

Page 1 – OPINION & ORDER

**PROCEDURAL HISTORY**

Twenty-one youth plaintiffs filed this case nearly a decade ago. ECF No. 1 (August 12, 2015). Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing, failure to state a cognizable constitutional claim, and failure to state a claim on a public trust theory. ECF No. 27. This Court denied that motion in November 2016. *See* Nov. 10, 2016 Op. & Order, ECF No. 83. Defendants also moved for judgment on the pleadings and summary judgment. ECF Nos. 195, 207. For the most part, this Court denied those motions.

When this Court denied defendants' motions to certify its dispositive orders for interlocutory appeal, defendants petitioned the Supreme Court for a writ of mandamus, ECF No. 390-1, and to stay proceedings, ECF No. 391-1, both which were denied. Defendants asked the district court to reconsider certifying its orders for interlocutory appeal, and, that time, the Ninth Circuit invited the district court to do so. *See* Nov. 21, 2018 Order, ECF Nos. 444, 445. Defendants then sought permission to appeal, which the Ninth Circuit granted. Filed Ord., *Juliana v. United States*, No. 18-36082 (9th Cir. Dec. 26, 2018).

On January 17, 2020, a divided panel of the Ninth Circuit issued a decision reversing the district court's certified orders and remanding the case with instructions to dismiss. *Juliana v. United States*, 947 F.3d at 1159, 1175 (9th Cir. 2020). The appellate court determined that plaintiffs had not proved whether their injuries were redressable by an Article III court. *Id.* at 1169. "Reluctantly," the panel

found that the injunctive relief plaintiffs sought was "beyond [the district court's] constitutional power" to award. *Id.* at 1165. The Ninth Circuit "reverse[d] the certified orders of the district court and remand[ed]" the case "with instructions to dismiss for lack of Article III standing." *Id.* at 1175.

Plaintiffs moved to file an amended complaint, removing from their prayer for relief the injunction that the Ninth Circuit had found objectionable. ECF No. 462. This Court granted plaintiffs' motion because (1) the Ninth Circuit did not foreclose the possibility of amendment when it mandated dismissal; (2) plaintiffs had notified the Court of a Supreme Court case providing a new and more expansive interpretation of declaratory judgments; and (3) plaintiffs' proposed complaint narrowed the scope of the injunctive relief it had initially requested. *See Juliana v. United States*, No. 6:15-CV-01517-AA, 2023 WL 3750334 (D. Or. June 1, 2023).

Defendants moved this Court to dismiss the second amended complaint, certify this Court's orders for interlocutory appeal, and to stay litigation. ECF Nos. 547, 551, 552. This Court issued a 50-page opinion largely denying defendants' motions, *Juliana v. United States*, No. 6:15-CV-01517-AA, 2023 WL 9023339 (D. Or. Dec. 29, 2023), finding that there was no need to step outside its prescribed constitutional role to decide this case: "[a]t its heart, this lawsuit asks the Court to determine whether defendants have violated plaintiffs' constitutional rights. That question is squarely within the purview of the judiciary." *Id.* at *15.

As before, defendants immediately moved for a stay of litigation and petitioned for mandamus with the Ninth Circuit. In their petition, defendants assert that this

Page 3 – OPINION & ORDER

Court violated the Ninth Circuit's mandate to dismiss the case and challenge the merits of plaintiffs' claims. Defendants maintain that the Ninth Circuit should stay proceedings of the trial court pending resolution of their petition. *See generally* ECF No. 585.

## LEGAL STANDARD

"[S]tays will be granted only if a party shows the necessity for a stay." *In re Bel Air Chateau Hosp., Inc.*, 611 F.2d 1248, 1251 (9th Cir. 1979). A stay represents an "intrusion into the ordinary processes of administration and judicial review" and, as a result, is "not a matter of right, even if irreparable injury might otherwise result . . . ." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotations and citations omitted). Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles," *id.* at 434 (internal citations omitted), based on the following factors: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

## DISCUSSION

Defendants have moved to stay litigation several times and have filed multiple petitions for writ of mandamus. ECF Nos. 177, 308, 365, 390, 420, 585. In this iteration, defendants maintain that the case must be stayed because there is a

Page 4 – OPINION & ORDER

substantial likelihood that the Ninth Circuit will grant their petition. Mot. at 5-6. Defendants maintain that the government will be prejudiced by the number of hours expended on litigation if the case is allowed to proceed while its mandamus petition is pending, *id.* at 6, and that plaintiffs will not be appreciably harmed, *id.* at 7. The public interest, in defendants' view, favors a stay to allow for the "orderly—and authoritative—resolution of this Court's constitutional jurisdiction, before going forward with a far-reaching and unprecedent trial." *Id.* at 8.

## I. Likelihood of Success on the Merits

Defendants assert that their likelihood of success on the merits of their petition arises from the Ninth Circuit's opinion mandating this Court to dismiss the case for lack of redressability by an Article III court. *Id*. at 6. On review of the Ninth Circuit's mandate, as noted above, this Court determined that the mandate did not foreclose plaintiff's leave to amend their complaint to demonstrate redressability. Accordingly, this Court granted plaintiffs' motion for to amend and denied defendants' motion to dismiss the newly amended complaint. Because of those rulings, defendants assert that the District Court violated the Ninth Circuit's mandate of dismissal, and that Ninth Circuit will likely issue a writ of mandamus "to confine [this Court] to a lawful exercise of its prescribed jurisdiction." *Id.* (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004)).

Plaintiffs respond that defendants cannot show that they will prevail on the merits of the petition, explaining that the writ of mandamus is "a drastic and extraordinary remedy" where only exceptional circumstances amounting to a clear

Page 5 – OPINION & ORDER

abuse of discretion will "justify the invocation" of such a remedy. Resp. at 11-12, ECF No. 586. Plaintiffs point out that defendants' petition for writ of mandamus challenges the merits of plaintiffs' claims—challenges identical to those raised in and rejected by the District Court—and contend that the government will have "full opportunity to appeal every aspect" of this Court's decision after a final judgment, which weighs against granting a writ of mandamus. *Id.* at 12.

This Court has stated that it does not take lightly its responsibility under rule of mandate, and has addressed, at length, why its orders do not violate the rule. *Juliana*, 2023 WL 3750334, at *4-5; *Juliana*, 2023 WL 9023339, at *7-8. Also, in considering whether to grant a writ of mandamus, when there is no final judgment to enforce, the Ninth Circuit is guided by the five factors identified in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977): "(1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman*, 557 F.2d at 654–55).

First, this Court has deliberately considered all motions brought by the parties, and its decisions are accessible for appellate scrutiny in due course of litigation. Trial courts across the country address complex cases involving similar jurisdictional,

Page 6 – OPINION & ORDER

evidentiary, and legal questions as those presented here without resorting to interlocutory appeal or petitioning for a writ of mandamus. As Justice Stewart noted, "the proper place for the trial is in the trial court, not here." *Baker v. Carr*, 369 U.S. 186, 266 (1962) (Stewart, J., concurring.) Defendants therefore have other means, such as a direct appeal, to obtain the desired relief. This factor weighs against defendants' claim that they are likely to succeed on the merits of its petition for writ of mandamus.

Second, defendants claim that, absent a writ of mandamus, "the government will be irreparably harmed if it is forced to expend substantial public resources." Mot. at 7. Defendants must show that they are damaged in a way that is not correctable on appeal: that requires showing something more than "the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system." *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 935 (9th Cir. 2000). Defendants do not address that their own conduct delayed the normal course of litigation—including the now fourteen motions to stay. *See Juliana*, 949 F.3d 1125, 1127 n.1 (9th Cir. 2018) (Friedland, J., dissenting) ("If anything has wasted judicial resources in this case, it was" defendants' requests for interlocutory appeal and mandamus relief.). Defendants' pending request for a stay will only lead to more judicial waste by further delaying the fact-finding process, and precluding comprehensive appellate review, which would be aided by a trial record. This factor weighs against defendants' claim that they are likely to succeed on the merits of its petition for writ of mandamus.

Third and fourth, defendants have not shown that the District Court was erroneous, and that it committed an "oft repeated error" manifesting a persistent disregard of the federal rules. *Bauman*, 557 F.2d at 654-55. As stated above, this Court diligently scrutinized its responsibility under the rule of mandate and federal rules when it granted plaintiffs' motion for leave to amend. *Juliana* 2023 WL 3750334, at *4-5.

On defendants' motion to dismiss, this Court again assessed the government's claim that it had violated the rule of mandate. This Court relied on authority in the Ninth Circuit that, when the mandate in the prior appeal does not expressly address the possibility of amendment and does not indicate a clear intent to deny amendment seeking to raise new issues not decided, that mandate does not purport "to shut the courthouse doors." *Juliana*, 2023 WL 9023339, at *8 (citing *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019)). This Court found that the Ninth Circuit did not instruct it to dismiss without leave to amend, and therefore, the appellate court's mandate to dismiss did not foreclose that opportunity. *Juliana*, 2023 WL 9023339, at *8 (citing *Creech v. Tewalt*, 84 F.4th 777, 783 (9th Cir. 2023) (where appellate court remanded and stated that plaintiff should have leave to amend, district court did not violate rule of mandate by dismissing *without* leave to amend, because appellate court did not expressly foreclose that option). These factors weigh against defendants' claim that they are likely to succeed on the merits of its petition for writ of mandamus.

Page 8 – OPINION & ORDER

Finally, defendants do not identify any novel issues of first impression here, where this Court's orders concerned the propriety of granting leave to amend and the availability of declaratory relief to provide partial redress. The only "novel" issue cited by defendants relates to the merits of plaintiffs' constitutional claims, which this Court has not yet decided on final judgment. This factor weighs against defendants' claim that the Ninth Circuit is likely to grant the petition for mandamus. In sum, defendants have not met their burden to show a likelihood of success on the merits, necessary to support their motion for a stay.

## II.  Irreparable Injury Absent a Stay

Defendants point to litigation costs and speculate about potential, intrusive discovery that treads on separation of powers grounds, asserting that litigation costs and unduly intrusive discovery will irreparably injure the government if a stay is not granted to resolve "threshold" jurisdictional issues. Mot. at 6-7.

An applicant for a stay must show that an irreparable injury is the more probably or likely outcome if the stay is not granted. *Leiva-Perez*, 640 F.3d at 968. It is a "bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Id*. at 965. Mere litigation expense, even substantial and unrecoupable cost, is not irreparable injury. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough" to show irreparable harm. *Al Otro Lado v. Wolf*, 952

Page 9 – OPINION & ORDER

F.3d 999, 1008 (9th Cir. 2020) (ellipsis in original) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

The Ninth Circuit has denied defendants' prior mandamus petitions in this case. *In re United States*, 884 F.3d 830 (9th Cir. 2018); *In re United States*, 895 F.3d 1101 (9th Cir. 2018); *In re United States*, No. 18-72776, Dkt. 5 (9th Cir. Nov. 2, 2018). In 2018, the appellate court ruled:

> The government has made no showing that it would be meaningfully prejudiced by engaging in discovery or trial. This distinguishes this case from others in which we have granted mandamus relief . . . The government also argues that proceeding with discovery and trial will violate the separation of powers. The government made this argument in its first mandamus petition, and we rejected it. *In re United States*, 884 F.3d at 836. As we stated in our prior opinion, allowing the usual legal processes to go forward will not threaten the separation of powers in any way not correctable on appeal. *Id*. No new circumstances disturb that conclusion.

*In re United States*, 895 F.3d at 1105-06. Here, this Court finds that there are no unresolved jurisdictional issues, and that the same holds true now as it did before: that defendants have not met their burden to show that it would be meaningfully prejudiced in engaging in discovery and preparation for trial. Thus, this factor weighs against granting a stay.

### III. Substantial Injury to Other Parties

Plaintiffs provide substantial evidence of tangible, irreparable injury brought about by defendants' repeated delays. Expert and plaintiff declarations filed with plaintiffs' response establish an ever-worsening climate crisis and with it, risks to plaintiffs' health, their future, and their constitutional due process rights as the result of Defendants' ongoing actions. Resp. at 18-23.

Page 10 – OPINION & ORDER

Defendants assert that, during the pendency of the mandamus petition, a stay will not appreciably harm plaintiffs. Mot. at 7. In defendants' view, "nothing has changed since this case was filed that would now require the Court to proceed urgently toward trial." *Id.* Defendants' assertion that plaintiffs will be not appreciably harmed by yet another delay fails to consider that the government's serial motions for stays, petitions for mandamus, and requests for interlocutory appeal, have, in great part, been the cause of a nearly ten-year delay since these youth plaintiffs filed their case.

"'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (internal citations omitted). Plaintiffs have produced expert and personal testimony of extensive irreparable harm from every day of delay unlike defendants' declaration explaining litigation costs and time. This factor weighs against granting a stay.

IV. **Public Interest**

Defendants acknowledge that "climate change poses a serious threat," and that "addressing climate change requires the active involvement of the federal government." *Id.* But defendants assert that the public interest favors a stay because "observance of constitutional requirements—and constitutional boundaries—is also a paramount value in a democratic republic." Mot. at 8. Defendants maintain that this Court's orders have usurped separation of powers principles and that a stay

Page 11 – OPINION & ORDER

would serve the public interest in the judiciary's observation of its constitutional limits. *Id.*

Defendants' argument is based on defendants' view that this Court was required to dismiss the case. Yet as explained above, defendants have not shown that the orders of the District Court were clearly erroneous. Although unnecessary to address, given the findings above, this Court doubts whether there is any public interest in delaying the case further. The public also has an interest in the function of trial courts in our judicial system, which is to initially consider the myriad of evidence and legal issues offered by the parties and then refine them to their most essential form, rendering judgment and relief as the law allows. Our judicial system affords district courts the respect of operating under an assumption that such courts do not "insulate hotly contested decisions from [ ] review simply by fast-tracking those decisions and excluding them from its published determination." *Indep. Producers Group v. Libr. of Cong.*, 792 F.3d 132, 138 (D.C. Cir. 2015).

As explained above, defendants have repeatedly delayed the case from reaching the evidentiary phase for nearly ten years. Staying this case will only add to this delay. This Court cannot discern any public interest in such delay.

## CONCLUSION

For the reasons explained, defendants' motion for a stay, ECF No. 571, is DENIED. This Court shall address defendants' Petition for Writ of Mandamus with this order.

It is so ORDERED and DATED this <u>19th</u> day of April 2024.

<u>　/s/Ann Aiken　　　　</u>

Ann Aiken
United States District Judge